IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HARRY ASHFORD et al** ) | | Civil Action No.: 06cv1561 (RJL) |
| ) | | |
| **Plaintiffs,** ) | | |
| ) | | |
| **v.** ) | | |
| ) | | |
| **EAST COAST EXPRESS et al** ) | | |
| ) | | |
| **Defendants** ) | | |

**DEFENDANT A&A CARDINAL EVICTION'S AND ROBERT WARD'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Local Civil Rule 7, Defendant A&A Cardinal Eviction ("A&A") and Robert Ward ("Ward")(collectively "A&A Defendants"), by and through their undersigned counsel, states as follows in support of their Motion to Dismiss:

**BACKGROUND**

On or about September 5, 2006, Plaintiffs Henry Jakeyla Ashford ("Ashford"), Kirk Douglas Greene ("Greene"), and Anthony Forte ("Forte) filed a class action Complaint against A&A, Ward, East Coast Express Eviction, A 1 Eviction Services, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry, Linden Terry, and John Doe 1 and 2. In their Complaint, Plaintiffs make broad unsubstantiated allegations against A &A Defendants. Those allegations include violations of 1) the District of Columbia Minimum Wage Statute, 2) the Fair Labor Standards Act, 3) the Maryland Wage and Hour Law, 4) the

Virginia Minimum Wage Act, 5) the Sherman Act, 6) the District of Columbia Antitrust Act, 7) the Maryland Antitrust Act, 8) the Virginia Antitrust Act as well as claims for unjust enrichment and quantum meruit.

However, as demonstrated by the allegations in Plaintiffs' Complaint, this Court lacks personal jurisdiction over A&A Defendants, and venue in this Court is improper. Consequently, A&A Defendants respectfully request that this Court dismiss Plaintiffs' Complaint against A&A Defendants.

## ARGUMENT

**l.    THIS COURT LACKS PERSONAL JURISDICTION OVER A&A DEFENDANTS. BECAUSE THERE IS NO PERSONAL JURISDICTION, VENUE IS IMPROPER.**

In the face of a challenge to a court's exercise of personal jurisdiction over a defendant, "plaintiffs bear the burden of establishing personal jurisdiction over each defendant". Kopff v. Battaglia, 425 F. Supp 2d 76, 80 (D.D.C. 2006). Plaintiffs' complaint must "allege specific facts upon which personal jurisdiction may be based". Id. (citing Blumenthal v. Drudge, 992 F. Supp 44, 53 (D.D.C. 1998). Those facts must not contain conclusory allegations. Id. at 81 (citations omitted). Furthermore, plaintiffs are prohibited from "aggregating factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant". Id. (citing Rush v. Savchuk, 444 U.S. 320, 331-32, 100 S.Ct. 571 (1980). This Court is not required to accept Plaintiffs' allegations as true but may consider affidavits and other relevant matter to assist in determining the jurisdictional facts. Id. (citing United States v. Philip Morris Inc, 116 F. Supp.2d 116, 120 n. 4 (D.D. C.2000).

Courts may exercise general or specific jurisdiction over a defendant. General jurisdiction allows a court to entertain suits against a defendant even if the suit is unrelated to the defendant's contacts with the forum. Id., See Helicopteros Nacionaels de Colimbia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868 (1984).However, to be subject to general jurisdiction, the defendant must "maintain 'continuous and systematic' contact with the state." Id.

Plaintiffs' Complaint demonstrates that A&A Defendants are not subject to general jurisdiction in this Court. According to Plaintiffs' own allegations, A&A's principal place of business is in Waldorf, Maryland and performs work in the D.C. Metro Area[1] but there is no specific allegation of work in the District of Columbia proper. See Complaint ¶ 13. Plaintiffs' allegations against Ward are similar in that Plaintiffs allege that Ward is the proprietor of A &A with responsibility for its acts, policies and procedures. See Complaint ¶ 14. As shown by Plaintiffs' allegations, A&A Defendants maintain a physical presence in Maryland and by providing its services outside of the District of Columbia, does not maintain a commercial presence in the District of Columbia. See Affidavit of Bob Ward attached hereto as Exhibit A. Consequently, this Court lacks general jurisdiction over A&A Defendants.

Even where general jurisdiction is lacking, "specific jurisdiction may exist where acts of a defendant touch and concern the forum." Id. (citing Steinberg v. Int'l Criminal Police Org., 672 F.2d 927, 928 (D.C. Cir. 1981)). This Court may exercise specific personal jurisdiction over A&A Defendants only if the jurisdiction is authorized by the District of Columbia's long arm statute, D.C. Code § 13-423, and the exercise of

---

[1] Plaintiffs provide no definition for the D.C. Metro Area but the Complaint seems to suggest that it includes the District of Columbia, Virginia and Maryland.

3

jurisdiction complies with constitutional due process requirements. See Id., United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). The criteria for the exercise of specific jurisdiction are satisfied only if Plaintiffs identify a specific statutory provision authorizing jurisdiction and if the Court determines that A&A Defendants' contacts with the District of Columbia are substantial enough such that they would "reasonably anticipate being haled into court" in the District of Columbia. See Kopff at 83 (citing World Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297, 100 S.Ct 559 (1980)).

