## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————
|  |  |
|---|---|
| Harry Jakeyia Ashford, Kirk Douglas Greene, and Anthony Forte, ) | Civil Action No. 06-CV-1561 RJL |
| individually and on behalf of all others similarly situated, ) | Hon. Richard J. Leon |
| *Plaintiffs*, ) | Hearing Requested |
| v. ) |  |
| East Coast Express Eviction, A 1 Eviction Services, A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry,  Linden Terry, Bob Ward, John Doe 1,  and John Doe 2, ) |  |
| *Defendants*. ) |  |

—————————————————————————

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
## OF DEFENDANT BUTCH ENTERPRISES, INC.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 2

I.    THE COURT HAS SUBJECT MATTER JURISDICTION. ............................................. 2

II.   THE COURT HAS PERSONAL JURISDICTION OVER BUTCH UNDER D.C. LAW AND THE CLAYTON ACT. ................................................................. 3

III.  VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED HERE AND BUTCH IS SUBJECT TO PERSONAL JURISDICTION HERE. .............................................................. 5

IV.   THE COMPLAINT STATES CLAIMS UPON WHICH THIS COURT MAY GRANT RELIEF. ............................................................................................. 6

    A.    The complaint fulfills the pleading requirements of the Federal Rules of Civil Procedure. ............................................................................ 6

    B.    The complaint states claims under the minimum wage laws. ............................... 6

    C.    Plaintiffs have stated claims under federal and state antitrust laws. ..................... 9

    D.    The complaint states a claim for unjust enrichment. ......................................... 10

    E.    The complaint states a claim for quantum meruit recovery. ............................... 11

    F.    Plaintiffs' claims are not time-barred. ............................................................. 12

V.    BUTCH HAS STATED NO VALID REASON FOR SEVERING CLAIMS AGAINST IT FROM CLAIMS AGAINST OTHER DEFENDANTS. ......................... 13

VI.   OTHER ISSUES RAISED IN BUTCH'S MOTION TO DISMISS ARE NOT APPROPRIATE FOR RESOLUTION AT THIS STAGE IN THE PROCEEDINGS. ....................................................................................... 14

CONCLUSION .................................................................................................. 15

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bristol Petroleum Corp. v. Harris*, 901 F.2d 165 (D.C. Cir. 1990)......................................1

*Chrysler Corp. v. General Motors Corp.*, 589 F. Supp. 1182 (D.D.C. 1984) ....................5

*Conley v. Gibson*, 355 U.S. 41 (1957) ...............................................................6

*Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1 (D.D.C. 2003) ...........................................................................5

*Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004 (5th Cir. 1984) ...........1

*El-Fadl v. Central Bank of Jordan*, 75 F.3d 668 (D.C. Cir. 1996)....................................5

*Ellsworth Associates, Inc. v. United States*, 917 F. Supp. 841 (D.D.C. 1996) .................11

*Federal Trade Commission v. Superior Court Trial Lawyers Association*, 493 U.S. 411 (1990)...........................................................................9

*GTE New Media Services, Inc. v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) .......................................................................................4

*Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28 (1961)................................8

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C. Cir. 2002) ...........................3

*Graham v. City of Chicago*, 828 F. Supp. 576 (N.D. Ill. 1993)..........................................7

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ........................3

*Heller v. Fortis Benefits Insurance Co.*, 142  F.3d 487 (D.C. Cir. 1998).........................10

*Henthorn v. Department of Navy*, 29 F.3d 682 (D.C. Cir. 1994) .....................................9

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ................................................4

*Levering v. District of Columbia*, 867 F. Supp. 24 (D.D.C. 1994)....................................7

*Liberty Mutual Insurance Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14 (D.D.C. 2003) .......................................................................................1

*Morrison v. International Programs Consortium, Inc.*, 253 F.3d 5 (D.C. Cir. 2001) .......................................................................................9

ii

*Oceanic Exploration Co. v. ConocoPhillips, Inc.*, No. 04-CV-332 (EGS), 2006
WL 2711527 (D.D.C. Sept. 21, 2006) ...........................................................10

*Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437 (1952) ...................................3

*Perles v. Kagy*, 362 F. Supp. 2d 195 (D.D.C. 2005).........................................................11

*Reich v. New York City Transit Authority*, 839 F. Supp. 171 (E.D.N.Y. 1993) .................7

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947) ..................................................8

*Second Amendment Foundation v. U.S. Conf. of Mayors*, 274 F.3d 521 (D.C. Cir.
2001) ......................................................................................................................4

