**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| Harry Jakeyia Ashford, Kirk Douglas | ) | |
| Greene, and Anthony Forte, | ) | |
| | ) | Civil Action No. 06-CV-1561 RJL |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, A 1 Eviction | ) | |
| Services, A & A Cardinal Eviction, All | ) | |
| American Eviction Company, Butch | ) | |
| Enterprises, Inc., Big Time Movers, | ) | |
| Caroline Lanford, Tanya Smith, Nelson | ) | |
| Terry,  Linden Terry, Bob Ward, John | ) | |
| Doe 1,  and John Doe 2, | ) | |
| | ) | |
| *Defendants*. | ) | |
| _____ | ) | |

**PLAINTIFFS' OPPOSITION TO FIRST MOTION TO DISMISS
OF DEFENDANTS A&A CARDINAL EVICTION AND ROBERT WARD**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT............................................................................................................................... 1

    I.  THE COURT HAS PERSONAL JURISDICTION OVER A&A AND WARD
          UNDER D.C. LAW AND THE CLAYTON ACT................................................. 1

    II.  VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS
          GIVING RISE TO THE CLAIMS OCCURRED HERE AND A&A AND
          WARD ARE SUBJECT TO PERSONAL JURISDICTION HERE. .................... 5

CONCLUSION............................................................................................................................ 6

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Chrysler Corp. v. General Motors Corp.*, 589 F.Supp. 1182 ..............................................4

*\*Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F.Supp.2d 1.......................4

*Edmond v. U.S. Postal Service General Counsel*, 949 F.2d 415 ........................................1

*GTE New Media Services, Inc. v. Bellsouth  Corp.*, 199 F.3d 1343 ...................................2

*\*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506...................................................... 2

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408...................................2

*International Shoe Co. v. Washington*, 326 U.S. 310 .........................................................3

*Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987)............................1

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437..............................................2

*Second Amendment Foundation v. U.S. Conf. of Mayors*, 274 F.3d 521 ...........................3

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286.................................................3

**STATE CASES**

*Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140 ..............................................................2

**FEDERAL STATUTES**

28 U.S.C. § 1391(b) ............................................................................................................5

*Section 12 of the Clayton Act, 15 U.S.C. § 22 ..............................................................3, 5

**STATE STATUTES**

D.C. Code § 13-423 ............................................................................................................2

*D.C. Code § 13-423(a)........................................................................................................3

*D.C. Code § 13-334(a)........................................................................................................1

Authorities marked with an asterisk (*) are those on which plaintiffs chiefly rely.  *See* L.Cv.R. 7(a).

**INTRODUCTION**

Since at least 2002 through the present, the defendants in this case, including A&A

Cardinal Evictions ("A&A") and Robert "Bob" Ward ("Ward"), have hired members of the

plaintiff class to perform evictions throughout the D.C. Metro Area, including the District of

Columbia and portions of Maryland and Virginia, and paid members of the class less than the

legally required minimum wage for their labor.  A&A and Ward do not refute plaintiffs'

allegations that they have entered the District of Columbia to hire members of the plaintiff class

to perform evictions, nor do they refute plaintiffs' claims that A&A and Ward paid members of

the class less than the minimum wage. The class is a large group of homeless persons and others

who have performed such evictions.  Defendants are a group of entities and persons who offer

eviction services and who have illegally colluded with each other to suppress wages paid to the

class to levels far below those required by federal, D.C., Maryland, and Virginia law.  This

illegal collusion is prohibited under federal and state antitrust laws.

A&A and Ward have served plaintiffs with a Motion to Dismiss ("A&A/Ward Mot."),

asserting that (1) the Court has no personal jurisdiction over A&A and Ward, and (2) venue in

this Court is improper.  (*See* A&A/Ward Mot. at 2, 5).[1]  Because A&A and Ward's arguments

are without merit, and the Court should deny A&A and Ward's motion to dismiss.

**ARGUMENT**

I.    **THE COURT HAS PERSONAL JURISDICTION OVER A&A AND
       WARD UNDER D.C. LAW AND THE CLAYTON ACT.**

---

[1]      A&A and Ward have also submitted a Second Motion to Dismiss.  (*See* Docket entry no. 30.)  Plaintiffs
will respond to that motion separately.

1

The Court may exercise personal jurisdiction over A&A and Ward under principles of both general jurisdiction and specific long-arm jurisdiction.  Both D.C. law and the Clayton Act provide for jurisdiction over A&A and Ward.

