IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Jakeyia Ashford, Kirk Douglas Greene, and Anthony Forte, <br><br> individually and on behalf <br> of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> East Coast Express Eviction, A 1 Eviction Services, A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry, Linden Terry, Bob Ward, John Doe 1, and John Doe 2, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-cv-1561 (RJL) <br><br> Hon. Richard J. Leon |

PLAINTIFFS' MOTION FOR ORDER CONFIRMING SERVICE ON DEFENDANT EAST COAST EXPRESS EVICTION AND ENTERING A DEFAULT, OR IN THE ALTERNATIVE FOR SERVICE ON DEFENDANT EAST COAST EXPRESS EVICTION BY A U.S. MARSHAL

Plaintiffs hereby respectfully request an order confirming that service of the complaint, summons, and the Court's initial standing order on Defendant East Coast Express Eviction ("East Coast") was effective under Fed. R. Civ. P. 4 and that East Coast is in default due to its failure to plead or otherwise respond to the complaint under Fed. R. Civ. P. 55. Alternatively, plaintiffs hereby respectfully request that the Court order that service of the complaint, summons, and the Court's initial standing order be made on East Coast by a United States Marshal under Fed. R. Civ. P. 4(c)(2).

Dated:  November 20, 2006

        Respectfully submitted,

          /s/ Lee F. Berger

        Lee F. Berger (D.C. Bar # 482435)
        Matthew D. Slater (D.C. Bar # 386986)
        Larry C. Dembowski (D.C. Bar # 486331)
        Cleary Gottlieb Steen & Hamilton LLP
        2000 Pennsylvania Avenue, N.W.
        Washington, D.C.  20006-1801
        Telephone:  (202) 974-1500
        Facsimile:   (202) 974-1999

        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, Kirk Douglas Greene, and Anthony Forte, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> East Coast Express Eviction, A 1 Eviction Services, A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry, Linden Terry, Bob Ward, John Doe 1, and John Doe 2, <br><br> *Defendants*. | Civil Action No. 06-cv-1561 (RJL) <br><br> Hon. Richard J. Leon |

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ORDER CONFIRMING SERVICE ON DEFENDANT EAST COAST EXPRESS EVICTION AND ENTERING A DEFAULT, OR IN THE ALTERNATIVE FOR SERVICE ON DEFENDANT EAST COAST EXPRESS EVICTION BY A U.S. MARSHAL

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS. ........................................................................................................ 1

ARGUMENT ............................................................................................................................... 3

    I.    PLAINTIFFS HAVE PROPERLY SERVED EAST COAST BY MAILING A COPY OF THE SUMMONS, COMPLAINT, AND INITIAL ORDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO EAST COAST. ........................................................................ 3

    II.    ALTERNATIVELY, THE COURT SHOULD ORDER SERVICE ON EAST COAST BY U.S. MARSHAL BECAUSE PLAINTIFFS' NUMEROUS GOOD FAITH EFFORTS TO SERVE EAST COAST HAVE BEEN BLOCKED BY MR. TERRY ......................................................... 5

CONCLUSION............................................................................................................................ 6

**TABLE OF AUTHORITIES**

**CASES**

*Albright v. U.S.*, 631 F.2d 915 (D.C. Cir. 1980) ............................................................................4

*\*Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4 (D.D.C. 2003) ...................................5

*In re Dorsey*, 469 A.2d 1246 (D.C. 1983) ......................................................................................4

*\*In re Regent,* 741 A.2d 40 (D.C. 1999) .........................................................................................4

*Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751 (D.C. 1983) ............................4

*\*Murray v. District of Columbia*, 870 A.2d 25 (D.C. 2005) ..........................................................3

*Office of People's Counsel v. Public Serv. Comm'n,* 477 A.2d 1079 (D.C. 1984) ........................3


**STATUTES, RULES & REGULATIONS**

*Fed. R. Civ. P. 4(c)(2) ...................................................................................................................5

