IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY JAKEYIA ASHFORD, et al. ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> EAST COAST EXPRESS EVICTION, et al.) <br> ) <br> *Defendants.* ) <br> ) | Case No. 1:06cv1581 <br><br> Judge: Richard J. Leon |

## MOTION TO DISMISS, RESPONSE AND ANSWER
## OF DEFENDANT BUTCH ENTERPRISES, INC.

**COMES NOW** Defendant Butch Enterprises, Inc. (Butch), by its President, (I. Staten), and for its Motion to Dismiss, Response and Answer to Plaintiffs' Complaint states:

1. Defendant Butch objects to the designation of this action as a "Class Action" and moves to dismiss the "class action".

2. Defendant Butch objects to jurisdiction and venue and moves to dismiss for improper jurisdiction and venue. Defendant Butch further denies that this action is properly under the Clayton Act, 15 U.S.C. §§ 15(a) and 26 and here moves to dismiss all charges brought under that act.

3. Defendant Butch denies the allegations in paragraphs 1 through 4 inclusive.

4. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "PARTIES", paragraphs 5 through 18, inclusive, and paragraph 20, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold Plaintiff to its proof.

5. Defendant Butch admits it is a corporation, denies that it performs eviction work throughout the area.

RECEIVED
OCT 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

6. Defendant Butch denies the characterization that it is "an eviction services company". Defendant Butch admits its address, principal place of business address and state of incorporation, and that it performs eviction work for customers including some parts of the D.C. Metro area.

7. Defendant Butch denies all "Class Action Allegations" contained in paragraphs 21 through 27 and similar allegations elsewhere in the Complaint, inclusive in toto.

8. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "FACTS", paragraphs 28 through 35, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold Plaintiff to its proof, and, further, Defendant Butch denies that it has a policy of exclusively hiring homeless persons as set out in paragraph 35.

9. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "Defendants Hire Primarily Homeless Workers to Perform Evictions", paragraphs 36 through 44, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to Plaintiffs or other Defendants, but will hold Plaintiff to its proof, and, further, Defendant Butch denies that it has a policy of exclusively hiring homeless persons as employees, holding them against their will and then failing to pay them any money due them, as described and alleged in the above paragraphs 36 through 44.

10. Defendant Butch denies the material relating to the so-called "minimum wage" law set out in paragraphs 45 through 51, inclusive, and suggests that Plaintiffs allegations and thumbnail characterizations of laws relating to "minimum wage" either misrepresents the law or is incomplete as to the over-all law in each

jurisdiction described, inapplicable to Defendant and irrelevant to any claim Plaintiffs may have.

11. Defendant Butch denies paragraph 52 in toto, including, but not limited to the extent to which it and other sections of the Complaint mischaracterizes independent contract workers as employees.

12. Defendant Butch denies paragraph 53.

13. Defendant Butch denies paragraph 54 in toto, including, but not limited to the suggestion that any Plaintiff in this action has stated or shown in this Complaint a right or a basis for any such right under law to compensation for 'travel time' or 'waiting time'.

14. Defendant Butch has no knowledge of the matters set out in paragraphs 55 and 56, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to Plaintiffs or other Defendants, but will hold Plaintiff to its proof, and, further, Defendant Butch admits only that it maintains such business records as are required by state or federal law.

15. Defendant Butch has no knowledge of the matters set out in paragraphs 57 through 65, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to Plaintiffs or other Defendants, but will hold Plaintiff to its proof, and, further, Defendant Butch asks that this Court sever any action relating to Plaintiffs or other Defendants as set out in paragraphs 57 through 65, inclusive, since there is no allegation in any part of any of those paragraphs that relates in any way to Defendant Butch, and having Defendant Butch appear as a Defendant in a portion of this action that has nothing to do with Defendant Butch would be unnecessarily prejudicial to Defendant Butch and

would operate to Defendant Butch's detriment without any legal purpose or justification.

16. Defendant Butch denies in toto paragraphs 66 through 129, inclusive and holds Plaintiff to its proof.

17. Plaintiffs' claims against Defendant Butch are barred by applicable statutes of limitations.

18. Plaintiffs' claims against Defendant Butch are barred by laches, estoppel or warranty.

19. Plaintiffs' claims against Defendant Butch are barred by their own acts.

20. Defendant denies all matters not specifically admitted.

21. Plaintiffs' Complaint fails to state a claim by which relief may be granted.

**WHEREFORE**, Defendant Butch Enterprises, Inc., here moves that Plaintiffs' Complaint be dismissed, or, in the alternative, that any and all claims against Defendant Butch Enterprises, Inc., be severed from all other claims and set for a separate trial.

Respectfully submitted,

_____
I Staten, President
Butch Enterprises, Inc. (*Pro Se*)
10332 Main Street
Suite 352
Fairfax, VA 22030
*Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this __13__ day of __OCT_____, 2006 I caused a copy of the foregoing Motion to Dismiss, Response and Answer of Defendant Butch Enterprises, Inc. to be delivered via first class mail, postage prepaid to:

Matthew D. Slater, Esq.
2000 Pennsylvania Avenue, NW
Washington, DC  20006-1801

A1 Eviction Services
3708 Endicott Place
Landover, MD  20785

All American Eviction Company
1112 48th Street, NE
Washington, DC  20019

Caroline Lanford
1112 48th Street, NE
Washington, DC  20019

Nelson Terry
27 U Street, NW
Washington, DC  20001

Bob Ward
16608 Bealle Hill Road
Waldorf, MD  20601

East Coast Express Eviction
29 U Street, NW
Washington, DC  20001

A&A Cardinal Eviction
16608 Bealle Hill Road
Waldorf, MD  20601

Big Time Movers
11816 Pittson Road
Silver Spring, MD  20906

Tanya Smith
3708 Endicott Place
Landover, MD  20785

Linden Terry
27 U Street, NW
Washington, DC  20001

_____
I Staten, President
Butch Enterprises, Inc. (*Pro Se*)
10332 Main Street
Suite 352
Fairfax, VA  22030
*Defendant*