**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **HARRY ASHFORD et al** | ) | **Civil Action No.: 06cv1561 (RJL)** |
| **Plaintiffs,** | ) | |
| v. | ) | |
| **EAST COAST EXPRESS et al** | ) | |
| **Defendants** | ) | |

**A & A DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO FIRST MOTION TO DISMISS OF DEFENDANTS
A & A CARDNAL EVICTION AND ROBERT WARD**

Defendant A&A Cardinal Eviction ("A&A") and Robert Ward ("Ward")(collectively "A&A Defendants"), by and through their undersigned counsel, submits its Reply to Plaintiffs' Opposition to First Motion to Dismiss of Defendants A & A Cardinal Eviction and Robert Ward. In support thereof, A & A Defendants offer the following:

**I.   THIS COURT LACKS PERSONAL JURISDICTION BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT A & A DEFENDANTS ARE CORPORATIONS AND THAT THEY WERE "DOING BUSINESS" IN THE DISTRICT OF COLUMBIA.**

Despite Plaintiffs' assertion to the contrary, this Court lacks personal jurisdiction under both D.C Law and the Clayton Act. First, Plaintiffs' argument that this Court may exercise general jurisdiction over any foreign corporation that is "doing business in the

District" is without merit. See Plaintiff's Opposition to A & A Defendant First Motion to Dismiss, "Pl. Opp.", p. 2. Second, the Clayton act is inapplicable to this litigation.

The very essence of Plaintiffs' position is defeated by both statutory schemes' inapplicability to A & A Defendants. Under applicable D.C. law, Defendants are not corporations and as such, personal jurisdiction is defeated. D.C. Code §29-101.02 (2) provides that "a foreign corporation is a corporation for profit organized under laws other than the laws of the District of Columbia & special acts of Congress". (emphasis added) Plaintiffs' own pleading provides that A&A Defendants are not corporations within the meaning of D.C. Code §29-101.02 (2). Plaintiffs' Complaint states that "Defendant A&A Cardinal Eviction is an unincorporated entity" … "and that Bob Ward is the proprietor". See Complaint ¶¶13 & 14. As such, this Court lacks personal jurisdiction.

Even if this Court were to find that A&A Defendants were corporations, Plaintiffs have failed to establish that A&A Defendants were "doing business" in the District of Columbia. Plaintiffs unconvincingly support their allegations that "Defendants (alongside the other Defendants) regularly hire employees within D.C. and transport them from D. C. to eviction sites in the D.C. Metro Area before returning them to D.C." See Pl. Opp., p. 2. Plaintiffs leave uncontroverted A&A Defendants' position that Plaintiffs are "prohibited from aggregating factual allegations concerning multiple Defendants in order to demonstrate personal jurisdiction over any individual Defendant". Kopf v. Battaglia, 425 F.Supp. 2d 76, 81 (D.D.C.2006)(citing Rush vs. Savchuk, 444 US 320, 331-32, 100 S. Ct. 571 (1980)). Plaintiffs must establish personal jurisdiction over each defendant. Id. This position has been left unchallenged.

Instead, Plaintiffs do what is prohibited. They aggregate factual allegations by "lumping" all allegations together. The complaint names three Plaintiffs who on the face of the Complaint are not real parties in interest with respect to any claims against A&A Defendants. Under Fed. R.Civ. P. 17, every action shall be prosecuted in the name of the real party in interest. Plaintiffs' Complaint fails to name any specific act or omission undertaken by A&A Defendants against the named Plaintiffs.

Rather, the Complaint states that the named Plaintiffs have performed work for other Defendants (not A&A Defendants specifically) in this matter. See Complaint ¶¶ 57-65. At no point does the Complaint provide a specific allegation against A&A Defendants. See e.g., Martex Consulting Corp v. James G. Walt, 722 F.2d, 779 (D.C. Cir.1983)(conclusionary statement does not constitute personal jurisdiction); McLaughlin v. McPhail, 707 F.2d, 800, 806 (4th Cir. 1983) ("bare allegations of conspiracy insufficient to support personal jurisdiction"). To the extent that there are no specific allegations against A&A Defendants, this Court lacks personal jurisdiction.

