IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, Kirk Douglas Greene, and Anthony Forte,<br><br>individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>East Coast Express Eviction, A 1 Eviction Services, A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry, Linden Terry, Bob Ward, John Doe 1, and John Doe 2,<br><br>*Defendants*. | Civil Action No. 06-cv-1561 (RJL)<br><br>Hon. Richard J. Leon |

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
AND FOR OTHER PROCEDURAL RELIEF**

Harry Jakeyia Ashford, Kirk Douglas Greene, and Anthony Forte, plaintiffs, respectfully request that the Court (1) grant leave to file an amended complaint, a copy of which is attached to this motion as Exhibit A, (2) deem all currently pending motions to dismiss to apply directly to the amended complaint without requiring new briefing, and (3) extend the deadline for plaintiffs to file a motion for class certification until either (a) ninety days after the filing of the amended complaint or (b) such other time as entered in the Court's scheduling order after the parties have met and conferred

In support of these requests, plaintiffs hereby state as follows:

I. Leave To File An Amended Complaint

1. Plaintiffs request leave to file the attached amended complaint pursuant to this Court's Local Civil Rule 7(i). Because none of the non-defaulting defendants have filed a responsive pleading in response to the original complaint, plaintiffs should be permitted to amend the complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). *See also United States Info. Agency v Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990) ("Motions for summary judgment or dismissal, however, do not constitute responsive pleadings that prevent a party from amending without leave of court.").

2. However, even if one of the defendants' filings constituted a responsive pleading, the Court should grant leave to amend the complaint. Plaintiffs seek to amend the original complaint, filed on September 5, 2006, to add new parties but not to add new causes of action against the existing defendants. The changes include the following:

   a. The following individuals will become additional named plaintiffs: Hassan Gerald Shakur, Sandy Theodore Green, Alvin Eugene Dozier, and Donald Brooks. Identifying information and allegations of specific evictions performed by these new plaintiffs are included in the amended complaint. These newly named plaintiffs were all included as class members under the original complaint, however.

   b. The following individuals and entities will become additional defendants: Platinum Realtor Services, Inc., Crawford & Crawford, I. Staten, Choya Lord Rodriguez, and Vincent Crawford. Identifying information and allegations specific to these new defendants are included in the amended complaint. I. Staten was included in the original complaint as "John Doe 2." Plaintiffs' counsel learned the identity of Mr.

       Staten when he served a purported response to the complaint on behalf of his company, defendant Butch Enterprises, Inc. The identities of the other new defendants and their involvement in the violations set forth in the complaint have come to the attention of plaintiffs' counsel upon further investigation in connection with this case.

c. Linston Terry (inadvertently listed a "Linden Terry" on the original complaint), whom the Court has ordered dismissed from the case without prejudice, is removed from the list of defendants in the amended complaint. (*See* Order of Dismissal of Defendant Linston Terry Without Prejudice (Docket Item No 47 (filed Dec. 4, 2006).)

d. The description of defendant A 1 Eviction Services, Inc., is corrected to state that it is a Maryland corporation.

e. The description of defendant Robert "Bob" Ward is amended to state his correct first name and his state of residency, in accordance with information Mr. Ward submitted in his affidavit in support of his motions to dismiss the original complaint.

f. The time period of the Virginia subclass is reduced by one year to correlate to the applicable statute of limitations. While this does affect the Virginia minimum wage and common law claims against defendants, it *reduces* the class period and, therefore, does not constitute a new claim against the existing defendants.

g. Additional factual details are added to the description of how plaintiffs and class members are hired. However, these new facts do not themselves constitute new causes of action against the existing defendants.

h. Other minor changes are made, all of which are nonsubstantive.

3

3. Plaintiffs make this motion now because plaintiffs have gathered new information regarding additional parties. The newly named plaintiffs have suffered the same kind of damages as the original named plaintiffs, as alleged in paragraphs 1 and 21-69 of the original complaint, and were already members of the class under the original complaint. Additionally, plaintiffs allege that the newly named defendants have engaged and continue to engage in the same behavior alleged in paragraphs 1 and 21-129 of the original complaint. Because all of the new plaintiffs were previously included in the alleged class and no new causes of action are pled against any of the existing defendants, allowing amendment of the complaint will not prejudice the existing defendants. Therefore, plaintiffs respectfully request that this Court grant their motion for leave to file the amended complaint.

II. Procedural Relief: Motions To Dismiss The Original Complaint Should Be Deemed to Apply To The Amended Complaint

4. The amended complaint does not give rise to new causes of action or impact the arguments any existing defendant has made in support of dismissal of the original complaint. Correspondingly, plaintiffs do not contend that the amended complaint alters the basis for their opposition to the existing motions to dismiss. Accordingly, the motions to dismiss should be deemed to apply to the amended complaint without the need for new briefing. It would be an inefficient use of the Court's and the parties' resources to require the parties to re-file the motions and briefs already on the record. In addition to avoiding further burdens on the Court and the parties, forgoing repetitive motion practice will enable the case to progress in an orderly and timely manner.

