**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** ) ) Plaintiffs ) ) v. ) ) **EAST COAST EXPRESS EVICTION, et al.,** ) ) Defendants. ) | Case No.: 1:06cv1561 <br><br> Judge: Richard J. Leon |

## MOTION TO VACATE ENTRY OF DEFAULT AGAINST DEFENDANT BUTCH ENTERPRISES, INC.

Comes now Defendant Butch Enterprises, Inc. (Butch), by counsel, and moves this Court to vacate the November 7, 2006, entry of default against this defendant for the reasons more fully set out in the attached Memorandum Of Points And Authorities.

Respectfully submitted,

/s/
David E. Fox, Esq.
*Attorney for Defendant Butch Enterprises, Inc.*
1325 Eighteenth Street, NW, Suite 103
Washington, D.C. 20036
(202) 955-5300

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,**  Plaintiffs  v.  **EAST COAST EXPRESS EVICTION, et al.,**  Defendants. | Case No.: 1:06cv1561  Judge: Richard J. Leon |

## MEMORANDUM OF POINTS AND AUTHORITIES

Comes now Defendant Butch Enterprises, Inc. (Butch), and in support of its above Motion To Vacate Entry Of Default Against Defendant Butch Enterprises, Inc., cites Rule 55 of the Federal Rules Of Civil Procedure, and, further, states:

### A. Fact Background

1. The Complaint in this case, which involves three named plaintiffs, an unknown number of un-named plaintiffs and eleven named and two un-named defendants was filed on September 5, 2006.

2. Apparently, defendant Butch, was served on or about September 12, 2006.

3. On or about October 13, 2006, I. Staten, President of Butch, filed a Motion To Dismiss And Answer on behalf of Butch. See date stamped copy, entered on the Docket of this Court on November 21, 2006, Docket item #41.

4. The above Motion To Dismiss And Answer was filed *pro se*, and on paper, hand delivered to the Court Clerk, rather than via electronic message.

5. On October 27, 2006, plaintiffs, by counsel Lee F. Burger, Esq., filed Plaintiffs' Opposition To Motion To Dismiss Of Butch Enterprises, Inc., in which counsel noted that,

although he had been served with a copy of Defendant Butch's motion and answer, no filing appeared on the Court's docket sheet or in the Court's records.

      6. Apparently neither plaintiffs' counsel, nor I. Staten noticed that his Motion contained a typographical error in that one digit was recorded as an "8" when it should have been a "6". In other words, the Motion filed on behalf of Butch recorded the Case No. as "1:06cv1581", rather than "1:06cv1561". Apparently at the time plaintiff filed its Opposition, Defendant Butch's Motion was not entered into the Court Docket for the instant case for that reason. In the style of Item #41, referred to above, the case number was corrected, by hand, prior to its being entered on this Docket.

### B. Applicable Law And Argument

      7. Fed. R. Civ. P. 55 (c), gives this Court the authority to set aside an entry of default "for good cause shown". It has been held that "both entry of default judgment and a ruling on a motion to set aside default judgment are committed to the sound discretion of district court". See U.S. on Behalf of & for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F2d 128 (8th Cir. 1993). However, the instant facts do not involve a default judgment, but, rather simply an entry of default by the Court Clerk. It has been held that, "there is a judicial preference for adjudication on the merits, and it is likely that a party who promptly attacks an entry of default rather than waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits". See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781 (8th Cir. 1998). See also Jackson v.Beech, 636 F.2d 831 (D.C. Cir. 1980), which sets out the standard of review for a Court's determination as to whether or not to set aside a default. In making that determination, the Jackson, supra, Court stated the court must assess whether the

default is willful, whether the defendant has presented a meritorious defense, and whether the plaintiff would suffer substantial prejudice by a decision to set aside the default.  See also, Whelan v. Abell, 48 F.3d 1247 (D.C. Cir. 1993).

8.  U.S. District Court for the District of Columbia, Local Rule 7 (g) requires a motion to vacate an entry of default be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part.  Defendant Butch notes its verified Motion To Dismiss And Answer is attached to and is hereby made a part of this motion.

