**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

ASHFORD, et al.                                    *

Plaintiff                                             *

     v.                                              *

EAST COAST EXPRESS EVICTIONS, et al.    *        CASE#:        **06-CV-1561 RJL**

Defendants                                          *
*********************************************************************************

### MOTION TO STRIKE CLASS ACTION ALLEGATIONS
### OR TO DISMISS THE COMPLAINT,
### OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO AMEND, AND
### OPPOSITION TO PLAINTIFFS' REQUEST FOR EXTENSION OF TIME
### TO CERTIFY CLASS

**NOW COMES**, Defendants A&A Cardinal Evictions and Robert "Bob" Ward, by and

through their attorneys, J. Wyndal Gordon of THE LAW OFFICE OF J. WYNDAL GORDON,

P.A., and Stephanie Kinder of THE LAW OFFICE OF STEPHANIE KINDER, P.A., to submit

this Motion to Strike Class Action Allegations or to Dismiss the Complaint, Opposition to

Plaintiffs' Request for Leave to Amend, and Opposition to Plaintiffs' Request for Extension of

Time to Certify Class pursuant to the Federal and Local Rules, alleging as true the following:

**PROCEDURAL BACKGROUND**

     On September 5, 2006, Plaintiffs Harry Ashford, Kirk Greene, Anthony Forte , and

allegedly other [unknown and unidentified] similarly situated individuals filed a class action

complaint against A&A Cardinal Evictions ("A&A") and Robert "Bob" Ward, collectively

referred to as Defendants.  Additional parties sued in the action were East Coast Express

Eviction, A1 Eviction Services, All American Eviction Company, Butch Enterprises, Inc., Big

Time Movers, Caroline Lanford, Tanya Smith, Nelson Terry, Linston Terry, John Doe 1, and

John Doe 2 (hereinafter alternatively referred to as "other Defendants").  On December 4, 2006,

upon Motion by Plaintiffs, the Court dismissed Defendant Linston Terry from the case. (Docket Entry No. 47)

On December 5, 2006, Plaintiffs requested leave to file an amended complaint to include the names of Hasan Shakur, Sandy Green, Alvin Dozier, and Donald Brooks to be docketed as additional class representatives. (Pls. Mot. For Leave) According to Plaintiffs' Request, the aforementioned 'newly appointed' class representatives were previously identified as class members. (Pls. Mot. For Leave p. 4 ¶I(3)) However, Plaintiffs have heretofore never provided any legal documentation demonstrating the existence of the named individuals as class members. Nor have they provided any legal documentation identifying any of the alleged 'similarly situated' individuals as class members either. As it relates specifically to the current and proposed class representatives, Plaintiffs have failed to expressly identify which class or subclass category any of them belong. No substitutions of the original class representatives were made for any of the newly appointed ones.

Also on December 5, 2006, Plaintiffs filed an untimely motion for extension of time to certify the class. (Pls. Mot. For Leave) Plaintiffs waited until the time to certify had completely expired before they filed a motion to extend. To compound the problem, instead of requesting some reasonable period of time to *move* for certification, such as a couple of days, or even a week, Plaintiffs requested 90 additional days. Defendants strongly object to Plaintiffs' motion for extension of time, and in addition to opposing the motion, Defendants independently move to strike Plaintiffs' class action allegations and/or dismiss the complaint. See, L.R.Cv.P. 23.1(b) Defendants also object in part to Plaintiffs' Request for Leave because the proposed amended complaint is, *inter alia*, futile, causes undue delay as it relates to the instant Defendants, and is

2

being pursued with a dilatory motive.  The reasons for all the above shall follow below.

**LEGAL ANALYSIS**

### *PLAINTIFFS FAILED TO COMPLY WITH LOCAL RULE REGULATING FILING FOR CLASS CERTIFICATION*

Defendants move to strike Plaintiffs' class action allegations or to dismiss the complaint as untimely and in violation of Local Rule 23.1(b).  The Local Rule provides the following:

> Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended the period, the plaintiff shall move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case be so maintained . . . A defendant may move at any time to strike the class action allegations or to dismiss the complaint.

Plaintiffs failed to comply with the Local Rule regulating filing for class action certification.  On September 5, 2006, Plaintiffs filed a complaint in the instant case sought to be maintained as a class action.  Based thereupon, Plaintiffs had 90 days to file a motion to certify.  L.R.Cv.P. 23.1(b).  Because September and November, 2006, had 30 days as opposed to 31, Plaintiffs' 90 days expired on Monday, December 4, 2006.  And they failed to move for certification within that time.  Id.  Instead, Plaintiffs waited until the 91st day, Tuesday, December 5, 2006, *not* to move for certification, but to request an extension.  See, (Pls. Mot. For Leave)  After completely blowing the initial deadline, Plaintiffs are now requesting an *additional* 90 days to do the very thing they should have done 90 days ago.  Plaintiffs have failed to advance any *legitimate* reason for their failure to certify the class within the first 90 day period.  In fact, in their motion, Plaintiffs did not even mention or acknowledge the fact that their request for extension was untimely.  Instead, they chose to remain silent on this issue in an attempt to 'fly under the radar' with hopes that no one would notice.  However, unbeknownst to Plaintiffs,

3

Defendants had been watching the time ever since they were served with process.

