## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 1:06cv1561 |
| v. ) | |
| ) | Judge: Richard J. Leon |
| **EAST COAST EXPRESS EVICTION, et al.,** ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT I.STATEN'S OPPOSITION TO ENTRY OF DEFAULT AGAINST DEFENDANT I. STATEN

Comes now Defendant I. Staten (Staten), by counsel, for the limited purpose of denying jurisdiction over him by this Court, denying plaintiff's allegation of service as to his person, and, for failure of service, to oppose any entry of default against him, or other action by this Court other than dismissal of this action, for the reasons more fully set out in the attached Memorandum Of Points And Authorities.

Respectfully submitted,

/s/
David E. Fox, Esq.
*Attorney for Defendant I.Staten*
1325 Eighteenth Street, NW, Suite 103
Washington, D.C. 20036
(202) 955-5300

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>**EAST COAST EXPRESS EVICTION, et al.,** )<br>)<br>Defendants. )<br>) | Case No.: 1:06cv1561<br><br>Judge: Richard J. Leon |

### MEMORANDUM OF POINTS AND AUTHORITIES

Comes now Defendant Staten, and in support of his above Opposition To Plaintiffs' Affidavit In Support Of Default Against Defendant I. Staten states:

### A. Fact Background

1. A copy of United States Postal Service Form 3811, which is a 'return receipt' for certified mail, was submitted with plaintiffs' Affidavit In Support Of Entry Of Default Against I. Staten. It clearly shows that a certified letter, return receipt requested, was addressed to defendant, I. Staten.

2. The above 'return receipt' was apparently signed by someone who purported to be an "agent". That signature, in part A. of the above form, is not legible, but the "Agent" box is clearly marked, and the box marked "Addressee" is left blank.

3. Part B. of the above form purports to show the name of the person who actually received the mail. The name printed there, presumably the person who signed in part A., is not legible. It appears to be someone named, "A Sam" with a last name that is not decipherable. In any event, the name is clearly not, "I. Staten"

4. Thus, whoever signed the above reference 'return receipt' clearly does not claim to be

I. Staten, but apparently claimed to be his 'agent'.

5. U.S. Mail sent 'certified, return receipt requested' is 'restricted delivery' mail. Under the United States Postal Service Domestic Delivery Manuel (DMM), part 7.4.1 (Conditions),

"Mail marked "Restricted Delivery" is delivered only to the addressee or to the person authorized in writing as the addressee's agent to receive the mail."

6. DMM part 7.4.3 (Agent Authorization) sets out how a person may authorize another to be his agent to receive his restricted delivery mail. Part 7.4.3 states:

"An addressee who regularly receives restricted delivery mail may authorize an agent on Form 3801 or by letter to the postmaster. The addressee must make the notation "this authorization is extended to include restricted delivery mail" on Form 3801 (in the area for signatures of authorized agents) or in the letter to the postmaster. Form 3849 may be left for the authorization if the post office has no standing delivery order or letter on file. The addressee may enter the name of the agent on the back of Form 3849 in the space provided and sign the form. The agent must sign for receipt of the article on the back of the form."

7. Defendant I. Staten has not designated any person to be his agent for receipt of his mail, nor did he ever receive the certified mail that was purportedly sent to him and signed for by another. See Declaration of I. Staten, copy attached.

### B. Applicable Law And Argument

8. Plaintiffs cited D.C. Code § 13-337 in support of their request for default. § 13-337 (b) states, in part,

"The return must show the time and place of service and that the defendant so served is a

2

nonresident of the District of Columbia."

Plaintiffs' Affidavit of service does not state any alleged time or place of the purported service, other than giving the address to which the mail was sent. Further, there is no statement that defendant I.Staten in a 'nonresident of the District of Columbia' as required by the statute. This is important in that there is no way of knowing what relationship the address listed has to defendant I. Staten. The address listed is the same as that listed in plaintiffs' Complaint as the address for Butch Enterprises, Inc., although the Registered Agent for Butch Enterprises, Inc. is at a different address. See Document 7.

9. Plaintiffs have the burden of proof in showing that good service of process has been made to support any request for default.

10. Plaintiffs have not submitted the above referenced U.S. Postal Service Form 3801 or 3849 or any letter to the postmaster to show that I. Staten ever authorized anyone other than him to receive his certified mail. Without that written authorization, no one may act as his agent for that purpose. Thus, it simply does not matter who actually signed the above return receipt. If it was not I. Staten, the addressee, it was not properly delivered, and thus there is no evidence of proper service on defendant I. Staten.

WHEREFORE, defendant I. Staten here moves that plaintiffs' Affidavit In Support Of Default Against Defendant I. Staten be found wanting, that no default be entered against him, and that this Complaint be dismissed as to him for want of personal jurisdiction.

In the alternative, if this Court should rule that the purported service of process as to I. Staten individually is sufficient to bring him within this Court's jurisdiction, then rather than enter a default against him, I. Staten requests that he be given a reasonable amount of time

within which to file an answer to the Complaint.

                Respectfully submitted,

                /s/
                David E. Fox, Esq.
                *Attorney for Defendant Butch Enterprises, Inc.*
                1325 Eighteenth Street, NW, Suite 103
                Washington, D.C.  20036
                (202) 955-5300

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,**            ) | |
| ) | |
| Plaintiffs            ) | |
| ) | Case No.: 1:06cv1561 |
| v.            ) | |
| ) | Judge: Richard J. Leon |
| **EAST COAST EXPRESS EVICTION, et al.,**   ) | |
| ) | |
| Defendants.            ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Opposition To Entry Of Default Against Defendant I. Staten, and Memorandum, were served by electronic transmission through the Court's CM/ECF system to:

J. Wyndal Gordon, Esq. and Stephanie D. Kinder, Esq.
*Attorneys for Defendant Bob Ward and*
*A & A Cardinal Eviction*
10 N. Calvert Street, Suite 930
Baltimore, Maryland 21202,

Gina M. Smith, Esq.
*Attorney for A 1 Eviction Services and Tanya Smith*
6801 Kenilworth Avenue, #400
Riverdale Park, Maryland 20730,

and via U.S. Mail, postage prepaid, to:

Lloyd J. Eisenberg, Esq.                             East Coast Express Evictions
*Attorney for Big Time Movers*                 29 U Street, NW
10632 Little Columbia Parkway, Suite 430   Washington, DC 20001,
Columbia, Maryland 21044,

| | |
|---|---|
| Nelson Terry<br>29 U Street, NW<br>Washington, DC 20001, | Caroline Lanford<br>1112 Forty-eighth Street, NE<br>Washington, DC 20019, |
| All American Eviction Company<br>1112 Forty-eighth Street, NE<br>Washington, DC 20019, | Platinum Realtor Services, Inc.<br>6705 McKeldin Drive<br>Suitland, MD 20746 |
| Choya Lord rodriguez<br>6705 McKeldin Drive<br>Suitland, MD 20746 | Crawford & Crawford<br>200 55th Street, NE<br>Apt. #24<br>Washington, DC 20019 |
| Vincent Crawford<br>200 55th Street, NE<br>Apt. #24<br>Washington, DC 20019 | |

this   5th   day of   February  , 2007.

                                                                     /s/
                                         David E. Fox, Esq.
                                         *Attorney for Defendant I. Staten*
                                         1325 Eighteenth Street, NW, Suite 103
                                         Washington, D.C.  20036
                                         (202) 955-5300