IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, Kirk Douglas Greene, Anthony Forte, Hassan Gerald Shakur, Sandy Theodore Green, Alvin Eugene Dozier and Donald Brooks, individually and on behalf of all others similarly situated, <br><br>     *Plaintiffs*, <br><br>v. <br><br>East Coast Express Eviction, A 1 Eviction Services, A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, I. Staten, Choya Lord Rodriguez and Vincent Crawford and John Doe 1, <br><br>     *Defendants*. | Civil Action No. 06-cv-1561 (RJL) <br><br> Hon. Richard J. Leon |

## **PLAINTIFFS' OPPOSITION TO DEFENDANT I. STATEN'S MOTION TO DISMISS**

Defendant I. Staten has filed an Opposition to Entry of Default ("Staten Mot."), (1) opposing entry of default against him and (2) moving to dismiss the Complaint against him for lack of personal jurisdiction, contending that service of process upon him has been insufficient. On February 15, 2007, plaintiffs notified the Court that they do not oppose Mr. Staten's opposition to entry of default in light of the fact that Mr. Staten is now engaging in this litigation. However, the Court should deny his motion to dismiss because service of process was sufficient.

1

STATEMENT OF FACTS

On December 20, 2006, plaintiffs served a summons, a copy of the amended complaint, and a copy of the case management order on Mr. Staten via certified mail sent to 10332 Main Street, Fairfax, Virginia 22030, return receipt requested. (Aff. of Service by Certified Mail, Return Receipt Requested on Defendant I. Staten (Docket Item No. 58, filed January 11, 2007) ("Aff. of Service").) Plaintiffs received a receipt showing that delivery was accepted at Mr. Staten's address on December 22, 2006. (Domestic Return Receipt, attached to Aff. of Service as Ex. B ("Return Receipt").) The person who signed the Return Receipt identified himself or herself as Mr. Staten's "Agent," though the signature in the "Received By" line is illegible. *Id.*

ARGUMENT

I.   SERVICE OF PROCESS ON MR. STATEN WAS SUFFICIENT UNDER D.C. RULE 4(C)(3).

Although Mr. Staten moves to dismiss "for want of personal jurisdiction" (Staten Mot. at 3), he only contests the sufficiency of service of process upon him. He makes no substantive argument about personal jurisdiction and never challenges the stated basis in the plaintiffs' First Amended Complaint ("Compl.") for this Court's jurisdiction over him: he has "significant business contacts in the District of Columbia, including performing tenant evictions within the District." (Compl. at ¶ 3.) Thus, Mr. Staten's motion appears to be one for dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("insufficiency of service of process"), rather than under Rule 12(b)(2) ("lack of jurisdiction over the person"). Regardless of its classification, though, the Court should deny the motion, because service was sufficient.

> A. PLAINTIFFS HAVE PROPERLY SERVED MR. STATEN BY MAILING A COPY OF THE SUMMONS, COMPLAINT, AND INITIAL ORDER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service of a complaint upon an individual may be made "pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the court of general jurisdiction of the State." Because this Court sits within the District of Columbia, the applicable law is D.C. Superior Court Rule of Civil Procedure 4(c)(3), which provides that "[a]s to any defendant [who is an individual, corporation or association in the United States], service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." Plaintiffs have met the requirements of this Rule. On January 12, 2007, plaintiffs filed the Return of Service with the Court, which demonstrates that service on Mr. Staten has been completed under D.C. Rule 4(c)(3).

The D.C. Court of Appeals has suggested that a proof of receipt is not necessary to satisfy Rule 4(c)(3). *Murray v. District of Columbia*, 870 A.2d 25 (D.C. 2005). In *Murray*, the court explained that "[t]he language of Rule 4(c)(3) . . . indicates that service is effected by *mailing a copy* of the summons and other papers by certified mail, which suggests that proof of actual receipt may not necessarily be required in every case." *Id.* at 27. The Court in *Murray* determined that the case before it was "not an appropriate case" for deciding the issue, in part because the question had not been briefed. *Id.*

