# EXHIBIT C-3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

# If you worked on an eviction, a class action settlement may affect your legal rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This notice describes a partial settlement of a class action lawsuit. The lawsuit alleges that certain persons and companies who perform evictions in the Washington, D.C. metropolitan area paid their workers less than what was required by Federal and state minimum wage laws, and conspired to do so, in violation of Federal and state antitrust laws.

You could be a member of the Settlement Class, and may be entitled to payments for damages, if you did eviction work for one of the Defendants at any time from September 5, 2002 to **[court-ordered notice date]** and were paid less than the legal minimum wage.

One Defendant Company, A 1 Eviction Services, Inc., and its owner, Tanya Smith, have agreed to settle the claims against them. They have agreed to pay $30,000 to the Settlement Class, pay each eviction worker they employ at least the applicable minimum wage in the future, and refrain from conspiring with others to fix or suppress wages paid to eviction workers. The Plaintiffs continue to vigorously litigate this lawsuit against the other Defendants.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS ACTION: | |
| --- | --- |
| Remain a Settlement Class Member by Doing Nothing | You do not need to do anything at this time to remain a Settlement Class Member. You will be bound by any decision of the Court regarding this settlement, and you will give up your rights against A 1 Eviction Services and Tanya Smith regarding the same legal claims in this case. |
| Exclude Yourself from the Settlement Class | If you exclude yourself from this action, you will not be eligible to receive any payments from the settlement, but this is the only option that will give you the freedom to pursue your own legal action against the A 1 Eviction Services and Tanya Smith for all of the claims in this case. |
| Object to or Comment on the Settlement | You may object to or comment on the settlement by writing to the Court. |
| Appear in Court | You or your attorney may appear before the Court, at a hearing about the fairness of the settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court overseeing this case, after hearing objections, still has to decide whether to give final approval to the Settlement.

1

---
**WHAT THIS NOTICE IS ABOUT**

---

### 1. Why has this notice been issued?

You have a right to know about the proposed partial Settlement and all of your options before the Court decides whether to approve the Settlement with A 1 Eviction Services and Tanya Smith.

This notice explains the lawsuit, the Settlement with A 1 Eviction Services and Tanya Smith, and your legal rights.

### 2. What is the lawsuit about?

The lawsuit, which has been filed in federal District Court in the District of Columbia, claims that the Defendants conspired to suppress the wages of eviction workers and, as a result, paid such workers less than what was required by various minimum wage laws. The lawsuit seeks both compensation for lost wages and punitive damages from the Defendants and injunctive relief to prevent them from committing the same violations of the law in the future, under the minimum wage and antitrust laws of the United States, Maryland, Virginia, and the District of Columbia and the common law of those states.

### 3. What is a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. All of these people make up the Class and are called Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Class Members share the proceeds of whatever monetary damages the Class recovers, but they give up their right to file individual lawsuits against the Defendants in the future for the same claims. U.S. District Court Judge Richard J. Leon is the judge overseeing this class action lawsuit.

---
**WHO THIS LAWSUIT INCLUDES**

---

### 4. How do I know if I am included in the Settlement?

You are a member of the Settlement Class if you worked on an eviction for any of the Defendants from September 5, 2002 to **[notice date]** and were paid less than what was required under the applicable federal and state minimum wage laws. The minimum that an eviction worker should have been paid depended on where he or she worked and when:

| If you worked in: | Sometime from: | Then you should have been paid at least: |
|---|---|---|
| The District of Columbia | September 5, 2002 to December 31, 2004 | $6.15 per hour and $24.60 per day |
| | January 1, 2005 to December 31, 2005 | $6.60 per hour and $26.40 per day |
| | January 1, 2006 to **[notice date]** | $7.00 per hour and $28 per day |
| Maryland | September 5, 2002 to February 15, 2006 | $5.15 per hour |
| | February 16, 2006 to **[notice date]** | $6.15 per hour |
| Virginia | September 5, 2002 to **[notice date]** | $5.15 per hour |

2

An eviction is when a tenant is legally forced to leave an apartment, house, condominium, office, or some other property. You worked on an eviction if you were ever hired to carry items out of a place where someone was being evicted, or if you spent time traveling to an eviction site or waiting there, in anticipation of doing work there.

