**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS', A 1 EVICTION SERVICES, INC.'S, AND TANYA SMITH'S JOINT MOTION FOR RECONSIDERATION OF PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT OR, IN THE ALTERNATIVE, THE COURT'S GUIDANCE**

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY.................................................................................................... 2

ARGUMENT....................................................................................................................... 2

      A.     The Court Should Reconsider Its Denial Of The Preliminary Approval
           Motion Because The Denial Harms The Settling Parties And The Class,
           The Settlement Is Fair To The Class, And The Class Is Conditionally
           Certifiable ........................................................................................................ 2

           1.     Justice Requires Reconsideration Of The Preliminary Approval
                   Motion's Denial Because It Harms The Settling Parties And The
                   Class, Frustrates Judicial Policy, And Undermines Judicial
                   Economy ................................................................................... 3

           2.     The Settlement Agreement Is Fair, Reasonable, And Adequate
                   Because It Was Negotiated At Arm's Length And None Of The
                   Typical Causes For An Unfairness Determination Apply ........................ 4

           3.     Because The Class Is Conditionally Certifiable, Including As A
                   Settlement Class, The Court Should Preliminarily Approve It Or
                   Choose Another Alternative To Denial ....................................... 6

      B.     In The Alternative, The Court Should Grant The Settling Parties' Motion
            For The Court's Guidance, So That The Parties May Revise The
            Agreement To Meet The Court's Approval........................................................ 8

CONCLUSION.................................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
  182 F.3d 1096 (9th Cir. 1999) ...................................................................................8

*Blackman v. District of Columbia*,
  454 F. Supp. 2d 1 (D.D.C. 2006) ..............................................................................4

*Clement v. Am. Honda Fin. Corp.*,
  176 F.R.D. 15 (D. Conn. 1997)..................................................................................5

*Cobell v. Norton,*
  224 F.R.D. 266 (D.D.C. 2004)...................................................................................2

*Cobell v. Norton*,
  355 F. Supp. 2d 531 (D.D.C. 2005) ........................................................................3, 4

*Denney v. Jenkens & Gilchrist*,
  230 F.R.D. 317 (S.D.N.Y. 2005) ...............................................................................7

*Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*,
  205 F.R.D. 33 (D.D.C. 2001)......................................................................................6

*Freeport Partners, L.L.C. v. Allbritton*,
  2006 WL 627140 (D.D.C. 2006) .............................................................................7, 9

*In re Auction Houses Antitrust Litig.*,
  2001 WL 170792 (S.D.N.Y. 2001).............................................................................9

*In re Telectronics Pacing Sys., Inc.*,
  221 F.3d 870 (6th Cir. 2000) .....................................................................................5

*In re Vitamins Antitrust Litig.*,
  2001 WL 856290 (D.D.C. 2001) ...............................................................................6

*In re Vitamins Antitrust Litig.*,
  305 F. Supp. 2d 100 (D.D.C. 2004) .........................................................................4, 6

*Judicial Watch v. Dep't of Army*,
  466 F. Supp. 2d 112 (D.D.C. 2006)............................................................................3

*Molski v. Gleich*,
  318 F.3d 937 (9th Cir. 2003) .....................................................................................5

*Singh v. George Wash. Univ.,*
    383 F. Supp. 2d 99 (D.D.C. 2005) ................................................................................2

*Sylvester v. CIGNA Corp.,*
    369 F. Supp. 2d 34 (D. Me. 2005) .................................................................................4

*United Mine Workers v. Pittston Co.,*
    793 F. Supp. 339 (D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C. Cir. 1993) ....................2

*Vista Healthplan, Inc. v. Bristol-Myers Squibb Co.,*
    266 F. Supp. 2d 44 (D.D.C. 2003) ................................................................................7

### RULES

Fed. R. Civ. P. 23 .............................................................................................................7

Fed. R. Civ. P. 23(a) ........................................................................................................7

