IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL**

Having reconsidered the Joint Motion for Preliminary Approval of Proposed Settlement and the Joint Memorandum of Law in Support of Plaintiffs', A 1 Eviction Services, Inc.'s, and Tanya Smith's Motion for Preliminary Approval of Proposed Settlement, and for good cause shown, the Court finds that the proposed settlement should be preliminarily approved and the proposed order should be entered.

It is, therefore, ORDERED that:

1.     The Court hereby preliminarily approves the proposed settlement as being fair, just, reasonable, and adequate, and finds it serves the best interests of the Class as a whole, subject to further consideration at the Fairness Hearing described below.

2.     The Court hereby conditionally certifies a settlement class defined as follows:

> All persons (homeless or otherwise) employed by one or more Defendants to perform eviction services and paid a sub-minimum wage (the "Class") at any time from September 5, 2002 to the Notice Date (the "Class Period").

3.      After considering plaintiffs' counsel's work investigating the Class's claims, counsel's experience in handling class action and antitrust claims, counsel's knowledge of applicable law, and the considerable resources plaintiffs' counsel has committed to representing the class, the Court hereby appoints plaintiffs' counsel Cleary Gottlieb Steen & Hamilton LLP as Class Counsel.

4.      A hearing (the "Fairness Hearing") shall be held before this Court on the date set forth below at the United States Courthouse, 333 Constitution Avenue, NW, Washington, D.C., to determine whether the proposed settlement of the claims against A 1 Eviction Services, Inc., and Tanya Smith on the terms and conditions provided for in the settlement agreement is fair, just, reasonable, and adequate as to the class and should be approved by the Court and whether final approval as provided in paragraph 6 of the settlement agreement should be granted.  The Court may adjourn the Settlement Hearing without further notice to members of the Class.

5.      The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice") and accompanying Exclusion Form and Objection/Appearance Form annexed as Exhibits A-1, A-2, and A-3 hereto and finds that dissemination of the Notice substantially in the manner and form set forth in Paragraph 6 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.      Plaintiffs' counsel are hereby authorized and instructed to administer dissemination of the Notice in the following manner:

a.      Fourteen days after the issuance of this Order (the "Notice Date"), plaintiffs' counsel shall cause a copy of the Notice substantially in the form annexed as Exhibit

2

A-3 hereto to be mailed by first class mail to all class members for whom plaintiffs' counsel can obtain a separate home address through reasonable efforts;

       b.     Not later than twenty days after the Notice Date, plaintiffs' counsel shall cause a copy of the Notice substantially in the form annexed as Exhibit A-1 hereto to be published on three consecutive days in the *Express* newspaper;

       c.     Not later than twenty days after the Notice Date, plaintiffs' counsel shall cause a copy of the Notice substantially in the form annexed as Exhibit A-1 hereto to be published in one edition of the *Street Sense* newspaper.

       d.     Not later than twenty days after the Notice Date, plaintiffs' counsel shall cause 4,000 copies of the Notice substantially in the form annexed as Exhibit A-2 hereto to be printed. Plaintiffs' counsel shall cause no fewer than 500 of such copies to be distributed to organizations in the Washington, D.C. area known to serve the homeless to be placed on prominent display. Plaintiffs' counsel shall cause the remaining copies to be distributed on no less than three occasions, on different days of the week, at the locations set forth in Exhibit C to this Order.

       e.     Not later than twenty days after the Notice Date, plaintiffs' counsel shall send by electronic mail to the organizations set forth in Exhibit B to this Order a copy of the Notice substantially in the form annexed as Exhibits A-2 and A-3 hereto, along with a request that the recipients disseminate the information in the notice to their clients.

       f.     On or before the Notice Date, plaintiffs' counsel shall cause an Internet website to be created and post on that website the Notice substantially in the form annexed as Exhibit A-3 hereto. Plaintiffs' counsel shall also cause the address of such website to be

3

included in all copies of the Notice. The website shall be maintained at least until the Fairness Hearing.

        g.     At least seven calendar days prior to the Fairness Hearing, plaintiffs' counsel shall file with the Court and serve on counsel for A 1 Eviction Services, Inc., and Tanya Smith proof, by affidavit or declaration, that distribution of the Notice as provided herein has been completed.

        8.     Class members who wish to exclude themselves from the settlement shall complete and submit Exclusion Forms (substantially in the form included in Exhibit A-3 hereto) within sixty days after the Notice Date (the "Notice Period"). Any class member who does not timely submit an Exclusion Form within the Notice Period shall be bound by all determinations and judgments in the litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

        7.     Any class member may appear and show cause, if he or she has any reason why the proposed settlement should or should not be approved as fair, just, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that no class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, unless an Objection/Appearance Form (substantially in the form included in Exhibit A-3 hereto), written objections, and copies of any papers and briefs, are received within the Notice Period by the National Coalition for the Homeless, 2201 P St. NW, Washington, D.C., 20037, and said objections, papers, and briefs are filed with the Clerk of the Court for the District of Columbia, at least seven calendar days before the Fairness Hearing. Any class member who does not make his or her objection in the manner provided shall be deemed to have waived such

objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement. Any class member may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. All class members who do not enter an appearance will be represented by Class Counsel.

