IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 1:06cv1561 |
| v. ) | |
| ) | Judge: Richard J. Leon |
| **EAST COAST EXPRESS EVICTION, et al.,** ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS, RESPONSE AND ANSWER OF DEFENDANT IRWIN STATEN**

Comes now Defendant Irwin Staten (Staten), by counsel, David Fox, and for his Motion To Dismiss, Response And Answer to Plaintiffs' Complaint states:

1. Defendant Staten objects to the designation of this action as a "Class Action".

2. Defendant Staten objects to jurisdiction and venue and moves to dismiss for improper jurisdiction and venue. Defendant Staten further denies that this action is properly under the Clayton Act, 15 U.S.C. §§ 15(a) and 26 and here moves to dismiss all charges brought under that act.

3. Defendant Staten has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "PARTIES", paragraphs 5 through 18, inclusive, and paragraph 20, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold plaintiff to its proof.

4. Defendant Staten denies the characterization that Butch Enterprises, Inc. (Butch), is "an eviction services company". Defendant Staten admits that the Butch, address, principal place of business address and state of incorporation, and that it performs eviction work for customers in the D.C. Metro area.

5. Defendant Staten denies all "Class Action Allegations" contained in paragraphs 21

through 27, inclusive in toto.

6.  Defendant Staten has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "FACTS", paragraphs 28 through 35, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs, but will hold plaintiff to its proof, and, further, Defendant Staten denies that Butch has a policy of exclusively hiring homeless persons as set out in paragraph 35.

7.  Defendant Staten has no knowledge of the matters set out in the section of Plaintiffs' Complaint designated, "Defendants Hire Primarily Homeless Workers To Perform Evictions", paragraphs 36 through 44, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Staten denies that Butch has a policy of exclusively hiring homeless persons as employees, holding them against their will and then failing to pay them any money due them, as described and alleged in the above paragraphs 36 through 44.

8.  Defendant Staten denies the material relating to the so-called "minimum wage" law set out in paragraphs 45 through 51, inclusive, and suggests that plaintiffs allegations and thumbnail characterizations of laws relating to "minimum wage" either misrepresents the law or is incomplete as to the over-all law in each jurisdiction described, and irrelevant to any claim plaintiffs may have.

9.  Defendant Staten denies paragraph 52 in toto, including, but not limited to the extent to which it mis-characterizes independent contract workers as employees.

10.  Defendant Staten denies paragraph 53.

11.  Defendant Staten denies paragraph 54 in toto, including, but not limited to the

suggestion that any plaintiff in this action has stated or shown in this Complaint a right or a basis for any such right under law to compensation for 'travel time' or 'waiting time'.

12. Defendant Staten has no knowledge of the matters set out in paragraphs 55 and 56, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Staten admits only that Butch maintains such business records as are required by state or federal law.

13. Defendant Staten has no knowledge of the matters set out in paragraphs 57 through 65, inclusive, and therefore can neither accept nor deny the allegations contained in those paragraphs with regard to plaintiffs or other defendants, but will hold plaintiff to its proof, and, further, Defendant Staten asks that this Court sever any action relating to plaintiffs or other defendants as set out in paragraphs 57 through 65, inclusive, since there is no allegation in any part of any of those paragraphs that relates in any way to Defendant Staten, and having Defendant Staten appear as a defendant in a portion of this action that has nothing to do with Defendant Staten would be unnecessarily prejudicial to Defendant Staten and would operate to Defendant Staten's detriment without any legal purpose or justification.

14. Defendant Staten denies in toto paragraphs 66 through 129, inclusive.

15. Plaintiffs' claims against Defendant Staten are barred by applicable statutes of limitations.

16. Plaintiffs' claims against Defendant Staten are barred by laches, estoppel or warranty.

17. Plaintiffs' Complaint fails to state a claim by which relief may be granted.

WHEREFORE, defendant Irwin Staten here moves that plaintiffs' Complaint be dismissed, or, in the alternative, that any and all claims against Defendant Irwin Staten, be severed from all other claims and set for a separate trial.

Respectfully submitted,

_____/s/_____
David E. Fox, Esq.
*Attorney for Defendant Irwin Staten*
1325 Eighteenth Street, NW, Suite 103
Washington, D.C.  20036
(202) 955-5300

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD, et al.,** ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No.: 1:06cv1561 |
| v. ) | |
| ) | Judge: Richard J. Leon |
| **EAST COAST EXPRESS EVICTION, et al.,** ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion To Dismiss, Response And Answer Of Defendant Irwin Staten, was sent electronically/hand delivered/mailed, postage prepaid to:

Matthew D. Slater, Esq.
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1801,

this __1st__ day of __May__, 2007.

/s/
David E. Fox, Esq.