## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| Harry Jakeyia Ashford, Kirk Douglas ) | |
| Greene, Anthony Forte, Hassan Gerald ) | |
| Shakur, Sandy Theodore Green, Alvin ) | |
| Eugene Dozier and Donald Brooks ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, A 1 Eviction ) | |
| Services, A & A Cardinal Eviction, All ) | |
| American Eviction Company, Butch ) | |
| Enterprises, Inc., Big Time Movers, ) | |
| Platinum Realtor Services, Inc., Crawford ) | |
| & Crawford, Caroline Lanford, ) | |
| Tanya Smith, Nelson Terry, Robert "Bob" ) | |
| Ward, I. Staten, Choya Lord Rodriguez and ) | |
| Vincent Crawford and John Doe 1 ) | |
| ) | |
| *Defendants*. ) | |

_____)


**PLAINTIFFS' OPPOSITION TO DEFENDANT IRWIN STATEN'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

I.  MR. STATEN'S SECOND MOTION TO DISMISS IS UNTIMELY AND PROCEDURALLY IMPROPER................................................................................ 2

II.  THE COURT HAS SUBJECT MATTER JURISDICTION............................................ 2

III.  THE COURT HAS PERSONAL JURISDICTION OVER MR. STATEN UNDER D.C. LAW AND THE CLAYTON ACT. ......................................................... 3

IV.  VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED HERE. ............................................... 5

V.  THE AMENDED COMPLAINT STATES CLAIMS UPON WHICH THIS COURT MAY GRANT RELIEF. ........................................................................................ 6

    A.  The amended complaint fulfills the pleading requirements of the Federal Rules of Civil Procedure. ...................................................................... 6

    B.  The amended complaint states claims under the minimum wage laws. ............... 6

    C.  Plaintiffs have stated claims under federal and state antitrust laws...................... 9

    D.  The amended complaint states a claim for unjust enrichment............................. 10

    E.  The amended complaint states a claim for quantum meruit recovery. ................ 11

    F.  Plaintiffs' claims are not time-barred. ................................................................. 12

VI.  MR. STATEN HAS STATED NO VALID REASON FOR SEVERING CLAIMS AGAINST HIM FROM CLAIMS AGAINST OTHER DEFENDANTS....................... 13

VII.  OTHER ISSUES RAISED IN MR. STATEN'S MOTION TO DISMISS ARE NOT APPROPRIATE FOR RESOLUTION AT THIS STAGE IN THE PROCEEDINGS. ... 14

CONCLUSION............................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993) ..................................8

*Conley v. Gibson*, 355 U.S. 41 (1957) ........................................................................................12

*\*Diamond Chem. Co., Inc. v. Atofina Chems., Inc.* 268 F. Supp. 2d 1 (D.D.C. 2003) ................12

*Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841 (D.D.C. 1996) ..................................17

*Fed. Trade Comm'n v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411 (1990)......................16

*Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28 (1961) ......................................................14

*GTE New Media Servs., Inc.  v. Bellsouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000) .....................11

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ..................................10

*Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487 (D.C. Cir. 1998)................................................17

*\*Henthorn v. Dep't of Navy*, 29 F.3d 682 (D.C. Cir. 1994) ..........................................................15

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)......................................................................11

*Morrison v. Int'l. Programs Consortium, Inc.*, 253 F.3d 5  (D.C. Cir. 2001) ..............................15

*Oceanic Exploration Co. v. ConocoPhillips, Inc.*, No. 04-CV-332 (EGS), 2006 WL
    2711527 (D.D.C. Sept. 21, 2006) ........................................................................................17

*Perles v. Kagy*, 362 F. Supp. 2d 195 (D.D.C. 2005)....................................................................17

*Randolph Eng'g Co. v. Fredenhagen Kommandit-Gelsellschaft*, 476 F. Supp. 1355 (W.D.
    Pa. 1979) ................................................................................................................................8

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947) ...........................................................14

*Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521 (D.C. Cir. 2001) ................11

*Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37 (D.D.C. 2002) ....................................................8

*\*Steiner v. Mitchell*, 350 U.S. 247 (1956) ...................................................................................14

*Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728 (RCL),
    1991 WL 212232 (D.D.C. Sept. 30, 1991) .........................................................................19

*United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965) ..............................................16

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ................................................... 10

*United States v. Silk*, 331 U.S. 704 (1947) ................................................................ 14

*United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150 (1940) ................................. 20

