**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| *Plaintiffs,* | ) | |
| v. | ) | Hon. Richard J. Leon |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS BUTCH ENTERPRISES, INC. AND IRWIN STATEN

Plaintiffs move to compel discovery responses from defendants Butch Enterprises, Inc. ("Butch Enterprises") and Irwin Staten. In support of this motion, plaintiffs submit a Memorandum of Law, with exhibits, establishing the motion's factual and legal basis. Plaintiffs respectfully request that the Court:

1. Compel Defendant Butch Enterprises to fully respond to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

2. Compel Defendant Butch Enterprises to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

3. Compel Defendant Mr. Staten to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

1

4. Compel Kimbra Staten, Vice President and Treasurer of Defendant Butch Enterprises, to appear for deposition on June 11, 2007, for up to a full seven-hour period as provided in the Federal Rules of Civil Procedure.

5. Compel Derrik Gaskins, Defendant Butch Enterprises' employee, to appear for deposition on June 14, 2007, for up to a full seven-hour period as provided in the Federal Rules of Civil Procedure.

6. Compel Defendant Mr. Staten to appear for deposition on June 15, 2007, for up to a full seven-hour period as provided in the Federal Rules of Civil Procedure.

Dated:  May 25, 2007

Respectfully submitted,

_____/s/ Lee F. Berger_____
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone:  (202) 974-1500
Facsimile:  (202) 974-1999
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Harry Jakeyia Ashford, et al.,                )
                                              )      Civil Action No. 06-cv-1561 (RJL)
individually and on behalf                    )
of all others similarly situated,             )      Hon. Richard J. Leon
                                              )
                    *Plaintiffs*,             )
          v.                                  )
                                              )
East Coast Express Eviction, et al.,          )
                                              )
                    *Defendants*.             )
                                              )

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS
## BUTCH ENTERPRISES, INC. AND IRWIN STATEN

## TABLE OF CONTENTS

<u>Page(s)</u>

INTRODUCTION .................................................................................................................... 1

PROCEDURAL BACKGROUND.......................................................................................... 2

ARGUMENT........................................................................................................................... 4

    A.    The Butch Defendants' Refusal To Comply With Discovery Requests
           Undermines The Purpose Of The Discovery Provisions Of The Federal
           Rules By Miring The Court In Basic Discovery Disputes.................................... 5

    B.    The Discovery Requests Seek Information Directly Relevant To Plaintiffs'
           Case.................................................................................................................. 6

           1.    The Document Requests Seek Documentary Evidence Of The
                  Butch Defendants' Illegal Activity. ......................................................... 6

           2.    Butch Enterprises Must Respond to Plaintiffs' Interrogatories,
                  Which Will Provide Information Essential To Plaintiffs' Claims............ 9

           3.    Full Depositions Are Essential To Prove The Extent Of The Butch
                  Defendants' Illegal Activity.................................................................... 10

    C.    The Butch Defendants' Statement To The Court Does Not Justify Their
           Failure To Meet And Confer, To Provide Access To Noticed Deponents,
           Or To Respond To Plaintiffs' Document Requests or Interrogatories. ............... 12

CONCLUSION....................................................................................................................... 13

LIST OF EXHIBITS

Exhibit A, Plaintiffs' First Request for the Production of Documents from Butch Enterprises, Inc.

Exhibit B, Plaintiffs' First Request for the Production of Documents from Irwin Staten.

Exhibit C, Plaintiffs' First Set of Interrogatories on Butch Enterprises, Inc.

Exhibit D, Deposition Notices (May 1, 2007).

Exhibit E, Affidavit of Lee F. Berger.

