# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## AFFIDAVIT OF LEE F. BERGER

I, Lee F. Berger, hereby affirm and state the following:

1. I am an attorney of record for the plaintiffs in the above-captioned case. The statements in this affidavit are based on my own personal knowledge.

2. Butch Enterprises, Inc., and Irwin Staten (together, the "Butch Defendants") were served by mail with Plaintiffs' First Request for the Production of Documents (the "Document Requests") on March 13, 2007. Butch Enterprises was also served by mail with Plaintiffs' First Set of Interrogatories (the "Interrogatories") on March 13, 2007.

3. The Butch Defendants' responses to the Document Requests and Interrogatories were due on April 16. To date, the Butch Defendants have not served on plaintiffs responses to the Document Requests or the Interrogatories.

4. My colleagues and I have made numerous attempts to meet and confer with David Fox, counsel for the Butch Defendants, to address the Butch Defendants' failure to respond to the discovery requests. As detailed below, most of these attempts went unanswered.

1

5. On April 18, I sent Mr. Fox a letter and left him a voicemail stating that the Butch Defendants' responses to the discovery requests were overdue and requesting a meet and confer. I received no response. A true and correct copy of the letter I sent on April 18 is attached as Exhibit 1.

6. On April 23, I again contacted Mr. Fox via email to request a meet and confer regarding the overdue responses. A true and correct copy of the email I sent on April 23 is attached as Exhibit 2.

7. On the morning on April 24, Mr. Fox replied to my email dated April 23. Mr. Fox's email stated that Mr. Staten was "gathering together docs" and noted that Mr. Staten was "'joined' only recently." Mr. Fox did not respond specifically to my request to meet and confer and offered no objections to the discovery requests and no schedule as to when he would serve any of the outstanding and overdue responses. A true and correct copy of the email Mr. Fox sent on the morning of April 24 is attached as Exhibit 3.

8. Shortly before noon on April 24, I replied via email to Mr. Fox's email dated April 24. My email set forth the plaintiffs' position that the Butch Defendants' failure to provide a timely response to the discovery requests and Mr. Staten's failure to abide by the Court's order to answer the complaint was unacceptable. I informed Mr. Fox that plaintiffs intended to file a motion to compel if we did not receive Mr. Staten's answer to the First Amended Complaint by April 26, Mr. Staten's initial disclosures by April 27, and Butch Enterprises and Mr. Staten's complete responses to the outstanding discovery requests by April 30. A true and correct copy of the email I sent on April 24 is attached as Exhibit 4.

9. On the afternoon of April 24, my colleague Anne Newton and I met and conferred with Mr. Fox via telephone. During that meet and confer, Mr. Fox assured us that plaintiffs

would receive the Butch Defendants' responses to outstanding discovery requests by April 30. Mr. Fox also requested that we resend to him, by email, the outstanding discovery requests, and stated that he could not locate the copies that we served on him on March 13.

10. The Butch Defendants did not serve plaintiffs with responses to the Interrogatories or the Document Requests by April 30.

11. On April 30, Mr. Fox sent me, via facsimile only, fourteen pages of documents. A true and correct copy of the facsimile Mr. Fox sent on April 30 is attached as Exhibit 5. These fourteen pages include what appear to be four pages of wage records (for three days of work) and ten pages of evictions work orders performed (for two days of work). The documents are not identified as a response to the Document Requests on behalf of either Butch Enterprises or Mr. Staten, do not include any form of written response to plaintiffs' Document Requests, and do not include any signatures or certifications.

12. On April 30, I contacted Mr. Fox by facsimile, email, and voicemail, explaining that plaintiffs had not yet been served with responses to the Interrogatories or Document Requests that the Butch Defendants had agreed to provide. I also told Mr. Fox that plaintiffs would voluntarily extend the time to provide the responses until May 2. A true and correct copy of the letter I sent on April 30 is attached as Exhibit 6.

13. On May 1, I received, via facsimile only, a draft of Butch Enterprises' response to the Interrogatories. The draft interrogatory responses were incomplete, unsigned, and uncertified. Plaintiffs have still not received a final, executed version of Butch Enterprises' interrogatory responses, or the Butch Defendants responses to the Document

Requests. A true and correct copy of the facsimile Mr. Fox sent on May 1 is attached as Exhibit 7.

14. Concurrently with plaintiffs' attempts to get the Butch Defendants to comply with their obligations regarding the Document Requests and Interrogatories, plaintiffs attempted to schedule depositions with the Butch Defendants. In my letter sent to Mr. Fox on April 18 (Exhibit 1), and again in my email sent to Mr. Fox on April 23 (Exhibit 2), I attempted to engage counsel for the Butch Defendants in a meet and confer regarding deposition scheduling. However, the Butch Defendants did not respond to my requests to discuss scheduling of depositions.

15. On May 1, plaintiffs served the Butch Defendants with notices of the following depositions: (a) Otto Hines, eviction van driver for Butch Enterprises, scheduled for May 18; (b) Kimbra Staten, Vice President and Treasurer of Butch Enterprises, scheduled for May 25; (c) Derrick Gaskins, eviction van driver for Butch Enterprises, scheduled for May 31; and (d) defendant Mr. Staten, scheduled for June 6. True and correct copies of these deposition notices are attached at Exhibit D.

