# EXHIBIT 14

CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N W.
WASHINGTON, D.C. 20006-1801
(202) 974-1500
FACSIMILE
(202) 974-1999
WWW CLEARYGOTTLIEB COM

NEW YORK
PARIS
BRUSSELS
LONDON
MOSCOW

FRANKFURT
COLOGNE
ROME
MILAN
HONG KONG
BEIJING

KENNETH L. BACHMAN, JR.
SARA D SCHOTLAND
JOHN S MAGNEY
MARK LEDDY
JOHN C. MURPHY JR
DAVID M BECKER
GEORGE S. CARY
JANET L. WELLER
MITCHELL S DUPLER
LINDA J SOLDO
GIOVANNI P PREZIOSO
JOHN T BYAM
MATTHEW D SLATER
MICHAEL R LAZERWITZ
DAVID I GELFAND
MICHAEL A MAZZUCHI
ROBERT W COOK
MARK W NELSON
ROBIN M BERGEN
DEREK M. BUSH
PAUL D MARQUARDT
BRIAN BYRNE
RESIDENT PARTNERS

J EUGENE MARANS
DANIEL B. SILVER
RICHARD DEC HINDS
SENIOR COUNSEL

W RICHARD BIDSTRUP
SCOTT N BENEDICT
KEVIN A. GRIFFIN
STEVEN J KAISER
COUNSEL

JOYCE E MCCARTY
KAREN A. KERR
SCOTT R GOODWIN
SENIOR ATTORNEYS

MATTHEW R AYRES
JENNIFER M BABOUNAKIS
MATTHEW I BACHRACK
STEPHEN J BENHAM*
JENNIFER S BENSON
LEE F BERGER
MATTHEW J BERMAN
CHINWE BINITIE
LAURA L. BLACK
LEAH BRANNON
JEREMY CALSYN
KATHERINE M. CARROLL
KERRI J CHASE
SHAWN J CHEN
SEAN D COREY
ALYSON J DAIS
LARRY C DEMBOWSKI
CARL EDMAN
ALINA D. ELDRED
DESMOND EPPEL
NICLAS S ERICSSON
CHRISTOPHER D. HALE
MORGAN A HARRIS
MICHAEL R HARTMAN
ELIZABETH A. HARVEY
ERIC H HILDENBRAND
MEGHAN A. IRMLER
DINAH R. KNIGHT

FIANA R KWASNIK
CHRISTOPHER T LEAHY*
JEFFREY LEASURE
JOHN R LOATMAN
PATRICIA M MCDERMOTT
JOHN P MCGILL, JR
YASMIN MEHRAIN
ADAM J MILLER
JENNIFER A. MORRISSEY
ANNE NEWTON
DAVID NUSBAUM*
NICHOLAS R OLMSTED
LAUREN L PEACOCK
ANTONIO J REYNOLDS*
NICOLE ROTHE*
PAUL R ST LAWRENCE III
AUDRA L. SAVAGE
TAMARA D SCHMIDT
OMAR SERAGELDIN
GARY SILBER
JOSHUA B STERLING
SARAH G. TEN SIETHOFF
PETIA VRETENAROVA
JOANNE C WELLINGTON
DANA D C. WESTFALL
ASSOCIATES

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA.
WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE.

Writer's Direct Dial. (202) 974-1646
E-Mail: lberger@cgsh.com

May 17, 2007

VIA FACSIMILE & FIRST CLASS MAIL

David E. Fox, Esq.
1325 Eighteenth Street, N.W.
Suite 103
Washington, D.C. 20036

Re: Butch Enterprises, Inc.

