IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al.,       ) <br> ) <br> *Plaintiffs*,       ) <br> v.       ) <br> ) <br> East Coast Express Eviction, et al.,       ) <br> ) <br> *Defendants*.       ) <br> _____) | Civil Action No. 06-cv-1561 (RJL) <br><br> Hon. Richard J. Leon |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS CHOYA RODRIGUEZ AND PLATINUM REALTOR SERVICES, INC.

Plaintiffs move to compel discovery responses from defendants Platinum Realtor Services, Inc. ("Platinum") and Choya Rodriguez. In support of this motion, plaintiffs submit a Memorandum of Law, with exhibits, establishing the motion's factual and legal basis. Plaintiffs respectfully request that the Court:

1. Compel Defendant Platinum to fully respond to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

2. Compel Defendant Platinum to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

3. Compel Defendant Mr. Rodriguez to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

4. Compel Defendant Mr. Rodriguez to appear for deposition and answer plaintiffs' questions on a date no later than July 6, 2007, for up to a full seven-hour period as provided in the Federal Rules of Civil Procedure.

Dated: June 8, 2007

Respectfully submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al.,<br><br>individually and on behalf<br>of all others similarly situated,<br><br>        *Plaintiffs*,<br>v.<br><br>East Coast Express Eviction, et al.,<br><br>        *Defendants*. | Civil Action No. 06-cv-1561 (RJL)<br><br>Hon. Richard J. Leon |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO COMPEL DEPOSITION ANSWERS AND DISCOVERY RESPONSES
FROM DEFENDANTS CHOYA RODRIGUEZ AND PLATINUM REALTOR
SERVICES, INCORPORATED**

TABLE OF CONTENTS

Page(s)

PROCEDURAL BACKGROUND ................................................................................................ 2
ARGUMENT .................................................................................................................................. 3
    A.    Mr. Rodriguez Can Only Assert The Fifth Amendment Privilege On A Question-By-Question or Request-By-Request Basis. ........................................... 4
    B.    Platinum, A Corporation, Cannot Claim Protection Under The Fifth Amendment. ................................................................................................................ 5
    C.    Absent A Viable Fifth Amendment Defense, The Platinum Defendants Must Comply With The Discovery Requests and The Subpoenas ........................ 6
CONCLUSION ............................................................................................................................... 7

LIST OF EXHIBITS

Exhibit A, Plaintiffs' First Request for the Production of Documents from Platinum Realtor Services, Inc.

Exhibit B, Plaintiffs' First Request for the Production of Documents from Choya Rodriguez.

Exhibit C, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007).

Exhibit D, Subpoena Duces Tecum to Platinum Realtor Services, Inc. (April 17, 2007).

Exhibit E, Subpoena for Deposition of Choya Lord Rodriguez (April 17, 2007).

Exhibit F, Transcript of Deposition of Choya Rodriguez (May 29, 2007).

Exhibit G, Letter from Larry Dembowski and Kevin Burke to Choya Rodriguez (May 30, 2007).

Exhibit H, Affidavit of Kevin R. Burke.

Exhibit I, Corporate Records & Business Registrations for Platinum Realtor Services, Inc. from Westlaw

Exhibit J, Advertisement for Platinum Realtor Services, Inc.

Plaintiffs submit this memorandum in support of their motion to compel defendant Choya Rodriguez and his company, defendant Platinum Realtor Services, Inc. ("Platinum" and together with Mr. Rodriguez, the "Platinum Defendants") to participate in discovery.

Plaintiffs recognize that the Platinum Defendants have defaulted and have therefore conceded liability with respect to paying illegal wages and conspiring with the other defendants in this case. Nonetheless, plaintiffs are pursuing discovery from the Platinum Defendants because the evidence that the Platinum Defendants possess will be important for the plaintiffs to develop their case against the non-defaulting defendants. Discovery under the Federal Rules is designed to produce this evidence in the most expeditious manner possible.

Mr. Rodriguez has refused to answer any questions at deposition, and he and Platinum have failed to respond to any discovery requests. Mr. Rodriguez's refusal to testify appears to be based on the mistaken belief that he can rely on the Fifth Amendment to avoid participation in discovery entirely. He is wrong: the Fifth Amendment does not give a civil defendant the right to make a blanket refusal to answer questions at deposition; instead, a natural person may refuse to answer particular questions, the answer to which would be incriminating under a criminal law, but must provide answers to all other questions. The Platinum Defendants have provided no explanation for their failure to respond to other discovery requests served on them. Thus, to permit plaintiffs to obtain important evidence related to their claims, plaintiffs respectfully request, under Rules 37 and 45 of the Federal Rules of Civil Procedure ("Federal Rules"), that the Court compel Mr. Rodriguez to answer questions at deposition and compel the Platinum Defendants to respond to the requested discovery in accordance with the Federal Rules.