The District of Columbia's long arm statute provides, in pertinent part, that a court may exercise jurisdiction over a person or entity that:

> (1) transacts any business in the District of Columbia;
> (2) contracts to supply services in the District of Columbia;
> (3) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causes tortious injury in the District of Columbia if the person regularly does or solicits business, engages in any other persisten course of conduct, or derives substantial revenue from goods used or consumed, or services rendered in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia….

D.C. Code § 13-423. Based upon the broad allegations made in Plaintiffs' Complaint, A&A Defendants are not a citizen or resident of the District of Columbia, are not a District of Columbia corporation, does not maintain a place of business in the District of Columbia, and does not provide services in the District of Columbia. See Complaint ¶¶13, 14. Instead, Plaintiffs make broad assertions that contacts are based upon work in the D.C. Metro area. See ¶¶ 13, 14.

4

In sum, Plaintiffs' own allegations demonstrate that their claims do not arise from A&A Defendants contacts with the District of Columbia, and they certainly do not demonstrate that A&A Defendants' contact are tantamount to A&A Defendants maintaining a physical presence in the District of Columbia. In fact, Plaintiffs' allegations demonstrate that: (1) A&A Defendants exist in the State of Maryland and (2) A&A Defendants provide services in Maryland. Consequently, this Court lacks personal jurisdiction over A&A Defendants and must dismiss Plaintiffs' Complaint as to A&A Defendants.

II. **VENUE IS IMPROPER IN THIS DISTRICT BECAUSE THE ALLEGED ACTIONS OF A & A DEFENDANTS DID NOT OCCUR WITHIN THE DISTRICT OF COLUMBIA.**

When challenging venue, a "defendant must present facts that will defeat the plaintiff's assertion of venue". FC Investment Group Lc v. Lichenstein, 441 F. Supp2d 3, 11 (2006)(citing 2215 Fifth St. Assocs v. U-Haul Int'l Inc., 148 F.Supp.2d 50, 54 (D.D.C. 2001)(citations omitted)). This Court must dismiss the case or transfer it if it is in the interest of justice if venue is improper. Id., see also, 28 U.S. C. § 1406(a).

The relevant statute governing venue provides, in pertinent part,

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated,….

28 U.S. C. § 1391(b). Given that the defendants in the case sub judice do not all reside in the District of Columbia, the question presented is whether this district has a substantial connection to the claims against A & A Defendants.

To make that determination, this Court must determine the entire sequence of events of the underlying claim to determine if the events or omissions are sufficiently substantial to support venue. Lichenstein, 441 F. Supp2d at 11 (citations omitted). Here, the allegations against A & A Defendants do not support a finding of venue. Plaintiffs' own pleadings suggest that A & A Defendants had no acts which occurred in this District. Furthermore, Ward's own affidavit provide further proof that no acts or omissions by A & A Defendants took place in this District. Consequently, venue is improper and this matter should be dismissed.

## **CONCLUSION**

For all of the foregoing reasons, A&A Defendants respectfully urges this Court to grant its Motion to Dismiss Plaintiffs' Complaint.


Dated: October 17, 2006               Respectfully submitted,


  /s/ J. Wyndal Gordon_____
J. Wyndal Gordon, Fed Bar. No. 23572
Law Offices of J Wyndal Gordon
10 N. Calvert Street, Suite 930
Baltimore, Maryland 21202
(410) 332-4121


/s/ Stephanie D. Kinder_____
Stephanie D. Kinder, Fed Bar No. 446209
Law Offices of Stephanie D. Kinder, PA
10 N. Calvert Street, Suite 930
Baltimore, Maryland 21202
(410) 244-6263

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **HARRY ASHFORD et al** ) | Civil Action No.: 06cv1561 (RJL) |
| ) |
| **Plaintiffs,** ) |
| ) |
| **vi.** ) |
| ) |
| **EAST COAST EXPRESS et al** ) |
| ) |
| **Defendants** ) |
| ) |

**ORDER**

Upon consideration of Defendants A& A Cardinal Eviction and Robert Ward

Motion to Dismiss and any opposition thereto, it is this _____ day of _____

2006, hereby

ORDERED that Defendants A& A Cardinal Eviction and Robert Ward's

Motion is hereby GRANTED.

_____
Judge

## DECLARATION OF ROBERT WARD

I, Robert Ward, declare as following:

1. I am over 18 years of age and a resident of the State of Maryland. I make this declaration of my own personal knowledge, having personal knowledge of all the matters contained herein and I could testify competently as to the truth of the matters asserted herein if called to do so.

2. I am the owner of A & A Cardinal Eviction ("A&A").

3. A & A provides eviction services in Maryland.

4. A & A is based in Maryland and does not perform any of its services outside of Maryland.

5. Specifically, A & A does not perform or provide any of its services in Washington, D.C.

6. Paragraphs 1-4 also apply to Robert Ward in his personal capacity.

10/17/06
Date

Robert Ward

Exhibit A

9