*Shea v. Rice*, 409 F.3d 448 (D.C. Cir. 2005) ...................................................................12

*\*Steiner v. Mitchell*, 350 U.S. 247 (1956) ...........................................................................8

*Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728
(RCL), 1991 WL 212232 (D.D.C. Sept. 30, 1991).........................................13

*United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965) ............................10

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)..........................................................2

*United States v. Silk*, 331 U.S. 704 (1947)...........................................................................8

*United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940)........................................14

*United States v. Utah Society for Healthcare Human Resources Administration*,
1994-2 Trade Cases ¶ 70,795 (D. Utah Sept. 14, 1994) ...............................10

*Vega v. Gasper*, 36 F.3d 417 (5th Cir. 1994).......................................................................7

*Virtual Defense and Development International, Inc. v. Republic of Moldova*, 133
F. Supp. 2d 9 (D.D.C. 2001).........................................................................12

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ....................................4

## STATE CASES

*Belcher v. Kirkwood*, 238 Va. 430 (Va. 1989).................................................................13

*Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151 (Md. 2004) ........................................13

*Fred Ezra Co. v. Psychiatric Institute*, 687 A.2d 587 (D.C. 1996) ...................................13

*Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140 (D.C. 1985) ...........................................3

*In re Rich*, 337 A.2d 764 (D.C. 1975) ...........................................................................11

## STATUTES, RULES, AND REGULATIONS

15 U.S.C. § 1  ................................................................................................................9

*15 U.S.C. § 22 ..........................................................................................................4, 5, 6

15 U.S.C. § 15b ............................................................................................................12

*28 U.S.C. § 1331 .............................................................................................................2

*28 U.S.C. § 1367 .............................................................................................................2

28 U.S.C. § 1391 ..............................................................................................................5

29 C.F.R. § 785 ................................................................................................................7

*29 U.S.C. § 203 ...............................................................................................................8

29 U.S.C. § 206 ................................................................................................................6

29 U.S.C. § 254 ................................................................................................................7

29 U.S.C. § 255 ..............................................................................................................12

D.C. Code § 12-301 ........................................................................................................13

*D.C. Code § 13-334 ..........................................................................................................3

*D.C. Code § 13-423 .......................................................................................................3, 4

D.C. Code § 28-4502 ......................................................................................................10

D.C. Code § 28-4511 ......................................................................................................12

D.C. Code § 32-1002 ........................................................................................................7

D.C. Code § 32-1003 ........................................................................................................6

D.C. Code § 32-1013 ......................................................................................................12

D.C. Mun. Regs. title 7, § 907.1 ........................................................................................7

Federal Rule of Civil Procedure 8 ...................................................................................6

Federal Rule of Civil Procedure 12(b)(6) .......................................................................6

Md. Code Ann., Comm. Law § 11-204 .........................................................................10

Md. Code Ann., Comm. Law § 11-209 .........................................................................12

Md. Code Ann., Jud. Proc. § 5-101 .........................................................................12, 13

Md. Code Ann., Lab. & Empl. § 3-413 ............................................................................7

Va. Code Ann. § 8.01-248 .............................................................................................12

Va. Code Ann. § 40.1-28.10 ............................................................................................7

Va. Code Ann. § 59.1-9.5 ..............................................................................................10

Va. Code Ann. § 59.1-9.14 ............................................................................................12

Authorities marked with an asterisk (*) are those on which plaintiffs chiefly rely.  *See* L.Cv.R. 7(a).

## INTRODUCTION

Since at least 2002 through the present, the defendants in this case, including Butch Enterprises, Inc. ("Butch"), have hired members of the plaintiff class to perform evictions throughout the D.C. Metro Area, including the District of Columbia and portions of Maryland and Virginia, and paid members of the class less than the legally required minimum wage for their labor.  The class is a large group of homeless persons and others who have performed such evictions.  Defendants are a group of entities and persons who offer eviction services and who have illegally colluded with each other to suppress wages paid to the class to levels far below those required by federal, D.C., Maryland, and Virginia law.  This illegal collusion is prohibited under federal and state antitrust laws.

Butch has served plaintiffs with a Motion to Dismiss, Response and Answer, ("Butch Mot.") asserting, among other things, that (1) the Court has no subject matter jurisdiction over the case, (2) the Court has no personal jurisdiction over Butch, (3) venue in this Court is improper, (4) the claims asserted in this action are barred by applicable statutes of limitations, and (5) that the complaint does not state a claim for which relief may be granted.  (*See* Butch Mot. ¶¶ 2, 17, 21.)[1]  Butch's arguments are entirely conclusory[2] and without merit, and the Court should deny Butch's motion to dismiss.