Under D.C. Code § 13-334(a),[2] this Court may exercise general jurisdiction over any foreign corporation that is "doing business" in the District.  *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002).  The Supreme Court has established that if a defendant corporation's contacts with the forum state are "continuous and systematic," then a court within that state may properly exercise general personal jurisdiction.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  Moreover, this Court has general jurisdiction over a defendant who "has 'been carrying on in [D.C.] a continuous and systematic, but limited, part of its general business.'"  *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1148 (D.C. 1985) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952)).  Here, the complaint contains allegations that A&A and Ward (alongside the other defendants) regularly hire employees within D.C. and transport them from D.C. to eviction sites in the D.C. Metro Area before returning them to D.C.  (Compl. ¶¶ 34-41.)[3]  Such activities within the District are "continuous and systematic" and therefore support the exercise of general personal jurisdiction over A&A and Ward.

---

[2]       The personal jurisdiction of a federal district court is coextensive with that of courts of general jurisdiction in the state in which the federal court sits.  *Edmond v. U.S. Postal Service General Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97 (1987)) ("Even though subject-matter jurisdiction is here predicated upon a federal question, [plaintiffs] must rely on D.C. law to sue nonresident defendants, since no federal long-arm statute applies.").  Accordingly, the jurisdictional statutes of the District of Columbia are applicable to defining the Court's jurisdiction.

[3]       A&A and Ward assert in their motion to dismiss that plaintiffs have not defined the D.C. Metro Area, but they are mistaken.  In paragraph 8 of the complaint, plaintiffs define the D.C. Metro Area as "D.C., southeastern Maryland (including Prince George's County, Montgomery County, Anne Arundel County, Howard County, Calvert County, and Charles County) and northern Virginia (including Fairfax County, Arlington County, Prince William County, Loudon County, Fauquier County, and Stafford County)."  This definition encompasses Waldorf, Maryland, A&A's principal place of business.

Additionally, the District of Columbia long-arm statute, D.C. Code § 13-423(a), allows the Court to exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; [and] (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia…." The D.C. Circuit has explained section (a)(1) by noting that the "'transacting any business' clause generally has been interpreted to be coextensive with the Constitution's due process requirements and thus merge into a single inquiry." *GTE New Media Servs., Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Thus, the relevant issue is whether the complaint alleges "minimum contacts [between the defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court must ensure that "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Even if A&A and Ward perform evictions only in Maryland, as stated in the Declaration of Robert Ward attached as Exhibit A to the motion to dismiss, uncontroverted allegations in the complaint demonstrate that A&A and Ward "transact business" within the District of Columbia. Indeed, the complaint alleges that A&A and Ward hire members of the class within D.C. to conduct evictions in the D.C. Metro Area, including picking up class members in the District, and paying sub-minimum wages in the District. (*See* Compl. ¶¶ 34-44.) Furthermore, the complaint contains allegations that A&A and Ward have engaged in a conspiracy to pay wages at artificially low levels in the District (Compl. ¶¶ 39, 68), and A&A and Ward's involvement in such a conspiracy is an additional basis for long-arm jurisdiction. *Second Amendment Found. v.*

*U.S. Conf. of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001) ("Persons who enter the forum and

engage in conspiratorial acts are deemed to 'transact business' there 'directly'; coconspirators

who never enter the forum are deemed to 'transact business' there 'by an agent.'" (quoting D.C.

Code Ann. § 13-423(a)(1)(West 2001))).  Ward's declaration does not address, let alone refute,

these various grounds for the exercise of personal jurisdiction.

Additionally, Section 12 of the Clayton Act, 15 U.S.C. § 22, provides that "[a]ny suit,

action or proceeding under the antitrust laws against a corporation may be brought . . . in any

district wherein it . . . transacts business…."  This Court has stated that "[t]he difference between

jurisdiction under the Clayton Act and D.C.'s long-arm statute is that while both look at contacts

with the district, under Section 12 of the Clayton Act 'the transactions do not have to be related

to the cause of action or the subject matter of the suit.' …."  *Diamond Chem. Co., Inc. v. Atofina*

*Chems., Inc.* 268 F. Supp. 2d 1, 10 (D.D.C. 2003) (quoting *Chrysler Corp. v. Gen. Motors Corp.*,

589 F. Supp. 1182, 1195 (D.D.C. 1984)).  As stated above, A&A and Ward "transact business"

in D.C. because A&A and Ward have hired members of the class in D.C., paid them illegal

wages in D.C., and conspired with others to suppress wages in D.C.  (*See* Compl. ¶¶ 36-39, 45-

56, 86.)  These same facts support jurisdiction under the Clayton Act.