Fed. R. Civ. P. 4(h)(1)......................................................................................................................3

Fed. R. Civ. P. 12(a)(1)(A) ..............................................................................................................5

Fed. R. Civ. P. 55(a) .......................................................................................................................5

*D.C. Superior Court Rule of Civil Procedure 4(c)(3)................................................................3, 4


**OTHER AUTHORITIES**

2A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION §§ 46.01,
    46.04 (C. Sands 4th ed. 1973)................................................................................................ 3-4

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 4A FED. PRAC. & PROC.
    CIV.3D § 1090 (2006) .................................................................................................................5

Authorities marked with an asterisk (*) are those on which plaintiffs chiefly rely. *See* L.Cv.R. 7(a).

**PRELIMINARY STATEMENT**

Plaintiffs initially attempted to serve East Coast Express Eviction ("East Coast") by effectuating personal service upon Nelson Terry in his capacity as proprietor of East Coast on numerous occasions. Mr. Terry has affirmatively attempted to defeat service on East Coast by evading plaintiffs' efforts at personal service. Plaintiffs then served East Coast by mailing a copy of the summons, complaint, and initial order (among other documents) by certified mail, return receipt requested to East Coast. Plaintiffs have therefore satisfied the requirements for service on a business entity under D.C. Superior Court Rule of Civil Procedure 4(c)(3) ("D.C. Rule 4(c)(3)"), and the Court should enter a default judgment against East Coast, which has not timely answered or otherwise responded to the complaint. In the alternative, because plaintiffs' exhaustive good faith efforts to serve East Coast have been blocked by Mr. Terry, plaintiffs respectfully request that the Court order service on East Coast by a U.S. Marshal.

**STATEMENT OF FACTS**

Plaintiffs' process servers have on numerous occasions attempted to serve Mr. Terry in his capacity as proprietor of East Coast. (Declaration of Lee Berger ¶ 3, Ex. A, attached hereto ("Berger Decl.").) Plaintiffs' process servers have informed plaintiffs' counsel that individuals at East Coast have consistently not answered the door, have refused to open the door, and/or have claimed that Mr. Terry is outside the country. (*Id.*) Plaintiffs' process servers have therefore not been able to serve him personally in his capacity as proprietor of East Coast. However, during this time period, Mr. Terry executed an affidavit before a notary public in Washington, D.C. (*Compare id. with* Aff. of Nelson Terry, attached to Return of Service Unexecuted on Nelson Terry and East Coast Express Eviction (Docket Item No. 28 (filed October 30, 2006)) ("Return of Service") as Ex. A ("Terry Aff.").)

1

In accordance with D.C. Rule 4(c)(3), plaintiffs then served East Coast via certified mail, return receipt requested. (*See* Return of Service.) On October 17, 2006, plaintiffs mailed the appropriate service documents to the address that Mr. Terry indicated in his sworn affidavit. (*Id.* ¶ 3.) The U.S. Postal Service attempted to deliver the above noted documents at 5:12 p.m. on October 19, 2006. (*Id.* ¶ 5.) The U.S. Postal Service confirmed that notice was left at Mr. Terry's address informing him that the package of documents was available for retrieval at the post office. (*Id.*) Mr. Terry did not retrieve the documents from the U.S. Postal Service. (*Id.*) Consequently, the U.S. Postal Service returned the documents to plaintiffs on November 3, 2006. (Berger Decl. ¶ 4.)