In addition, Plaintiffs' Complaint fails to support their contention that A&A Defendants maintained continuous and systematic contacts as required by relevant law. Plaintiffs' reliance upon Hughes v. A. H. Robins Co., Inc., 490 A.2d 1140, 1148 (D.C. 1985), is misplaced. The facts of Hughes are inapposite to the instant matter.

Unlike the case sub judice, the complaint in Hughes alleged that the appellee had engaged in a specific action which caused injury to appellant. The Hughes complaint does not aggregate actions of others in order to bolster its claims against another party. Following the lead of Plaintiffs' own precedent, Plaintiffs cannot assert jurisdiction without identifying specific actions by A&A Defendants that have caused a specific

3

injury to the named Plaintiffs.  As such, Plaintiffs have failed to establish that A&A Defendants' activities within the District of Columbia are continuous & systematic.  Thus, there is no support for this Court's exercise of personal jurisdiction over A&A Defendants.

Plaintiffs have also failed to establish that the District of Columbia's long arm statue allows this Court to exercise personal jurisdiction over A&A Defendants.  See D.C. Code § 13-423.  As provided in A&A Defendants First Motion to Dismiss, A&A Defendants do and did not transact any business in the District of Columbia.  Defendant Ward's affidavit certifies that A&A Defendants "does not perform any if its services outside of Maryland" and "does not perform or provide any of its services in Washington, D.C."  See Exhibit 1 to First Motion to Dismiss.  This evidence is uncontroverted and undisputed beyond Plaintiffs' own conclusory allegations.

Plaintiffs' argument that A&A Defendants are subject to this Court's jurisdiction because of conspiracy allegations contained in the Complaint must fail as a matter of law.  Plaintiffs' reliance upon Second Amendment Foundation v. U.S. Conference of Mayors, 274 F. 3d 521, 523 (D.C. Cir 2001), is misleading.  Plaintiffs conveniently omit from their argument that it "must make a prima facie showing of the pertinent jurisdictional facts." Second Amendment Foundation, 274, F. 3d at 524 (citing First Chicago Int'l v. United Exch. Co., 836 F 2d 1375, 1377-78 (D.C. Cir. 1988)(emphasis added)).  "Bare allegation[s] of conspiracy or agency…[are]… insufficient to establish personal jurisdiction". Id., First Chicago, 836 F 2d at 1378.  Moreover, "a plaintiff must allege specific acts connecting [the] Defendants with the forum," Id., not legal conclusions as Plaintiffs have done here.

4

In Second Amendment Foundation, firearm consumers and others alleged civil conspiracy claims against the mayors of twenty two states a in a federal lawsuit in the District of Columbia. The lawsuit alleged that the mayors subjected themselves to jurisdiction because they discussed their litigation at a meeting in D.C.  The suit further alleged that the mayors conspired together to bring suit for the purpose of bankrupting and otherwise harming the manufacturers and dealers as a result of the litigation costs of defending such civil action. Second Amendment Foundation, 274 F.3d at 522. The mayors moved to dismiss for lack of personal jurisdiction.  The U.S. Court of Appeals for the District of Columbia affirmed the trial court's dismissal of the Complaint.