III.  Procedural Relief: Deadline for Plaintiffs' Motion for Class Certification

5.  Plaintiffs respectfully request that the Court extend the deadline for plaintiffs to file their class certification motion until either (a) 90 days after the filing of the amended complaint or (b) such time as eventually adopted in the Court's scheduling order. This Court's Local Civil Rule 23.1(b) requires a motion for class certification to be filed "[w]ithin 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period." Accordingly, plaintiffs understand that the filing of the amended complaint should automatically extend the period for submission of a class certification motion. *See Weiss v. Int'l Bhd. of Elec. Workers*, 729 F. Supp. 144, 148 (D.D.C. 1990) (counting the 90-day period from the filing of the amended complaint under predecessor local rule). However, in the event plaintiffs are incorrect in this understanding, plaintiffs respectfully request that the Court extend the period in its discretion for an additional 90 days or until such time as eventually adopted in the Court's scheduling order. Such an extension is justified (1) in light of the difficulty plaintiffs have had serving many of the defendants in this action (*see, e.g.*, Plaintiffs' Motion for Order Confirming Service on Defendant East Coast Express Eviction (Docket Item No. 40) (filed Nov. 20, 2006)), (2) because plaintiffs could not engage in the necessary scheduling conferences with defendants until all defendants had been served with and responded to the complaint (*see* Case Management Order (Docket Item No. 2) (filed Sept. 8, 2006)), and (3) because new defendants are being added to this case now.

IV. <u>Consent of the Parties</u>

6. Pursuant to LCvR 7(m), plaintiffs have attempted to confer with counsel for all current, non-defaulting defendants regarding this motion.[1] Counsel for defendants A 1 Eviction Services, Inc., and Tanya Smith have given their consent to the filing of the amended complaint and the request for an enlargement of time to move for class certification. Counsel for defendants A&A Cardinal Evictions and Robert Ward have indicated that they do not consent to the filing of the amended complaint.

For the foregoing reasons, plaintiffs respectfully request that the Court (1) grant leave to file the attached amended complaint, (2) deem all pending motions to dismiss to apply directly to the amended complaint without requiring new briefing, and (3) extend the deadline for plaintiffs to file a motion for class certification until either (a) ninety days after the filing of the amended complaint or (b) such other time as entered in the Court's scheduling order after the parties have met and conferred.

Dated: December 4, 2006                    Respectfully submitted,

                                           /s/ Lee F. Berger

                                           Lee F. Berger (D.C. Bar # 482435)
                                           Matthew D. Slater (D.C. Bar # 386986)
                                           Larry C. Dembowski (D.C. Bar # 486331)
                                           Cleary Gottlieb Steen & Hamilton LLP
                                           2000 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20006-1801
                                           Telephone: (202) 974-1500
                                           Facsimile: (202) 974-1999

                                           *Attorneys for Plaintiffs*

---

[1] Two defendants, All American Evictions and Caroline Lanford, have failed to respond to the complaint in the time required, and plaintiffs have submitted affidavits in support of default as to those defendants. (Docket Items. Nos. 45, 46.) Because these defendants are in default, plaintiffs' counsel have not conferred with them respecting this motion.

CERTIFICATE OF SERVICE

I, Allison E. Collins, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On December 4, 2006, a copy of the foregoing plaintiffs' Motion for Leave to File an Amended Complaint and accompanying documents have been served by electronic transmission through the Court's CM/ECF System on the following parties:

> Stephanie D. Kinder
> Law Offices of Stephanie D. Kinder, P.A.
> 10 N. Calvert Street, Suite 930
> Baltimore, Maryland 21202
> skinder@epcounsel.com
> Attorney for Bob Ward and A & A Cardinal Eviction
>
> J. Wyndal Gordon
> The Law Office of J. Wyndal Gordon, P.A.
> 10 North Calvert Street, Suite 930
> Baltimore, Maryland 21202
> jwgaattys@aol.com
> Attorney for Bob Ward and A & A Cardinal Eviction
>
> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, Maryland 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith

and have been served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Columbia Parkway
> Suite 430
> Columbia, Maryland 21044
> Attorney for Big Time Movers
>
> East Coast Express Evictions
> 29 U Street, N.W.
> Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Caroline Lanford
1112 48th Street, N.E.
Washington, DC 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, DC 20019

and have been served by electronic mail on the following party:

Linston Terry
linstonterry@gmail.com

Dated: December 4, 2006

*Allison E. Collins*
Allison E. Collins