9.  Clearly, defendant Butch has engaged in no conduct which could be described as 'willful' in any way.  The above described Motion To Dismiss And Answer was timely filed, albeit with a typographical error that apparently prevented its being docketed in the instant case.  While defendant Butch's above filing was made '*pro se*', it was made by the President of the corporation in good faith, a person not legally trained and unaware of the problems inherent in a *pro se* filing on behalf of a corporation.  Further, both this motion and the attached motion and answer have been submitted by counsel appearing on behalf of defendant Butch.

10.  The attached motion and answer clearly on its face raises meritorious defenses, including both denials of all the principal accusations against Butch which form the basis for plaintiff's complaint, and an attack to the jurisdictional basis for plaintiff's claims.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000); Floyd v. District of Columbia, 129 F.3d 152 (D.C. Cir. 1997): and FW/PBS, Inc. v. City of Dallas, 493 U.S. 215 (1990).

11.  Vacating this default would lead to no legal prejudice to plaintiff.  There has been no entry of judgment.  There are many defendants and discovery has only just begun.  There has

3

been no hearing and no trial on any issue raised with regard to any defendant.

WHEREFORE, for the reasons set out above and such others that may appear should there be a hearing on this Motion, defendant Butch respectfully requests that:

(a) its Motion To Vacate Entry Of Default Against Butch Enterprises, Inc., be granted;

(b) its attached Motion To Dismiss And Answer be deemed timely filed;

(c) defendant be given a reasonable amount of time within which to reply to plaintiffs already filed response in opposition to defendant's motion to dismiss.

Respectfully submitted,

_____/s/_____
David E. Fox, Esq.
*Attorney for Defendant Butch Enterprises, Inc.*
1325 Eighteenth Street, NW, Suite 103
Washington, D.C.  20036
(202) 955-5300

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 1:06cv1561 |
| v. ) | |
| ) | Judge: Richard J. Leon |
| **EAST COAST EXPRESS EVICTION, et al.,** ) | |
| ) | |
| Defendants. ) | |

### MOTION TO DISMISS, RESPONSE AND ANSWER OF DEFENDANT BUTCH ENTERPRISES, INC.

Comes now Defendant Butch Enterprises, Inc. (Butch), by counsel, and for its Motion To Dismiss, Response And Answer to Plaintiffs' Complaint states:

1. Defendant Butch objects to the designation of this action as a "Class Action".

2. Defendant Butch objects to jurisdiction and venue and moves to dismiss for improper jurisdiction and venue. Defendant Butch further denies that this action is properly under the Clayton Act, 15 U.S.C. §§ 15(a) and 26 and here moves to dismiss all charges brought under that act.

3. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "PARTIES", paragraphs 5 through 18, inclusive, and paragraph 20, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold plaintiff to its proof.

4. Defendant Butch denies the characterization that it is "an eviction services company". Defendant Butch admits its address, principal place of business address and state of incorporation, and that it performs eviction work for customers in the D.C. Metro area.

5. Defendant Butch denies all "Class Action Allegations" contained in paragraphs 21

through 27, inclusive in toto.

      6. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "FACTS", paragraphs 28 through 35, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold plaintiff to its proof, and, further, Defendant Butch denies that it has a policy of exclusively hiring homeless persons as set out in paragraph 35.

      7. Defendant Butch has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "Defendants Hire Primarily Homeless Workers To Perform Evictions", paragraphs 36 through 44, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Butch denies that it has a policy of exclusively hiring homeless persons as employees, holding them against their will and then failing to pay them any money due them, as described and alleged in the above paragraphs 36 through 44.

      8. Defendant Butch denies the material relating to the so-called "minimum wage" law set out in paragraphs 45 through 51, inclusive, and suggests that plaintiffs allegations and thumbnail characterizations of laws relating to "minimum wage" either misrepresents the law or is incomplete as to the over-all law in each jurisdiction described, and irrelevant to any claim plaintiffs may have.