The District of Columbia federal court has been very clear about the consequences of failing to comply with the deadline for certifying a class action complaint. *Rones v. NAACP*, 170 F.R.D. 80, 81-82 (D. D.C. 1997)(further citations omitted), L.R.Cv.P. 23.1(b). Under current law, absent the Court's express approval of an extension, Local Rule 23.1(b) shall be 'strictly enforced.' *Batson v. Powell*, 912 F.Supp. 565, 570 (D.D.C.1996)(quoting *Weiss v. Int'l Bhd. of Elec. Workers,* 729 F.Supp. 144, 148 (D. D.C.1990); *accord McCarthy v. Kleindienst,* 741 F.2d 1406 (D.C.Cir.1984) ("*[I]t would manifestly be within the Court's discretion to refer to the [local] rule as a non-binding benchmark against which the timeliness of a class certification motion could be measured*")(internal citations omitted) For failing to file for class certification within 90 days and failing to advance any legitimate reason for departing from the requirements of the Local Rule, Plaintiffs' motion for extension of time to certify should be respectfully denied. See, *Thomas v. Knight*, 257 F. Supp.2d 86, 91, fn.5 (D. D.C. 2003)(*Court denied plaintiff's request for class certification for failure to timely move within 90 days*)

### ADDITIONAL THREE DAY PERIOD UNDER RULE 6 (e) DOES NOT APPLY TO CLASS CERTIFICATION

Plaintiffs may argue that they are entitled to three days beyond the filing deadline under Federal Rule 6(e) to move for certification, and that based thereupon, their request for extension filed on December 5, 2006 was indeed timely. However, Rule 6(e) does not apply here. Under Rule 6(e), the three day period added to a prescribed deadline only applies when Plaintiffs have a right or are required to do some act within a prescribed period of time after receiving service of a notice or other paper *by mail*. F.R.Cv.P 6(e). Plaintiffs' right or requirement to timely file for class certification was not contingent upon the receipt of service of a notice or other paper by

4

mail.  For one, Local Rule 23.1(b) does not have a notice requirement for which Plaintiffs could have reasonably expected to receive service of anything by any means.  More importantly, Plaintiffs did not file their request for extension of time by mail, they filed it electronically.  So adding three days to the 90 day certification requirement would not apply in this case even if Rule 6(e) did.  See, Id.  Moreover, it is questionable whether Rule 6(e) applies to the local rules.  F.R.Cv.P. 6(e), See, also *Kallay v. Comm. Nat'l. Life Ins. Co.*, 52 F.R.D. 139 (N. D. Ok. 1971)(*Rule of Civil Procedure providing for enlargements of period of time in which act must be done does not apply to time periods prescribed by the local rules of court*)

### EXCUSABLE NEGLECT IS NOT AN EXCUSE

Plaintiffs may argue that their failure to timely certify or request an extension of time to certify by December 4, 2006, is merely 'excusable neglect.'  See, e.g., F.R.Cv.P. 6(b)(2), *Pioneer Inv. Serv. Co., Inc. v. Brunswick Assocs., LTD*, 507 U.S. 380, (1993)  However, this argument will not be very persuasive.  If it was excusable neglect, Plaintiffs would have moved for certification on December 5, 2006, or sometime immediately thereafter as opposed to requesting an additional 90 days.   Therefore, excusable neglect is not at all an excuse for Plaintiffs' failure to timely file.

Moreover, Plaintiffs are fully aware that this Court does not consider an inadvertent overlooking of a filing deadline, 'excusable neglect.' *Ramseur v. Barreto*, 216 F.R.D. 180 (D. D.C. 2003)  Plaintiffs are also aware that inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect either.  *Webster v. Pacesetter, Inc.*, 270 F. Supp.2d 9, 11 (D. D.C. 2003)   A determination that a mistake of law, or the miscalculation of a rule, constitutes excusable neglect is 'rare' and 'extraordinary.'  Id., citing

*U.S. v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995), see also, *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 2001 WL 1701673 (D. D.C.)  So if Plaintiffs argue that they miscalculated the time within which to file for class certification as a result of misreading Federal Rule 6(a), Local Rule 23.1(b) or some other rule or law, or if they simply failed to vigilantly keep track of the certification deadline, such errors are normally fatal to their request for extension or certification. See, generally, Id., *Corbell v. Norton*, 213 F.R.D. 42 (D. D.C. 2003)(*plaintiffs' responsive brief stricken for being filed a day or so late as a result of a good faith misunderstanding of date upon which it was due, did not constitute 'excusable neglect' where plaintiff did not seek rule 6 relief*), *Simpkins v. WMATA*, 2 F. Supp. 2d 52 (D. D.C. 1998)(*miscalculation of 90 day statute of limitations period by one day does not constitute 'excusable neglect'*)  Defendants submit that Plaintiffs intentionally blew the Local Rule 23.1(b) deadline and requested an untimely extension in order to delay the proceedings long enough for them to fortify what may be perceived as weaknesses in their case.  Even so, none of the reasons aforementioned, or later discussed in this motion, constitute good cause for failing to comply with the certification deadline.  For these and other reasons, Plaintiffs' motion for an extension of time to certify the class should be duly denied and Defendants' motion to strike class action allegations should be respectfully granted.