In interpreting a statute or procedural rule, D.C. courts "look first to the language of the statute and, if it is clear and unambiguous, give effect to its plain meaning." *Office of People's Counsel v. Public Serv. Comm'n,* 477 A.2d 1079, 1083 (D.C. 1984) (*citing* 2A Sutherland, Statutes And Statutory Construction §§ 46.01, 46.04, at 48-51, 54-56 (C. Sands 4th

ed. 1973)); *see also Albright v. United States*, 631 F.2d 915, 918 (D.C. Cir. 1980).  The words of the statute "should be construed according to their ordinary sense, and with the meaning commonly attributed to them."  *Peoples Drug Stores, Inc. v. Dist. of Columbia,* 470 A.2d 751, 753 (D.C. 1983).  D.C. Rule 4(c)(3) states that service "may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."  The plain language of this Rule therefore requires only mailing by certified mail of the required documents and requesting the return receipt.  It does not require proof of actual receipt or that defendant return the requested receipt to the plaintiff for service to be valid.

   Moreover, the D.C. courts have accepted unclaimed certified mail as satisfactory service in other contexts, in particular for disciplinary hearings for attorneys.  In *In re Regent*, the D.C. Court of Appeals accepted that service of process had been effected even though "notices sent by certified mail were returned unclaimed."  741 A.2d 40, 41 n.2 (D.C. 1999).  The court noted that "attempts at personal service proved unsuccessful" and that "little else could have been done to locate respondent."  *Id.*; *see also In re Dorsey*, 469 A.2d 1246, 1247 (D.C. 1983) (charges were deemed admitted against an attorney in a disciplinary hearing despite no response from attorney and no certainty of actual notice because "ample efforts" were made to serve him and he had left town without any forwarding address).

   The record in the present case is more compelling – not only have plaintiffs served Mr. Staten in accordance with D.C. Rule 4(c)(3), but he had actual notice of this suit for months before that, from the prior effective service of his business, Butch Enterprises, Inc., on September 12, 2006.  (Aff. of Service on Butch Enterprises, Inc. (Docket Item No. 7, filed September 22, 2006) ("Butch Aff. of Service")).  Mr. Staten is the primary officer and owner of

4

Butch Enterprises, has complete control over its operations, and was thus surely made aware of this action against it. Indeed, Mr. Staten submitted filings to the Court in this matter on behalf of Butch Enterprises. (Motion to Dismiss, Response and Answer of Defendant Butch Enterprises, Inc. (Docket Item No. 41, filed Nov. 21, 2006).) Furthermore, the same attorney who submitted this motion on behalf of Mr. Staten also represents Butch Enterprises in this action. (*Compare* Praecipe of Appearance for Defendant Butch Enterprises, Inc. (Docket Item No. 50, filed December 8, 2006) at 1, *with* Staten Mot. at 1.) Because plaintiffs' service on Mr. Staten via certified mail, return receipt requested, was delivered on December 22, 2006, in compliance with D.C. Rule 4(c)(3), service was valid and effective on that date.[1]

B.   PLAINTIFFS HAVE VALID PROOF OF RECEIPT.

Even if the Court holds that D.C. Rule 4(c)(3) does require proof of receipt for valid service of process, service on Mr. Staten was still sufficient, and plaintiffs have already provided the Court with such proof. (*See* Return Receipt.) The Return Receipt shows successful delivery to Mr. Staten's address on December 22, 2006.

Mr. Staten's argument regarding the United States Postal Service Domestic Mail Manual ("DMM") (Staten Mot. at 2-3) is false and irrelevant. He provides no authority or explanation for why the DMM has any bearing on the legal sufficiency of service of process. Furthermore, the "Agent Authorization" requirements that he cites, DMM § 503.7.4.3, apply only to "restricted delivery mail," which is delivered to an addressee or that addressee's