### 5. Who are the Defendants in this case?

The Defendants in this case are a group of companies and individuals who perform evictions in the Washington, D.C. metropolitan area, including East Coast Express Eviction, A 1 Eviction Services, Inc., A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, Irwin Staten, Choya Lord Rodriguez, and Vincent Crawford. Besides A 1 Eviction Services, Inc., and Tanya Smith, the Plaintiffs continue to vigorously litigate this lawsuit against the Defendants.

### 6. What if I still do not know whether I am a Member of the Class?

If you still do not know whether you are included in the Class, you can gain additional information by calling the National Coalition for the Homeless at (202) 462-4822, visiting **[website address]** on the Internet, or writing to:

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

---

| WHAT THE SETTLEMENT DOES |
|---|

### 7. What does the Settlement with A 1 Eviction Services and Tanya Smith provide?

A 1 Eviction Services and Tanya Smith have agreed to:

    a. Pay $30,000 for the benefit of the Class;

    b. Pay each eviction worker they hire at least the legal minimum wage for eviction work in the future; and

    c. Refrain from conspiring or agreeing with any other person to pay employees less than the legal minimum wage or otherwise fix or suppress employee wages.

In exchange for these items, Settlement Class Members give up all rights against A 1 Eviction Services and Tanya Smith about the same legal claims involved in this case. This means that if you are a Settlement Class Member, you will not be allowed to bring your own lawsuit against A 1 Eviction Services and Tanya Smith in the future.

As part of the settlement, A 1 Eviction Services and Tanya Smith have further agreed to provide documents and witness testimony to attorneys for the Class Representatives to assist in continuing the case against the other Defendants.

### 8. Why did the parties agree to this Settlement?

Although the Court has not decided whether the claims in the lawsuit are correct, A 1 Eviction Services and Tanya Smith have agreed with the Class Representatives to settle the lawsuit. That way, A 1 Eviction Services and Tanya Smith are able to avoid the risks and costs of trial, the case can be resolved for them, and the benefits of the Settlement can be made available to the

Settlement Class Members. The Class Representatives and their attorneys believe that the proposed Settlements are fair and benefit all Class Members. The case will continue on against the remaining Defendants.

### 9. Will I receive any money from the Settlement?

If you are a class member, you may receive money from this settlement. The money from the Settlement will be combined with money from any other settlements or recoveries that may occur. Once the Claims Administrator decides that there is sufficient money to distribute fairly to the Settlement Class or that there is no prospect for further recovery, the Class Representatives and Claims Administrator will request the Court to approve a plan for disbursing the money to the Settlement Class. That disbursement plan may include disbursing money directly to Settlement Class Members who participate in a claims process, donating the money to a charity that serves the homeless in the District of Columbia, or both.

---

| HOW TO EXCLUDE YOURSELF FROM THE CLASS AND SETTLEMENT |
|---|

If you do not want to be a member of the Settlement Class, or if you want to be able to bring your own suit or be part of a different lawsuit against A 1 Eviction Services or Tanya Smith involving the same claims in this lawsuit, then you must take steps to remove yourself from the Settlement Class. This is called "excluding yourself" and sometimes is referred to as "opting out" of the Class.

### 10. How do I exclude myself from the Settlement Class and the Settlement?

To exclude yourself, you have two options. First, you can fill out and send in the PINK form found at the end of this notice. You must fill out all of the required fields on the form. Once you have filled out the form, **you must then mail the completed form with your signature, by first-class mail postmarked no later than _____ [court ordered submission deadline], to:**

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

You cannot exclude yourself by phone or email. If you file a form asking to be excluded, you will not be entitled to any money from the Settlement with A 1 Eviction Services and Tanya Smith. In addition, if you ask to be excluded, you cannot object to the Settlement from which you chose to be excluded, and you will not be legally bound by the release of claims against A 1 Eviction Service and Tanya Smith.