Fed. R. Civ. P. 23(a)(3) ...................................................................................................7

Fed. R. Civ. P. 23(b)(1) ...................................................................................................7

Fed. R. Civ. P. 23(b)(2) ...................................................................................................7

Fed. R. Civ. P. 23(e) ................................................................................................1, 4, 6

Fed. R. Civ. P. 54(b) ........................................................................................................2

### OTHER AUTHORITIES

MANUAL FOR COMPLEX LITIG., (FOURTH) §§ 21.632-33 (2004) ...................................6, 9

## PRELIMINARY STATEMENT

The Settlement Agreement dated January 23, 2007 (the "Settlement Agreement") represents the fruit of earnest negotiations among Defendants A 1 Eviction Services, Inc. ("A 1") and Tanya Smith (collectively, the "A 1 Defendants") and plaintiffs (with the A 1 Defendants, the "Settling Parties") and presents the class with a first step toward ending the eviction companies' widespread practice of paying illegal, sub-minimum wages to their homeless employees. The Settlement Agreement provides the homeless class members with injunctive relief against future wage violations and $30,000 in compensation for lost wages. It also provides for cooperation from the A 1 Defendants while forgoing costly and protracted litigation for the Settling Parties. It is a positive result for not only the Settling Parties, but also and especially for the homeless class members.

On April 3, 2007, the Court withheld this positive result by denying the Settling Parties' Joint Motion for Preliminary Approval of Proposed Settlement (the "Preliminary Approval Motion"). The Court's Minute Order contains no explanation for the denial. However, under Federal Rule of Civil Procedure 23(e), the Court's denial means that the Court either found the Settlement Agreement to be inadequate, unreasonable, and unfair to the homeless class members, that the Court determined that the class cannot be certified, or that the Court has identified a technical deficiency with the notice plan or other procedural matters.

Plaintiffs and the A 1 Defendants do not wish to litigate against each other, but may be forced to do so unless the Court either reconsiders its denial or gives the Settling Parties guidance as to how they can modify the Settlement Agreement, class, or procedural matters to meet the Court's approval. Without further explanation of the grounds for denial, the Settling Parties cannot identify and repair any procedural error that may exist or resume negotiations for an agreement that complies with the Court's requirements. This uncertainty leaves the Settling Parties unable to determine whether their obligations under the Settlement Agreement remain intact or whether they now must take adverse positions, contrary to the overwhelming judicial

policy supporting settlement of litigation.  As neither the plaintiffs nor the A 1 Defendants wish

to persist in litigation, the Settling Parties respectfully request that the Court reconsider its denial

of the Preliminary Approval Motion or, in the alternative, provide guidance as to what

deficiencies the Court has identified in the Settlement Agreement so that the Settling Parties can

revise the Settlement Agreement accordingly.

<u>**PROCEDURAL HISTORY**</u>

At the Court's express instruction, the Settling Parties submitted the Preliminary

Approval Motion on March 30, 2007.  The Settling Parties negotiated the Settlement Agreement

at arm's length over the course of several months, with negotiations concluding on January 23,

2007.  At a status conference on March 5, 2007, the Court instructed the Settling Parties to

submit the Settlement Agreement for approval "now or soon" and indicated it wanted to "deal

with that [the Settlement Agreement] right away." Status Conference Tr. 5:20-5:25, March 5,

2007.  The Court restated this instruction at the March 27, 2007 status conference, despite its

order that class certification be postponed until after discovery.  On April 3, 2007, four days after

the Settling Parties jointly submitted their unopposed Preliminary Approval Motion, the Court

entered a Minute Order denying the Preliminary Approval Motion without explanation.