9.    At the end of the Notice Period, counsel for plaintiffs and defendants shall have fourteen days (the "Comment Period") to respond to any comments or objections to the proposed settlement submitted by class members during the Notice Period.

10.    In accordance with the preceding, the following deadlines are established:

    a.    The Notice Date shall be _____, 2007.

    b.    The Notice Period shall close on _____, 2007.

    c.    The Comment Period shall close on _____, 2007.

    d.    The Fairness Hearing shall be held on _____, 2007 at ____.

11.    All proceedings as against A 1 Eviction Services, Inc., and Tanya Smith in this matter are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the settlement agreement. Pending final determination of whether the settlement should be approved, neither the named plaintiffs nor any class member, either directly, representatively, or in any other capacity, shall commence or prosecute against A 1 Eviction Services, Inc., or Tanya Smith any action or proceeding in any court or tribunal asserting any of the Released Claims (as defined in the settlement agreement).

12.    Plaintiffs' counsel shall be entitled to withdraw from the escrow account established under the settlement agreement and take title to an amount not to exceed $3,000 for the sole purpose of paying expenses actually incurred in connection with dissemination of the

Notice.  Plaintiffs' counsel shall file with the Court and accounting of any funds withdrawn from the escrow account demonstrating their expenditures seven calendar days prior to the Fairness Hearing.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the named plaintiffs nor any of their counsel shall have any obligation to repay to A 1 Eviction Services, Inc., or Tanya Smith the actual costs incurred in dissemination of the Notice.

13.    The Court may approve the settlement, with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

SO ORDERED.

Dated:  _____

_____
Richard J. Leon,
United States District Judge

## List of Persons to Be Notified (LCvR 7(k))

Matthew D. Slater
Lee F. Berger
Larry C. Dembowski
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Email: Mslater@cgsh.com
Email: Lberger@cgsh.com
Email: Ldembowski@cgsh.com

Gina Marie Smith
Myers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue
Riverdale, MD 20730
Email: gsmith@mrrlaw.net

Stephanie Dawn Kinder
The Law Office of Stephanie Kinder, P.A.
10 North Calvert Street
Suite 930
Baltimore, MD 21202
Email: skinder@epcounsel.com

David E. Fox
1325 Eighteenth Street, NW
Suite 103
Washington, D.C. 20036
Email: dfox159937@aol.com

Lloyd J. Eisenberg
Lloyd J. Eisenberg & Associates, P.A.
10632 Little Patuxent Parkway
Suite 430
Columbia, Maryland 21044

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Caroline Lanford
1112 48th St. N.E.
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

J. Wyndal Gordon
The Law Office of J. Wyndal Gordon, P.A.
10 North Calvert Street
Suite 930
Baltimore, MD 21202
Email: jwgaattys@aol.com

Platinum Realtor Service, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E., Apt. 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E., Apt. 24
Washington, D.C. 20019

# EXHIBIT A-1

# If You Worked on an Eviction

A Class Action Settlement May Affect Your Rights.
A federal court authorized this notice.
This is not a solicitation from a lawyer.

You may be affected by a proposed settlement in a class action lawsuit. The lawsuit alleges that the Defendants, who perform evictions in the Washington, D.C. metropolitan area, conspired to pay their workers less than the legal minimum wage. One Defendant Company, A 1 Eviction Services, Inc., and its owner, Tanya Smith, have agreed to settle claims against them. Plaintiffs continue to litigate vigorously against the other Defendants.

**Who is affected:** You are a Class Member if you worked for any of the Defendants sometime from September 5, 2002 to [notice date] and were paid less that the applicable federal and state minimum wages (at least $5.15 per hour, and more in some cases).

**What the settlement provides:** A 1 Eviction Services and Tanya Smith have agreed to (1) pay $30,000 to the Settlement Class, (2) pay each eviction worker they employ at least the applicable minimum wage in the future, and (3) refrain from conspiring with others to fix or suppress wages.

**What your options are:** You need not do anything at this time to remain a Class Member; you will be bound by the Settlement but eligible to share in proceeds from it. If you wish to pursue your own legal action against A 1 Eviction Services and Tanya Smith, you must exclude yourself from the Settlement. You may also object to the Settlement and speak at a hearing about its fairness.