*United States v. Utah Soc. for Healthcare Human Res. Admin.*, 1994-2 Trade Cases ¶ 70,795 (D. Utah Sept. 14, 1994) ............................................................................ 16

*Virtual Defense and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9 (D.D.C. 2001) ............................................................................................................... 18

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........................... 11

## STATE CASES

*Belcher v. Kirkwood*, 238 Va. 430 (Va. 1989) ......................................................... 19

*Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151 (Md. 2004) ................................ 19

*Fred Ezra Co. v. Psychiatric Inst.*, 687 A.2d 587 (D.C. 1996) ................................. 19

*Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140 (D.C. 1985) .................................. 10

*In re Rich*, 337 A.2d 764 (D.C. 1975) ...................................................................... 17

## FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

15 U.S.C. § 1 ............................................................................................................ 16

15 U.S.C. § 15b ......................................................................................................... 18

*15 U.S.C. § 22 ..................................................................................................... 11, 12

29 U.S.C. § 203(s)(1)(A)(i) ........................................................................................ 13

29 U.S.C. § 203(s)(1)(A)(ii) ....................................................................................... 14

29 U.S.C. § 206(a)(1) ................................................................................................ 13

29 U.S.C. § 255 ......................................................................................................... 18

*28 U.S.C. § 1331 ........................................................................................................ 9

*28 U.S.C. § 1367 ........................................................................................................ 9

28 U.S.C. § 1391(b)(2) ...................................................................................12

Fed. R. Civ. P. 8 ...........................................................................................13

Fed. R. Civ. P. 12(b)(2) ..................................................................................8

Fed. R. Civ. P. 12(b)(6) ................................................................................12

*Fed. R. Civ. P. 12(g) ..................................................................................7, 8

*Fed. R. Civ. P. 12(h) ..................................................................................7, 8


## STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

D.C. Code § 12-301 .......................................................................................19

*D.C. Code § 13-423(a) .................................................................................10

D.C. Code § 28-4502 .....................................................................................16

D.C. Code § 28-4511 .....................................................................................18

D.C. Code § 32-1003(a)(2) ............................................................................13

D.C. Code § 32-1013 .....................................................................................18

D.C. Mun. Regs. title 7, § 907.1 ...................................................................13

Md. Code Ann., Com. Law § 11-204(a)(1) ...................................................16

Md. Code Ann., Com. Law § 11-209(d)(1) ...................................................18

Md. Code Ann., Cts. & Jud. Proc. § 5-101 ..............................................18, 19

Md. Code Ann., Lab. & Empl. § 3-413(b)(ii) ...............................................13

Va. Code Ann. § 40.1-28.10 ..........................................................................13

Va. Code Ann. § 59.1-9.5 ..............................................................................16

Va. Code Ann. § 59.1-9.14 ............................................................................18


## OTHER AUTHORITIES

Wright & Miller, 5C Fed. Prac. & Proc. Civ. 3d § 1385 .................................8

Authorities marked with an asterisk (*) are those on which plaintiffs chiefly rely.  *See* L.Cv.R. 7(a).

## INTRODUCTION

On December 20, 2006, Plaintiffs served Defendant Irwin Staten with their amended complaint.  On February 5, 2007, Mr. Staten filed a Motion to Dismiss for Lack of Jurisdiction. (Docket Item No. 66.)  On February 20, 2007, Plaintiffs filed their opposition to the motion.  On March 29, 2007, this Court issued a Minute Order denying Mr. Staten's Motion to Dismiss for Lack of Jurisdiction, and ordering Mr. Staten to answer plaintiffs' amended complaint by April 13, 2007.  On May 1, 2007, Mr. Staten served plaintiffs by mail with a Motion to Dismiss, Response and Answer, ("Staten Mot.") asserting, among other things, that (1) the Court has no jurisdiction over the case and/or Mr. Staten,[1] (2) venue in this Court is improper, (3) the claims asserted in this action are barred by applicable statutes of limitations, (4) the claims asserted in this action are barred by laches, estoppel or warranty, and (5) that the amended complaint does not state a claim for which relief may be granted.  (*See* Staten Mot. ¶¶ 2, 15, 16, 17.)  Mr. Staten is not entitled to bring a second motion to dismiss.  Fed. R. Civ. P. 12(g), (h).  In any event, Mr. Staten's arguments are entirely conclusory[2] and without merit, and the Court should deny Mr. Staten's motion to dismiss.