> Exhibit 1, Letter from Lee F. Berger, Plaintiffs' Counsel, to David E. Fox, Butch Defendants' Counsel (April 18, 2007).
>
> Exhibit 2, Email from Mr. Berger to Mr. Fox and Richard L. Huber (April 23, 2007).
>
> Exhibit 3, Email from Mr. Fox to Mr. Berger (April 24, 2007).
>
> Exhibit 4, Email from Mr. Berger to Mr. Fox (April 24, 2007).
>
> Exhibit 5, Facsimile from Mr. Fox to Mr. Berger (April 30, 2007).
>
> Exhibit 6, Letter from Mr. Berger to Mr. Fox (April 30, 2007).
>
> Exhibit 7, Facsimile from Mr. Fox to Mr. Berger (May 1, 2007).
>
> Exhibit 8, Email from Anne Newton, Plaintiffs' Counsel, to Mr. Fox (May 4, 2007).
>
> Exhibit 9, Email from Mr. Fox to Ms. Newton (May 4, 2007).
>
> Exhibit 10, Email from Ms. Newton to Mr. Fox (May 10, 2007).
>
> Exhibit 11, Letter from Mr. Berger to Mr. Fox (May 14, 2007).
>
> Exhibit 12, Letter from Mr. Fox to Mr. Berger (May 16, 2007).
>
> Exhibit 13, Letter from Mr. Fox to Ms. Newton and Mr. Berger (May 17, 2007).
>
> Exhibit 14, Letter from Mr. Berger *et al.* to Mr. Fox (May 17, 2007).
>
> Exhibit 15, Letter from Mr. Fox to Mr. Berger (May 18, 2007).
>
> Exhibit 16, Letter from Mr. Berger *et al.* to Mr. Fox (May 18, 2007).

Exhibit F, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007).

## INTRODUCTION

In an effort to obtain important evidence, plaintiffs submit this brief in support of their motion under Federal Rule of Civil Procedure 37 as a last resort and only after more than a month of trying to resolve the underlying discovery disputes with defendants Butch Enterprises, Inc. ("Butch Enterprises") and Irwin Staten (together, the "Butch Defendants"). The Butch Defendants have refused to comply with their most basic discovery obligations, including responding to plaintiffs' First Request for Production of Documents (the "Document Requests") and plaintiffs' First Set of Interrogatories (the "Interrogatories"), and the Butch Defendants' counsel has refused to provide three witnesses, including Mr. Staten himself, for noticed depositions. These are straightforward violations of the Federal Rules of Civil Procedure. The Butch Defendants have not objected to the substance of any discovery request, and the time for any such objections has long since passed. The Butch Defendants have undermined the very purpose of the discovery requirements of the Federal Rules, which are intended to be self-executing without the necessity of court supervision. The Butch Defendants have withheld documents and interrogatory responses that speak directly to the allegations contained in the Complaint and the defenses asserted in the Butch Defendants' answers. By doing so, they have forced plaintiffs to bring this motion to compel. Rule 37 exists specifically for situations like the present one: to compel nonresponsive parties to participate in discovery and discourage recalcitrant parties from repeating such behavior.

Plaintiffs therefore request an order (1) compelling Butch Enterprises to respond fully to the Interrogatories, (2) compelling the Butch Defendants each to provide a complete and proper response (including the production of all non-privileged responsive documents and the required written and signed response) to the Document Requests, (3) compelling Mr. Staten to be deposed on a date certain for the full seven hour period, and (4) compelling Butch Enterprises to make its

1

officer (Kimbra Staten) and employees (Derrick Gaskins and Otto Hines) available for depositions on dates certain for the full seven hour period.

## PROCEDURAL BACKGROUND

Discovery in this case is to be completed by July 18, 2007. Minute Order, April 5, 2007. On March 13, 2007, plaintiffs served the Butch Defendants with the Document Requests and Butch Enterprises with the Interrogatories. *See* Ex. A, Plaintiffs' First Request for the Production of Documents from Butch Enterprises, Inc.; Ex. B, Plaintiffs' First Request for the Production of Documents from Irwin Staten; Ex. C, Plaintiffs' First Set of Interrogatories on Butch Enterprises, Inc. Ex. F, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007). The Butch Defendants' responses to the Interrogatories and Document Requests were due April 16.[1] Fed. R. Civ. P. 33(b)(3), 34(b). To date, the Butch Defendants have not served plaintiffs with any responses to the Document Requests or the Interrogatories in compliance with Rules 26(g), 33(b)(3), and 34(b). Ex. E, Affidavit of Lee F. Berger ("Berger Aff.") ¶¶ 11, 13, 28.