16. After noticing these depositions, Ms. Newton and I continued to attempt to contact counsel for the Butch Defendants to confirm the deponents' appearances as scheduled and offered to meet and confer to reschedule the depositions to more mutually convenient dates, if necessary. On May 4, Ms. Newton sent Mr. Fox an email requesting that he meet and confer with us regarding the outstanding discovery issues. A true and correct copy of this email Ms. Newton sent on May 4 is attached as Exhibit 8.

17. On May 4, Mr. Fox responded via email, stating he was in "trial next wk and am in trial most of May." He also stated, "that depositions will need to be scheduled by mutual

4

assent and that all ptfs will need to be produced. One depo for each side then repeated." Mr. Fox did not respond to plaintiffs' questions regarding the outstanding discovery requests. A true and correct copy of the email Mr. Fox sent on May 4 is attached as Exhibit 9.

18. On May 8, the Court held a Status Conference in this matter. Counsel for the Butch Defendants did not attend.

19. On May 10, Ms. Newton left a voicemail for Mr. Fox and emailed him again to attempt to meet and confer about the outstanding responses to the Interrogatories and Document Requests and the scheduling of depositions. Mr. Fox did not respond to either the phone call or the email. A true and correct copy of the email Ms. Newton sent on May 10 is attached as Exhibit 10.

20. On May 14, I sent Mr. Fox a letter via facsimile and mail regarding his failure to meet and confer regarding scheduling of the depositions that plaintiffs' noticed for Otto Hines, Kimbra Staten, Derrick Gaskins, and Mr. Staten. A true and correct copy of the letter I sent on May 14 is attached as Exhibit 11.

21. In the evening of May 16, Mr. Fox sent Anne Newton a letter via facsimile canceling Mr. Hines' deposition that was scheduled for May 18. After plaintiffs' four weeks of attempts to meet and confer regarding mutually convenient deposition dates, Mr. Fox proposed one day -- June 12 -- as a deposition date for all Butch witnesses, provided he could depose plaintiffs the following day. A true and correct copy of the letter Mr. Fox sent on May 16 is attached as Exhibit 12.

22. Immediately after receiving this letter on May 16, Ms. Newton and I called Mr. Fox. Mr. Fox answered the telephone but informed us that he did not have time to speak with us.

23. On May 17, Ms. Newton and I held a meet and confer with Mr. Fox via telephone regarding the deposition schedule and other outstanding discovery issues. On that call, the parties agreed to reschedule Mr. Hines' deposition to June 12 and that Ms. Newton and I would contact the named plaintiffs about their availability for depositions on June 13. After discussing the deposition schedule, Mr. Fox abruptly hung up the telephone when I attempted to discuss the Butch Defendants' overdue and incomplete responses to the Interrogatories and Discovery Requests.

24. On May 17, shortly after the call, Mr. Fox sent Ms. Newton and me a letter via facsimile in which he restated that he would make Mr. Staten and Butch Enterprises' three noticed deponents available on either June 12 or 13, provided that the alternative day was used for depositions of the seven named plaintiffs. Mr. Fox also stated that he would be "largely unavailable" until after June 8 and that we should not "assume" that he "will be monitoring email." A true and correct copy of the letter Mr. Fox sent on May 17 is attached as Exhibit 13.

25. On May 17, also shortly after the call, I sent Mr. Fox a letter by facsimile and mail memorializing the events of our teleconference, requesting immediate responses to the Interrogatories and Document Requests, and stating plaintiffs' position that Mr. Fox's insistence on rescheduling all four noticed depositions for June 12 was unacceptable. A true and correct copy of the letter I sent on May 17 is attached as Exhibit 14.

26. On May 18, Mr. Fox forwarded me a letter in which he stated that "Defendant will endeavor to supplement Defendants' Answers to Interrogatories and Request for Production." This letter did not mention a date by which the "Defendant" (presumably

Butch Enterprises) would comply. A true and correct copy of the letter Mr. Fox sent on May 18 is attached as Exhibit 15.

27. That same day, I sent Mr. Fox a response via facsimile and mail noting that, based on the Butch Defendants' previous broken promises regarding discovery production, their new promise to "endeavor" to meet their discovery obligations provided no assurances that those obligations would be met and informing Mr. Fox of our intent to bring a motion to compel. A true and correct copy of the letter I sent on May 18 is attached as Exhibit 16.

28. Neither my colleagues nor I have had any contact with Mr. Fox since May 18. The Butch Defendants have not served plaintiffs with responses to the Document Requests, and Mr. Staten has not served plaintiffs with certified interrogatory responses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 25, 2007

_____
Lee F. Berger (D.C. Bar #482435)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorney for Plaintiffs*

District of Columbia SS
Subscribed and Sworn to before me, in my presence,
this 25th day of May, 2007
_____
Austin A.B. Ownbey, Notary Public, D.C.
My commission expires April 14, 2011

AUSTIN A.B. OWNBEY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 14, 2011