Dear Mr. Fox:

This letter is in response to your May 16, 2007 and May 17, 2007 letters and is intended to memorialize Lee Berger and Anne Newton's telephonic conversation with you the morning of May 17, 2007. After you failed to respond to our repeated attempts to meet and confer to set deposition dates before we noticed depositions, on May 1, 2007, we noticed the following depositions upon Butch Enterprises, Inc. under Federal Rule of Procedure 30: Otto Hines on May 18, Kimbra Staten on May 25, Derrick Gaskins on May 31, and Irwin Staten on June 6. Even after noticing those depositions, we continued to try to schedule the depositions at a mutually convenient time within the limited discovery period the Court has ordered: we called you three times, emailed you twice, and sent you a letter by fax, email and first class mail. Despite all of our efforts, you have chosen to wait until the last possible moment to cancel the first scheduled deposition and to propose an alternate date for that deposition. You have still never proposed a viable alternate date for any of the other currently noticed depositions. Given that you have chosen not respond to our efforts to work with you on a schedule, we have given notice of these depositions as we are entitled to do under the Rules.

We have agreed to reschedule the deposition of Mr. Hines to June 12 at 10:00 am in our offices. We expect the deposition will likely last the entire seven-hour period (excluding breaks) permitted under Federal Rule of Civil Procedure 30(d)(2).

We will present your request for depositions on June 13 to each of the named plaintiffs, and we will let you know if they are available that day. If they are not, we will make every effort to ensure they are available some day in close proximity to June 13. We are happy to host depositions of the named plaintiffs in our office, but please let us know if you would prefer another venue.

On our call, we discussed the dates of the depositions of Ms. Staten, Mr. Gaskins, and Mr. Staten. First, regarding Ms. Staten's deposition, even though we served notice of Ms. Staten's deposition on May 1, you explained that you had still not informed Ms. Staten that she is to be deposed and that you refuse to attend her deposition or to make her available for her deposition on May 25 (as currently noticed). Ms. Staten is the Vice President and Treasurer of Butch Enterprises (as indicated in the attached document provided by the Virginia State Corporation Commission), and as such Butch Enterprises is obligated to make her available for deposition. You have refused to offer another date for the deposition of Ms. Staten other than June 12, which is the same date you have offered for Mr. Hines. Although we are amenable to holding the depositions of Mr. Hines and Ms. Staten concurrently on June 12, this date is not a real possibility for because you cannot be present at more than one deposition at a time. Your suggestion that we limit the time for each deposition is unacceptable to us and violates our rights under Rule 30(d)(2) to a seven-hour period for each deposition. Accordingly, it remains our position that you have failed to propose an alternate date for Ms. Staten's deposition.

You have also refused to attend or make available for deposition on the currently noticed dates Mr. Staten and Mr. Gaskins. The only date you have offered for these depositions is June 12. Again, this offer is not realistic because it would be impossible for you to attend those depositions on the same day as Mr. Hines' deposition, and we are unwilling to compromise our right to the full deposition period for each deposition under Rule 30(d)(2).

The reason that you gave for your refusal – that you are busy with other matters, including a trial – appears disingenuous. We have attempted to engage you in discussions on these matters for four weeks. You are aware of the tight discovery period the Court has ordered and have never raised any objection to the discovery schedule in this matter. You have ignored or resisted all attempts at substantive communications with us on these issues until shortly before the first scheduled deposition. We appreciate that all attorneys (including us) have busy schedules, but your busy schedule is an insufficient justification for denying our clients their right to discovery, particularly in light of the schedule the court has placed on all parties. Your statements that you only have one day in June available for depositions of Butch Enterprises' deponents in this case ring particularly hollow in light the fact that you requested that each side be permitted to take up to eighty depositions before the close of discovery in July. In light of your refusal to attend or reschedule the deposition of Ms. Staten, Mr. Staten, and Mr. Gaskins, we intend to seek an order from the court compelling Ms. Staten, Mr. Staten, and Mr. Gaskins to attend their depositions as noticed under Rules 30 and 37(d)(1).

In addition to these deposition issues, you have failed to respond to our repeated requests to meet and confer regarding your clients' other discovery obligations. At the outset of our call today we stated that we wanted to discuss depositions, interrogatories, and document requests. Despite this, after we discussed depositions, and as we started discussing your clients' interrogatory responses, you hung up the phone on us.