## PROCEDURAL BACKGROUND

On March 13, 2007, plaintiffs served the Platinum Defendants with requests for the production of documents ("Document Requests") and interrogatories (together with the Document Requests, the "Discovery Requests"). *See* Ex. A, Plaintiffs' First Request for the Production of Documents from Platinum Realtor Services, Incorporated; Ex. B, Plaintiffs' First Request for the Production of Documents from Choya Rodriguez; Ex. C, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007). The Platinum Defendants' responses to the Discovery Requests were due April 16.[1] Fed. R. Civ. P. 33(b)(3), 34(b). On April 27, plaintiffs served Platinum with a subpoena duces tecum seeking the same documents requested in the Document Requests, indicating a return date for those documents of May 2. *See* Ex. D, Subpoena Duces Tecum to Platinum.[2] To date, the Platinum Defendants have not served plaintiffs with any responses or objections to the Discovery Requests or to the subpoena duces tecum. Ex. H, Affidavit of Kevin Burke ("Burke Aff.") ¶ 10.

Also on April 27, plaintiffs served Mr. Rodriguez with a subpoena requiring Mr. Rodriguez to appear at the offices of plaintiffs' counsel on May 23, 2007, for a deposition. *See* Ex. E, Subpoena for Deposition of Choya Lord Rodriguez (including witness fee). After Mr. Rodriguez failed to appear at his May 23 deposition despite confirming twice that he would attend, plaintiffs rescheduled Mr. Rodriguez's deposition for the morning of May 29. Burke Aff. ¶¶ 2-6.

---

[1] Plaintiffs served the Platinum Defendants with these discovery requests via U.S. mail on March 13, 2007. April 12 is thirty days from March 13. The Platinum Defendants received the benefit of an additional three days under Rule 6(e), making their responses due on April 15, but April 15 was a Sunday, making their responses due on April 16.

[2] Plaintiffs served the Platinum Defendants with duplicative requests under Rule 45 in light of the Platinum Defendants' defaulted status in this case. *See* Default against Platinum (Docket Item No. 81) (March 7, 2007); Default against Rodriguez (Docket Item No. 79) (February 28, 2007).

Mr. Rodriguez arrived without counsel at the office of plaintiffs' counsel at the scheduled time on May 29. *Id.* at ¶ 7. Prior to being sworn in, Mr. Rodriguez indicated the he would not answer any questions under his Fifth Amendment right not to give self-incriminating testimony. *Id.* Mr. Rodriguez refused to answer any of plaintiffs' questions during the deposition, including refusing to respond to the request "Please state your name for the record." *See* Ex. F, Tr. of Dep. of Choya Rodriguez ("Rodriguez Tr.") at 4:9-14. Faced with a completely unresponsive deponent, plaintiffs stated their intention to telephone the Court in Mr. Rodriguez's presence to request that the Court compel Mr. Rodriguez to answer questions. *Id.* at 6:7-22; Burke Aff. ¶ 7. At that point, Mr. Rodriguez left the deposition, ending the deposition. Burke Aff. ¶ 7; Rodriguez Tr. at 3.

The next day, plaintiffs sent a letter by hand delivery and Federal Express to Mr. Rodriguez requesting a meet and confer regarding Platinum and Mr. Rodriguez's outstanding responses to the Discovery Requests and the subpoena duces tecum and Mr. Rodriguez's refusal to answer any questions at his deposition. Ex. G, Letter from Larry C. Dembowski and Kevin R. Burke to Mr. Rodriguez (May 30, 2007). Mr. Rodriguez has not responded to plaintiffs' request to meet and confer. Burke Aff. ¶ 10.

## ARGUMENT

The Platinum Defendants' refusal to provide plaintiffs any of the requested evidence appears founded in an erroneous understanding of the application of the Fifth Amendment privilege to civil discovery. First, as an individual, Mr. Rodriguez cannot rely on the Fifth Amendment to refuse entirely to participate in discovery – he can only assert the privilege on a request-by-request or question-by-question basis, and in each instance he bears the burden of demonstrating that the privilege applies. Second, Platinum, a corporation, cannot invoke a Fifth

Amendment privilege to resist discovery, because the Fifth Amendment does not apply to corporations. Third, the information plaintiffs seek is important for their case, both regarding the liability of the non-defaulting defendants and the damages and enforcement of judgment against all defendants, including the Platinum Defendants. Therefore, having raised no objection except the Fifth Amendment privilege, the Platinum Defendants must comply with the Discovery Requests, the subpoena duces tecum, and the subpoena for deposition as the Federal Rules require. Accordingly, plaintiffs respectfully request that, under Rules 37 and 45, the Court compel the Platinum Defendants' responses to plaintiffs' Discovery Requests and the subpoena duces tecum and compel Mr. Rodriguez's attendance to and cooperation at his deposition.