---

[1]     The filing status of Butch's motion is unclear.  Although Butch served its papers on plaintiffs' counsel on October 13, 2006, the submission does not currently appear on the Court's docket sheet.  Should Butch fail to file his motion to dismiss with the Court by the time this issue is ripe for decision, *i.e.* by the date Butch's reply is due under Local Civil Rule 7(d), plaintiffs request that Butch be considered to have abandoned this motion and that the motion to dismiss be denied.  Also, it appears that Butch's president, I. Staten, has signed the Motion on a "*pro se*" basis on behalf of his putative corporation.  Representation of a corporation before this Court is normally permitted only by an attorney and not simply by an officer of the corporation.  *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990); *Liberty Mutual Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003); *see also Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984).  Nevertheless, plaintiffs submit this opposition to ensure that their position on Butch's motion is timely before the Court.

[2]     Butch's motion contains essentially no argument.  Instead, the motion simply lists various bases for dismissal.  Should Butch reply substantively, plaintiffs reserve their right to request leave to submit a surreply.

<u>ARGUMENT</u>

**I.    THE COURT HAS SUBJECT MATTER JURISDICTION.**

Butch has wrongly asserted that this Court lacks subject matter jurisdiction in this case. (Butch Mot. ¶ 2.)  Under 28 U.S.C. § 1331, this Court is vested with original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States."  Plaintiffs have brought this action under two federal statutes:  The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the Clayton Act, 15 U.S.C. § 12 *et seq*.  (*See* Compl. ¶¶ 76-82, 95-105.)  Thus, the Court has subject matter jurisdiction over this action.

Moreover, this Court has supplemental jurisdiction over the claims that arise under state laws.  Under 28 U.S.C. § 1367, this Court is vested with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The complaint asserts claims under the minimum wage statutes of the District of Columbia (Count I), Maryland (Count III), and Virginia (Count IV), under the antitrust statutes of these jurisdictions (Counts VII, VIII, and IX), and under state common law principles of unjust enrichment and *quantum meruit* (Counts X and XI).  The allegations supporting the claims under these state laws are the same as the allegations supporting the federal claims, namely the defendants' failure to pay minimum wage for eviction work in the D.C. Metro Area and the defendants' illicit conspiracy to suppress wages for eviction work in the D.C. Metro Area.  Accordingly, the state claims share a "common nucleus of operative fact" with the federal claims, and the court has jurisdiction over them.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## II.    THE COURT HAS PERSONAL JURISDICTION OVER BUTCH UNDER D.C. LAW AND THE CLAYTON ACT.

The Court may exercise personal jurisdiction over Butch under principles of both general jurisdiction and specific long-arm jurisdiction.  Under D.C. Code § 13-334(a), this Court may exercise general jurisdiction over any foreign corporation that is "doing business" in the District. *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002).  The Supreme Court has established that if a defendant corporation's contacts with the forum state are "continuous and systematic," then a court within that state may properly exercise general personal jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  Moreover, this Court has general jurisdiction over a defendant who has "been 'carrying on in [D.C.] a continuous and systematic, but limited, part of its general business.'" *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1148 (D.C. 1985) (quoting *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 438 (1952)).  Here, the complaint contains allegations that Butch (alongside the other defendants) regularly hires employees within D.C. and transports them from D.C. to eviction sites in the D.C. Metro Area before returning them to D.C.  (Compl. ¶¶ 34-41.) Such activities within the District are "continuous and systematic" and therefore support the exercise of general personal jurisdiction over Butch.

Additionally, the District of Columbia long-arm statute, D.C. Code § 13-423(a), allows the Court to exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; [and] (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." The D.C. Circuit has explained section (a)(1) by noting that the "'transacting any business' clause generally has been interpreted to be coextensive with the Constitution's due process

requirements and thus merge into a single inquiry." *GTE New Media Servs., Inc.  v. Bellsouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Thus, the relevant issue is whether the complaint alleges "minimum contacts [between the defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Court must ensure that "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, the complaint contains sufficient allegations to demonstrate that Butch "transacts business" within the District of Columbia because Butch hires members of the class within D.C. to conduct evictions in the D.C. Metro Area, including picking up class members in the District, performing evictions in the District, and paying sub-minimum wages in the District.  (*See* Compl. ¶¶ 34-44.)  Furthermore, the complaint contains allegations that Butch has engaged in a conspiracy to pay wages below the mandatory minimums in the District (Compl. ¶¶ 39, 68), and Butch's involvement in such a conspiracy is an additional basis for long-arm jurisdiction. *Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001) ("Persons who enter the forum and engage in conspiratorial acts are deemed to 'transact business' there 'directly'; coconspirators who never enter the forum are deemed to 'transact business' there 'by an agent.'" (quoting D.C. Code § 13-423(a)(1))).