Finally, if contrary to the showing above the Court were to conclude that the allegations

of the complaint do not establish personal jurisdiction, the Court should not dismiss but instead

should order jurisdictional discovery because such discovery is reasonably likely to confirm that

the amount and extent of A&A's and Ward's contacts with the District support personal

jurisdiction.  "'A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is

*entitled* to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by

withholding information on its contacts with the forum.'"  *Diamond Chem.*, 268 F. Supp. 2d at

15 (quoting *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996); emphasis

added).  For example, plaintiffs would request A&A's and Ward's payroll and wage records,

maintenance of which is required by the tax and wage laws (*see* Compl. ¶¶ 55-56), as well as

A&A's and Ward's records and other evidence of the evictions they have performed, the

locations of those evictions, and the sources of all labor employed on such evictions.[4]  Such

discovery will provide probative evidence of A&A's and Ward's contacts with this forum and

thus of the Court's jurisdiction.

> **II.   VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED HERE AND A&A AND WARD ARE SUBJECT TO PERSONAL JURISDICTION HERE.**

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 22.  Under

28 U.S.C. § 1391(b)(2), venue is proper in a "judicial district in which a substantial part of the

events or omissions giving rise to a claim occurred…."  Here, venue is proper because a

substantial number of the class members were hired and paid sub-minimum wages in the

District.[5]  (Compl. ¶¶ 37, 40.)  Additionally, Section 12 of the Clayton Act, 15 U.S.C. § 22,

provides that "[a]ny suit, action, or proceeding under the antitrust laws against a corporation may

be brought . . . in any district wherein it . . . transacts business…."  By engaging in the practices

set forth in the complaint (Compl. ¶¶ 37, 40), A&A and Ward have "transacted business" within

the District, and thus venue is proper in the District.

---

[4]   These examples are illustrative in nature and do not comprise an exhaustive list of materials that plaintiffs would request in jurisdictional discovery.

[5]   This fact does not change, even if the Court countenances A&A's and Ward's assertions that they do not perform evictions in the District.

## CONCLUSION

For the reasons set forth above, the Court should deny summarily A&A and Ward's

motion to dismiss in its entirety.


Date:  November 13, 2006                          Respectfully submitted,


                                                     /s/ Lee F. Berger
                                                  Lee F. Berger (D.C. Bar # 482435)
                                                  Matthew D. Slater (D.C. Bar # 386986)
                                                  Larry C. Dembowski (D.C. Bar # 486331)
                                                  Cleary Gottlieb Steen & Hamilton LLP
                                                  2000 Pennsylvania Avenue, N.W.
                                                  Washington, D.C.  20006-1801
                                                  Telephone:  (202) 974-1500
                                                  Facsimile:   (202) 974-1999
                                                  *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On, November 13, 2006, a copy of the foregoing Plaintiff's Opposition to Motion

to Dismiss of Defendant A&A and Ward has been served by electronic transmission

through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, Maryland 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> Stephanie D. Kinder
> Law Offices of Stephanie D. Kinder, PA
> 10 N. Calvert Street, Suite 930
> Baltimore, Maryland 21202
> skinder@epcounsel.com
> Attorney for Bob Ward and A & A Cardinal Eviction
>
> J. Wyndal Gordon
> The Law Office of J. Wyndal Gordon, P.A.
> 10 North Calvert Street, Suite 930
> Baltimore, Maryland 21202
> jwgaattys@aol.com
> Attorney for Bob Ward and A & A Cardinal Eviction

and has been served by U.S. mail, first-class postage prepaid, on the following parties:

> I. Staten
> Butch Enterprises, Inc.
> 10332 Main Street, Suite 352
> Fairfax, Virginia 22030

7

Lloyd J. Eisenberg
Lloyd J. Eisenberg & Associates, P.A.
10632 Little Columbia Parkway
Suite 430
Columbia, Maryland 21044
Attorney for Big Time Movers

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Caroline Lanford
1112 48th Street, N.E.
Washington, DC 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, DC 20019

Dated:  November 13, 2006                          /s/ Erika J. Davis
                                                                    Erika J. Davis