Further, East Coast has actual knowledge of the case, because its sole proprietor, Mr. Terry, has actual knowledge of the case. (*See* Compl. ¶ 9 (Mr. Terry owns East Coast); Terry Aff. (same).) Mr. Terry has been served in his individual capacity. (Aff. of Service on Nelson Terry (Docket Item No. 18 (filed Oct. 19, 2006)). Weeks before plaintiffs filed their complaint, plaintiffs also mailed a letter to Mr. Terry, as proprietor of East Coast, informing him that plaintiffs were considering filing this lawsuit. (Berger Decl. ¶ 2.) Recently, Mr. Terry answered the door at defendant Caroline Lanford's house when plaintiffs' process server served defendant All American Eviction Company ("All American") and Ms. Lanford. Mr. Terry attempted to impede service on All American and Ms. Lanford by asserting that Ms. Lansford was out of the country, even though Ms. Lanford sat a few feet behind him in plain view. (Aff. of Ambiko Guice (executed Nov. 2, 2006), attached as Exh. A to Aff. of Service on Caroline Lanford (Docket Item No. 35 (filed Nov. 9, 2006).) East Coast is thus fully aware of the lawsuit.

**ARGUMENT**

I.   **PLAINTIFFS HAVE PROPERLY SERVED EAST COAST BY MAILING A COPY OF THE SUMMONS, COMPLAINT, AND INITIAL ORDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO EAST COAST.**

In accordance with Fed. R. Civ. P. 4(h)(1), plaintiffs have satisfied the service requirements of D.C. Rule 4(c)(3). On October 30, 2006, plaintiffs filed the Return of Service with the Court. The Return of Service demonstrates that service on East Coast has been completed under D.C. Rule 4(c)(3), which requires that "[a]s to any defendant [who is an individual, corporation or association in the United States], service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."

The Clerk of the Court has instructed plaintiffs' counsel that proof of receipt is required to effect service for purposes of entering a default against East Coast. This position is incorrect. Although the D.C. courts have not definitively interpreted D.C. Rule 4(c)(3), the D.C. Court of Appeals has suggested that a proof of receipt is not necessary to satisfy D.C. Rule 4(c)(3). *Murray v. District of Columbia*, 870 A.2d 25 (D.C. 2005). In *Murray*, the court explained that "[t]he language of Rule 4(c)(3)… indicates that service is effected by *mailing a copy* of the summons and other papers by certified mail, which suggests that proof of actual receipt may not necessarily be required in every case." *Id.* at 27. The Court determined that the case before it was "not an appropriate case" for deciding the issue, in part because the question had not been briefed. *Id.*

In interpreting a statute or procedural rule, D.C. courts "look first to the language of the statute and, if it is clear and unambiguous, give effect to its plain meaning." *Office of People's Counsel v. Public Serv. Comm'n,* 477 A.2d 1079, 1083 (D.C. 1984) (*citing* 2A

3

Sutherland, Statutes And Statutory Construction §§ 46.01, 46.04, at 48-51, 54-56 (C. Sands 4th ed. 1973)); *see also Albright v. United States*, 631 F.2d 915, 918 (D.C. Cir. 1980). The words of the statute "should be construed according to their ordinary sense, and with the meaning commonly attributed to them." *Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 753 (D.C. 1983). D.C. Rule 4(c)(3) states that service "may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." The plain language of D.C. Rule 4(c)(3) therefore requires only mailing by certified mail of the required documents and requesting the return receipt. It does not require proof of actual receipt or that defendant return the requested receipt for service to be effective.

Moreover, the D.C. courts have accepted unclaimed certified mail as satisfactory service in other contexts, in particular for disciplinary hearings for attorneys. In *In re Regent*, the D.C. Court of Appeals accepted that service of process had been effected even though "notices sent by certified mail were returned unclaimed." 741 A.2d 40, 41 n.2 (D.C. 1999). The court noted that "attempts at personal service proved unsuccessful" and that "little else could have been done to locate respondent." *Id.*; *see also In re Dorsey*, 469 A.2d 1246, 1247 (D.C. 1983) (charges were deemed admitted against an attorney in a disciplinary hearing despite no response from attorney and no certainty of actual notice because "ample efforts" were made to serve him and he had left town without any forwarding address). In *Regent,* despite lack of actual knowledge by the defendant, service by unclaimed certified mail was deemed effective in light of the numerous attempts to effectuate personal service.