Here, the alleged actions of A&A Defendants are much less than that alleged in Second Amendment Foundation. Plaintiffs allege that all Defendants paid illegal wages and conspired to suppress wages.  See ¶¶ 68, 69. Plaintiffs' allegations are nothing more than speculative at best.  Mere speculation that a conspiracy exists or that "the non-resident defendants are co-conspirators [is] insufficient to meet plaintiffs burdens". Dooley v. United Technologies Corp., 786 F. Supp. 651, 78 (D.D.C. 1992). Given that the Complaint aggregates actions of all Defendants and fails to identify a real party in interest with respect to A&A Defendants, Plaintiffs' conspiracy theory is nothing more than illusory.  Plaintiffs have identified no date or time in which the communications occurred.  Plaintiffs have identified no specific defendant who was engaged in an agreement regarding wage payment.  There have been no specific allegations identifying the content of these alleged communications.  Furthermore, Plaintiffs have failed to specifically allege how A&A Defendants participated in the alleged communications. Plaintiffs have clearly failed to plead with particularity the conspiracy as well as the overt

5

acts within the forum taken in furtherance of the conspiracy. Dooley, 786 F.Supp at 78. As such, this court cannot allow Plaintiffs to subvert constitutional principles of sovereignty that underlie personal jurisdiction. See Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 428 (D.C. Cir. 1991)(Silberman, J., concurring).

Plaintiffs' reliance upon the Clayton Act to establish personal jurisdiction supports A&A Defendants' position. Plaintiffs' opposition clearly states that "[a]ny suit and action or proceeding under the antitrust laws against a corporation may be brought…. in any district where it… transacts business…" See Pl. Opp., p. 4. (emphasis added) As indicated supra, a foreign corporation under D.C. law "is a corporation for profit organized under laws other than the laws of the District of Columbia…." D.C. Code §29-101.02 (2). Plaintiffs admit in their complaint that A&A Defendants are not corporations. See Complaint ¶13 &14. Because A&A Defendants are not corporations, the Clayton Act does not provide a basis for personal jurisdiction.

Alternatively, this court should deny Plaintiffs' request for jurisdiction discovery. Plaintiffs bear the burden of proof to establish personal jurisdiction. See GTE New Media Servs. v. Bellsouth Corp., 199 F. 3d 1343, 1351 (D.C. Cir. 2000). In order to earn the right to conduct jurisdictional discovery, Plaintiffs must set forth an affirmative case for such discovery. See Carribean Broad System, Ltd. V. Cable & Wireless, PLC, 148 F.3d, 1080, 1089-90 (D.C. Cir. 1988). A&A Defendants have set forth evidence in admissible form of the absence of jurisdictional contacts with the District of Columbia. Plaintiffs have not. See Int'l Terminal Operations Co. Inc. V. Skibs A/S Hidlefjord, 63 F.R.D. 85 (S.D. N.Y 1973)(holding that jurisdiction not appropriate when plaintiff

6

merely hopes to find statements in Defendant's affidavit not accurate but has not made counter allegations in it's own affidavits)

Plaintiffs rely upon Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc., 268 F. Supp. 2d 1 (D.C. Cir. 2003), to support their request for jurisdictional discovery. The facts of Diamond Chemical, however, are much different than the facts of the instant case. The plaintiffs in Diamond Chemical made specific allegations against the defendants in order to entitle them to jurisdictional discovery. Here, there are no specific allegations against A & A Defendants.

Plaintiffs also cite to E1-Fadl v. Cent. Bank of Jordan, 75 F. 3d 668, 676, (D.C. Cir 1996), to support its position that they are entitled to jurisdictional discovery. Again, Plaintiffs rely upon authority factually inapposite to the instant matter. In El-Fadl, the complaint alleges specific allegations against the defendant. The E1-Fadl court specifically found that E1-Fadl's allegations were "… not conclusory to the extent that E1 Fadl has alleged specific transactions". El-Fadl, 75 F. 3d at 676.

Plaintiffs' minimal factual allegations should not trigger an automatic entitlement to discovery. Under Plaintiffs' approach they need not conduct any more of a pre lawsuit investigation than merely thumbing through the phone book to find eviction companies and naming them in the complaint. Should this Court allow Plaintiffs to succeed on their request, these Defendants or any future Defendants can be forced to spend resources on jurisdictional discovery regardless of the merits. Such a result could unnecessarily force law abiding companies to be intimidated into capitulation. Accordingly, Plaintiffs' request for jurisdictional discovery should be denied.