      9. Defendant Butch denies paragraph 52 in toto, including, but not limited to the extent to which it mis-characterizes independent contract workers as employees.

      10. Defendant Butch denies paragraph 53.

      11. Defendant Butch denies paragraph 54 in toto, including, but not limited to the suggestion that any plaintiff in this action has stated or shown in this Complaint a right or a basis

for any such right under law to compensation for 'travel time' or 'waiting time'.

12. Defendant Butch has no knowledge of the matters set out in paragraphs 55 and 56, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Butch admits only that it maintains such business records as are required by state or federal law.

13. Defendant Butch has no knowledge of the matters set out in paragraphs 57 through 65, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Butch asks that this Court sever any action relating to plaintiffs or other defendants as set out in paragraphs 57 through 65, inclusive, since there is no allegation in any part of any of those paragraphs that relates in any way to Defendant Butch, and having Defendant Butch appear as a defendant in a portion of this action that has nothing to do with Defendant Butch would be unnecessarily prejudicial to Defendant Butch and would operate to Defendant Butch's detriment without any legal purpose or justification.

14. Defendant Butch denies in toto paragraphs 66 through 129, inclusive.

15. Plaintiffs' claims against Defendant Butch are barred by applicable statutes of limitations.

16. Plaintiffs' claims against Defendant Butch are barred by laches, estoppel or warranty.

17. Plaintiffs' Complaint fails to state a claim by which relief may be granted.

WHEREFORE, defendant Butch Enterprises, Inc., here moves that plaintiffs' Complaint be dismissed, or, in the alternative, that any and all claims against Defendant Butch

Enterprises, Inc., be severed from all other claims and set for a separate trial.

Respectfully submitted,

_____
David E. Fox, Esq.
*Attorney for Defendant Butch Enterprises, Inc.*
1325 Eighteenth Street, NW, Suite 103
Washington, D.C. 20036
(202) 955-5300

## VERIFICATION

I, Irwin Stanton, under my authority as the President of Butch Enterprises, Inc., hereby verify that the above is true to the best of my knowledge and belief.

_____
Irwin Staten

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,**  ) ) Plaintiffs ) ) v. ) ) **EAST COAST EXPRESS EVICTION, et al.,** ) ) Defendants. ) ) | Case No.: 1:06cv1561 Judge: Richard J. Leon |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion To Vacate Entry Of Default Against Defendant Butch Enterprises, Inc., Memorandum and attached Motion To Dismiss, Response And Answer Of Defendant Butch Enterprises, Inc., were served by electronic transmission through the Court's CM/ECF system to:

Matthew D. Slater, Esq.
*Attorney for Plaintiffs*
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801,

Stephanie D. Kinder, Esq.
*Attorney for Defendant Bob Ward and
A & A Cardinal Eviction*
10 N. Calvert Street, Sutie 930
Baltimore, Maryland 21202,

Gina M. Smith, Esq.
*Attorney for A 1 Eviction Services and Tanya Smith*
6801 Kenilworth Avenue, #400
Riverdale Park, Maryland 20730,

and via U.S. Mail, postage prepaid, to:

Lloyd J. Eisenberg, Esq.
*Attorney for Big Time Movers*
10632 Little Columbia Parkway, Suite 430
Columbia, Maryland 21044,

East Coast Express Evictions
29 U Street, NW
Washington, DC 20001,

Nelson Terry  
29 U Street, NW  
Washington, DC 20001,

All American Eviction Company  
1112 Forty-eighth Street, NE  
Washington, DC 20019,

and by electronic mail to:

Linston Terry  
linstonterry@gmail.com

this   8th   day of   December  , 2006.

Caroline Lanford  
1112 Forty-eighth Street, NE  
Washington, DC 20019,

         /s/           
David E. Fox, Esq.  
*Attorney for Defendant Butch Enterprises, Inc.*  
1325 Eighteenth Street, NW, Suite 103  
Washington, D.C.  20036  
(202) 955-5300