### *AMENDED COMPLAINT DOES NOT RESTORE TIME TO CERTIFY*

Plaintiffs argued in their motion that the filing of an amended complaint restores the 90 day time period for certification.  (Pls. Mot. For Leave p.5 ¶III(5))  However, this argument is simply in error.  An amended complaint filed under Federal Rule 15(c) "relates back" to the original pleading, F.R.Civ.P. 15(c); and just as with any other statute of limitation, the tolling of

the statute is materially affected by the filing of the original complaint. See, generally, *Fleck v. Cablevision VII, Inc*., 807 F. Supp. 2d 824, 827 (D. D.C. 1997). Therefore, even though Plaintiffs added additional class representatives and more Defendants to their proposed amended complaint, still they are not entitled to an additional 90 days to file for class certification. Id. Local Rule 23.1(b) simply does not function in that way and the Court does not allow it. Id., see, also, *Weiss v. Int'l B'hd of Elec. Workers*, 729 F. Supp. 144, 148 (D. D.C. 1990)(*90 day limit of local rule shall be strictly enforced unless extended in the exercise of the court's discretion*).

In *Fleck v. Cablevision VII, Inc.*, the plaintiffs similarly tried to amend their class action complaint in order to acquire a second opportunity to certify. 807 F. Supp. 2d 824(D. D.C. 1997) This Court denied their motion. Id., at 827. In *Fleck*, the plaintiff and one of his two business partners filed an original class action complaint against defendants, *Cablevision, et al.*, alleging, *inter alia*, Security Exchange Act violations. Id., at 825. They subsequently moved for class certification and the same was denied. Id. The plaintiffs subsequently filed an amended complaint to include as a class representative the third partner who was omitted from the original complaint. Their strategy was to roll-back the 90 day clock for a second opportunity to certify the class as their first was unsuccessful. Id.

The Court held that the filing of plaintiffs' original complaint did not toll the statute of limitations for their additional plaintiff's subsequent untimely class claims. Id. Although, the Court found that the new plaintiff could be included as a party in his individual capacity, it ruled that he could not be a representative of the class. Id. This Court should do likewise.

In this case, Plaintiffs' certification and request for extension at this point are untimely, and there is really no excuse or good cause therefor. Plaintiffs filed their class action complaint

complete with class action allegations on September 5, 2006. They could have moved to certify

the class at anytime within that period and asked the court to postpone its ruling. However they

elected no to do so. See, *Weiss*, at 148. Insead, Plaintiffs chose to wait, . . . and wait, . . . and

wait, until the 90 days completely expired. Now they seek an additional 90 days in a belated

request buried in a motion captioned "Motion for Leave to File an Amended Complaint and for

Other Procedural Relief." Incidently, a motion for leave happens to be one of those motions that

are typically granted, at least initially before a responsive pleading is filed, as a matter of right.

See, *Adams v. Quattanbaum*, 219 F.R.D. 195, 197 (D. D.C. 2004) Plaintiffs were able to secure

a stipulation of their motion from non-defaulting Defendants, A1 Eviction Services and Tanya

Smith, under this scheme. However, Defendants were very much aware of the certification

deadlines Plaintiffs were required to comply with, and when they failed to do so, Defendants

refused to stipulate to Plaintiffs' motions for leave and extension of time to certify. Plaintiffs

have received the entire amount of time they were entitled under the Local Rule and then some

as the parties await a ruling on the instant motion to strike. Plaintiffs simply are not entitled to

any more time to certify their class as they squandered the legally prescribed 90 days without

cause or substantial justification. See, *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir.1987)*(stating*

*that American Pipe "certainly did not intend to afford plaintiffs the opportunity to argue and*

*reargue the question of class certification by filing new but repetitive complaints"*); *Salazar-*

*Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (5th Cir.1985), cert. denied*,*

475 U.S. 1035 (1986)(*finding no authority for the contention that "putative class members may*

*piggyback one class action onto another and thus toll the statute of limitations indefinitely"*)

Based upon the foregoing, Plaintiffs' motion to extend time to certify the class should be

respectfully denied.  Alternatively, Defendants' motion to strike class action allegations or to

dismiss the complaint should be granted.

### PLAINTIFFS CAN NOT ARGUE THAT THEIR MOTION WAS SUBMITTED AT THE TIME OF FILING THEIR ORIGINAL COMPLAINT

Hopefully, Plaintiffs will not argue that their motion for class certification was submitted

at the time they filed the original complaint because if they do, the argument will surely fail.

Plaintiffs expressly stated in Opposition to Defendants' "class action allegations" challenge that

said challenge was "untimely" because Plaintiffs had not yet moved for certification.  (Pls. Opp.

To Dfs. A&A/Ward 2d Mot. To Dismiss p. 22)  Precisely, Plaintiffs argument was as follows:

> "In their second motion to dismiss A&A and Ward challenge class
> certification.  (A&A/Ward 2d Mot. At 9-15) Such challenge is
> untimely.  Under Federal Rule of Civil Procedure 23, the Court
> must ultimately determine whether to certify this case as a class
> action.  *Plaintiffs have not yet moved for class certification.*
> Indeed, the Court's Local Rules envision that a motion for class
> certification need not be submitted until **ninety days** after the
> filing of the complaint.  L.Cv.R.P. 23.1(b).  The Court should thus
> dismiss A&A and Ward's challenge to class certification without
> prejudice or, alternatively, defer ruling on the challenge *until after
> a motion for certification is brought*."  (Pls. Opp. To Dfs.
> A&A/Ward 2d Mot. To Dismiss p. 22)(emphasis added), but see,
> L.R.Cv.P. 23.1(b)