---

[1] Indeed, the Court has already addressed the legal question at issue here when it affirmed service on defendant East Coast Express Evictions, despite the intentional failure of its owner, defendant Nelson Terry, to collect the complaint mailed to him return receipt requested. (*See* Minute Order granting Motion for Order Confirming Service on Defendant East Coast Express Eviction and Entering a Default, or in the Alternative for Service on Defendant East Coast Express Eviction by a U.S. Marshal (Nov. 30, 2006).) Mr. Terry's awareness of the lawsuit and his status as a defendant were comparable to Mr. Staten's, and the Court should reach the same result with respect to service on Mr. Staten as it did with respect to East Coast Express Evictions.

authorized agent if the *sender chooses* to designate mail as such. *See* DMM § 503.7.2.1, 500.7.3.1. The package with the complaint delivered to Mr. Staten on December 22, 2006, was not marked for restricted delivery. (Return Receipt (showing checkbox next to "Restricted Delivery? *(Extra Fee)*" was left unchecked).) Therefore, the agent requirements of DMM § 503.7.4.3 do not apply. Instead, "[d]elivery of mail for which a return receipt is requested is subject to [DMM § 508.1]," DMM § 503.6.4, which states that "an addressee's mail may be delivered to an employee . . . or to any person authorized to represent the addressee." DMM § 508.1.5.1. The Manual provides no formal registration requirements for such a person to accept delivery.

The person who signed the Return Receipt indicated that he or she was Mr. Staten's "agent" and accepted delivery of mail clearly addressed to Mr. Staten when he or she could have refused.[2] DMM § 508.1.1.2. His or her acceptance of the mail was in no way improper under the postal regulations. Whether Mr. Staten took physical possession of the package or refused to do so, perhaps after realizing what it was, is irrelevant. Mr. Staten does not contest that the Postal Service delivered the package, and the plaintiffs have provided the Court with proof of receipt at that address.

II.  THE REQUIREMENTS OF D.C. CODE § 13-337 DO NOT APPLY TO SERVICE IN THIS ACTION.

Contrary to Mr. Staten's assertion, the requirements of D.C. Code § 13-337(b), that the return of service "show the time and place of service and that the defendant so served is

---

[2] The individual who signed for the package as Mr. Staten's agent could also have refused the package and returned it "within a reasonable time" *after* delivery. DMM § 508.1.1.3. There is no evidence that he or she chose to do so.

a nonresident of the District of Columbia," do not apply here.[3]  Section 13-337 permits personal service in actions specifically listed in D.C. Code § 13-336, which allows service by publication on certain nonresident defendants for certain actions.  *See* D.C. Code §§ 13-336; 13-337(a) (discussing when personal service is permitted in lieu of notice by publication for "actions specified by section 13-336").  The actions listed in section 13-336 are actions for partition, divorce, annulment, child custody, attachment, foreclosure, establishment of title, enforcement of liens, and claims to personal or real property in the District of Columbia.  *See* D.C. Code § 13-336(b).  None of these are related to the present action, which concerns claims under antitrust and minimum wage statutes and common law claims for unjust enrichment and *quantum meruit*.  Accordingly, the requirements of Section 13-337 have no bearing.

III.   THE COURT SHOULD ORDER MR. STATEN TO ANSWER THE COMPLAINT AND PROVIDE HIS FULL RESIDENCY ADDRESS.

Plaintiffs respectfully request that the Court give Mr. Staten one week from the date of the Court's decision denying his motion to dismiss in which to file his answer.  Mr. Staten and his counsel have had more than ample time to prepare.  The 20 days that Mr. Staten initially had to file an answer under Fed. R. Civ. P. 12(a)(1)(A) lapsed over a month ago.  Furthermore, as previously explained, Mr. Staten has had actual notice of his status as a defendant in this suit for an even longer period, given his ownership and management of Butch Enterprises, which has already made filings in this case.  Additional delay is unwarranted.

---

[3]  In the Affidavit in Support of Default Against Defendant I. Staten (Docket Item No. 62, filed Jan. 19, 2007), plaintiffs inadvertently included a reference to D.C. Code § 13-337.  However, the Affidavit correctly indicates that service on Mr. Staten was completed pursuant to D.C. Superior Court Rule of Civil Procedure 4(c)(3).  Furthermore, the reference to Section 13-337 was made only in connection plaintiffs' request for default, which plaintiffs have withdraw, and should have no bearing on Mr. Staten's request for dismissal.