---

| WHO REPRESENTS YOU IN THIS LAWSUIT |
|---|

### 11. Do I have a lawyer in this case?

A law firm named Cleary Gottlieb Steen & Hamilton LLP represents the Class as a whole in this case (the attorneys representing the Class are also referred to as "Plaintiffs' Counsel" or "attorneys for the Class Representatives" or "attorneys for the Settlement Class"). You will not be charged for the services of these attorneys in litigating this case and negotiating the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

4

### 12. How will the lawyers be paid?

Attorneys for the Class have undertaken this litigation on an unpaid or "pro bono" basis. However, Plaintiffs' Counsel may, at a later time, seek Court approval of an award of reasonable attorneys' fees in the event of a judgment against the Defendants. Plaintiffs' Counsel have applied to the Court for reimbursement from the settlement funds paid by A 1 Eviction Services and Tanya Smith of certain out-of-pocket expenses related to the publication and provision of this notice and may make an application for reimbursement or advancement of future reasonable litigation expenses. The Court can approve or deny such a request.

### 13. Can my own lawyer appear before the Court in this case?

Yes. You have the right to appear through counsel in this lawsuit, though any lawyer you hire will be at your own expense. If you wish to make an appearance through counsel, fill out and send in the YELLOW form at the end of this notice.

---

#### HOW TO OBJECT TO OR COMMENT ON THE SETTLEMENT

---

### 14. If I do not like the Settlement, or want to voice some other opinion about it, how do I tell the Court?

If you are a Settlement Class Member, and choose to remain one, you can object to the Settlement if you do not like any part of it. You must give the reasons why you think that the Court should not approve it. A mere statement that "I object" will not be a sufficient reason or objection. To object or make some other comment, fill out and send in the YELLOW form at the end of this notice along with a written explanation of the basis for your objection.

### 15. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class, and if the Court approves the Settlement, you will still be bound by it. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

---

#### THE COURT'S FAIRNESS HEARING

---

The Court will hold a hearing to decide whether to approve the Settlement. You may attend the hearing, but you are not required to. You may speak at the hearing, but only if you have submitted your comments or objections as provided in Paragraph 15 of this Notice.

### 16. When and where will the Court consider whether to approve the Settlements?

The Court will hold a hearing at _____ [time] on _____ [date], in Courtroom 18 at the United States District Court for the District of Columbia, which is located at 333 Constitution Avenue, NW, Washington, D.C. At this hearing, Judge Leon will consider whether the Settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.

### 17. Do I have to come to the hearing?

No. The attorneys for the Settlement Class will answer any questions Judge Leon may have. However, you may attend at your own expense. If you send a written objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay for your own lawyer to attend.

### 18. May I speak at the hearing?

You will not be heard unless you have submitted your objection as provided in Paragraph 15 of this Notice and have stated in writing that you wish to be heard at the fairness hearing.

You cannot speak at the hearing if you exclude yourself.

---

**IF YOU TAKE NO ACTION**

---

### 19. What happens if I do nothing at all? What is the Release of Claims?

If you do nothing, your rights will be affected. You will be bound by the terms of the Settlement with A 1 Eviction Services and Tanya Smith, and you will be agreeing to the Release of Claims contained in Paragraph 2 of the Settlement Agreement with A 1 Eviction Services and Tanya Smith. Copies of the settlement agreement may be obtained by visiting **[website address]**. By agreeing to the Release of Claims, you will be giving up your right to sue A 1 Eviction Services and Tanya Smith for the same legal claims at issue in this lawsuit.

---

**GETTING MORE INFORMATION**

---

### 20. How can I get more information on the case? How can I get more information on the Settlement?

This notice merely summarizes the lawsuit and the proposed Settlement with A 1 Eviction Services and Tanya Smith. You can download copies of the Settlement Agreement and additional court documents, as well as review answers to frequently asked questions ("FAQs"), by calling National Coalition for the Homeless at (202) 462-4822, visiting **[website address]** on the Internet, or writing to:

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

| Summary of Options, Forms, Deadlines, and Consequences | | | |
|---|---|---|---|
| If you want to: | File this form: | Postmarked or delivered by this date: | Then: |
| Exclude yourself from the Settlement (see page 4) | PINK FORM (Exclusion Form) | [insert] | You will:<br>• not share in any money recovered by the Class; and<br>• be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |
| Object to or comment on the Settlement, and/or enter an appearance for you or your attorney (see page 5) | YELLOW FORM (Objection/ Appearance Form) | [insert] | You will:<br>• be bound by the proposed Settlement if the Court approves it;<br>• have an opportunity to speak at the Fairness Hearing;<br>• be eligible to share in money recovered in the Settlement; and<br>• not be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |
| Remain a member of the Settlement Class and not submit an objection or comment | No Form | | You will:<br>• be bound by the proposed Settlement if the Court approves it; and<br>• be eligible to share money recovered in the Settlement;<br>• not have an opportunity to speak at the Fairness Hearing; and<br>• not be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |

<u>**PINK FORM**</u>
<u>**PAGE 1 of 2**</u>

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Harry Jakeyia Ashford et al., individually and
on behalf of all others similarly situated,
*Plaintiffs*,

v.