<u>**ARGUMENT**</u>

A.      <u>The Court Should Reconsider Its Denial Of The Preliminary Approval Motion
Because The Denial Harms The Settling Parties And The Class, The Settlement Is
Fair To The Class, And The Class Is Conditionally Certifiable.</u>

The Court has full discretion to revise and reconsider its own interlocutory decisions "at

any time before the entry of judgment adjudicating all the claims and the rights and liabilities of

all the parties."  Fed. R. Civ. P. 54(b); *see also United Mine Workers v. Pittston Co.*, 793

F. Supp. 339, 345 (D.D.C. 1992), *aff'd*, 984 F.2d 469 (D.C. Cir. 1993) ("Motion[s] to

reconsider… interlocutory order[s] . . . [are] within the discretion of the trial court."); *Singh v.*

*George Wash. Univ.,* 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *Cobell v. Norton,* 224 F.R.D. 266,

272 (D.D.C. 2004).  In light of the significant harm the Settling Parties and the class face due to

the Court's denial without explanation, the fairness of the settlement to the absent class members, and the certifiability of the proposed class, the Court should reconsider its denial and grant the Preliminary Approval Motion.

        1.        <u>Justice Requires Reconsideration Of The Preliminary Approval Motion's Denial Because It Harms The Settling Parties And The Class, Frustrates Judicial Policy, And Undermines Judicial Economy.</u>

The Preliminary Approval Motion's denial will cause the loss of benefits and certainty the Settlement Agreement would provide, will harm the Settling Parties and the class by increasing the burdens of active litigation, and will impose further upon the Court's resources, all in contravention of the judicial policy favoring settlements. The Court may grant reconsideration "as justice requires" and when "necessary under the relevant circumstances." *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The Settling Parties may establish the need for reconsideration by "demonstrat[ing] that some harm, legal or at least tangible, would flow from a denial of reconsideration." *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005). Justice requires reconsideration here, and the circumstances make the need for it plain.

The Settling Parties will face both legal and tangible harm if the Court denies this motion. Absent the Settlement Agreement, the plaintiffs and the A 1 Defendants will be unnecessarily compelled into an adversarial posture and effectively forced to fully litigate all issues at great expense to both sides. Discovery costs, greatly reduced by the cooperation agreement in the Settlement Agreement, will be born by plaintiffs and the A 1 Defendants alike. The A 1 Defendants will lose the protection that the stipulated stay of proceedings and release afford them. Most importantly, the class members (including plaintiffs) will lose the extensive wage protection the injunctive relief provides and the $30,000 in the settlement fund. Nor is there an opposing party who the Court's reconsideration of the Preliminary Approval Motion would harm. For these reasons, justice requires the Court to reconsider its prior rejection of the Settlement Agreement.

Even if the harm the Settling Parties and the class face were insufficient to amount to an

injustice, the Court can reconsider its denial based on the judicial policy favoring settlement or

the costs the Court will incur through ongoing litigation between the Settling Parties. "[E]ven if

the appropriate legal standard does not indicate that reconsideration is warranted, the Court may

nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing

so." *Cobell*, 355 F. Supp. 2d at 540 (explaining that the Court could reconsider and revise the

language of a previous opinion if it found that language erroneous, even if that language did not

cause the moving party harm). The denial of the Preliminary Approval Motion without

explanation frustrates the Settling Parties' specific desire to settle, the general purpose of

Federal Rule of Civil Procedure 23(e), and the judicial doctrine favoring settlement of litigation.

The Court's denial mandates not only that the Settling Parties consume substantial resources, but

also that the Court itself expend valuable resources considering the motions of two defendants

who would otherwise have settled, but now have little choice but to actively litigate.

Accordingly, besides the significant legal and tangible harm caused to the Settling Parties, there

are "other good reasons" for reconsidering the denial of the Preliminary Approval Motion. *Id.*

2. <u>The Settlement Agreement Is Fair, Reasonable, And Adequate Because It Was Negotiated At Arm's Length And None Of The Typical Causes For An Unfairness Determination Apply.</u>

Because the Settlement Agreement was negotiated at arm's length, it is presumed to be

reasonable. *See Blackman v. District of Columbia*, 454 F. Supp. 2d 1, 8 (D.D.C. 2006); *In re*

*Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 104 (D.D.C. 2004). Courts have recognized

several factors that negate the presumption of reasonability, but none of these factors apply here.