**The deadline for exercising these options is [insert].** For instructions on how to do so, and for more information:
1. Calling the National Coalition for the Homeless at (202) 462-4822,
2. Visiting [insert website address] on the Internet, or
3. Writing to the National Coalition for the Homeless, 2201 P St. NW, Washington, DC, 20037.

# EXHIBIT A-2

# If You Worked on an Eviction

**Please Read this Legal Notice. A Proposed Class Action Settlement May Affect Your Rights.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

You may be affected by a settlement in a class action lawsuit. The lawsuit alleges that certain persons and companies who perform evictions in the Washington, D.C. metropolitan area paid their workers less than the Federal and state minimum wage, and conspired to do so, in violation of Federal and state antitrust laws.

The lawsuit is called Ashford et al. v. East Coast Express Eviction et al., No. 06-cv-1561 (RJL), and is in the United States District Court for the District of Columbia. One Defendant, A 1 Eviction Services, Inc., and its owner, Tanya Smith, have agreed to settle the claims against them. This notice summarizes your rights and options regarding the proposed settlement. More information is available at the website listed below. If you are included in the definition of the Class, you can remain part of the Class and be bound by the Settlement, or ask to be excluded and keep your right to sue A 1 Eviction Services and Tanya Smith.

**Are you affected?**

The Settlement applies only to persons who worked for one of the Defendants sometime from September 5, 2002 to [notice date] and were paid less than the applicable federal and state minimum wages, which was at least $5.15 per hour, and more in the District of Columbia and Maryland after certain dates. Defendants include East Coast Express Eviction, A 1 Eviction Services, Inc., A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lansford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, Irwin Staten, Choya Lord Rodriguez, and Vincent Crawford.

**What does the Settlement provide?**

A 1 Eviction Services and Tanya Smith have agreed to (1) pay $30,000 to the Settlement Class, (2) pay each eviction worker they employ at least the applicable minimum wage in the future, and (3) refrain from conspiring with others to fix or suppress wages. The Settlement also requires Class Members to give up future claims against A 1 Eviction Services and Tanya Smith arising out of the claims alleged in the lawsuit. The Settlement does not affect other Defendants, against whom the plaintiffs continue to vigorously litigate.

**Will I receive any payment from the Settlement?**

Maybe, but not right away. The money from the Settlement will be combined with money from any other settlements and recoveries. Once a Claims Administrator decides that there is sufficient money to distribute it fairly, or there is no prospect for further recovery, the Court will be asked to approve a plan for distributing money to Class Members. This plan may include direct payments, donating money to a charity that serves the homeless in the District of Columbia, or both.

**What about attorneys' fees?**

Attorneys for the Class are working on an unpaid or "pro bono" basis, but may, at a later date, seek Court approval of reasonable fees in the event of a judgment against additional Defendants. They also have applied to the Court for reimbursement from the Settlement fund for certain out-of-pocket expenses from the publication of this notice, and may apply for reimbursement or advancement of other reasonable litigation expenses.

**What are my options?**

You do not need to do anything at this time to continue as a Class Member. You will be eligible to share in the proceeds of the Settlement, but will also give up your right to file your own lawsuit against A 1 Eviction Services and Tanya Smith for the same legal claims in this case. If you do not want to be bound by the Settlement, you may exclude yourself from the Settlement Class, but must do so by filling out an Exclusion Form and mailing it with a postmark no later than [insert]. If you remain in the Settlement Class, you may object to or comment on the Settlement and ask to appear at a hearing on [insert], where the Court will consider whether to approve it, by filling out an Objection/Appearance Form and mailing it with a postmark no later than [insert].

Instructions for all of these options can be found in the full notice, which you can obtain by:

1. Calling the National Coalition for the Homeless at (202) 462-4822,
2. Visiting [insert website address] on the internet, or
3. Writing to the National Coalition for the Homeless, 2201 P St. NW, Washington, DC, 20037.

PLEASE DO NOT CONTACT THE COURT, A 1 EVICTION SERVICES, OR TANYA SMITH FOR INFORMATION.

**For more information, call the National Coalition for the Homeless at (202) 462-4822 or visit [insert website address].**

# EXHIBIT A-3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

# If you worked on an eviction, a class action settlement may affect your legal rights.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This notice describes a partial settlement of a class action lawsuit. The lawsuit alleges that certain persons and companies who perform evictions in the Washington, D.C. metropolitan area paid their workers less than what was required by Federal and state minimum wage laws, and conspired to do so, in violation of Federal and state antitrust laws.

You could be a member of the Settlement Class, and may be entitled to payments for damages, if you did eviction work for one of the Defendants at any time from September 5, 2002 to **[court-ordered notice date]** and were paid less than the legal minimum wage.