## ARGUMENT

### I.    MR. STATEN'S SECOND MOTION TO DISMISS IS UNTIMELY AND PROCEDURALLY IMPROPER.

Because Mr. Staten's second motion to dismiss was filed over four months after Mr. Staten was served with the amended complaint in this matter, Mr. Staten's second motion to dismiss is untimely.  In addition to being untimely filed, Mr. Staten's second motion to dismiss is

---

[1]    Mr. Staten's motion does not specify whether his objection relates to personal or subject matter jurisdiction.

[2]    Mr. Staten's motion contains no arguments; the motion simply lists various bases for dismissal.  Should Mr. Staten reply substantively, plaintiffs reserve their right to request leave to submit a surreply.

procedurally improper.  The general rule taken by courts and scholars from Fed. R. Civ. P. 12(g) and 12(h) is that a second motion to dismiss is not permitted.

> If the defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he or she is bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her.  This rule generally precludes a second motion based on any Rule 12 defense or objection that the defendant could have but neglected to raise in the original motion.

Wright & Miller, 5C Fed. Prac. & Proc. Civ. 3d § 1385.  Mr. Staten based his first motion to dismiss on an argument that the Court lacks personal jurisdiction (Fed. R. Civ. P. 12(b)(2)).  Mr. Staten's second motion to dismiss is based, in part, on these same grounds.

According to Fed. R. Civ. P. 12(g), if a party submits a motion to dismiss under rule 12, "but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted."  Rule 12(h)(1) provides that a defense of lack of jurisdiction over the person or of improper venue is waived if not raised in a motion to dismiss filed pursuant to Rule 12.  *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 40-41 (D.D.C. 2002) (denying motion to dismiss for lack of personal jurisdiction when that defense was not raised in first motion to dismiss and noting that, "[t]he Federal Rules of Civil Procedure . . . do not countenance [such] maneuvering"); *see also Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910 (5th Cir. 1993) (holding that district court erred by allowing second motion to dismiss on improper venue, a ground raised in first motion to dismiss); *Randolph Eng'g Co. v. Fredenhagen Kommandit-Gelsellschaft*, 476 F. Supp. 1355 (W.D. Pa. 1979) (denying second motion to dismiss for improper venue, a ground raised in first motion to dismiss, and noting that "[t]he policy concern underlying the consolidation requirement is violated whether the second motion raises a new Rule 12(b) defense or whether it raises a new theory supporting the original Rule 12(b)

2

defense").  By not raising the arguments made in this second motion to dismiss regarding personal jurisdiction and venue in their first motion to dismiss, Mr. Staten has waived those arguments.

## II.    THE COURT HAS SUBJECT MATTER JURISDICTION.

Mr. Staten has wrongly asserted that this Court lacks subject matter jurisdiction in this case.  (Staten Mot. ¶ 2.)  Under 28 U.S.C. § 1331, this Court is vested with original jurisdiction over "all civil actions arising under the . . . laws . . . of the United States."  Plaintiffs have brought this action under two federal statutes:  The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ., and the Clayton Act, 15 U.S.C. § 12 *et seq*.  (*See* Am. Compl. ¶¶ 95-101, 114-124.)  Thus, the Court has subject matter jurisdiction over this action.

Moreover, this Court has supplemental jurisdiction over the claims that arise under state laws.  Under 28 U.S.C. § 1367, this Court is vested with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The amended complaint asserts claims under the minimum wage statutes of the District of Columbia (Count I), Maryland (Count III), and Virginia (Count IV), under the antitrust statutes of these jurisdictions (Counts VII, VIII, and IX), and under state common law principles of unjust enrichment and *quantum meruit* (Counts X and XI).  The allegations supporting the claims under these state laws are the same as the allegations supporting the federal claims, namely the defendants' failure to pay minimum wage for eviction work in the D.C. Metro Area and the defendants' illicit conspiracy to suppress wages for eviction work in the D.C. Metro Area.  Accordingly, the state claims share a "common nucleus of operative fact" with the federal

claims, and the court has jurisdiction over them.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

## III.    THE COURT HAS PERSONAL JURISDICTION OVER MR. STATEN UNDER D.C. LAW AND THE CLAYTON ACT.

The Court may exercise personal jurisdiction over Mr. Staten under principles of both general jurisdiction and specific long-arm jurisdiction.  The Supreme Court has established that if a defendant's contacts with the forum state are "continuous and systematic," then a court within that state may properly exercise general personal jurisdiction.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  Moreover, this Court has general jurisdiction over a defendant who has "been 'carrying on in [D.C.] a continuous and systematic, but limited, part of its general business.'"  *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1148 (D.C. 1985) (quoting *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 438 (1952)).  Here, the amended complaint contains allegations that Mr. Staten (alongside the other defendants) regularly hires employees within D.C. and transports them from D.C. to eviction sites in the D.C. Metro Area before returning them to D.C.  (Am. Compl. ¶¶ 41-48.)  Such activities within the District are "continuous and systematic" and therefore support the exercise of general personal jurisdiction over Mr. Staten.