Plaintiffs have made many attempts to meet and confer with counsel for the Butch Defendants to resolve their failure to respond to the discovery requests. *See* Berger Aff. ¶¶ 4, 6, 9, 19. When the Butch Defendants' counsel finally agreed to meet and confer, he promised full responses to plaintiffs' discovery requests by April 30. *Id.* ¶ 9. Rather than provide such responses, the Butch Defendants sent plaintiffs by facsimile only a sample of four wage records and ten work orders and an incomplete and unexecuted draft response to the Interrogatories. *Id.* ¶ 11. Since that time, plaintiffs have made further attempts to meet and confer with counsel for

---

[1] Plaintiffs served the Butch Defendants with these discovery requests via U.S. mail on March 13, 2007. April 12 is thirty days from March 13. The Butch Defendants received the benefit of an additional three days under Rule 6(e), making their responses due on April 15, but April 15 was a Sunday, making their responses due on April 16.

2

the Butch Defendants regarding the overdue responses to the Interrogatories and the Document Requests as well as the deposition schedules. *Id.* ¶ 16, 19, 20, 22. These attempts culminated in a telephonic meet and confer on May 17, during which the Butch Defendants' counsel abruptly hung up when plaintiffs' counsel began discussing the Butch Defendants' overdue responses to the Interrogatories and Discovery Requests. *Id.* ¶ 23.

The Butch Defendants' counsel has also refused to make three noticed deponents available for depositions. On May 1, plaintiffs served the Butch Defendants with notice of the depositions of the following witnesses: (a) Otto Hines, eviction van driver for Butch Enterprises, scheduled for May 18; (b) Kimbra Staten, Vice President and Treasurer of Butch Enterprises, scheduled for May 25; (c) Derrick Gaskins, eviction van driver for Butch Enterprises, scheduled for May 31; and (d) defendant Mr. Staten, scheduled for June 6. Ex. D, Deposition Notices (May 1, 2007) (served by mail, with facsimile courtesy copy). Both of the Butch Defendants identified Mr. Staten, Mr. Hines, and Mr. Gaskins as witnesses they intend to call at trial. Defendant Butch Enterprises, Inc.'s Preliminary Rule 26(a) Disclosures (Docket Item No. 86) (filed March 30, 2007); Defendant Irwin Staten's Preliminary Rule 26(a) Disclosures (Docket Item No. 92) (filed May 1, 2007). Ms. Staten is the Vice President and Treasurer of Butch Enterprises. *See* Ex. 14 to Berger Aff. at. 6-7. Counsel for the Butch Defendants has refused to make Mr. Staten and the other Butch Enterprises employees available for deposition on the noticed dates or on any date other than June 12. *See* Berger Aff. ¶¶ 21, 23-24. Both prior to, and after, noticing the depositions, plaintiffs attempted to coordinate with the Butch Defendants to set mutually convenient dates for the depositions; counsel for the Butch Defendants did not respond to those invitations. *Id.* ¶¶ 14-16, 19, 22-23, 25. On the evening of May 16, the Butch Defendants notified plaintiffs that neither Mr. Hines nor the Butch Defendants' counsel would appear for Mr. Hines' deposition thirty-six hours later, and rescheduled that deposition for June 12. *Id.* ¶ 21.

3

Since that time, counsel for the Butch Defendants has informed plaintiffs' counsel that June 12 is

the only date on which the Butch Defendants would produce Mr. Staten, Ms. Staten, Mr.

Gaskins, and Mr. Hines for depositions. *Id.* ¶ 24.