We interpret your actions in this regard as a refusal to meet and confer with us on both the interrogatories and the discovery requests, and we intend to seek appropriate relief from the Court in light of your clients' inadequate responses to interrogatories and document requests. With respect to the outstanding discovery issues, Butch Enterprises has failed to serve us with responses to our interrogatories. Those responses are now thirty-one days late. At most, we have seen a draft, unexecuted version of the responses, sent to us via facsimile – a complete failure to meet the requirements of Rules 5(b) and 33(b). Under Rule 37(d)(2), Butch Enterprises is obliged to produce complete, final responses to our interrogatory requests, signed by a principal of Butch Enterprises, in full compliance with Rules 5(b) and 33(b).

Butch Enterprises and Mr. Staten's responses to our first Requests for the Production of Documents also fail to satisfy the requirements of the Federal Rules of Civil Procedure. Despite taking an extra two weeks to respond to our requests beyond the deadline imposed by the Federal Rules, your clients' production does not comport with Rules 5(b) and 34(b). First, your clients only produced documents by facsimile, instead of one of the methods permitted by Rule 5(b). Second, your clients produced only fourteen documents, all of which were only responsive to plaintiffs' Request Nos. 1 and 5. Your clients have not yet produced any documents responsive to any other request; under Rule 34(b), we demand that your clients do so. Third, to the extent that your clients produced documents responsive to Request No. 1, they have only produced wage records for March 23, 2006, March 29, 2006, and April 11, 2006; under Rules 34(b), we demand that wage records be produced for all other dates from January 1, 1998 to the present. Fourth, to the extent that your clients produced documents responsive to Request No. 5, they have only produce work orders for August 25, 2006 and September 27, 2006; under Rule 34(b), we demand that all work orders and other documents responsive to Request No. 5 from January 1, 1998 to the present be produced. Fifth, under Rule 34(b)(i), as opposed to the random order of the production sent via facsimile, we demand that all such documents be produced either "as they are kept in the ordinary course of business" or organized and labeled "to correspond with the categories of the request." Finally, under Rules 34(b) and 37(d)(3), we demand that your clients provide written certifications that they have produced all documents in their possession, custody and control responsive to our requests.

We have little time left in the Court-ordered discovery period, and, given your repeated missed deadlines, broken assurances, and refusals to meet and confer on even the most simple of discovery issues, we can no longer accept what appear to us to be an affirmative attempt to postpone your clients' compliance with their discovery obligations indefinitely. We

David E. Fox, Esq.
May 17, 2007
Page 4

expect your full and immediate compliance with these discovery requirements and note that anything less will lead us to seek immediate relief from the Court.

                Sincerely,

                Lee F. Berger
                Larry C. Dembowski
                Anne Newton
                Matthew J. Berman

Attachment

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING**

**GOVERNMENT AGENCY**

VIRGINIA STATE CORPORATION COMMISSION

**Company Name:** BUTCH ENTERPRISES, INC.

**Name Comment:** DUNS NO. 070185512

**Business Address:**

10332 MAIN ST #356
FAIRFAX, VA 22030

**Type:** CORPORATION

**Status:** ACTIVE

**Status Date:** 2/23/2001

**Filing Date:** 3/5/1999

**Duration:** PERPETUAL

**Date of Incorporation/Qualification:** 3/5/1999

**State or Country of Incorporation:** VIRGINIA

**Registered Agent:**

BRUCE A GROSS
Status: ACTIVE
Creation Date: 3/5/1999

**Registered Office:**

9431 MAIN ST
MANASSAS, VA 20110

**Other Name Information:**

BUTCH'S & CO., INC.
Type: FORMER

**Additional Information:** INDUSTRY: GENERAL

**Filing Number:** 517258

**Stock Information:**

Type of Stock: COMMON
Authorized Quantity: 1,000
Change in Stock: NO

**Officers, Directors:**

STATEN, KIMBRA
VICE PRESIDENT
TREASURER


STATEN, IRWIN
PRESIDENT

**History:**

File Date: 3/12/1999
Type: NAME CHANGE