### A. Mr. Rodriguez Can Only Assert The Fifth Amendment Privilege On A Question-By-Question Or Request-By-Request Basis.

Mr. Rodriguez may not invoke a blanket refusal to answer all of plaintiffs' questions under the Fifth Amendment. In making a determination whether the Fifth Amendment's protections apply, the Court must be allowed to review "assertions of privilege on a question-by-question basis." *Anton v. Milano*, 233 F.R.D. 216, 218 (D.D.C. 2006) (citing *U.S. v. Argomitz*, 925 F.2d 1349, 1355 (11th Cir. 1991)). A "blanket refusal to answer questions does not suffice to raise constitutional questions." *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987) (quoting *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977)) (rejecting a defendant's wholesale refusal to respond to civil discovery requests under the Fifth Amendment, explaining that "for one to invoke [the Fifth Amendment] privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim"). Instead, if "the danger of self-incrimination is not apparent, the burden is on the claimant to prove that the danger exists." *SEC v. Parkersburg Wireless Ltd. Liability Co.*, 156 F.R.D. 529, 535 (D.D.C. 1994).

4

Here, Mr. Rodriguez has not asserted his Fifth Amendment privilege with any particularity. For example, it is not apparent how Mr. Rodriguez's refusal to state his name on the record was supported by a danger of self-incrimination. If there is any basis to do so, not only must Mr. Rodriguez assert his privilege on a question-by-question basis, he must also sustain the burden of proof that the privilege applies to each question that he refuses to answer.

Although the D.C. Circuit has noted that "unusual cases" do exist in which a "district judge may sustain a blanket assertion of the Fifth Amendment privilege after determining that there is a reasonable basis for believing a danger to the witness might exist in answering any relevant question," *United States v. Thornton*, 733 F.2d 121, 126 (D.C. Cir 1984), this is not such a case. The facts of "unusual cases" where blanket assertions have been allowed are different from the present litigation. In *Thornton*, the witness asserting the privilege had been arrested at the same time as the defendant in the case and was facing similar drug charges stemming from the incident. 733 F.2d at 123-24. In *Anton v. Milano*, 233 F.R.D. 216 (D.D.C. 2006), the Court allowed a blanket assertion in a civil wrongful death suit where the witness invoking the Fifth Amendment was with the deceased at the time of death and had been interviewed by the police in connection with the incident. 233 F.R.D. at 219. In both of these cases, the subject of the deponent's testimony was identical to the subject of an ongoing or potential criminal prosecution for which the police had arrested or interviewed the deponent. In contrast, to plaintiffs' knowledge, the police have not arrested or interviewed Mr. Rodriguez or any other defendants regarding their wage practices or antitrust conspiracy.

B. <u>Platinum, A Corporation, Cannot Claim Protection Under The Fifth Amendment.</u>

Platinum has provided no explanation for its failure to comply with discovery obligations in this case. Plaintiffs are left to assume that a similar misunderstanding of the Fifth Amendment

that led Mr. Rodriguez to refuse to give testimony also underlies Platinum's failures. The Fifth Amendment, though, does not provide a legitimate basis for Platinum's inaction. Only natural persons may assert the Fifth Amendment privilege against self-incrimination. *United States v. White*, 322 U.S. 694, 699 (1944) ("Since the privilege against self-incrimination is a purely personal one, it cannot be utilized by or on behalf of any organization, such as a corporation."). For example, in *Braswell v. United States*, the Supreme Court held that the Fifth Amendment does not apply to the president and sole shareholder of a corporation whose books and records were the subject of a federal grand jury subpoena. 487 U.S. 99, 119 (1988). Specifically, the Court noted that "without regard to whether [a] subpoena is addressed to the corporation, or as here, to the individual in his capacity as custodian . . . a corporate custodian . . . may not resist a subpoena for corporation records on Fifth Amendment grounds." *Id.* at 108-09.

Platinum appears to be a corporation.[3] Thus, Platinum does not have a valid Fifth Amendment privilege. To the extent the Discovery Requests and the subpoena duces tecum require responses from Platinum, it must comply with those requests.

> C. Absent A Viable Fifth Amendment Defense, The Platinum Defendants Must Comply With The Discovery Requests And The Subpoenas.