Additionally, Section 12 of the Clayton Act, 15 U.S.C. § 22, provides that "[a]ny suit, action or proceeding under the antitrust laws against a corporation may be brought . . . in any district wherein it . . . transacts business."  This Court has stated that "[t]he difference between jurisdiction under the Clayton Act and D.C.'s long-arm statute is that while both look at contacts with the district, under Section 12 of the Clayton Act 'the transactions do not have to be related

to the cause of action or the subject matter of the suit.'" *Diamond Chem. Co., Inc. v. Atofina Chems., Inc.* 268 F. Supp. 2d 1, 10 (D.D.C. 2003) (quoting *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1195 (D.D.C. 1984)).  As stated above, Butch "transacts business" in D.C. because Butch has hired members of the class in D.C., paid them illegal wages in D.C., and conspired with others to suppress wages in D.C.  (*See* Compl. ¶¶ 36-39, 45-56, 86.)  These same facts support jurisdiction under the Clayton Act.

Finally, if contrary to the showing above the Court were to conclude that the allegations of the complaint do not establish personal jurisdiction, the Court should not dismiss but instead should order jurisdictional discovery because such discovery is reasonably likely to confirm that the amount and extent of Butch's contacts with the District support personal jurisdiction.  "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is *entitled* to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."  *Diamond Chem.*, 268 F. Supp. 2d at 15 (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996); emphasis added).  For example, plaintiffs would request Butch's payroll and wage records, maintenance of which is required by the tax and wage laws (*see* Compl. ¶¶ 55-56), as well as Butch's records of the evictions it has performed and the locations of those evictions.[3]  Such documents will provide probative evidence of Butch's contacts with this forum and thus of the Court's jurisdiction.

## III.  VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED HERE AND BUTCH IS SUBJECT TO PERSONAL JURISDICTION HERE.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 22.  Under 28 U.S.C. § 1391(b)(2), venue is proper in a "judicial district in which a substantial part of the

---

[3]     These examples are illustrative in nature and do not comprise an exhaustive list of materials that plaintiffs would request in jurisdictional discovery.

events or omissions giving rise to a claim occurred."  Here, a substantial number of the class

members were hired and paid sub-minimum wages in the District, and a substantial number of

the evictions on which they worked and for which they were paid suppressed wages were in the

District.  (Compl. ¶¶ 37, 40.)  Additionally, Section 12 of the Clayton Act, 15 U.S.C. § 22,

provides that "[a]ny suit, action or proceeding under the antitrust laws against a corporation may

be brought . . . in any district wherein it . . . transacts business."  By engaging in the practices set

forth in the complaint (Compl. ¶¶ 37, 40), Butch has "transacted business" within the District,

and thus venue is proper in the District.

## IV.    THE COMPLAINT STATES CLAIMS UPON WHICH THIS COURT MAY GRANT RELIEF.

### A.    The complaint fulfills the pleading requirements of the Federal Rules of Civil Procedure.

Butch asserts that the complaint "fails to state a claim by which relief may be granted."

(Butch Mot. ¶ 21; *see also id.* ¶ 2.)  Under Federal Rule of Civil Procedure 12(b)(6), "a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Here, the complaint contains the "short and plain

statement of the claim" demonstrating that the named plaintiffs and the rest of the class are

entitled to relief, as required by Federal Rule of Civil Procedure 8.  Nothing more is required,

and the Court should deny Butch's requests for dismissal.