The record in the present case is more compelling – not only have plaintiffs served East Coast in accordance with D.C. Rule 4(c)(3), but East Coast has actual notice of this

4

suit as a result of prior effective service on Mr. Terry, the sole proprietor of East Coast. Because plaintiffs' service of East Coast via certified mail, return receipt requested, was delivered to East Coast on October 19, 2006, the Court should recognize service on East Coast as of that date. Accordingly, East Coast should have responded to the complaint by November 8, 2006. Fed. R. Civ. P. 12(a)(1)(A). Because East Coast failed to do so, entry of default is proper. Fed. R. Civ. P. 55(a).

II. **ALTERNATIVELY, THE COURT SHOULD ORDER SERVICE ON EAST COAST BY U.S. MARSHAL BECAUSE PLAINTIFFS' NUMEROUS GOOD FAITH EFFORTS TO SERVE EAST COAST HAVE BEEN BLOCKED BY MR. TERRY.**

Fed. R. Civ. P. 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specifically appointed by the court for that purpose." Courts have held that "a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax v. Executive Office for United States Attorneys*, 216 F.R.D. 4 (D.D.C. 2003); *see also* Charles Alan Wright & Arthur R. Miller, 4A Fed. Prac. & Proc. Civ.3d § 1090 (2006) ("before requesting service by a marshal, [a] plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint"). In *Bax*, the Court denied a motion for service by a United States Marshal, explaining that the plaintiff "ha[d] not attempted service by other means, such as service by registered or certified mail under Rule 4(i)." *Id.* at 4-5.

Here, plaintiffs have made numerous attempts to serve East Coast, both through personal service on East Coast's owner and by certified mail. (*See supra*; *see also* Berger Decl. ¶ 3.) In the event the Court does not deem plaintiffs' service by mail to be effective and East

5

Coast to be in default, plaintiffs respectively request that the Court order service on East Coast by a United States Marshal pursuant to Rule 4(c)(2).

## **CONCLUSION**

For the reasons set forth above, the Court should confirm service on East Coast as of October 19, 2006, and enter a default against East Coast because it did not responded to the complaint by November 8, 2006.  In the alternative, the Court should order service on East Coast by a United States Marshal.


Date:  November 20, 2006                                        Respectfully submitted,


    /s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On November 20, 2006, a copy of the foregoing plaintiffs' Motion for Order Confirming Service on Defendant East Coast Express Eviction, or in the Alternative for Service on Defendant East Coast Express Eviction by U.S. Marshall and accompanying documents have been served by electronic transmission through the Court's CM/ECF System on the following parties:

>Stephanie D. Kinder
>The Law Office of Stephanie Kinder, P.A.
>10 N. Calvert Street, Suite 930
>Baltimore, Maryland 21202
>skinder@epcounsel.com
>Attorney for Bob Ward and A & A Cardinal Eviction
>
>J. Wyndal Gordon
>The Law Office of J. Wyndal Gordon, P.A.
>10 North Calvert Street, Suite 930
>Baltimore, Maryland 21202
>jwgaattys@aol.com
>Attorney for Bob Ward and A & A Cardinal Eviction
>
>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, Maryland 20730
>gsmith@mrrlaw.net
>Attorney for A 1 Eviction Services and Tanya Smith

and have been served by U.S. mail, first-class postage prepaid, on the following parties:

>I. Staten
>Butch Enterprises, Inc.
>10332 Main Street, Suite 352
>Fairfax, Virginia 22030

Lloyd J. Eisenberg
Lloyd J. Eisenberg & Associates, P.A.
10632 Little Columbia Parkway
Suite 430
Columbia, Maryland 21044
Attorney for Big Time Movers

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Caroline Lanford
1112 48th Street, N.E.
Washington, DC 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, DC 20019

Dated:  November 20, 2006                                         /s/ Erika J. Davis
                                                                      Erika J. Davis