**II.     VENUE IS IMPROPER IN THIS DISTRICT BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT ANY ACTS OCCURRED IN THE DISTRICT OF COLUMBIA AND THAT A & A DEFENDANTS ARE CORPORATIONS.**

Plaintiffs assert in their opposition that venue is proper for two reasons: 1) a substantial number of the class members were hired and paid sub-minimum wages in the District of Columbia; and 2) the Clayton Act authorizes the filing of an antitrust lawsuit against a corporation in any District wherein it transacts business. See Pl. Pl. Opp., p.5. Plaintiffs further expound their position by suggesting that because A&A Defendants engage in practices set forth in the Complaint A&A Defendants have transacted business. Plaintiffs' position is unsubstantiated, unsupported and flimsy at best.

Plaintiffs' request that this court rely upon its bare bones allegation that unknown class members were hired and paid sub-minimum wages in the District of Columbia. Yet, in their opposition to A&A Defendants Second Motion to Dismiss, Plaintiffs state clearly and emphatically that "[p]laintiffs have not yet moved for class certification". See Plaintiff's Opposition to Second Motion to Dismiss. As such reliance upon a class that may not come to fruition is inappropriate. Plaintiffs cannot have it both ways. Given Plaintiffs position and the fact that the complaint fails to name a real party in interest, venue is improper.

Plaintiffs also rely upon the Clayton Act to support venue. As argued <u>supra</u>, the Clayton Act authorizes suit against a corporation. Inasmuch as Plaintiffs have admitted that A&A Defendants are not corporations, reliance upon the Clayton Act is misplaced. As such, venue is not proper in the District of Columbia.

## **CONCLUSION**

For the reasons set forth above and in A & A Defendants' First and Second Motion to Dismiss, this Court should summarily grant A & A Defendants' Motion to Dismiss in its entirety.

Dated: December 1, 2006                    Respectfully submitted,


  /s/ J. Wyndal Gordon_____
J. Wyndal Gordon, Fed Bar. No. 23572
Law Offices of J Wyndal Gordon
10 N. Calvert Street, Suite 930
Baltimore, Maryland 21202
(410) 332-4121


/s/ Stephanie D. Kinder_____
Stephanie D. Kinder,  Fed Bar No. 446209
Law Offices of Stephanie D. Kinder, PA
10 N. Calvert Street, Suite 930
Baltimore, Maryland 21202
(410) 244-6263

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of December 2006, the foregoing Reply to Reply to Plaintiffs' Opposition to First Motion to Dismiss of Defendants A & A Cardinal Eviction and Robert Ward has been served by electronic transmission through the Court's CM/ECF System on the following parties:

>Lee F. Berger
>Matthew D. Slater
>Larry C. Dembowski
>Cleary Gottlieb Steen & Hamilton LLP
>2000 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006
>Attorneys for Plaintiffs
>
>Gina M. Smith
>Meyers Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, Maryland 20730
>Attorney for A1 Eviction Services and
>Tanya Smith

and by U.S. mail, first-class postage prepaid, on the following parties:

>I. Staten
>Butch Enterprises, Inc.
>10332 Main Street, Suite, 352
>Fairfax, Virginia 22030
>
>Lloyd J. Eisenberg
>Lloyd J. Eisenberg & Associates
>10632 Little Columbia Parkway
>Suite 430
>Columbia, Maryland 21044
>Attorney for Big Time Movers
>
>East Coast Express Evictions
>29 U Street, NW
>Washington, D.C. 20001

Nelson Terry
29 U Street, NW
Washington, D.C.  20001


Caroline Lanford
1112 48th Street, NE
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, NE
Washington, D.C. 20019


  /s/_____
Stephanie D. Kinder