Plaintiffs opposition was filed on November 15, 2006, twenty (20) days prior to the December 4,

2006, class certification deadline.  See, L.R.Cv.P. 23.1(b).  Plaintiffs were certainly aware of the

filing deadline as they aptly reminded Defendants above that they had 'ninety days' to certify

and had not done so yet.  (Pls. Opp. To Dfs. A&A/Ward 2d Mot. To Dismiss p. 22)  They also

must have been extremely confident that the remaining 20 days was more than enough time to

move for certification even if they would have requested that the Court hold the matter *sub curia*

until further notice.  See, *Weiss,* 729 F.Supp. 144, 148 (D. D.C.1990)  Surely, Plaintiffs would

9

have advised the Court if they were experiencing, or anticipated difficulty filing for certification. At that time, most if not all Defendants were served with notice of the class action complaint and some default judgments had been requested.  (Docket Entry Nos. #31, #32, #36)  Nevertheless, Plaintiffs did not advise the Court or opposing counsel that they were experiencing any difficulties certifying the class until *after* the 90 day certification period had completely expired. Plaintiffs did so via a motion for leave, completely ignoring the fact that the request was untimely, when they could have simply admitted their mistake [if it was a mistake], and sought relief under Rule 6(b)(2).  Based upon the foregoing, despite being cognizant of the local rule, and presumably aware of the deadline associated with their case, Plaintiffs failed to certify, or timely request an extension of the certification requirement.  For these and other reasons, Defendants' motion to strike class action allegations should be granted, and Plaintiffs' request for extension should be denied.

### *DEFENDANTS HARBORED DOUBT ABOUT PLAINTIFFS' POTENTIAL CLASS*

Plaintiffs alleged in both their original and amended complaint that "Defendants [though not specifically Defendants A&A and Ward] have likely hired hundreds, if not thousands, of homeless persons and others as employees to perform eviction services at sub-minimal wages during the class period."  (Pls. Compl. 10)(Pls. 2d. Compl. 10)  Despite the aforementioned, at the time Plaintiffs filed their complaint, Defendants always harbored doubt as to whether Plaintiffs had the requisite numbers to maintain a class action claim.  If a potential class of plaintiffs were truly in abundance as Plaintiffs had suggested in their original and proposed complaint, there is no way they would be arguably experiencing difficulty identifying the requisite number of aggrieved parties to certify as a class.  They would have certified the class.

10

More importantly, given Plaintiffs' braggadocio comments about the size and number of the potential class, there is no doubt [if the numbers truly existed] that it could have been, and would have been, certified much sooner than the 180 days Plaintiffs are now requesting. Plaintiffs have failed to advance a single affidavit, verified complaint, consent registration, or any other legal document as a proffer to give the Court some reasonable estimate as to how large they expect the class to be.  The numerosity requirement for class certification has been the source of great speculation by Plaintiffs from the very beginning and it seems they have done nothing to change that.  See, *Rodriguez v. Dept. of Treas.*, 108 F.R.D. 360, 362-63 (D. D.C. 1985)(" . . .*[i]t is inappropriate to allow a purely speculative class to be the sole basis for the satisfaction of the numerosity requirement.*"), see, also (Dfs. A&A/Ward 2d Mot. To Dismiss)

Moreover, if the class contained as many members as Plaintiffs have previously stated, why did they request an *additional* 90 days to merely *move* for certification of the class?  In other words, if missing the filing deadline was a mere oversight or excusable neglect, why have they not moved to certify the class as it is presently situated?  See, F.R.Cv.P 6(b), but see, *Ramseur v. Barreto*, 216 F.R.D. 180 (D. D.C. 2003)(*inadvertent overlooking of filing deadline does not constitute excusable neglect*)  Why do they need twice the amount of time prescribed by the local rule to certify the class?  Why did Plaintiffs propose on November 28, 2006, a class certification deadline of May 4, 2007, --almost three times the legal limit? See, (L. Demkowski, Esq. Email [11/28/06]), L.RCv.P 23.1(b).  Why would Plaintiffs propose a scheduling deadline of May 4, 2007, in just about a week before the time the actual certification deadline of December 4, 2006, was due to expire?  See, generally, Id.  And why would 4-7 presumably adequate representatives of the class allow the deadline to expire without a motion to certify, or a

11

timely request for extension?  See, *Coleman v. Pension Ben. Guar. Corp.*,196 F.R.D. 193, 198 (D. D.C.,2000)(*in order to establish a class for certification, one of the prerequisites is that the class representatives fairly and adequately protect the interests of the class*)  Defendants submit that Plaintiffs did all these things because they do not have the requisite numbers to constitute a class.  Defendants note that if a class actually existed at the time Plaintiffs filed their original complaint, or if it existed as of December 4, 2006, it is questionable whether the current or proposed class representatives can satisfy the adequate representation prerequisite to have the class certified anyway.  See, generally, Id.   By missing the class certification deadline, Plaintiffs have demonstrated that they can not fairly and adequately protect the interests of the alleged class.  Id.

Defendants submit that Plaintiffs' request for additional time is a dilatory tactic to stall the Court, and the dispensation of justice, while Plaintiffs frantically attempt to recruit class members to maintain their class action complaint.  As it stands now, the existing Plaintiffs remain in a class by themselves.  They are individual Plaintiffs representing themselves, suing multiple defendants, some of which/whom they know no claim or cause of action exists against, namely Defendants A&A and Ward.  However, they refuse to voluntarily dismiss them.