7

If the Court does find service not yet sufficient, it still should not grant Mr. Staten's motion to dismiss with prejudice. Rule 4(m) of the Federal Rules of Civil Procedure gives the plaintiffs 120 days after the filing of the complaint to complete service. The First Amended Complaint, which was the first pleading to name Mr. Staten as a defendant, was filed on December 20, 2006. Thus, under Rule 4(m), plaintiffs may serve Mr. Staten as late as April 19, 2007, and if this becomes necessary, plaintiffs will do so as expeditiously as possible.

Finally, plaintiffs also request that the Court order Mr. Staten to provide plaintiffs his full name and residency address. Local Rule 11.1 requires that the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." Mr. Staten's Opposition to Entry of Default is his first filing in this action, but neither his full name nor his full residence address appears in the caption. Should plaintiffs need to serve Mr. Staten again, this confirmatory information will make such service more certain and easier.

## CONCLUSION

For the reasons set forth above, the Court should deny Mr. Staten's motion to dismiss and require Mr. Staten to file his answer within one week from the Court's denial.

Dated: February 20, 2007                    Respectfully submitted,

                                              /s/ Larry C. Dembrowski

                                            Larry C. Dembowski (D.C. Bar # 486331)
                                            Lee F. Berger (D.C. Bar # 482435)
                                            Matthew D. Slater (D.C. Bar # 386986)
                                            Cleary Gottlieb Steen & Hamilton LLP
                                            2000 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20006-1801
                                            Telephone: (202) 974-1500
                                            Facsimile: (202) 974-1999

                                            *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On February 20, 2007, a copy of the foregoing Plaintiffs' Opposition to Defendant I. Staten's Motion to Dismiss and accompanying papers, was served by electronic transmission through the Court's CM/ECF System on the following parties:

>Stephanie D. Kinder
>Law Offices of Stephanie D. Kinder, P.A.
>10 N. Calvert Street, Suite 930
>Baltimore, MD 21202
>skinder@epcounsel.com
>Attorney for Bob Ward and A & A Cardinal Eviction
>
>J. Wyndal Gordon
>The Law Office of J. Wyndal Gordon, P.A.
>10 North Calvert Street, Suite 930
>Baltimore, MD 21202
>jwgaattys@aol.com
>Attorney for Bob Ward and A & A Cardinal Eviction
>
>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, MD 20730
>gsmith@mrrlaw.net
>Attorney for A 1 Eviction Services and Tanya Smith
>
>David E. Fox
>1325 Eighteenth Street, N.W.
>Suite 103
>Washington, D.C. 20036
>dfox159937@aol.com
>Attorney for Defendant Butch Enterprises, Inc. and I. Staten

and was served by U.S. mail, first-class postage prepaid, on the following parties:

>Lloyd J. Eisenberg
>Lloyd J. Eisenberg & Associates, P.A.
>10632 Little Patuxent Parkway
>Suite 430
>Columbia, MD 21044
>Attorney for Big Time Movers
>
>East Coast Express Evictions
>29 U Street, N.W.
>Washington, D.C. 20001
>
>Nelson Terry
>29 U Street, N.W.
>Washington, D.C. 20001
>
>Caroline Lanford
>1112 48th Street, N.E.
>Washington, D.C. 20019
>
>All American Eviction Company
>1112 48th Street, N.E.
>Washington, D.C. 20019
>
>Platinum Realtor Services, Inc.
>6705 McKeldin Drive
>Suitland, MD 20746
>
>Choya Lord Rodriguez
>6705 McKeldin Drive
>Suitland, MD 20746
>
>Crawford & Crawford
>200 55th Street, N.E.
>Apt. # 24
>Washington, D.C. 20019

        Vincent Crawford
        200 55th Street, N.E.
        Apt. # 24
        Washington, D.C. 20019

Dated: February 20, 2007                  _____/s/ Emily C. Capehart_____
                                                                                   Emily C. Capehart