Civil Action No. 06-cv-1561 (RJL)
Hon. Richard J. Leon

East Coast Express Eviction et al.,
*Defendants.*

---

## <u>EXCLUSION FORM</u>
(see page 4 of notice)

---

File this form if you want to exclude yourself from the settlement with A 1 Eviction
Services, Inc., and Tanya Smith.  If you file this form, do not file any other form.
**This form must be mailed to the following address and postmarked no later than
_____[court ordered submission deadline]:**


National Coalition for the Homeless
2201 P St. NW
Washington, DC 20037

---

I have received the Notice of the proposed Class Action Settlement, and do **NOT** wish to
remain a member of the settlement class in the case of Ashford v. East Coast Express
Eviction, Civil Action No. 06-cv-1561 (RJL), in the United States District Court for the
District of Columbia, regarding the Settlement with A 1 Eviction Services, Inc., and
Tanya Smith.

I understand that by signing and mailing this form:

**CONTINUE TO THE NEXT PAGE**

<u>**PINK FORM**</u>
<u>**PAGE 2 of 2**</u>

• I will <u>not</u> receive any of the monetary benefits of the proposed settlement as described in the Notice; and

• I may pursue, at my own expense, whatever claims I may have against A 1 Eviction Services, Inc., and Tanya Smith. I understand that I would have to prove any claim I might file, and that any claim would be subject to any defenses A 1 Eviction Services, Inc., or Tanya Smith might have.

Your signature: _____

Date: _____

**Please type or print**:

Your full name: _____

Your address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Harry Jakeyia Ashford et al., individually and
on behalf of all others similarly situated,
*Plaintiffs*,

v.

East Coast Express Eviction et al.,
*Defendants*.

Civil Action No. 06-cv-1561 (RJL)
Hon. Richard J. Leon

---

### OBJECTION/APPEARANCE FORM
(see page 5 of notice)

File this form if you want to object to or comment on the proposed Settlement with
A 1 Eviction Services, Inc., and Tanya Smith, and if you want to appear at the
Fairness Hearing.  Then attach a written statement to this form, explaining your
objections or comments.  **You must submit the written statement of your
objections or comments for you or your attorney to appear at the hearing.**  A
copy of this form and your written statement must be mailed to **BOTH** of the
following addresses, postmarked no later than _____[court ordered
submission deadline]:

> Nancy Mayer-Whittington
> Clerk of the Court
> Clerk's Office
> United States District Court
> for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

Counsel for Plaintiffs will ensure that all forms received will be served on all
Defendants.

**CONTINUE TO THE NEXT PAGE**

**YELLOW FORM**
**PAGE 2 of 3**

By submitting this form, I am objecting to or commenting on the proposed class action settlement in this case.  I understand that the Court will consider the fairness of the proposed settlement at a hearing on _____ **[date]** at _____ **[time]**, in Courtroom 18 at the United States District Court for the District of Columbia, which is located at 333 Constitution Avenue, NW, Washington, D.C.

Select **one** of the following.

_____ 1. I will appear at the hearing.

_____ 2. My attorney will appear at the hearing.

_____ 3. I will not appear at the hearing.

Your signature: _____ __

Date: _____

**Please type or print**:

Your full name: _____

Your address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____ __

**CONTINUE TO THE NEXT PAGE**

**YELLOW FORM**
**PAGE 3 of 3**

If you indicated that an attorney will appear at the hearing for you (option #2 above), you must fill out the following information.  If you did not select option #2 above, you may skip this section.

**Please type or print:**

Your attorney's name: _____

Address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____

Remember to:

1. Attach this form to your written statement of your objections or comments.

2. Mail a copy to **both** addresses listed on Page One of this form, **postmarked no later than** _____**[court ordered submission deadline].**