This settlement is reasonable because there is no imbalance between the class's recovery

and attorneys fees. Courts have found settlements to be unreasonable where the class members

receive minimal benefits while the class counsel receives substantial attorneys fees. *See, e.g.,*

*Sylvester v. CIGNA Corp.,* 369 F. Supp. 2d 34, 52-53 (D. Me. 2005) (rejecting a proposed

settlement agreement in part because class members would receive only 13 percent of the

4

settlement amount, while plaintiffs' attorneys stood to receive 36 percent of it in fees); *Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15, 31-32 (D. Conn. 1997) (rejecting a proposed settlement agreement in part because class members would receive "practically worthless" coupons, while named plaintiffs and class counsel stood to receive actual payment). Here, class members will receive all monetary benefits of the settlement, both through the $30,000 settlement fund and through injunctive relief whereby they will receive a higher wage for all future eviction work performed. The settlement protects the class because named plaintiffs receive the same benefit as each of the other class members and plaintiffs' counsel is working *pro bono* and will not seek attorneys fees from the funds the A 1 Defendants provide.

The settlement also protects the class because it only releases the claims of contributing defendants and does not create conflicts between the named plaintiffs and other class members. Courts have also found settlements to be unreasonable where they release claims against defendants who did not contribute to the settlement or release claims of class members who received substantially less compensation than named plaintiffs. *See, e.g., In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870, 878 (6th Cir. 2000) (rejecting a settlement that released from liability a parent company that did not contribute to the settlement); *Molski v. Gleich*, 318 F.3d 937, 954 (9th Cir. 2003) (rejecting a settlement under which the class members received "nothing" while the named plaintiff received compensation for his injury). Here, the Settlement Agreement requires a contribution from the A-1 Defendants and settles only the claims against the A 1 Defendants. Moreover, the Settlement Agreement provides no additional compensation for the named plaintiffs beyond that received by all class members. The proposed Settlement Agreement does not raise any issues that negate the presumption of reasonability, and therefore the Court should reconsider its finding that the settlement is unfair, unreasonable, and inadequate.

3.      Because The Class Is Conditionally Certifiable, Including As A Settlement
        Class, The Court Should Preliminarily Approve It Or Choose Another
        Alternative To Denial.

The Settling Parties initially intended to submit their Preliminary Approval Motion

simultaneously with plaintiffs' motion for class certification.  Status Conference Tr. 4:3-4:17,

March 5, 2007.[1]  However, at the March 27, 2007 Status Conference, the Court bifurcated the

class certification process: the Court postponed class certification for the overall litigation until

August, but ordered the Settling Parties to submit their Preliminary Approval Motion (which

under Rule 23(e) requires class certification) within six days.  While the Settling Parties do not

know what role, if any, this bifurcation played in the Court's denial of the Preliminary Approval

Motion, the Court need not have rejected the Settlement Agreement on the grounds that it

required preliminary approval of a class.

Preliminary approval of a settlement in a class action requires only preliminary approval

of the "certifiability" of an underlying class.  MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.633

(2004).  In fact, the "certification hearing and the preliminary fairness evaluation can usually be

combined."  *Id.* § 21.632.  Alternatively, courts may choose only to certify a class specific to the

settlement.  *See, e.g., Diamond Chem. Co. v. Akzo Nobel Chems. B.V.*, 205 F.R.D. 33, 34

(D.D.C. 2001) (certifying the "Akzo Settlement Class" but only "conditionally," as such a class

is void if the settlement terminates); *In re Vitamins Antitrust Litig.*, 2001 WL 856290, at *1

(D.D.C. 2001) (noting that court had granted preliminary approval of a class settlement and

certified the settlement class).  Where review of a settlement agreement requires approval of a

settlement class, courts often consider the class approval preliminary as well, and grant the class

only conditional certification subject to further scrutiny at the fairness hearing stage.  *See*, *e.g.*,