One Defendant Company, A 1 Eviction Services, Inc., and its owner, Tanya Smith, have agreed to settle the claims against them. They have agreed to pay $30,000 to the Settlement Class, pay each eviction worker they employ at least the applicable minimum wage in the future, and refrain from conspiring with others to fix or suppress wages paid to eviction workers. The Plaintiffs continue to vigorously litigate this lawsuit against the other Defendants.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS ACTION: | |
|---|---|
| Remain a Settlement Class Member by Doing Nothing | You do not need to do anything at this time to remain a Settlement Class Member. You will be bound by any decision of the Court regarding this settlement, and you will give up your rights against A 1 Eviction Services and Tanya Smith regarding the same legal claims in this case. |
| Exclude Yourself from the Settlement Class | If you exclude yourself from this action, you will not be eligible to receive any payments from the settlement, but this is the only option that will give you the freedom to pursue your own legal action against the A 1 Eviction Services and Tanya Smith for all of the claims in this case. |
| Object to or Comment on the Settlement | You may object to or comment on the settlement by writing to the Court. |
| Appear in Court | You or your attorney may appear before the Court, at a hearing about the fairness of the settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court overseeing this case, after hearing objections, still has to decide whether to give final approval to the Settlement.

1

| WHAT THIS NOTICE IS ABOUT |
|---|

### 1. Why has this notice been issued?

You have a right to know about the proposed partial Settlement and all of your options before the Court decides whether to approve the Settlement with A 1 Eviction Services and Tanya Smith.

This notice explains the lawsuit, the Settlement with A 1 Eviction Services and Tanya Smith, and your legal rights.

### 2. What is the lawsuit about?

The lawsuit, which has been filed in federal District Court in the District of Columbia, claims that the Defendants conspired to suppress the wages of eviction workers and, as a result, paid such workers less than what was required by various minimum wage laws. The lawsuit seeks both compensation for lost wages and punitive damages from the Defendants and injunctive relief to prevent them from committing the same violations of the law in the future, under the minimum wage and antitrust laws of the United States, Maryland, Virginia, and the District of Columbia and the common law of those states.

### 3. What is a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. All of these people make up the Class and are called Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Class Members share the proceeds of whatever monetary damages the Class recovers, but they give up their right to file individual lawsuits against the Defendants in the future for the same claims. U.S. District Court Judge Richard J. Leon is the judge overseeing this class action lawsuit.

| WHO THIS LAWSUIT INCLUDES |
|---|

### 4. How do I know if I am included in the Settlement?

You are a member of the Settlement Class if you worked on an eviction for any of the Defendants from September 5, 2002 to [notice date] and were paid less than what was required under the applicable federal and state minimum wage laws. The minimum that an eviction worker should have been paid depended on where he or she worked and when:

| If you worked in: | Sometime from: | Then you should have been paid at least: |
|---|---|---|
| The District of Columbia | September 5, 2002 to December 31, 2004 | $6.15 per hour and $24.60 per day |
| | January 1, 2005 to December 31, 2005 | $6.60 per hour and $26.40 per day |
| | January 1, 2006 to [notice date] | $7.00 per hour and $28 per day |
| Maryland | September 5, 2002 to February 15, 2006 | $5.15 per hour |
| | February 16, 2006 to [notice date] | $6.15 per hour |
| Virginia | September 5, 2002 to [notice date] | $5.15 per hour |

2

An eviction is when a tenant is legally forced to leave an apartment, house, condominium, office, or some other property. You worked on an eviction if you were ever hired to carry items out of a place where someone was being evicted, or if you spent time traveling to an eviction site or waiting there, in anticipation of doing work there.

### 5.   Who are the Defendants in this case?

The Defendants in this case are a group of companies and individuals who perform evictions in the Washington, D.C. metropolitan area, including East Coast Express Eviction, A 1 Eviction Services, Inc., A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, Irwin Staten, Choya Lord Rodriguez, and Vincent Crawford. Besides A 1 Eviction Services, Inc., and Tanya Smith, the Plaintiffs continue to vigorously litigate this lawsuit against the Defendants.

### 6.   What if I still do not know whether I am a Member of the Class?

If you still do not know whether you are included in the Class, you can gain additional information by calling the National Coalition for the Homeless at (202) 462-4822, visiting **[website address]** on the Internet, or writing to:

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

---

| WHAT THE SETTLEMENT DOES |
|---|

### 7.   What does the Settlement with A 1 Eviction Services and Tanya Smith provide?

A 1 Eviction Services and Tanya Smith have agreed to:

    a.   Pay $30,000 for the benefit of the Class;

    b.   Pay each eviction worker they hire at least the legal minimum wage for eviction work in the future; and

    c.   Refrain from conspiring or agreeing with any other person to pay employees less than the legal minimum wage or otherwise fix or suppress employee wages.

In exchange for these items, Settlement Class Members give up all rights against A 1 Eviction Services and Tanya Smith about the same legal claims involved in this case. This means that if you are a Settlement Class Member, you will not be allowed to bring your own lawsuit against A 1 Eviction Services and Tanya Smith in the future.