The District of Columbia long-arm statute, D.C. Code § 13-423(a), allows the Court to exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's - - (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; [and] (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia."  The D.C. Circuit has explained section (a)(1) by noting that the "'transacting any business' clause generally has been interpreted to be coextensive with the Constitution's due process requirements and thus merge

into a single inquiry." *GTE New Media Servs., Inc. v. Bellsouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Thus, the relevant issue is whether the amended complaint alleges "minimum contacts [between the defendant and the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Court must ensure that "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, the amended complaint contains sufficient allegations to demonstrate that Mr. Staten "transacts business" within the District of Columbia because Mr. Staten hires members of the class within D.C. to conduct evictions in the D.C. Metro Area, including picking up class members in the District, performing evictions in the District, and paying sub-minimum wages in the District. (*See* Am. Compl. ¶¶ 41-51.) Furthermore, the amended complaint contains allegations that Mr. Staten has engaged in a conspiracy to pay wages below the mandatory minimums in the District (Am. Compl. ¶¶ 46, 87), and Mr. Staten's involvement in such a conspiracy is an additional basis for long-arm jurisdiction. *Second Amendment Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 523 (D.C. Cir. 2001) ("Persons who enter the forum and engage in conspiratorial acts are deemed to 'transact business' there 'directly'; coconspirators who never enter the forum are deemed to 'transact business' there 'by an agent.'" (quoting D.C. Code § 13-423(a)(1))).

Additionally, Section 12 of the Clayton Act, 15 U.S.C. § 22, provides that "[a]ny suit, action or proceeding under the antitrust laws against a corporation may be brought . . . in any district wherein it . . . transacts business." This Court has stated that "[t]he difference between jurisdiction under the Clayton Act and D.C.'s long-arm statute is that while both look at contacts

with the district, under Section 12 of the Clayton Act 'the transactions do not have to be related to the cause of action or the subject matter of the suit.'" *Diamond Chem. Co., Inc. v. Atofina Chems., Inc.* 268 F. Supp. 2d 1, 10 (D.D.C. 2003) (quoting *Chrysler Corp. v. Gen. Motors Corp.*, 589 F. Supp. 1182, 1195 (D.D.C. 1984)). As stated above, Mr. Staten "transacts business" in D.C. because Mr. Staten has hired members of the class in D.C., paid them illegal wages in D.C., and conspired with others to suppress wages in D.C. (*See* Am. Compl. ¶¶ 43-46, 52-63.) These same facts support jurisdiction under the Clayton Act.

## IV.     VENUE IS PROPER IN THIS DISTRICT BECAUSE THE EVENTS GIVING RISE TO THE CLAIMS OCCURRED HERE

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 15 U.S.C. § 22. Under 28 U.S.C. § 1391(b)(2), venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to a claim occurred." Here, a substantial number of the class members were hired and paid sub-minimum wages in the District, and a substantial number of the evictions on which they worked and for which they were paid suppressed wages were in the District. (Am. Compl. ¶¶ 44, 47.)

## V.     THE AMENDED COMPLAINT STATES CLAIMS UPON WHICH THIS COURT MAY GRANT RELIEF.

### A.     The amended complaint fulfills the pleading requirements of the Federal Rules of Civil Procedure.

Mr. Staten asserts that the amended complaint "fails to state a claim by which relief may be granted." (Staten Mot. ¶ 17.) Under Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Here, the amended complaint contains the "short and plain statement of the claim" demonstrating that the named plaintiffs and the rest of the class

6

are entitled to relief, as required by Federal Rule of Civil Procedure 8. Nothing more is required, and the Court should deny Mr. Staten's requests for dismissal.