## **ARGUMENT**

The discovery rules of the Federal Rules of Civil Procedure are intended to create a self-

executing system, in which parties obtain evidence to support their claims and defenses from one

another without requiring judicial management of day-to-day discovery matters.  Plaintiffs seek

nothing more than documents, information and testimony to support their claims from the

defendants possessing that evidence, in compliance with the Federal Rules.  But the Butch

Defendants have stymied plaintiffs' efforts to support their case by refusing to respond to

plaintiffs' requests.

This is not a controversy over the scope of plaintiffs' requests.[2]  Indeed, the Butch

Defendants have not objected to a single Interrogatory, Document Request, or deposition.  The

Butch Defendants simply have not responded to plaintiffs' requests at all.  Because of the

importance of the requested evidence to plaintiffs' case and the fact that the Butch Defendants

have indicated that they may rely on some of the requested evidence, plaintiffs have made

numerous attempts to meet and confer, have extended compliance deadlines, and have offered

flexibility beyond that called for by the Federal Rules.  The Butch Defendants have done nothing

of substance in response, except watched the clock rapidly progress on the discovery schedule.

With no other choice, plaintiffs now come to the Court to request an opportunity to prove their

case.  Accordingly, plaintiffs respectfully request, that under Rule 37, the Court compel the

---

[2]     Plaintiffs are entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1).

4

Butch Defendants' responses to plaintiffs' Interrogatories and Document Requests and compel

the attendance of Mr. Staten, Ms. Staten, and Mr. Gaskins at their depositions.

    A. <u>The Butch Defendants' Refusal To Comply With Discovery Requests Undermines</u>
<u>The Purpose Of The Discovery Provisions Of The Federal Rules By Miring The</u>
<u>Court In Basic Discovery Disputes.</u>

By refusing to provide plaintiffs with the required responses in a timely fashion, and by

refusing to meet and confer to settle the outstanding discovery issues, the Butch Defendants have

needlessly forced plaintiffs to bring this motion to compel. In doing so, the Butch Defendants

have wasted the Court's time and resources to address a basic discovery obligation and have

undermined the discovery principles enshrined in the Federal Rules. "The rules of discovery

must necessarily be largely self-enforcing. The integrity of the discovery process rests on the

faithfulness of parties and counsel to the rules-both the spirit and the letter." *Saria v. Mass. Mut.*

*Life Ins. Co.*, 228 F.R.D. 536, 539 (S.D.W. Va. 2005). The discovery provisions of the Federal

Rules are not intended to require the Court's attention; they are intended to be self-executing.

*Hopei Garments (Hong Kong), Ltd. v. Oslo Trading Co.,* 1988 WL 25139, *3 (S.D.N.Y. March

8, 1988) (The discovery rules "are meant to function without the need for constant judicial

intervention. . . . [They] rely on the honesty and good faith of counsel in dealing with

adversaries.").

The Butch Defendants have simply failed to respond to plaintiffs' properly served

Document Requests and Interrogatories and have refused to attend plaintiffs' properly noticed

depositions. This is not an argument about the rules of the game; the Butch Defendants have just

refused to show up and play. This behavior contravenes the very purpose of the discovery

requirements of the Federal Rules. The Federal Rules require litigants to make good faith efforts

to comply with their requirements without need for judicial supervision. "[I]f 'parties are

allowed to flout their obligations, . . . the effect will be to embroil trial judges in day-to-day

5

supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules.'" *Weisberg v. Webster*, 749 F.2d 864, 871 (D.C. Cir. 1984) (quoting *Dellums v. Powell*, 566 F.2d 231, 235–36 (D.C. Cir. 1977)).