But for the Platinum Defendants' erroneous reliance on the Fifth Amendment, plaintiffs believe that they will obtain much important evidence from the Platinum Defendants, despite the fact that the Platinum Defendants have already defaulted in this case. For example, the Platinum

---

[3] Platinum may have lost its status as a corporation in 2005, *see* Ex. I, Corporate Records & Business Registrations for Platinum Realtor Services, Inc. from Westlaw, but the facts surrounding Platinum's status are unknown to plaintiffs at this time. Moreover, Platinum has continued to hold itself out as a corporation since that time. *See* Ex. J, Advertisement for Platinum Realtor Services, Inc. (indicating in its name that it is incorporated). In addition, Platinum has not challenged plaintiffs' allegation that it is a corporation. *See* First Amended Complaint at ¶ 24 (Docket Item No. 54) (filed Dec. 20, 2006). Plaintiffs note that in certain circumstances, a sole proprietorship may have a Fifth Amendment privilege regarding the production of documents. *See United States v. Doe*, 465 U.S. 605 (1984). Nevertheless, even if Platinum is a sole proprietorship, there is no justification for its asserting a blanket refusal to cooperate with discovery where an individual could not do so.

Defendants have information about whether the non-defaulting defendants engaged in a conspiracy to suppress wages. Additionally, the Platinum Defendants can identify other witnesses, such as Platinum's drivers or other employees, who could provide testimony implicating the non-defaulting defendants. Further, the Platinum Defendants have evidence about Platinum's own business practices (for example, wage practices, volume of evictions performed, location of evictions performed, and the number and identity of workers employed) that will go to the calculation of damages. Finally, the Platinum Defendants can provide information about the location of their assets, which may be needed to seek enforcement of the requested default judgment.[4]

To the extent the documents and information requested are within the Platinum Defendants' possession, custody, or control, they must comply with the Federal Rules and serve plaintiffs with documents and interrogatory responses. Fed. R. Civ. P. 33, 34, 45.[5] Similarly, both in his capacity as president of Platinum and his individual capacity, Mr. Rodriguez must comply with the Federal Rules and answer questions at deposition or assert his Fifth Amendment privilege on a question-by-question basis. Fed. R. Civ. P. 30, 45. Given the plaintiffs' need for the evidence in the Platinum Defendants' control, plaintiffs respectfully request that the Court compel the Platinum Defendants' compliance with their discovery obligations.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court (1) compel the Platinum Defendants each to provide a complete and proper response to the Discovery Requests

---

[4] Plaintiffs are entitled to such discovery under Fed. R. Civ. P. 69(a), which allows judgment creditors to obtain discovery from judgment debtors in "aid of the judgment or execution."

[5] Because the Platinum Defendants did not object to any of the document requests, they must produce all non-privileged documents responsive to each request in their possession, custody, or control. *Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005).

and subpoena duces tecum (including the production of all non-privileged responsive documents and the required written and signed response to our requests and Interrogatories) and (2) compel Mr. Rodriguez to attend a deposition and answer plaintiffs' questions (or assert his Fifth Amendment privilege on a question-by-question basis) on a date no later than July 6, 2007, as provided under the Federal Rules.

Dated:  June 8, 2007

                                Respectfully Submitted,

                                /s/ Lee F. Berger
                                Lee F. Berger (D.C. Bar # 482435)
                                Matthew D. Slater (D.C. Bar # 386986)
                                Larry C. Dembowski (D.C. Bar # 486331)
                                Matthew Berman (D.C. Bar # 489242)
                                Cleary Gottlieb Steen & Hamilton LLP
                                2000 Pennsylvania Avenue, N.W.
                                Washington, D.C.  20006-1801
                                Telephone:  (202) 974-1500
                                Facsimile:   (202) 974-1999
                                *Attorneys for Plaintiffs*

## CERTIFICATION UNDER FED. R. CIV. P. 37

I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith attempted to meet and confer with Defendants Platinum Realtor Services, Inc. and Choya Rodriguez ("Platinum Defendants") regarding the discovery disputes detailed above in an effort to secure the disclosures at issue without court action. However, the Platinum Defendants have not responded to plaintiffs' written request to meet and confer.

                                /s/ Lee F. Berger
                                Lee F. Berger

Dated:  June 8, 2007.

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On June 8, 2007, a copy of the foregoing Motion to Compel Discovery Responses From Defendants Choya Rodriguez and Platinum Realtor Services, Inc. and accompanying papers were served by electronic transmission through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Patuxent Parkway
> Suite 430
> Columbia, MD 21044
> Attorney for Big Time Movers
>
> Melvin L. Otey
> Law Offices of Melvin L. Otey PLLC
> 3609 Georgia Avenue, N.W.
> Suite 200
> Washington, D.C. 20010
> Attorney for Caroline Lanford and All American Eviction Company

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Dated:  June 8, 2007                                                  /s/ Erika J. Davis
                                                                                Erika J. Davis