### B.    The complaint states claims under the minimum wage laws.

Under the Fair Labor Standards Act ("FLSA"), employers are required to pay employees

a minimum of $5.15 per hour.  29 U.S.C. § 206(a)(1).  Under the D.C. minimum wage law,

employers must pay employees a minimum of $7.00 per hour, D.C. Code § 32-1003(a)(2), with

an additional regulatory requirement under D.C. Mun. Regs. title 7, § 907.1 that employees be

paid for a minimum of four hours per day.  Under the Virginia Minimum Wage Law, employers

must pay employees the same minimum wage required under the FLSA, currently a minimum of

$5.15 per hour.  Va. Code Ann. § 40.1-28.10.  Finally, under the Maryland Minimum Wage

Law, employers must pay employees a minimum of $6.15 per hour.  Md. Code Ann., Lab. &

Empl. § 3-413(b)(ii).[4]  Here, the complaint contains allegations that Butch (together with the

other defendants) has paid and continues to pay a flat rate of $5.00 per eviction, which results in

sub-minimum wages.  Evictions typically take several hours, including time spent traveling from

pick-up points around the District to eviction sites and waiting for an eviction to commence.

(Compl. ¶¶ 57-65.)[5]  In many instances, defendants do not pay employees if an eviction is

aborted, regardless of how much time the employees spend working for the defendant.  (*Id.*

¶ 44.)  These pay practices frequently result in pay of $2 per hour or less (*see id*. ¶¶ 59, 65),

which is well below the required wage in any of the relevant jurisdictions.

The complaint also contains allegations addressing the other elements required to

demonstrate a violation of FLSA's minimum wage provisions.  As alleged in the complaint,

---

[4]     The Maryland minimum wage was $5.15 per hour prior to February 15, 2006.

[5]     Despite Butch's contention that the complaint does not state a claim for payment for wait time and travel time (Butch Mot. ¶ 13), the FLSA claims presented in the complaint are not preempted by the Portal-to-Portal Act. 29 U.S.C. § 254(a).  The class members are required by Butch and the other defendants to travel in defendants' vehicles to, from, and among work sites and wait, often for long periods, at the behest of the defendants.  (*See* Compl. ¶ 40.)  During such travel and wait time, class members are not able to make personal stops or perform personal errands.  (*Id.*)  Such travel and wait time is compensable under FLSA.  *See, e.g.*, *Vega v. Gasper*, 36 F.3d 417, 425-26 (5th Cir. 1994) (holding that wait time is compensable under FLSA if it predominately benefits the employer and is requested or required by the employer and that the same standard applies to travel time); *Reich v. New York City Transit Auth.*, 839 F. Supp. 171 (E.D.N.Y. 1993); *Graham v. City of Chicago*, 828 F. Supp. 576, 578 (N.D. Ill. 1993); *see also Levering v. Dist. of Columbia*, 867 F. Supp. 24, 29 (D.D.C. 1994) ("if plaintiffs could show . . . that plaintiffs were required to drive directly to and from work without making personal stops, such a fact would strengthen their claim for compensation").

Moreover, the Portal-to-Portal Act applies only to claims under the federal FLSA and does not exclude any claims under D.C., Maryland, or Virginia law.  Neither Maryland nor Virginia has a statute similar to the Portal-to-Portal Act.  D.C. Code § 32-1002 defines "working time" to include when the employee "[i]s required to travel in connection with the business of the employer" [or] "[w]aits on the employer's premises for work."  Furthermore, D.C. Code § 32-1002 expressly rejects interpretations of the Portal-to-Portal Act contained in 29 C.F.R. § 785.

Butch is involved in interstate commerce, *see* 29 U.S.C. §§ 203(s)(1)(A)(i), because Butch is a Virginia corporation with its principal offices in Virginia but recruits and transports employees in and performs evictions in the District of Columbia. (Compl. ¶¶ 19, 36-40.) Also as alleged in the complaint, Butch's annual gross volume of sales made or business done is not less than $500,000, *see* 29 U.S.C. § 203(s)(1)(A)(ii). (Compl. ¶79.)

Butch also asserts that the plaintiffs are not employees but rather are independent contractors and therefore are not protected by the minimum wage laws. (Butch Mot. ¶ 11.) To determine whether these homeless workers qualify as "employees" for purposes of the minimum wage laws, the Court must look at "the economic reality" of the employer-employee relationship. *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33 (1961) (citation omitted). If a worker is a "small businessman" with "responsibility for investment and management" and the "opportunity for profit from [that] sound management," then he is an independent contractor. *United States v. Silk*, 331 U.S. 704, 719 (1947). But if a worker's "activities are an integral and indispensable part of the principal activities for which . . . [the] workmen are employed," then he is an employee covered by the minimum wage laws. *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729-30 (1947). Here, considering the economic realities as alleged in the complaint in a light most favorable to plaintiffs, it cannot be said that the homeless workers are small businessmen who profit from sound management of their own enterprise. Instead, they are workers who carry furniture out of homes during evictions and therefore are integral parts of the only service defendants perform.