As mentioned above, to date, Plaintiffs have only identified four additional aggrieved plaintiffs to add to their original three that were identified over the first 90 days.  In total, they have seven class representatives, and no identifiable existing class members.  Additionally, none of the representative Plaintiffs have made any specific allegations against Defendants A&A and Ward.  See, F.R.Cv.P. 23(a)(*class representative must adequately represent the class*), *Coleman*, at198.   Notwithstanding the aforementioned, Plaintiffs' current numbers are a far cry from the

"hundreds, if not thousands" of aggrieved class members they have alleged to exist in both their previous and proposed pleadings.  (Pls. Compl. ¶30)(Pls. 2d Compl. ¶30)  They have not even proffered that they can produce 25-30 class members for certification.  *E.E.O.C. v. Printing Ind. Of Metro WDC, Inc.*, 92 F.R.D. 51, 54 (D.C. Cir. 1981)("*as few as 25-30 [class members] should raise a presumption that joinder would be impracticable . . .*")

Perhaps more disturbing is the fact that Plaintiffs amended their complaint to expressly include the names of plaintiffs whom they claim "were already members of the class under the original complaint."  (Pls. Mot. For Cert. 4)  Although Plaintiffs' motion for leave, specifically paragraph I(3), attempted to give an impression that Plaintiffs have "gathered new information regarding additional parties," --at least as it pertains to the newly added class representatives, it really does not appear that they have.  See, Id., at ¶I(3).  By admitting that the "new plaintiffs were previously included in the alleged class," Plaintiffs are further admitting that they have not added any new plaintiffs at all.  They have simply shifted the old ones.  This strategy may be innocent enough in terms of the manner in which Plaintiffs elect to organize their case, but it does nothing to show due diligence on their part to timely certify the class or justify cause for an extension.  Based upon the foregoing, Plaintiffs' motion for leave to amend and request for extension to certify should be respectfully denied. Defendants' motion to strike class action allegations should be granted.

### DEFENDANTS WILL SUFFER PREJUDICE IF AN EXTENSION OF TIME TO CERTIFY THE CLASS IS GRANTED

Plaintiffs argued in their motion for leave that Defendants will *not* suffer prejudice if a 90 day extension is granted.  Defendants vehemently disagree.  Over the last 90 days, Defendants have only been able to assemble 3-7 individuals who claim they were aggrieved by the conduct

alleged in the complaint. Although there is no set number required to satisfy a class, it can be well argued that 3-7 are not enough to satisfy the numerosity requirement under Rule 23. *E.E.O.C.,* at 54 ("*as few as 25-30 [class members] should raise a presumption that joinder would be impracticable . . .*") If the Court was to grant an additional 90 day extension, it would allow the flood gates to remain open for that much longer. The result of this would be an open invitation to perhaps the most unsavory opportunistic individuals, purporting to be putative class members simply to join the litigation efforts in order to exploit the situation. See, *Fleck v. Cablevision, VII, Inc.*, 807 F. Supp.2d 824, 827 (D. D.C. 1992)(*filing a subsequent complaint through the amendment of the original to renew motion for class certification invites potential abuse*) This statement is not meant to dispense with outrage, cast dispersion upon, or be an affront to the homeless, the working poor, and any other individuals who may have been truly aggrieved by any acts alleged in the complaint. Defendants believe, whether one is a plaintiff or defendant, that injustice anywhere is a threat to justice everywhere. In this case, Defendants are aggrieved just as perhaps *some* of the Plaintiffs, but for different reasons.

Defendants are aggrieved because they are being falsely and baselessly accused of unlawful and improper acts that they did not commit. One of their greatest fears of an additional 90 day extension for Plaintiffs to certify the class is that Plaintiffs, out of haste or desperation to fulfill a class quota, may unintentionally fail to implement proper screening procedures to distinguish *bona fide* claims from those that are feigned or just plain fraudulent. See, *Fleck*, at 827. Such a mistake could possibly force the instant Defendants to use all of their resources to defend against the action. There is nothing Plaintiffs can do to relieve Defendants of this fear. Whereas, as of December 4, 2006, and 90 days prior, Defendants were reasonably confident that

no other class members existed as Plaintiffs have heretofore failed to proffer their existence.

Defendants are further prejudiced by their continued defense of the class action because it places a scarlet mark on their business, standing, and reputation in the community.  It is also fiscally draining as it requires enormous time, attorneys fees, and takes an emotional/physical toll on the individual.  Class action suits further disrupts the business operations of those like Defendants A&A and Ward who lawfully provide eviction services, and do not deserve to be entangled in Plaintiffs' dragnet suit.

In summation, if Plaintiffs were truly interested in bringing miscreant Defendants and others to justice, they would have complied with the local rules of procedure to ensure that their case was brought properly before the tribunal.  They certainly were aware of the rules and the applicable deadlines.  (Pls. Opp. To Dfs. A&A/Ward 2d Mot. To Dismiss p. 22)  They simply failed to comply with them, whether by inadvertence or strategic design.   For these and other reasons, Plaintiffs' motion for extension of time should be duly dismissed as it is unduly prejudicial and in violation of the Local Rule.  Alternatively, Defendants' motion to strike Plaintiffs' class action allegations or to dismiss the complaint should be granted.