---

[1] "[The Settling Parties] intend to present this settlement to the Court for approval concurrent
with our class certification Motion. . . . [To a]pprov[e] a settlement in this case, which is a class
action, the Court is going to have to decide whether the class is appropriate.  And since it's many
of the same questions that the Court will be addressing when certifying the litigated class, we
figured it would save the Court significant resources if it only had to decide the issue one time
instead of deciding first the settlement of the class and, later, a litigated class."  *Id.*

*Vista Healthplan, Inc. v. Bristol-Myers Squibb Co.*, 266 F. Supp. 2d 44 (D.D.C. 2003); *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 347 (S.D.N.Y. 2005) ("Courts have frequently certified settlement classes on a preliminary basis, at the same time as the preliminary approval of the fairness of the settlement, and solely for the purposes of settlement, deferring final certification of the class until after the fairness hearing.").[2]

The Settling Parties remain confident that the proposed class is certifiable because it satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, as well as the requirements under both Rule 23(b)(1) and Rule 23(b)(2). *See* Preliminary Approval Motion at 15-27, March 30, 2007. The Settling Parties believe that the Court has sufficient information to make at least a conditional certification of the settlement class. However, if the Court does not have sufficient information to certify the settlement class, the Court has several options besides entirely rejecting the proposed Settlement Agreement, including deferring its decision until litigation reaches the class certification stage or directing the parties to provide further information or satisfy certain objections. *See, e.g., Freeport Partners, L.L.C. v. Allbritton*, 2006 WL 627140 (D.D.C. 2006), at *4 (preliminarily certifying a settlement class after previously directing the parties to provide additional information regarding the typicality requirement of Rule 23(a)(3)).

Like the class itself, the notice plan, schedule for the opt-out period and fairness hearing, and proposal regarding distribution of settlement funds set forth in the Preliminary Approval Motion are reasonable and effective. *See* Preliminary Approval Motion at 5, 23-27.

---

[2]     The *Denney* court also rejected the notion that the 2003 amendments to Federal Rule of Civil Procedure 23 eliminated conditional certification. *Denney*, 230 F.R.D. at 347-50. The court stated that before the fairness hearing, courts are "not in a good position to make a final decision as to settlement (and therefore certification), because the court has yet not heard any objections." *Id.* at 348. Settling defendants particularly rely on conditional certification, as they require the "free[dom] to oppose certification for litigation purposes if the settlement collapses." *Id.* at 349. The court therefore called conditional certification "an essential part of the settlement process, and an indispensable tool for the efficient management of complex litigation." *Id.* at 348.

Nevertheless, if the Court objects to any specific proposal set forth in the Preliminary Approval Motion, the Settling Parties are prepared to alleviate the Court's objections. By identifying specific concerns to be addressed or areas where the Court requires additional information to make a determination, the Court can avoid the undesirable situation of virtually forcing litigation upon parties who wish to settle. Conditionally certifying the settlement class until the fairness hearing avoids this undesirable outcome.

        B.       <u>In The Alternative, The Court Should Grant The Settling Parties' Motion For The Court's Guidance, So That The Parties May Revise The Agreement To Meet The Court's Approval.</u>

The Court's denial of the Preliminary Approval Motion without explanation unjustly and needlessly jeopardizes the Settlement Agreement as well as the potential for settlements with other defendants. Without guidance from the Court on the basis for the denial, the Settling Parties cannot determine the status of their Settlement Agreement, and the plaintiffs cannot conclude additional settlements with other defendants for fear of repeating the same errors that caused the Court to reject the first settlement. Accordingly, should the Court choose not to grant the Joint Motion for Reconsideration, it is respectfully requested that the Court provide the Settling Parties with a statement regarding the reasons for its denial of the Preliminary Approval Motion. Without this information, it is not possible for the Settling Parties to attempt to repair any substantive or procedural deficiencies contained in the Settlement Agreement. *See, e.g., Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 (9th Cir. 1999) (holding that a "motion for reconsideration or clarification" of district court's order was "a reasonable attempt to clarify" the basis for the district court's rulings, which the court "did not explain"). The Settling Parties need the Court's guidance to cure any defect in the proposed Settlement Agreement and resolve their dispute.