As part of the settlement, A 1 Eviction Services and Tanya Smith have further agreed to provide documents and witness testimony to attorneys for the Class Representatives to assist in continuing the case against the other Defendants.

### 8.   Why did the parties agree to this Settlement?

Although the Court has not decided whether the claims in the lawsuit are correct, A 1 Eviction Services and Tanya Smith have agreed with the Class Representatives to settle the lawsuit. That way, A 1 Eviction Services and Tanya Smith are able to avoid the risks and costs of trial, the case can be resolved for them, and the benefits of the Settlement can be made available to the

Settlement Class Members. The Class Representatives and their attorneys believe that the proposed Settlements are fair and benefit all Class Members. The case will continue on against the remaining Defendants.

### 9. Will I receive any money from the Settlement?

If you are a class member, you may receive money from this settlement. The money from the Settlement will be combined with money from any other settlements or recoveries that may occur. Once the Claims Administrator decides that there is sufficient money to distribute fairly to the Settlement Class or that there is no prospect for further recovery, the Class Representatives and Claims Administrator will request the Court to approve a plan for disbursing the money to the Settlement Class. That disbursement plan may include disbursing money directly to Settlement Class Members who participate in a claims process, donating the money to a charity that serves the homeless in the District of Columbia, or both.

---

### HOW TO EXCLUDE YOURSELF FROM THE CLASS AND SETTLEMENT

---

If you do not want to be a member of the Settlement Class, or if you want to be able to bring your own suit or be part of a different lawsuit against A 1 Eviction Services or Tanya Smith involving the same claims in this lawsuit, then you must take steps to remove yourself from the Settlement Class. This is called "excluding yourself" and sometimes is referred to as "opting out" of the Class.

### 10. How do I exclude myself from the Settlement Class and the Settlement?

To exclude yourself, you have two options. First, you can fill out and send in the PINK form found at the end of this notice. You must fill out all of the required fields on the form. Once you have filled out the form, **you must then mail the completed form with your signature, by first-class mail postmarked no later than _____[court ordered submission deadline], to:**

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

You cannot exclude yourself by phone or email. If you file a form asking to be excluded, you will not be entitled to any money from the Settlement with A 1 Eviction Services and Tanya Smith. In addition, if you ask to be excluded, you cannot object to the Settlement from which you chose to be excluded, and you will not be legally bound by the release of claims against A 1 Eviction Service and Tanya Smith.

---

### WHO REPRESENTS YOU IN THIS LAWSUIT

---

### 11. Do I have a lawyer in this case?

A law firm named Cleary Gottlieb Steen & Hamilton LLP represents the Class as a whole in this case (the attorneys representing the Class are also referred to as "Plaintiffs' Counsel" or "attorneys for the Class Representatives" or "attorneys for the Settlement Class"). You will not be charged for the services of these attorneys in litigating this case and negotiating the Settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. How will the lawyers be paid?

Attorneys for the Class have undertaken this litigation on an unpaid or "pro bono" basis. However, Plaintiffs' Counsel may, at a later time, seek Court approval of an award of reasonable attorneys' fees in the event of a judgment against the Defendants. Plaintiffs' Counsel have applied to the Court for reimbursement from the settlement funds paid by A 1 Eviction Services and Tanya Smith of certain out-of-pocket expenses related to the publication and provision of this notice and may make an application for reimbursement or advancement of future reasonable litigation expenses. The Court can approve or deny such a request.

### 13. Can my own lawyer appear before the Court in this case?

Yes. You have the right to appear through counsel in this lawsuit, though any lawyer you hire will be at your own expense. If you wish to make an appearance through counsel, fill out and send in the YELLOW form at the end of this notice.

---

| HOW TO OBJECT TO OR COMMENT ON THE SETTLEMENT |
|---|

### 14. If I do not like the Settlement, or want to voice some other opinion about it, how do I tell the Court?

If you are a Settlement Class Member, and choose to remain one, you can object to the Settlement if you do not like any part of it. You must give the reasons why you think that the Court should not approve it. A mere statement that "I object" will not be a sufficient reason or objection. To object or make some other comment, fill out and send in the YELLOW form at the end of this notice along with a written explanation of the basis for your objection.

### 15. What is the difference between objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class, and if the Court approves the Settlement, you will still be bound by it. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

---

| THE COURT'S FAIRNESS HEARING |
|---|

The Court will hold a hearing to decide whether to approve the Settlement. You may attend the hearing, but you are not required to. You may speak at the hearing, but only if you have submitted your comments or objections as provided in Paragraph 15 of this Notice.