### B.    The amended complaint states claims under the minimum wage laws.

Under the Fair Labor Standards Act ("FLSA"), employers are required to pay employees a minimum of $5.15 per hour. 29 U.S.C. § 206(a)(1). Under the D.C. minimum wage law, employers must pay employees a minimum of $7.00 per hour, D.C. Code § 32-1003(a)(2), with an additional regulatory requirement under D.C. Mun. Regs. title 7, § 907.1 that employees be paid for a minimum of four hours per day. Under the Virginia Minimum Wage Law, employers must pay employees the same minimum wage required under the FLSA, currently a minimum of $5.15 per hour. Va. Code Ann. § 40.1-28.10. Finally, under the Maryland Minimum Wage Law, employers must pay employees a minimum of $6.15 per hour. Md. Code Ann., Lab. & Empl. § 3-413(b)(ii).[3] Here, the amended complaint contains allegations that Mr. Staten (together with the other defendants) has paid and continues to pay a flat rate of $5.00 per eviction, which results in sub-minimum wages. Evictions typically take several hours, including time spent traveling from pick-up points around the District to eviction sites and waiting for an eviction to commence. (Am. Compl. ¶¶ 64-84.) In many instances, defendants do not pay employees if an eviction is aborted, regardless of how much time the employees spend working for the defendant. (*Id.* ¶ 51.) These pay practices frequently result in pay of $2 per hour or less (*see id.* ¶¶ 66, 72), which is well below the required wage in any of the relevant jurisdictions.

The amended complaint also contains allegations addressing the other elements required to demonstrate a violation of FLSA's minimum wage provisions. As alleged in the amended complaint, Mr. Staten is involved in interstate commerce, *see* 29 U.S.C. §§ 203(s)(1)(A)(i),

---

[3]    The Maryland minimum wage was $5.15 per hour prior to February 15, 2006.

because Mr. Staten completely controls Butch Enterprises, Inc. ("Butch") and therefore is directly responsible for all of its acts, policies and liabilities. (Am. Compl. ¶ 23.) Butch is a Virginia corporation with its principal offices in Virginia, but recruits and transports employees in and performs evictions in the District of Columbia. (Am. Compl. ¶¶ 22, 43-47.) Also as alleged in the amended complaint, Mr. Staten and Butch's annual gross volume of sales made or business done is not less than $500,000, *see* 29 U.S.C. § 203(s)(1)(A)(ii). (Am. Compl. ¶ 98.)

Mr. Staten also asserts that plaintiffs are not employees but rather are independent contractors and therefore are not protected by the minimum wage laws. (Staten Mot. ¶ 9.) To determine whether these homeless workers qualify as "employees" for purposes of the minimum wage laws, the Court must look at "the economic reality" of the employer-employee relationship. *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) (citation omitted). If a worker is a "small businessman" with "responsibility for investment and management" and the "opportunity for profit from [that] sound management," then he is an independent contractor. *United States v. Silk*, 331 U.S. 704, 719 (1947). But if a worker's "activities are an integral and indispensable part of the principal activities for which . . . [the] workmen are employed," then he is an employee covered by the minimum wage laws. *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729-30 (1947). Here, considering the economic realities as alleged in the amended complaint in a light most favorable to plaintiffs, it cannot be said that the homeless workers are small businessmen who profit from sound management of their own enterprise. Instead, they are workers who carry furniture out of homes during evictions and therefore are integral parts of the only service defendants perform.

Moreover, the D.C. Circuit has highlighted certain issues for the Court to consider in determining whether, based on the economic realities here, Mr. Staten acted as an "employer" or

merely engaged "independent contractors." Namely, the Court should consider whether Mr. Staten "(1) had the power to hire and fire the employees, (2) supervised and controlled the employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Each of these factors is addressed in the amended complaint. Mr. Staten has the "power to hire and fire" employees because he selects the persons who will perform the evictions. (*See* Am. Compl. ¶ 43.) Mr. Staten and the other defendants "supervised and controlled" the plaintiffs at all times because the plaintiffs were transported to the eviction sites in defendants' vehicles, remained under the watch and control of defendants during the evictions, and were returned to various drop-off points after the work was done. (*Id.* ¶¶ 47, 68.) Mr. Staten and the other defendants "determine the rate and method of payment" because they pay a flat rate of $5 per eviction, regardless of the requirements of the minimum wage laws. (*Id.* ¶ 87.) Finally, the amended complaint alleges that Mr. Staten maintains the employment records required by the wage and tax laws. (*Id.* ¶¶ 62-63.) Accordingly, Mr. Staten was an "employer" who hired members of the class as "employees."