B. The Discovery Requests Seek Information Directly Relevant To Plaintiffs' Case.

1. The Document Requests Seek Documentary Evidence Of The Butch Defendants' Illegal Activity.

Plaintiffs seek documents that the Butch Defendants possess that directly support the allegations in the Complaint. Plaintiffs have alleged that the Butch Defendants have failed to pay class members the minimum wages required by federal, D.C., Maryland, and Virginia law, have engaged in an antitrust conspiracy with other defendants to suppress wages below legal levels, and have unjustly enriched themselves as a result of these illegal wage practices and this conspiracy. Am. Compl. ¶¶ 96, 103, 109, 115, 144. The documents the Butch Defendants have created and maintained in the course of their business are likely to contain specific evidence of the Butch Defendants' participation in these illegal activities. To the extent the Butch Defendants do have possession, custody, or control of documents evidencing the wages paid to the class members, defendants' wage policies, or the agreement between defendants to suppress wages, the Butch Defendants must produce those documents to plaintiffs.[3]

In its answer to the complaint, Butch Enterprises admits to maintaining wage records, as required by law. Motion to Dismiss, Response and Answer of Def. Butch Enterprises, Inc., Docket No. 49 ¶ 12. Such records are responsive to Document Request No. 1 and are facially relevant to this case. In addition, it is clear that the Butch Defendants maintain some form of wage records: on April 30, counsel for the Butch Defendants sent plaintiffs by facsimile a

---

[3]   Because the Butch Defendants did not object to any of the document requests, they must produce all documents responsive to each request in their possession, custody, or control. *Fonville v. The Dist. of Columbia,* 230 F.R.D. 38, 42 (D.D.C. 2005).

sample of four pages of wage records (each page containing information on ten employees), containing handwritten entries on a preprinted payroll form, for three nonconsecutive days in 2006. *See* Ex. 5 to Berger Aff., Facsimile from Mr. Fox to Mr. Berger ¶ 11 (April 30, 2007). The Butch Defendants have provided no explanation as to why no other days have been provided despite their admission that such records exist.

The Butch Defendants have likewise failed to produce documents that it is apparent they maintain that are responsive to Document Request No. 5, which seeks, in part, documents showing the date, address, and description of each eviction that the Butch Defendants "performed, scheduled, or been requested to perform," the price charged for that eviction, the wages paid for that eviction, and the "number and identities of Eviction Workers present at the Eviction Site." The information contained in such documents will allow plaintiffs to identify the size of the class of Eviction Workers, the identities of those workers, the amount of wages that those workers were paid, the extent of the Butch Defendants' unjust enrichment, and the number of violations that have occurred in the class period. As with the wage records, the Butch Defendants appear to maintain some form of responsive eviction records. The Butch Defendants' counsel sent plaintiffs by facsimile a sample of ten work orders, again containing handwriting on preprinted forms, for two nonconsecutive days in 2006.[4] *See* Ex. 5 to Berger Aff., Facsimile from Mr. Fox to Mr. Berger (April 30, 2007). Despite the fact that the Butch Defendants appear to record and maintain work orders, the Butch Defendants have produced no other work orders for the relevant time period.

The remainder of the Document Requests seeks other information demonstrating the existence, and breadth, of the Butch Defendants' illegal wage practices and collusion with other

---

[4]    Neither day was reflected in the wage records the Butch Defendants have provided.

7

defendants. For example, Document Request No. 2 seeks "[t]ax records related to payment of Wages to Eviction Workers" and any "other records" of such payments to workers; Document Request No. 3 seeks "documents related to finding and hiring Eviction Workers;" Document Request No. 8 seeks all "Communications with any other Eviction Company or any document relating to a Communication with any other Eviction Company." These documents and others requested directly address the allegations of the complaint, and contain information that is integral to proving the Butch Defendants' illegal activity.

To the extent such documents are in the Butch Defendants' possession, custody, or control, the Butch Defendants' failure to produce them violates Rule 34. *See McDowell v. Gov't of Dist. of Columbia*, 233 F.R.D. 192, 198, 203-04 (D.D.C. 2006) (sanctioning the District of Columbia for, among other violations, providing incomplete discovery responses that did not cover the entire time period requested and excluded certain relevant types of information). To the extent that the Butch Defendants do not have possession, custody, or control of the requested documents, the Butch Defendants need only truthfully certify that fact in the written responses to the Document Requests required by the Federal Rules. Fed. R. Civ. P. 34(b). The Butch Defendants have provided no written response to the Document Requests.