Moreover, the D.C. Circuit has highlighted certain issues for the Court to consider in determining whether, based on the economic realities here, Butch acted as an "employer" or merely engaged "independent contractors." Namely, the Court should consider whether Butch

"(1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Each of these factors is addressed in the complaint. Butch has the "power to hire and fire" employees because it selects the persons who will perform the evictions. (*See* Compl. ¶ 36.) Butch and the other defendants "supervised and controlled" the plaintiffs at all times because the plaintiffs were transported to the eviction sites in defendants' vehicles, remained under the watch and control of defendants during the evictions, and were returned to various drop-off points after the work was done. (*Id.* ¶¶ 40, 61.) Butch and the other defendants "determine the rate and method of payment" because they pay a flat rate of $5 per eviction, regardless of the requirements of the minimum wage laws. (*Id.* ¶ 68.) Finally, the complaint alleges that Butch maintains the employment records required by the wage and tax laws. (*Id.* ¶¶ 55-56.) Accordingly, Butch was an "employer" who hired members of the class as "employees."

In any event, dismissal of plaintiffs' minimum wage claims based on Butch's independent contractor theory would be premature. Although determination of employee status is a "legal question," "any subsidiary factual issues leading to this conclusion are, of course, questions of fact for the jury." *Morrison v. Int'l. Programs Consortium, Inc.*, 253 F.3d 5, 10 n.3 (D.C. Cir. 2001). Thus, as the complaint alleges facts sufficient to support the class members' status as employees, the minimum wage claims should not be denied without factual determinations by the jury.

### C.    Plaintiffs have stated claims under federal and state antitrust laws.

Section 1 of the Sherman Act forbids conspiracies in restraint of trade. 15 U.S.C. § 1; s*ee Fed. Trade Comm'n v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 421-423 (1990). The

antitrust laws of D.C., D.C. Code § 28-4502, Maryland, Md. Code Ann., Com. Law § 11-204(a)(1), and Virginia, Va. Code Ann. § 59.1-9.5, contain similar restrictions against agreements that restrain trade.  The complaint contains allegations that Butch and the other defendants have communicated and conspired with each other to set the wages paid to the class – that is the prices paid for class members' labor – at rates lower than would prevail absent collusion (and below federal and state mandatory minimums as well).  (Compl. ¶¶ 68-69.)  Such collusion is in direct contravention of the antitrust laws.  *See, e.g., United Mine Workers of America v. Pennington*, 381 U.S. 657, 665-66 (1965) ("One group of employers may not conspire to eliminate competitors from the industry"); *United States v. Utah Soc. for Healthcare Human Res. Admin.*, 1994-2 Trade Cases ¶ 70,795 (D. Utah Sept. 14, 1994) (consent order confirming that claims of conspiracy to restrain wages paid to nurses stated a claim under Section 1 of the Sherman Act and prohibiting agreements "to fix, limit, or maintain the compensation paid to nurses").  The members of the class have been directly injured as a result of this conspiracy because they have been paid improperly fixed wages.  (*See, e.g.*, Compl. ¶ 105.)  Accordingly, the allegations in the complaint state a claim for which relief may be granted under the antitrust laws.

> **D.** **The complaint states a claim for unjust enrichment.**

"To state a claim for unjust enrichment, plaintiffs must establish that:  (1) they conferred a legally cognizable benefit upon defendants; (2) defendants possessed an appreciation or knowledge of the benefit; and (3) defendants accepted or retained the benefit under inequitable circumstances."  *Oceanic Exploration Co. v. ConocoPhillips, Inc.*, No. 04-CV-332 (EGS), 2006 WL 2711527, at *20 (D.D.C. Sept. 21, 2006); *see also Heller v. Fortis Benefits Ins. Co.*, 142

F.3d 487, 495 (D.C. Cir. 1998).[6]  Here, the complaint fulfills these requirements.  First, Butch

and the other defendants received the benefit of the class members' labor.  (Compl. ¶¶ 41, 53,

125.)  Second, Butch and the other defendants knew that the class members were performing

eviction work at their direction and therefore possessed an appreciation of the benefit they

received.  (*Id.*)  Finally, Butch and the other defendants accepted the class members' labor in

exchange for unfairly and illegally low wages (*id.* ¶ 54), and allowing defendants to retain the

difference between what they should have paid and what they did pay would be manifestly

inequitable.  Thus, the complaint adequately states a claim for unjust enrichment.