### PLAINTIFFS REQUEST FOR ADDITIONAL TIME TO FILE FOR CLASS CERTIFICATION IS WITHOUT CAUSE AND UNJUSTIFIED

Plaintiffs argued in their motion that additional time is necessary to certify the class because: (1) they had difficulty serving many of the defendants, (2) they could not engage in the necessary scheduling conferences with defendants until all defendants have been served, and (3) they are adding new defendants to the case.  (Pl. Mot. For. Ext. 5)   Defendants respectfully disagree.  Defendants submit that Plaintiffs' explanations for their failure to comply with Local Rule 23.1(b) were rather bald, conclusory, and without merit.  For the reasons that follow,

Defendants further submit, as they do throughout this motion, that Plaintiffs' request for additional time to file for class certification is without cause or substantial justification.

### *DIFFICULTY SERVING DEFENDANTS*

Difficulty serving Defendants has nothing to do with Plaintiffs' failure to certify a class. Apparently, in this case, Plaintiffs served too many Defendants. At least one of the Defendants were voluntarily dismissed from the action as recently as December 4, 2006. (Docket Entry No. 47) Moreover, Plaintiffs originally started out with 13 Defendants from D.C., Maryland, and Virginia. Surely, it was foreseeable that given the sheer number of Defendants named in their complaint difficulties were going to arise in obtaining service of process. However, it is extremely important to note that Plaintiffs did not allege that the difficulties they experienced were unusual, unreasonable, extreme or even unforeseeable. Moreover, Plaintiffs should have reasonably expected that employing the 'buckshot' approach to this litigation would come with its own built in challenges. Most important, Plaintiffs have failed to advance any legitimate argument to explain how experiencing difficulty serving all of the Defendants has somehow hindered or obstructed their ability to move for class certification.

Defendants can only imagine that Plaintiffs may be concerned that all of the Defendants may file various motions including a motion to strike class allegations at the same or different times throughout the litigation. But that is their [the Defendants'] right. See, LR.Cv.P. 23.1(b)("*A defendant may move at any time to strike the class action allegations or to dismiss the complaint.*") Therefore, any defendant noting a late appearance in the litigation still has the same right to move to strike the class allegations as any other. Id. They may also move to dismiss the class action complaint at anytime as well. Id. Although Defendants may be able to

16

empathize with Plaintiffs logistical concerns about having to defend against the various motions as a result of filing suit against multiple defendants, they only have themselves to blame.  They made the conscious decision to file a complaint with at least some reasonable expectation that most if not all of the Defendants would aggressively defend against the action.  Fortunately, for Plaintiffs the challenges they faced from many of the Defendants have not been nearly as formidable as the instant Defendants would have expected.  See, (Docket Entry Nos. #31, #32, #36, #43(a), #45, #46)(Orders of Default & Affidavits of Default)  So they should be grateful.

Now, Plaintiffs have proposed to amend their complaint to add five more Defendants:

   A.    Platinum Realtor Services, Inc.,
   B.    Crawford & Crawford,
   C.    I. Staten,
   D.    Choya Lord Rodriguez, and
   E.    Vincent Crawford.

By doing so, they could possibly pick up even more preliminary Rule 12 and Local Rule 23.1(b) challenges as they will have effectively increased the number of Defendants to 16.  Plaintiffs can not reasonably expect to send out summonses and complaints to all of the unserved Defendants without some minor inconvenience or difficulties, and then complain when the difficulties arise.  Nor can they reasonably expect to be able to use said difficulties as an excuse for failing to timely request an extension or certify the class.

In summation, based upon the foregoing, any difficulty experienced in obtaining service of process upon 'many' of the Defendants does not constitute cause for an untimely request for extension of any kind to certify the class.   Nor does it excuse Plaintiffs from their failure to *move* for class certification within 90 days of filing their complaint.  For these and other reasons, Defendants' motion to strike class action allegations should be granted, and Plaintiffs' request

for extension should be denied.

### SCHEDULING CONFERENCE

Plaintiffs next argued that they failed to file for certification in a timely manner because they could not engage in the necessary scheduling conferences with defendants until all defendants had been served. This is simply incorrect. Defendants submit that the scheduling conference has nothing whatsoever to do with Plaintiffs' failure to timely move to certify the class. Nor does it have anything to do with their unreasonable request for a 90 day extension after the expiration of the original 90 days.

The purpose of the scheduling conference under Federal Rule 26(f), and Local Rule 16.3 is for *counsel* to discuss the nature and basis of their claims and defenses, possibilities of settlement, and to develop a proposed discovery plan. See, F.R.Cv.P. 26(f), L.RCv.P. 16.3(c). Many of the Defendants served were pro se litigants and therefore neither Rule 26(f) nor Local Rule 16.3 even applied. See, F.R.Cv.P. 26(f), L.RCv.P. 16.3(c). Accordingly, failing to engage in the necessary scheduling conferences with said Defendants should not have kept Plaintiffs from timely certifying their class. It certainly did not keep Plaintiffs from timely requesting orders of default against a number of Defendants for failing to respond to their initial complaint. (Docket Entry Nos. #31, #32, #36, #43(a), #45, #46)(Orders of Default & Affidavits of Default) Based upon the foregoing, Plaintiffs' failure to certify its class, and/or request an extension prior to the expiration of the original period prescribed by the Local Rule, is without cause or substantial justification. As such, their request for extension should be denied, and Defendants' motion to strike class action allegations should be respectfully granted.