The guidance requested depends on the basis for the Court's denial. If the Preliminary Approval Motion lacks sufficient information, the Court may "direct counsel to provide additional information necessary to evaluate the proposed settlement," and the Settling Parties

will attempt to provide any information the Court requests.  *Freeport Partners,* 2006 WL 627140

at *5-6 (quoting MANUAL FOR COMPLEX LITIG., (FOURTH) § 21.632 (2004))).  Alternatively, if

there is a deficiency in the substance of the Settlement Agreement or the procedures outlined in

the Preliminary Approval Motion, the Settling Parties will, in good faith, try to renegotiate the

Settlement Agreement or redraft the Preliminary Approval Motion to meet the Court's

requirements.  *See, e.g.*, *In re Auction Houses Antitrust Litig.*, 2001 WL 170792, *18 (S.D.N.Y.

2001) (approving a settlement on condition that the parties renegotiate the release and valuation

provisions of the settlement agreement per instructions from the court).  The Settling Parties

want nothing more than to find a satisfactory resolution to this issue that is fair and reasonable

for the class members.  If the Court is dissatisfied with any aspects of the proposed settlement,

the Settling Parties earnestly request that the Court identify the problems so that this litigation

can be resolved.

     The Court need not identify such problems in writing, though that would be the Settling

Parties' preference.  At the Court's discretion, the Court could present its guidance orally at a

Case Status Conference.  Alternatively, if the Court decides that deferral is a better course than

denial of the Preliminary Approval Motion, the Court could simply enter a scheduling order for

the resubmission of the Preliminary Approval Motion at a later date and approve the previously

submitted stay as to the A 1 Defendants (Docket Item No. 70).  Regardless, any guidance that the

Court can give the Settling Parties to enable them to reach a final resolution of this matter would

be sincerely appreciated.  Without such guidance, the Settling Parties' only viable option is to

engage in active litigation against one another.

## **CONCLUSION**

     For the reasons stated above, the Court should approve the Settling Parties' Joint Motion

for Reconsideration of Preliminary Approval of Proposed Settlement and should certify the

proposed class, order the proposed notice, approve a disbursement from the settlement fund to

pay for notice, and schedule the proposed fairness hearing, as requested in the Preliminary

Approval Motion.  In the alternative, the Settling Parties respectfully request that the Court

provide guidance explaining its concerns with the proposed Settlement Agreement, so as to

enable the Settling Parties to attempt to take all steps necessary to correct any deficiencies

therein.


Dated:  April 17, 2007                                       Respectfully submitted,

**CLEARY GOTTLIEB STEEN &**          **MEYERS, RODBELL & ROSENBAUM,**
**HAMILTON LLP**                                  **P.A.**


____/s/ Lee F. Berger_____          _/s/ Gina Smith, with permission/LFB_
   Lee F. Berger (D.C. Bar # 482435)               Gina Smith (D.C. Bar # 449353)
   Matthew D. Slater (D.C. Bar # 386986)           6801 Kenilworth Avenue
   Larry C. Dembowski (D.C. Bar # 486331)          Suite 400
   2000 Pennsylvania Avenue, N.W.                  Riverdale Park, MD 20737-1385
   Suite 9000                                      Tel: (301) 699-5800
   Washington, D.C.  20006                          Fax: (301) 779-5746
   Tel: (202) 974-1646
   Fax: (202) 974-1999                             ATTORNEY FOR DEFENDANTS A 1
                                                    EVICTION SERVICES, INC. AND TANYA
ATTORNEYS FOR PLAINTIFFS                            SMITH

10