### 16. When and where will the Court consider whether to approve the Settlements?

The Court will hold a hearing at _____[time] on _____[date], in Courtroom 18 at the United States District Court for the District of Columbia, which is located at 333 Constitution Avenue, NW, Washington, D.C. At this hearing, Judge Leon will consider whether the Settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.

### 17. Do I have to come to the hearing?

No. The attorneys for the Settlement Class will answer any questions Judge Leon may have. However, you may attend at your own expense. If you send a written objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay for your own lawyer to attend.

### 18. May I speak at the hearing?

You will not be heard unless you have submitted your objection as provided in Paragraph 15 of this Notice and have stated in writing that you wish to be heard at the fairness hearing.

You cannot speak at the hearing if you exclude yourself.

---

| IF YOU TAKE NO ACTION |
| --- |

### 19. What happens if I do nothing at all? What is the Release of Claims?

If you do nothing, your rights will be affected. You will be bound by the terms of the Settlement with A 1 Eviction Services and Tanya Smith, and you will be agreeing to the Release of Claims contained in Paragraph 2 of the Settlement Agreement with A 1 Eviction Services and Tanya Smith. Copies of the settlement agreement may be obtained by visiting **[website address]**. By agreeing to the Release of Claims, you will be giving up your right to sue A 1 Eviction Services and Tanya Smith for the same legal claims at issue in this lawsuit.

---

| GETTING MORE INFORMATION |
| --- |

### 20. How can I get more information on the case? How can I get more information on the Settlement?

This notice merely summarizes the lawsuit and the proposed Settlement with A 1 Eviction Services and Tanya Smith. You can download copies of the Settlement Agreement and additional court documents, as well as review answers to frequently asked questions ("FAQs"), by calling National Coalition for the Homeless at (202) 462-4822, visiting **[website address]** on the Internet, or writing to:

> National Coalition for the Homeless
> 2201 P St. NW
> Washington, DC 20037

| Summary of Options, Forms, Deadlines, and Consequences | | | |
|---|---|---|---|
| **If you want to:** | **File this form:** | **Postmarked or delivered by this date:** | **Then:** |
| Exclude yourself from the Settlement (see page 4) | PINK FORM (Exclusion Form) | [insert] | You will:<br>• not share in any money recovered by the Class; and<br>• be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |
| Object to or comment on the Settlement, and/or enter an appearance for you or your attorney (see page 5) | YELLOW FORM (Objection/ Appearance Form) | [insert] | You will:<br>• be bound by the proposed Settlement if the Court approves it;<br>• have an opportunity to speak at the Fairness Hearing;<br>• be eligible to share in money recovered in the Settlement; and<br>• not be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |
| Remain a member of the Settlement Class and not submit an objection or comment | No Form | | You will:<br>• be bound by the proposed Settlement if the Court approves it; and<br>• be eligible to share money recovered in the Settlement;<br>• not have an opportunity to speak at the Fairness Hearing; and<br>• not be free to pursue your own legal action against A 1 Eviction Services and Tanya Smith. |

7

**PINK FORM**
**PAGE 1 of 2**

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

Harry Jakeyia Ashford et al., individually and
on behalf of all others similarly situated,
*Plaintiffs,*

v.                                                    Civil Action No. 06-cv-1561 (RJL)
                                                        Hon. Richard J. Leon

East Coast Express Eviction et al.,
*Defendants.*

---

**EXCLUSION FORM**
(see page 4 of notice)

> File this form if you want to exclude yourself from the settlement with A 1 Eviction
> Services, Inc., and Tanya Smith.  If you file this form, do not file any other form.
> **This form must be mailed to the following address and postmarked no later than
> _____[court ordered submission deadline]:**
>
>                     National Coalition for the Homeless
>                     2201 P St. NW
>                     Washington, DC 20037

I have received the Notice of the proposed Class Action Settlement, and do **NOT** wish to
remain a member of the settlement class in the case of Ashford v. East Coast Express
Eviction, Civil Action No. 06-cv-1561 (RJL), in the United States District Court for the
District of Columbia, regarding the Settlement with A 1 Eviction Services, Inc., and
Tanya Smith.

I understand that by signing and mailing this form:

**CONTINUE TO THE NEXT PAGE**

- I will <u>not</u> receive any of the monetary benefits of the proposed settlement as described in the Notice; and

- I may pursue, at my own expense, whatever claims I may have against A 1 Eviction Services, Inc., and Tanya Smith. I understand that I would have to prove any claim I might file, and that any claim would be subject to any defenses A 1 Eviction Services, Inc., or Tanya Smith might have.

Your signature: _____

Date: _____

**Please type or print:**

Your full name: _____

Your address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____

**YELLOW FORM**
**PAGE 1 of 3**

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Harry Jakeyia Ashford et al., individually and
on behalf of all others similarly situated,
*Plaintiffs*,

v.                                                    Civil Action No. 06-cv-1561 (RJL)
                                                      Hon. Richard J. Leon

East Coast Express Eviction et al.,
*Defendants*.