In any event, dismissal of plaintiffs' minimum wage claims based on Mr. Staten's independent contractor theory would be premature. Although determination of employee status is a "legal question," "any subsidiary factual issues leading to this conclusion are, of course, questions of fact for the jury." *Morrison v. Int'l. Programs Consortium, Inc.*, 253 F.3d 5, 10 n.3 (D.C. Cir. 2001). Thus, as the amended complaint alleges facts sufficient to support the class members' status as employees, the minimum wage claims should not be denied without factual determinations by the jury.

**C.    Plaintiffs have stated claims under federal and state antitrust laws.**

Section 1 of the Sherman Act forbids conspiracies in restraint of trade.  15 U.S.C. § 1; s*ee*

*Fed. Trade Comm'n v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 421-423 (1990).  The

antitrust laws of D.C., D.C. Code § 28-4502, Maryland, Md. Code Ann., Com. Law § 11-

204(a)(1), and Virginia, Va. Code Ann. § 59.1-9.5, contain similar restrictions against

agreements that restrain trade.  The amended complaint contains allegations that Mr. Staten and

the other defendants have communicated and conspired with each other to set the wages paid to

the class – that is the prices paid for class members' labor – at rates lower than would prevail

absent collusion (and below federal and state mandatory minimums as well).  (Am. Compl. ¶¶

87-88.)  Such collusion is in direct contravention of the antitrust laws.  *See, e.g., United Mine*

*Workers of Am. v. Pennington*, 381 U.S. 657, 665-66 (1965) ("One group of employers may not

conspire to eliminate competitors from the industry"); *United States v. Utah Soc. for Healthcare*

*Human Res. Admin.*, 1994-2 Trade Cases ¶ 70,795 (D. Utah Sept. 14, 1994) (consent order

confirming that claims of conspiracy to restrain wages paid to nurses stated a claim under

Section 1 of the Sherman Act and prohibiting agreements "to fix, limit, or maintain the

compensation paid to nurses").  The members of the class have been directly injured as a result

of this conspiracy because they have been paid improperly fixed wages.  (*See, e.g.,* Am. Compl.

¶ 124.)  Accordingly, the allegations in the amended complaint state a claim for which relief may

be granted under the antitrust laws.

**D.    The amended complaint states a claim for unjust enrichment.**

"To state a claim for unjust enrichment, plaintiffs must establish that:  (1) they conferred

a legally cognizable benefit upon defendants; (2) defendants possessed an appreciation or

knowledge of the benefit; and (3) defendants accepted or retained the benefit under inequitable

10

circumstances." *Oceanic Exploration Co. v. ConocoPhillips, Inc.*, No. 04-CV-332 (EGS), 2006 WL 2711527, at *20 (D.D.C. Sept. 21, 2006); *see also Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 495 (D.C. Cir. 1998).[4]  Here, the amended complaint fulfills these requirements.  First, Mr. Staten and the other defendants received the benefit of the class members' labor.  (Am. Compl. ¶¶ 48, 60, 144.)  Second, Mr. Staten and the other defendants knew that the class members were performing eviction work at their direction and therefore possessed an appreciation of the benefit they received.  (*Id.*)  Finally, Mr. Staten and the other defendants accepted the class members' labor in exchange for unfairly and illegally low wages (*id.* ¶ 61), and allowing defendants to retain the difference between what they should have paid and what they did pay would be manifestly inequitable.  Thus, the amended complaint adequately states a claim for unjust enrichment.

      **E.**      **The amended complaint states a claim for *quantum meruit* recovery.**

"The essential elements for recovery under quantum meruit are:  (1) valuable services being rendered; (2) for the person sought to be charged; (3) which services were accepted by the person sought to be charged, used and enjoyed by him or her; and (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, expected to be paid by him or her."  *In re Rich*, 337 A.2d 764, 766 (D.C. 1975); *see also Perles v. Kagy*, 362 F. Supp. 2d 195, 198 (D.D.C. 2005).  The allegations in the amended complaint address each of these issues.  The class members provided services in the form of performing eviction work for Mr. Staten and the other defendants.  (Am. Compl. ¶¶ 48, 60.)  Mr. Staten and the other defendants knew that the class members were performing eviction work at their direction and received the benefit of such work.  (*Id.*)  Finally, Mr. Staten and the other

---

[4]      The requirements for an unjust enrichment claim are the same under the laws of the District of Columbia, Maryland, and Virginia.  *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 847-48 (D.D.C. 1996).

defendants knew or were reasonably notified that the class members expected to be paid for their services in accordance with the law.  (*Id.* ¶ 147.)[5]  Accordingly, the amended complaint sufficiently states a *quantum meruit* claim.