Despite acknowledging the existence of documents that directly address the allegations contained in the complaint and indicating that they intend to rely on such documents, the Butch Defendants have not served plaintiffs with these important documents. Plaintiffs have fulfilled their obligation to meet and confer on this issue through numerous phone calls, email messages, and letters. Nevertheless, the Butch Defendants have already taken more than twice the time the Federal Rules permit to respond, and the close of the expedited discovery period is rapidly approaching. Plaintiffs therefore respectfully request that the Court compel Butch Enterprises and Mr. Staten to comply with Rule 34, serve their written response to the Document Requests,

and produce all documents responsive to the Document Requests in their custody, possession, or control within three days of the entry of the Court's order.

      2.  <u>Butch Enterprises Must Respond To Plaintiffs' Interrogatories, Which Will Provide Information Essential To Plaintiffs' Claims.</u>

Like the Document Requests, the Interrogatories seek information central to the case: who did Butch Enterprises employ, what was its wage policy, who set its wage policy, how did it set this policy, and which of its competitors did it contact about wage policies? *See* Ex. C, Plaintiffs' First Set of Interrogatories on Butch Enterprises, Inc. On May 1, Butch Enterprises sent plaintiffs via facsimile an unexecuted, incomplete draft set of interrogatory responses. Berger Aff. ¶ 13. During the ensuing three and a half weeks, Butch Enterprises has not served plaintiffs with a complete and executed version despite plaintiffs having identified this issue to Butch Enterprises' counsel. Berger Aff. ¶¶ 26, 28. Given the importance of the information sought for this case and Butch Enterprises' duty to comply with the Federal Rules, it is inexplicable that since May 1 Butch Enterprises could not have finalized its nearly completed response, signed it, and mailed it to plaintiffs. Fed. R. Civ. P. 5(b)(2)(A) (requiring hand delivering or mailing of discovery responses); 33(b)(2) (interrogatory responses "are to be signed by the person making them, and the objections signed by the attorney making them"); *see also Saria*, 228 F.R.D. at 538-40 ("failure to meet the simple requirement of providing verification can only be seen as a flagrant disregard of [the Federal] Rules, Advisory Notes, and case precedents"). Whatever the reason, the Court should compel Butch Enterprises to serve its completed and duly executed interrogatory responses within three days of the Court's order on this motion.

9

3. <u>Full Depositions Are Essential To Prove The Extent Of The Butch Defendants'
Illegal Activity.</u>

In addition to whatever documentary records the defendants have, the most likely source

of evidence in this case will be witness testimony.  For example, plaintiffs have already acquired

affidavit testimony of eighty-seven victims of defendants' illegal wage practices.  *See* Collection

of Eighty-Seven Victim Affidavits, Docket No. 87, Ex. B.  But the victims only know half the

story.  The defendants will know how their wage practice came about, who is in charge of

implementing it, the full scope of each defendant's violations, and to what extent the illegal wage

practices arise from an agreement among defendants.  Plaintiffs seek to learn that information

through the deposition of the Butch Defendants' officers and employees.  Indeed, the Butch

Defendants themselves have indicated they intend to rely on testimony from the same individuals

whom plaintiffs seek to depose.

Plaintiffs served the Butch Defendants with notices of the depositions of Mr. Staten, Ms.