>        **E.      The complaint states a claim for *quantum meruit* recovery.**

"The essential elements for recovery under quantum meruit are:  (1) valuable services

being rendered; (2) for the person sought to be charged; (3) which services were accepted by the

person sought to be charged, used and enjoyed by him or her; and (4) under such circumstances

as reasonably notified the person sought to be charged that the plaintiff, in performing such

services, expected to be paid by him or her."  *In re Rich*, 337 A.2d 764, 766 (D.C. 1975); *see*

*also Perles v. Kagy*, 362 F. Supp. 2d 195, 198 (D.D.C. 2005).  The allegations in the complaint

address each of these issues.  The class members provided services in the form of performing

eviction work for Butch and the other defendants.  (Compl. ¶¶ 41, 53.)  Butch and the other

defendants knew that the class members were performing eviction work at their direction and

received the benefit of such work.  (*Id.*)  Finally, Butch and the other defendants knew or were

reasonably notified that the class members expected to be paid for their services in accordance

---

[6]        The requirements for an unjust enrichment claim are the same under the laws of the District of Columbia, Maryland, and Virginia.  *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 847-48 (D.D.C. 1996).

with the law.  (*Id.* ¶ 128.)[7]  Accordingly, the complaint sufficiently states a *quantum meruit* claim.

>    **F.     Plaintiffs' claims are not time-barred.**

Butch's assertion that the claims presented in the complaint are "barred by applicable statutes of limitations" (Butch Mot. ¶ 17) is incorrect.  First, the minimum wage violations for which relief is sought all occurred within the time allowed by the applicable statutes of limitations.  The statute of limitations for the minimum wage claims match the specifically defined subclasses stated in the complaint.  *Compare* 29 U.S.C. § 255 (three years), *and* D.C. Code § 32-1013 (three years), *and* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (three years), *with* Compl. ¶¶ 22, 70-94 (three years).[8]  Thus, the minimum wage claims are within the limitations periods and are not time barred.

Second, the antitrust violations also occurred and caused injuries within the time allowed by the applicable statutes of limitations.  The limitation periods under the Clayton and Sherman Acts, 15 U.S.C. § 15b, and the state antitrust acts, D.C. Code § 28-4511; Md. Code Ann., Comm. Law § 11-209(d)(1); Va. Code Ann. § 59.1-9.14, are four years from the last injury.  The complaint seeks relief for Butch's and the other defendants' conduct (with respect to their illegal conspiracy and the payment of illegal wages) that has occurred in the four years before the filing

---

[7]      To the extent that Butch (or any other defendant) contests these allegations, such factual disputes are not appropriately resolved on a motion to dismiss.  *See Virtual Defense and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 19-20 (D.D.C. 2001) (denying summary judgment because the performance of a service and its value are issues of fact).

[8]      The complaint erroneously identifies a three-year instead of a two-year class period for the Virginia antitrust claims.  *Compare* Va. Code Ann. § 8.01-248, *with* Compl. ¶ 22(f).  Although the three year limitations period is appropriate with respect to the subclass's unjust enrichment and *quantum meruit* claims, plaintiffs intend to clarify through an amended complaint that the Virginia antitrust claims are for injuries sustained in the two years preceding the filing of the complaint.  In any event, an overextended class allegation is at most grounds to dismiss claims based on injuries outside the limitations period, not to dismiss the claim in its entirety.  *See generally Shea v. Rice*, 409 F.3d 448, 454-56 (D.C. Cir. 2005).

of the complaint through the present.  (Compl. ¶¶ 21, 95-123.)  Thus, the antitrust claims are not time barred.

Finally, plaintiffs' unjust enrichment and *quantum meruit* claims are not time-barred. Unjust enrichment and *quantum meruit* claims under District of Columbia law are covered by a three-year statute of limitations.  D.C. Code § 12-301; *see also Fred Ezra Co. v. Psychiatric Institute*, 687 A.2d 587 (D.C. 1996) (unjust enrichment); *Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728 (RCL), 1991 WL 212232, at *5 (D.D.C. Sept. 30, 1991) ("[T]he statute of limitations for quantum meruit and unjust enrichment is three years in both the District of Columbia and Virginia.").  Such claims are likewise covered by a three-year limitations period under Maryland law.  Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 160  (Md. 2004).  Virginia law also provides a three-year limitations period.  *Belcher v. Kirkwood*, 238 Va. 430, 433 (Va. 1989); *Union Labor Life*, 1991 WL 212232, at *5.  The complaint seeks recovery under unjust enrichment and *quantum meruit* theories for members of the "Three Year Subclasses," *i.e.* those class members who have sustained injury in the three years preceding the filing of the complaint.  (Compl. ¶¶ 126, 128.) Accordingly, those claims are not barred by statutes of limitations.