### NEW DEFENDANTS

18

Last, despite filing an untimely and unreasonable request for a 90 day extension to file for class certification, Plaintiffs argued their request should be granted because they added new defendants to the case.  Defendants disagree.  Again, similar to the reasons argued above, the fact that new defendants are added to the case does not justify Plaintiffs' failure to certify, or their untimely request for a 90 day extension.  Plaintiffs made a conscious decision to add additional Defendants to their suit after the expiration of the 90 day class certification period. They have failed to advance any reason whatsoever to explain why naming additional defendants interfered with their certification process.   See, (Pls. Mot. For Leave p. 5)  Based upon the foregoing, Plaintiffs' failure to certify its class, and/or request an extension to certify the class before the expiration of the original 90 day time period, is without cause or substantial justification.

Accordingly, Defendants' motion to strike class allegations or to dismiss complaint should be granted.

### *REQUEST FOR LEAVE TO AMEND NEW PLAINTIFFS SHOULD BE DENIED*

Plaintiffs' request for leave to amend the complaint to include the alleged 'new plaintiffs' should be denied for virtually the same reasons argued in Defendants' motion to strike.  The alleged "new plaintiffs" are not really new at all.   They were merely shifted so that they could be identified as class representatives as opposed to class members.  (Pls. Mot. For Leave p.4 ¶II4) According to Plaintiffs, the proposed new class representatives have always been a part of the original suit, and neither one of them bring any unique circumstances to Plaintiffs' claims or factual allegations.  Id.  Therefore, Plaintiffs' amendment to add additional class representatives is futile, and causes undue delay as it pertains to the instant Defendants.  See, generally, *Adams*

*v. Quattanbaum*, 219 F.R.D. 195, 197 (D. D.C. 2004)(*Court may deny leave to amend when it*

*"gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive,*

*undue prejudice, or repeated failure to cure deficiencies by previous amendments"*)

Plaintiffs request for leave to file an amended complaint is further being pursued with a

"dilatory motive." *Adams* at 197.  As argued above, Plaintiffs errantly believed that filing an

amended complaint would enable them to acquire an additional 90 days to certify their class

after missing the lawfully prescribed 90 day deadline.  (Pls. Mot. For Leave p.5 ¶III(5)), see also,

L.R.Cv.P. 23.1(b).  However, this strategy 'backfired' because Plaintiffs' chosen practice has

been expressly proscribed under current federal case law in the District of Columbia ever since

at least 1997.  *Fleck v. Cablevision, Inc.,*807 F. Supp. 2d 824, 827 (D. D.C. 1997)  Plaintiffs

may attempt argue that they also filed the amended complaint to add more defendants to the suit.

This may be so, but by Plaintiffs own admission the complaint as a whole was a bit repetitive.

See, *Korwek,* 827 F.2d 874, 879 (2d Cir.1987)(*stating that American Pipe "certainly did not*

*intend to afford plaintiffs the opportunity to argue and reargue the question of class certification*

*by filing new but repetitive complaints"*)   For example, just as with the instant Defendants,

Plaintiffs never alleged in their proposed amendments any *specific* allegations of wrongdoing by

the new defendants.  Nor did they allege that the proposed defendants *specifically* violated any of

the rights of the proposed or existing Plaintiffs.  See, generally, (Pls. 2d Compl.)  With the

exception of East Coast Express Eviction, and All American Eviction Company, none of the

remaining Defendant's were *specifically* alleged to have engaged in any unlawful or improper

conduct.  (Pls. 2d Compl. P. 17-20)

For these and other reasons, Defendants' request that Plaintiffs' motion for leave to

amend be denied as it pertains to the instant Defendants.

### *DEFENDANTS DO NOT OPPOSE INCLUSION OF ADDITIONAL DEFENDANTS*

Defendants do not oppose the inclusion of the additional defendants proposed in Plaintiffs' amended complaint.  Defendants do however oppose Plaintiffs' request for leave to make substantive changes to their original complaint.  Specifically, Defendants object to Plaintiffs' request for leave to correct the jurisdictional deficiencies in their complaint that detrimentally affects Defendant Ward's [and A&A] pending motions to dismiss *solely* for the following reasons *on this issue*.  Plaintiffs argued in their motion for leave that:

> "[T]he amended complaint does not give rise to new causes of action or impact the arguments any existing defendant has made in support of dismissal of the original complaint.  Correspondingly, plaintiffs do not contend that the amended complaint alters the basis for their opposition to the existing motions to dismiss."  (Pls. Mot. For Leave p. 4 ¶II4)

However these arguments are not altogether accurate.  As alluded to above, Plaintiffs argued in their motion for leave, and alleged in their proposed amended complaint, that Defendant Ward resides in Maryland.  (Pls. 2d Compl. ¶17)  Plaintiffs' original complaint is silent as to any jurisdictional allegation regarding Defendant Ward.  (Pls. Compl.¶14)  Therefore the proposed change is substantive.  It 'impacts' at least one of the arguments Defendants made challenging jurisdiction, and it 'alters' the basis of Plaintiffs' opposition to the same.  See, (Dfs. 2d Mot. To Dismiss p. 6)

Defendants do not contend that there may not be any law forbidding the practice of curing technical defects in a class action complaint via leave to amend.  However, it is patently unfair to represent that all arguments and oppositions to Defendants' pending motions are unaffected by Plaintiffs' amended complaint when they obviously are.  That is, unless Plaintiffs'

representation is a stipulation that this Court not consider the new residency allegation when ruling upon Defendants' motions to dismiss as applied to the amended complaint. If this is the case, Defendants welcome the stipulation.