---

## OBJECTION/APPEARANCE FORM
(see page 5 of notice)

File this form if you want to object to or comment on the proposed Settlement with
A 1 Eviction Services, Inc., and Tanya Smith, and if you want to appear at the
Fairness Hearing. Then attach a written statement to this form, explaining your
objections or comments. **You must submit the written statement of your
objections or comments for you or your attorney to appear at the hearing.** A
copy of this form and your written statement must be mailed to **BOTH** of the
following addresses, postmarked no later than _____[**court ordered
submission deadline**]:

Nancy Mayer-Whittington                National Coalition for the Homeless
Clerk of the Court                     2201 P St. NW
Clerk's Office                         Washington, DC 20037
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Counsel for Plaintiffs will ensure that all forms received will be served on all
Defendants.

**CONTINUE TO THE NEXT PAGE**

**YELLOW FORM**
**PAGE 2 of 3**

By submitting this form, I am objecting to or commenting on the proposed class action settlement in this case. I understand that the Court will consider the fairness of the proposed settlement at a hearing on _____ **[date]** at _____ **[time]**, in Courtroom 18 at the United States District Court for the District of Columbia, which is located at 333 Constitution Avenue, NW, Washington, D.C.

Select **one** of the following.

_____ 1. I will appear at the hearing.

_____ 2. My attorney will appear at the hearing.

_____ 3. I will not appear at the hearing.

Your signature: _____

Date: _____

**Please type or print:**

Your full name: _____

Your address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____

**CONTINUE TO THE NEXT PAGE**

**YELLOW FORM**
**PAGE 3 of 3**

> If you indicated that an attorney will appear at the hearing for you (option #2 above), you must fill out the following information.  If you did not select option #2 above, you may skip this section.

**Please type or print:**

Your attorney's name: _____

Address: _____

_____

City, State: _____

Zip code: _____

Telephone: _____

Email address: _____

> Remember to:
>
> 1. Attach this form to your written statement of your objections or comments.
>
> 2. Mail a copy to **both** addresses listed on Page One of this form, **postmarked no later than** _____[**court ordered submission deadline**].

# EXHIBIT B

## Homeless Service Organizations to Receive Notice by Electronic Mail

### District of Columbia

Bethany Women's Center
1333 N Street, NW
Washington, DC
www.nstreetvillage.org

Bread for the City
1525 Seventh Street, NW
Washington, DC
www.breadforthecity.org

Bright Beginnings, Inc.
128 M Street, NW
Suite 150
Washington, DC
www.brightbeginnings.org

Calvary Women's Services
928 5th Street, NW
Washington, DC
www.calvaryservices.org

Catholic Community Services of DC
924 G Street, NW
Washington, DC
www.ccs-dc.org

Central Union Mission (Men)
1350 R Street, NW
Washington, DC
www.missiondc

CCNV (Men and Women)
425 2nd Street, NW
Washington, DC
http://users.erols.com/ccnv/

Coalition on Human Needs
1120 Connecticut Avenue, NW
Suite 910
Washington, DC
www.chn.org

Community Council for the Homeless
At Friendship Place
4713 Wisconsin Avenue, NW
Washington, DC
www.cchfp.org

Community Family Life Services
305 E Street, NW
Washington, DC
www.cflsdc.org

Community of Hope (Family)
1413 Girard Street, NW
Washington, DC
www.communityofhopedc.org

Christ House
1717 Columbia Rd., NW
Washington, DC
www.christhouse.org

Charlie's Place
1830 Connecticut Avenue, NW
Washington, DC
www.stmargaretsdc.org/charliesplace

Church of the Pilgrims
2201 P Street, NW
Washington, DC
www.churchofthepilgrims.org

DC Coalition for the Homeless
1234 Massachusetts Avenue, NW
Washington, DC
www.dccfh.org

Dinner Program for Homeless Women
AND the "9:30 Club" Breakfast
309 E Street, NW
Washington, DC
www.dphw.org

DC Village (Family)
2-A DC Village Lane, SW
Washington, DC
www.dccfh.org/DCVillage.html

Food and Friends
219 Riggs Road, NE
Washington, DC
www.foodandfriends.org

Foundry Methodist Church
1500 16th Street, NW
Washington, DC
www.foundryumc.org

Friendship House
619 D Street, SE
Washington, DC
www.friendshiphouse.net

Georgetown Ministry Center
1041 Wisconsin Avenue, NW
Washington, DC
www.georgetownministrycenter.org

Gospel Rescue Ministries (Men)
810 5th Street, NW
Washington, DC
www.grm.org

Hermano Pedro Day Center
3211 Sacred Heart Way, NW
Washington, DC
www.ccs-dc.org

Housing Assistance Council
1025 Vermont Avenue, NW
# 606
Washington, DC
www.ruralhome.org