> **F.    Plaintiffs' claims are not time-barred.**

Mr. Staten's assertion that the claims presented in the amended complaint are "barred by applicable statutes of limitations" (Staten Mot. ¶ 15) is incorrect.  First, the minimum wage violations for which relief is sought all occurred within the time allowed by the applicable statutes of limitations.  The statute of limitations for the minimum wage claims match the specifically defined subclasses stated in the amended complaint.  *Compare* 29 U.S.C. § 255 (three years), *and* D.C. Code § 32-1013 (three years), *and* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (three years), *with* Am. Compl. ¶¶ 29, 89-113 (three years).  Thus, the minimum wage claims are within the limitations periods and are not time barred.

Second, the antitrust violations also occurred and caused injuries within the time allowed by the applicable statutes of limitations.  The limitation periods under the Clayton and Sherman Acts, 15 U.S.C. § 15b, and the state antitrust acts, D.C. Code § 28-4511; Md. Code Ann., Com. Law § 11-209(d)(1); Va. Code Ann. § 59.1-9.14, are four years from the last injury.  The amended complaint seeks relief for Mr. Staten's and the other defendants' conduct (with respect to their illegal conspiracy and the payment of illegal wages) that has occurred in the four years before the filing of the amended complaint through the present.  (Am. Compl. ¶¶ 28, 114-142.)  Thus, the antitrust claims are not time barred.

---

[5]    To the extent that Mr. Staten (or any other defendant) contests these allegations, such factual disputes are not appropriately resolved on a motion to dismiss.  *See Virtual Defense and Dev. Int'l, Inc. v. Republic of Moldova*, 133 F. Supp. 2d 9, 19-20 (D.D.C. 2001) (denying summary judgment because the performance of a service and its value are issues of fact).

Finally, plaintiffs' unjust enrichment and *quantum meruit* claims are not time-barred. Unjust enrichment and *quantum meruit* claims under District of Columbia law are covered by a three-year statute of limitations. D.C. Code § 12-301; *see also Fred Ezra Co. v. Psychiatric Inst.*, 687 A.2d 587 (D.C. 1996) (unjust enrichment); *Union Labor Life Ins. Co. v. Sheet Metal Workers Nat'l Health Plan*, No. 90-2728 (RCL), 1991 WL 212232, at *5 (D.D.C. Sept. 30, 1991) ("[T]he statute of limitations for quantum meruit and unjust enrichment is three years in both the District of Columbia and Virginia."). Such claims are likewise covered by a three-year limitations period under Maryland law. Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 160 (Md. 2004). Virginia law also provides a three-year limitations period. *Belcher v. Kirkwood*, 238 Va. 430, 433 (Va. 1989); *Union Labor Life*, 1991 WL 212232, at *5. The amended complaint seeks recovery under unjust enrichment and *quantum meruit* theories for members of the "Three Year Subclasses," *i.e.* those class members who have sustained injury in the three years preceding the filing of the amended complaint. (Am. Compl. ¶¶ 145, 147.) Accordingly, those claims are not barred by statutes of limitations.

## VI. MR. STATEN HAS STATED NO VALID REASON FOR SEVERING CLAIMS AGAINST HIM FROM CLAIMS AGAINST OTHER DEFENDANTS.

Mr. Staten has provided insufficient justification for severing claims against it from the remainder of this suit. Specifically, Mr. Staten requests that the Court sever any claims related to the allegations set forth in paragraphs 57 through 65 of the amended complaint because Mr. Staten "has no knowledge" of the matters alleged in those paragraphs. (Staten Mot. ¶ 13.) Mr. Staten also argues that appearing in portions of the suit related to these allegations would "be unnecessarily prejudicial" to Mr. Staten and "operate to [his] detriment without any legal purpose or justification." (*Id.*) The paragraphs of the amended complaint cited by Mr. Staten provide information on the minimum wage in Maryland and Virginia, assert that defendants pay