Staten, Mr. Hines, and Mr. Gaskins seventeen days before the first of those depositions and have

made numerous attempts to work with counsel for the Butch Defendants to establish a mutually

convenient schedule.  Berger Aff. ¶¶ 15-16, 19-20, 22-23, 25.  The individuals noticed for

depositions have first-hand knowledge of the activities underlying the allegations in the

complaint, including the nature and extent of any illegal wage practices and how those practices

came about.  Mr. Staten is a defendant in this action and is the sole owner and president of Butch

Enterprises.  Ms. Staten is the Vice-President and Treasurer of Butch Enterprises.  *See* Ex. 14 to

Berger Aff. ¶¶ 6-7.  Ms. Staten is therefore likely to have knowledge of the wage practices,

financial resources, and record keeping of Butch Enterprises.  Mr. Hines and Mr. Gaskins are

drivers for Butch Enterprises and are therefore direct witnesses to the hiring of eviction workers,

the performance of evictions, the time spent in transit to and from eviction sites, the payment of

10

wages, and the keeping of wage records. It is also plaintiffs' belief that Butch Enterprises' van drivers were involved in meetings with their counterparts from other defendant eviction companies and exchanged information regarding wage practices. Am. Compl. ¶¶ 115-116.

Counsel for the Butch Defendants initially failed to respond to plaintiffs' overtures regarding the scheduling of depositions. Berger Aff. ¶ 15. When counsel for the Butch Defendants finally engaged with plaintiffs on the issue of the depositions, he refused to make any of the four deponents available on any day other than June 12. *Id.* ¶ 21. Plaintiffs refused this request as unworkable and unfair. *Id.* ¶ 25. Plaintiffs are entitled to up to seven hours of time for each of these depositions. Fed. R. Civ. P. 30(d)(2). If each deposition were to take the full time allowed, the depositions (without breaks) would require a 28-hour day.[5] Plaintiffs cannot predict with certainty how long each deposition will last, but given the importance and volume of the information that Mr. Staten, Ms. Staten, Mr. Hines, and Mr. Gaskins possess about the claims and defenses in this case, plaintiffs do not believe that holding more than one deposition on a given day will be feasible.

The Butch Defendants' "my-way-or-the-highway" requirement for producing witnesses for deposition runs counter to the Federal Rules. "While the parties may voluntarily stipulate to certain conditions regarding the deposition, including the time, place, or manner in which it is conducted, *see* Fed.R.Civ.P. 29, Defendant[s] cannot require Plaintiff[s] to agree to [their] proposed conditions" as a prerequisite for attending a properly noticed deposition. *United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (holding that a deponent cannot refuse to attend a deposition if the taking party does not meet his demands). The Butch Defendants cannot refuse

---

[5]    Even if plaintiffs' counsel were to accommodate the Butch Defendants' request to hold all four depositions on June 12, it would be impossible to hold four depositions simultaneously because counsel for the Butch Defendants, who plaintiffs understand to be a solo practitioner, could only attend one deposition at a time.

to attend plaintiffs' properly noticed deposition simply because plaintiffs do not agree to the

Butch Defendants' time or length requests. Fed. R. Civ. P. 30; *Hansen*, 233 F.R.D. at 668.

Because the Butch Defendants, even after plaintiffs' numerous attempts to meet and

confer, have refused "to appear before the officer who is to take the deposition, after being

served with a proper notice," the Court should compel the witnesses to attend the depositions as

noticed. Fed. R. Civ. P. 37(d); *Albert v. Starbucks Coffee Co. Inc.*, 213 Fed. Appx. 1, 2 (D.C.

Cir. 2007). Alternatively, if the Court sets new dates for the depositions, plaintiffs respectfully

request that those dates fall no later than June 15 or that the Court extend the discovery deadline

until August 15 to ensure that plaintiffs have adequate time to serve further discovery requests, if

needed, based on information revealed at depositions. An extension until August 15 will not

delay progress of the case, because the next status conference is scheduled for August 17 and the

Court has not requested other actions from the parties until that time.

C.  <u>The Butch Defendants' Statement To The Court Does Not Justify Their Failure To</u>
<u>Meet And Confer, To Provide Access To Noticed Deponents, Or To Respond To</u>
<u>Plaintiffs' Document Requests Or Interrogatories.</u>

When plaintiffs informed counsel for the Butch Defendants of their intent to file this

motion, the Butch Defendants requested that the following statement be included in plaintiffs'

brief:

> Mr. Fox has told counsel that he is committed to a jury trial in Federal Court and
> will not be free to deal with the Ashford case for several weeks, but Mr. Fox has
> offered June 12 and 13, 2007 for depositions on a 50:50 basis.