## V.    BUTCH HAS STATED NO VALID REASON FOR SEVERING CLAIMS AGAINST IT FROM CLAIMS AGAINST OTHER DEFENDANTS.

Butch has provided insufficient justification for severing claims against it from the remainder of this suit.  Specifically, Butch requests that the Court sever any claims related to the allegations set forth in paragraphs 57 through 65 of the complaint because Butch "has no knowledge" of the matters alleged in those paragraphs.  (Butch Mot. ¶ 15.)  Butch also argues that appearing in portions of the suit related to these allegations would "be unnecessarily prejudicial" to Butch and "operate to [its] detriment without any legal purpose or justification."

(*Id.*)  The paragraphs of the complaint at issue provide illustrative examples of how the named plaintiffs in this suit have worked for eviction companies, including Butch and with whom Butch is alleged to have conspired, and received sub-minimum wages.  (Compl. ¶¶ 57-65.)  Butch's self-serving disavowal of knowledge of these specific instances, when considered in the context of the larger backdrop of conspiracy and class-wide violations occurring over a number of years and committed by Butch among others, is no justification for breaking this action into piecemeal litigation.  Despite Butch's vague and unsubstantiated assertion of prejudice, there would be no benefit or efficiency to allowing a separate, parallel proceeding here for claims against one defendant out of the many.  Furthermore, the complaint alleges that Butch was involved in a conspiracy to pay illegal wages to homeless workers.  (Compl. ¶ 68.)  This allegation, standing on its own, is sufficient to prevent Butch from severing claims against it from claims against the other defendants because the liability attendant to such a conspiracy, once proved, is joint and several among the participants.  *See United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 253 (1940) (holding that antitrust defendants are liable for their coconspirators' actions).

Accordingly, the Court should deny Butch's request to sever.

## VI.     OTHER ISSUES RAISED IN BUTCH'S MOTION TO DISMISS ARE NOT APPROPRIATE FOR RESOLUTION AT THIS STAGE IN THE PROCEEDINGS.

The other assertions that Butch has included in its Motion to Dismiss, Response and Answer are not appropriate for resolution at this time.  Defendant Butch Enterprises has denied a number of factual allegations made in the complaint (*e.g.*, Butch Mot. ¶¶ 3, 7, 11-13, 16), raised affirmative defenses including "laches, estoppel, or warranty" (*id.* ¶ 18), and challenged class certification (*id.* ¶ 1).  Such issues are not ripe for consideration on a motion to dismiss and presumably constitute part of the answer.

14

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Butch's motion to dismiss in its entirety. Furthermore, if the Court decides to consider this motion despite the impermissibility of Butch's *pro se* pleading, plaintiffs respectfully request a hearing on this motion.

Date: October 27, 2006                    Respectfully submitted,


                                          _____/s/ Lee F. Berger_____
                                          Lee F. Berger (D.C. Bar # 482435)
                                          Matthew D. Slater (D.C. Bar # 386986)
                                          Larry C. Dembowski (D.C. Bar # 486331)
                                          Cleary Gottlieb Steen & Hamilton LLP
                                          2000 Pennsylvania Avenue, N.W.
                                          Washington, D.C. 20006-1801
                                          Telephone: (202) 974-1500
                                          Facsimile: (202) 974-1999
                                          *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Allison E. Collins, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby

certify that:

On, October 27, 2006, a copy of the foregoing Plaintiff's Opposition to Motion to

Dismiss of Defendant Butch Enterprises, Inc. has been served by electronic transmission

through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, Maryland 20730
> gsmith@mrrlaw.net
>
> Stephanie D. Kinder
> Law Offices of Stephanie D. Kinder, PA
> 10 N. Calvert Street, Suite 930
> Baltimore, Maryland 21202
> skinder@epcounsel.com

and has been served by U.S. mail, first-class postage prepaid, on the following parties:

> I. Staten
> Butch Enterprises, Inc.
> 10332 Main Street, Suite 352
> Fairfax, Virginia 22030

Dated:  October 27, 2006                                    /s/ Allison E. Collins
                                                            Allison E. Collins

16