Notwithstanding the above, absent any changes that would keep Defendants A&A and Ward in the litigation when they would otherwise be dismissed, Defendants submit that the more Defendants involved in this suit, presumptively the less resources their individual defenses will be forced to acquire. The additional Defendants should make it easier to pool resources, consolidate strategies, and absorb litigation costs and expenses. To date, Defendants A&A and Ward have taken on the lions share of these responsibilities as the defense of this suit has been inequitably distributed. Based upon the foregoing, Defendants request that Plaintiffs' motion for leave be denied. Defendants further request that Plaintiffs' motion for extension of time be denied, and that Defendants' motion to strike class action allegations or to dismiss the complaint be granted.

### DEFENDANTS DO NOT WAIVE RIGHT TO FILE ANY ADDITIONAL RULE 12 MOTIONS

Based further upon the arguments above, Defendants do not waive the right to file any additional Rule 12 motions, Local Rule 23.1(b) motions, or any other applicable motions challenging Plaintiffs' amended complaint as permitted under the rules. However, Defendants will stipulate that their *two* pending motions to dismiss, and obviously the instant motion, be deemed to apply to the amended complaint as well as the original. Defendants will further point out that changing Defendant Ward's place of residence to Maryland is a substantive change to Plaintiffs' complaint that reduces the potency of at least one argument in Defendants' pending Rule 12 motions. Plaintiffs' motion for leave appeared to suggest that such a result was

22

unintentional.  (Pls. Mot. For Leave p. 4 ¶II4) If this be the case, Defendants hereby seek a stipulation from Plaintiffs that the Court not consider its new residency allegation when ruling upon Defendants' motions to dismiss as they relate to the original and amended complaints.  For these additional reasons, Defendants further object to Plaintiffs' request for leave, and requests that the same be denied.

**CONCLUSION**

For the above stated reasons, Defendants' Motion to Strike Class Allegations or Motion to Dismiss Complaint should be GRANTED, Plaintiffs' Motion for Extension of Time to Certify Class should be DENIED, Plaintiffs' Motion for Leave to Amend should be DENIED, or in the alternative Plaintiffs' complaint against Defendants A&A and Ward should be DISMISSED with prejudice.

Respectfully Submitted,

_____/s/_J. Wyndal Gordon_____
J. Wyndal Gordon
Bar No.#:  MD023572
**THE LAW OFFICE OF J. WYNDAL GORDON, P.A.**
10 North Calvert Street, Suite 930
Baltimore, Maryland 21202
410.332.4121 o
410.347.3144 f
Attorney for Bob Ward,
and A&A Cardinal Evictions

_____/s/_Stephanie Kinder_____

Stephanie Kinder

Bar No.#: 446209

**THE LAW OFFICE OF STEPHANIE KINDER, P.A.**

10 North Calvert Street, Suite 930

Baltimore, Maryland 21202

410.244.6263 o

410.347.3144 f

Attorney for Bob Ward,

and A&A Cardinal Evictions


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY**, this __ day of _____, 2006, that the foregoing Motion to

Dismiss was served upon Plaintiffs and Defendants' known Counsel:

Mathew Slater

**CLEARY GOTTLIEB STEEN & HAMILTON**

2000 Pennsylvania Avenue, NW

Washington, D.C. 20006


Gina Smith

**MEYERS, RODBELL & ROSENBAUM, P.A.**

6801 Kenilworth Avenue, Suite 400

Greenbelt, Maryland 20737


David Fox

**THE LAW OFFICE OF**

1325 Eighteenth Street, N.W., Suite 103

Washington, D.C. 20036


Lloyd Eisenberg

**THE LAW OFFICE OF**

10632 Little Patuxent Parkway, Suite 430

Columbia, Maryland 21044


_____/s/ J. Wyndal Gordon_____

J. Wyndal Gordon

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

ASHFORD, et al.                                    *

Plaintiff                                          *

     v.                                          *

EAST COAST EXPRESS EVICTIONS, et al.    *          CASE#:          **06-CV-1561 RJL**

Defendants                                         *
*****************************************************************************

### ORDER

    **UPON CONSIDERATION**, of Defendants A&A and Robert "Bob" Ward's Motion to Strike Class Certification, the Response of Plaintiffs, and Defendants' Reply; Plaintiffs Request for Leave to Amend Complaint, the Opposition of Defendants A&A and Robert "Bob" Ward, and the Reply of Plaintiffs; and Plaintiffs Request for Extension of Time to Certify Class, the Response of Defendants A&A and Robert "Bob" Ward, and Plaintiffs Reply;

    **IT IS HEREBY ORDERED**, this ___ day of ____, 2006, that the foregoing Motion to Strike Class Certification be GRANTED.

    **IT IS FURTHER ORDERED**, that Plaintiffs' Request for Leave to Amend Complaint be DENIED; and

    **IT IS FURTHER ORDERED**, that Plaintiffs' Request for Extension of Time to Certify Class be DENIED

                           _____

                           Judge Richard J. Leon