JHP, Inc. (Jobs and Housing)
1526 Pennsylvania Avenue, SE
Washington, DC
www.jobshavepriority.org

John Young Center (Women)
117 D Street, NW
Washington, DC
www.ccs-dc.org/find/services

Jubilee Jobs
1640 Columbia Road, NW
Washington, DC
www.jubileejobs.org

Martha's Table
2114 14th Street, NW
Washington, DC
www.marthastable.org

Miriam's Kitchen
2401 Virginia Avenue, NW
Washington, DC
www.miriamskitchen.org

National Coalition Against Domestic
Violence
1120 Lincoln Street
#1603
Washington, DC
www.ncadv.org

National Coalition on Black Civic
Participation
1025 Vermont Avenue, NW
#1010
Washington, DC
www.ncbcp.org

National Policy and Advocacy Council
K Street, NW
Suite 210
Washington, DC
www.npach.org

National Rural Housing Coalition
1250 Eye Street, NW
Suite 902
Washington, DC
www.nrhcweb.org

N Street Village (Women)
1333 N Street, NW
Washington, DC
www.nstreetvillage.org

Samaritan Ministry
1516 Hamilton Street, NW
Washington, DC
www.samaritanministry.org

Sasha Bruce Youthwork
741 8th Street, SE
Washington, DC
www.sashabruce.org

So Others Might Eat (SOME)
71 "O" Street, NW
Washington, DC
www.some.org

St. Luke's Episcopal Church
1514 15th Street, NW
Washington, DC

Travelers Aid International
1612 K Street, NW
Washington, DC
www.travelersaid.org
www.stlukesdc.edow.org

Travelers Aid, Union Station
50 Massachusetts Avenue, NE
Washington, DC
www.travelersaid.org/ta/dc.html

Unity Health Care, Inc.
3020 14th Street, NW
Washington, DC
www.unityhealthcare.org

Virginia Williams Resource Center
25 M Street, SW
Washington, DC
www.dccfh.org/VirginiaHse.html

Washington Legal Clinic for the Homeless
1200 U Street, NW
Washington, DC
www.legalclinic.org

The Welcome Table
Church of the Epiphany
1317 G Street, NW
Washington, DC
http://www.epiphanydc.org/ministry/welco
metbl.htm

Whitman-Walker Clinic
1407 S Street, NW
Washington, DC
www.wwc.org


**Maryland**

Bethesda Cares
7728 Woodmont Church
Bethesda, MD
www.bethesdacares.com

Catholic Charities, Maryland
12247 Georgia Avenue
Silver Spring, MD
www.catholiccharitiesdc.org

Community Clinic, Inc.
8210 Colonial Lane
Silver Spring, MD
www.cciweb.org

Community Ministry of Montgomery
County
114 W. Montgomery Avenue
Rockville, MD
www.communityministry.org

Community Place Café
311 68th Place
Seat Pleasant, MD
www.cmpgc.org

Manna Food Center
614-618 Lofstrand Lane
Rockville, MD
www.mannafood.org

Mission of Love
6180 Old Central Avenue
Capitol Heights, MD
www.molinc.org

Mobile Medical Care, Inc.
9309 Old Georgetown Road
Bethesda, MD
www.mobilemedicalcare.org

Warm Night Shelter
311 68th Place
Seat Pleasant, MD
www.cmpgc.org

**Virginia**

Abundant Life Christian Outreach
5154 Eisenhower Avenue
Alexandria, VA
www.anchor-of-hope.net

Alive, Inc.
2723 King Street
Alexandria, VA
www.alive-inc.org

Arlington-Alexandria Coalition for the
Homeless
3103 Ninth Road North
Arlington, VA
www.aachhomeless.org

Arlington Free Clinic
3833 N Fairfax Drive
#400
Arlington, VA
www.arlingtonfreeclinic.org

Carpenter's Shelter
930 N. Henry Street
Alexandria, VA
www.carpentersshelter.org

David's Place Day Shelter
930 North Henry Street
Alexandria, VA
www.carpentersshelter.org

Legal Services of Northern Virginia
6066 Leesburg Pike
Suite 500
Falls Church, VA
www.lsnv.org

Our Daily Bread
10777 Main Street
Suite 320
Fairfax, VA
www.our-daily-bread.org

4

# EXHIBIT C

**<u>Residential Shelters and Soup Kitchens for Information Sessions</u>**

So Others Might Eat (SOME)
71 "O" Street, NW
Washington, DC

801 East, St. Elizabeth Hospital
2700 MLK Avenue, SE
Washington, DC

New York Ave Shelter
1355-57 New York Avenue, NE
Washington, DC