13

employees $5.00 per eviction and maintain payroll records required by law, and include part of an illustrative example of how one named plaintiff in this suit worked for an eviction company with whom Mr. Staten is alleged to have conspired, and received sub-minimum wages. (Am. Compl. ¶¶ 57-65.) Mr. Staten's self-serving disavowal of knowledge of this information, when considered in the context of the larger backdrop of conspiracy and class-wide violations occurring over a number of years and committed by Mr. Staten among others, is no justification for breaking this action into piecemeal litigation. Despite Mr. Staten's vague and unsubstantiated assertion of prejudice, there would be no benefit or efficiency to allowing a separate, parallel proceeding here for claims against one defendant out of the many. Furthermore, the amended complaint alleges that Mr. Staten was involved in a conspiracy to pay illegal wages to homeless workers. (Am. Compl. ¶ 87.) This allegation, standing on its own, is sufficient to prevent Mr. Staten from severing claims against him from claims against the other defendants because the liability attendant to such a conspiracy, once proved, is joint and several among the participants. *See United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 253 (1940) (holding that antitrust defendants are liable for their coconspirators' actions). Accordingly, the Court should deny Mr. Staten's request to sever.

## VII.    OTHER ISSUES RAISED IN MR. STATEN'S MOTION TO DISMISS ARE NOT APPROPRIATE FOR RESOLUTION AT THIS STAGE IN THE PROCEEDINGS.

The other assertions that Mr. Staten has included in his Motion to Dismiss, Response and Answer are not appropriate for resolution at this time. Mr. Staten has denied a number of factual allegations made in the amended complaint (*e.g.*, Staten Mot. ¶¶ 4, 5, 7-11, 14), raised affirmative defenses including "laches, estoppel, or warranty" (*id.* ¶ 16), and challenged class certification (*Id.* ¶ 1). Such issues are not ripe for consideration on a motion to dismiss and presumably constitute part of the answer.

## CONCLUSION

For the reasons set forth above, the Court should deny Mr. Staten's second motion to dismiss in its entirety.


Date:  May 17, 2007                              Respectfully submitted,


                                                 /s/ Lee F. Berger
                                                 Lee F. Berger (D.C. Bar # 482435)
                                                 Matthew D. Slater (D.C. Bar # 386986)
                                                 Larry C. Dembowski (D.C. Bar # 486331)
                                                 Cleary Gottlieb Steen & Hamilton LLP
                                                 2000 Pennsylvania Avenue, N.W.
                                                 Washington, D.C.  20006-1801
                                                 Telephone:  (202) 974-1500
                                                 Facsimile:   (202) 974-1999
                                                 *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP,

hereby certify that:

On May 17, 2007, a copy of the foregoing Plaintiffs' Opposition to Defendant Irwin

Staten's Motion to Dismiss and accompanying papers were served by electronic transmission

through the Court's CM/ECF System on the following parties:

Stephanie D. Kinder
Law Offices of Stephanie D. Kinder, P.A.
10 N. Calvert Street, Suite 930
Baltimore, MD 21202
skinder@epcounsel.com
Attorney for Bob Ward and A & A Cardinal Eviction

J. Wyndal Gordon
The Law Office of J. Wyndal Gordon, P.A.
10 North Calvert Street, Suite 930
Baltimore, MD 21202
jwgaattys@aol.com
Attorney for Bob Ward and A & A Cardinal Eviction

Gina M. Smith
Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, #400
Riverdale Park, MD 20730
gsmith@mrrlaw.net
Attorney for A 1 Eviction Services and Tanya Smith

David E. Fox
1325 Eighteenth Street, N.W.
Suite 103
Washington, D.C. 20036
dfox159937@aol.com
Attorney for Butch Enterprises, Inc. and Irwin Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Patuxent Parkway
> Suite 430
> Columbia, MD 21044
> Attorney for Big Time Movers
>
> East Coast Express Evictions
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Nelson Terry
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Caroline Lanford
> 1112 48th Street, N.E.
> Washington, D.C. 20019
>
> All American Eviction Company
> 1112 48th Street, N.E.
> Washington, D.C. 20019
>
> Platinum Realtor Services, Inc.
> 6705 McKeldin Drive
> Suitland, MD 20746
>
> Choya Lord Rodriguez
> 6705 McKeldin Drive
> Suitland, MD 20746
>
> Crawford & Crawford
> 200 55th Street, N.E.
> Apt. # 24
> Washington, D.C. 20019
>
> Vincent Crawford
> 200 55th Street, N.E.
> Apt. # 24
> Washington, D.C. 20019

Dated: May 17, 2007

                                        /s/ Emily C. Capehart
                                        Emily C. Capehart