Ex. 13 to Berger Aff., Letter from Mr. Fox to Ms. Newton and Mr. Berger (May 17, 2007).

Plaintiffs understand Mr. Fox's reference to depositions "on a 50:50 basis" to propose holding all

depositions of the Butch Defendants' witnesses on one day and all depositions of the named

plaintiffs on the other. While the Butch Defendants have not yet served notice of the depositions

they wish to take, plaintiffs' counsel, at Mr. Fox's request, are attempting to make arrangements

to hold all seven named plaintiffs' depositions on June 13. Ex. 14 to Berger Aff., Letter from Mr. Berger *et al.* to Mr. Fox (May 17, 2007). While plaintiffs have agreed to try to schedule the plaintiffs' depositions as Mr. Fox has requested, plaintiffs do not agree to hold all of defendants' depositions on the same day, for the reasons detailed above.

Plaintiffs have tried to accommodate Mr. Fox's scheduling constraints, although he has been vague about his trial commitments or when they arouse relative to his commitments in this case. *See, e.g.,* Berger Aff. ¶¶ 17, 24. In any event, if as a result of Mr. Fox's schedule depositions cannot be held until after June 15, plaintiffs respectfully request an extension to the discovery deadline as discussed above.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court (1) compel Butch Enterprises to respond fully to the Interrogatories, (2) compel each of the Butch Defendants to provide a complete and proper response (including the production of all non-privileged responsive documents and the required written and signed response) to the Document Requests, (3) compel Mr. Staten to be deposed on a date certain for the full seven hour period, and (4) compel Butch Enterprises to make its officer (Kimbra Staten) and employee (Derrick Gaskins) available for depositions on dates certain for the full seven hour period.

Dated: May 25, 2007

Respectfully Submitted,

_____/s/ Lee F. Berger_____
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500

13

Facsimile:  (202) 974-1999
*Attorneys for Plaintiffs*


## CERTIFICATION UNDER FED. R. CIV. P. 37

      I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith met and conferred or attempted to meet and confer with counsel for Butch Enterprises, Inc. and Irwin Staten regarding the discovery disputes detailed above in an effort to secure the disclosures at issue without court action.  More information about each of these discussions or attempted discussions is presented in my attached affidavit.

                                               /s/ Lee F. Berger
                                              Lee F. Berger

Dated:  May 25, 2007.

14

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby

certify that:

On May 25, 2007, a copy of the foregoing Motion to Compel Discovery Responses From

Defendants Butch Enterprises, Inc. and Irwin Staten and accompanying papers were served by

electronic transmission through the Court's CM/ECF System on the following parties:

> Stephanie D. Kinder
> Law Offices of Stephanie D. Kinder, P.A.
> 10 N. Calvert Street, Suite 930
> Baltimore, MD 21202
> skinder@epcounsel.com
> Attorney for Bob Ward and A & A Cardinal Eviction
>
> J. Wyndal Gordon
> The Law Office of J. Wyndal Gordon, P.A.
> 10 North Calvert Street, Suite 930
> Baltimore, MD 21202
> jwgaattys@aol.com
> Attorney for Bob Ward and A & A Cardinal Eviction
>
> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

Lloyd J. Eisenberg
Lloyd J. Eisenberg & Associates, P.A.
10632 Little Patuxent Parkway
Suite 430
Columbia, MD 21044
Attorney for Big Time Movers

Melvin L. Otey
Law Offices of Melvin L. Otey PLLC
3609 Georgia Avenue, N.W.
Suite 200
Washington, D.C. 20010
Attorney for Caroline Lanford and All American Eviction
Company

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Dated:  May 25, 2007

_____/s/ Erika J. Davis_____
Erika J. Davis