# EXHIBIT H

Case 1:06-cv-01561-RJL-JMF    Document 97-9    Filed 06/08/2007    Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| *Plaintiffs*, ) | |
| v. ) | Hon. Richard J. Leon |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

### AFFIDAVIT OF KEVIN R. BURKE

I hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am an associate in the Washington, D.C. office of Cleary Gottlieb Steen & Hamilton LLP and am one of the attorneys representing the plaintiffs in this litigation.

2. On May 7, 2007, I spoke with Choya Rodriguez on the telephone regarding his deposition scheduled for May 23. During this call, Mr. Rodriguez stated that he would attend the deposition on its scheduled date and time. I offered Mr. Rodriguez the opportunity to reschedule the deposition if the May 23 date presented a conflict. Mr. Rodriguez declined the offer. I told Mr. Rodriguez that we reserved the right to seek costs and fees associated with the deposition if he failed to attend.

3. On the morning of May 22, I spoke with Mr. Rodriguez on the telephone to confirm his attendance for the deposition scheduled for 10 a.m. the next morning. Again, Mr. Rodriguez confirmed that he would attend the deposition at the scheduled time.

4. At approximately 8:45 p.m. on May 22, I received a voicemail message from Mr. Rodriguez stating that he would not be able to attend the deposition at 10 a.m. the next morning.

5. At approximately 9:30 a.m. on May 23, I, along with my colleagues Larry Dembowski and Lee Berger, telephoned Mr. Rodriguez in an attempt to secure his deposition sometime during the day. We also asked Mr. Rodriguez about the nature of his conflict. In response, Mr. Rodriguez stated that he had a personal meeting, but did not divulge its nature. We told Mr. Rodriguez that he had a legal obligation to attend the deposition as scheduled and asked if he could come in to our offices to be deposed within the next several hours. We also explained that we had the right to seek fees and costs related to the court reporter and the video recorder if he did not attend the deposition. Mr. Rodriguez stated that he was unsure how long his meeting would last, and that we would call us within 30 to 45 minutes to let us know whether he would attend the deposition that day.

6. At approximately 11:30 a.m. on May 23, I telephoned Mr. Rodriguez to inquire whether he would attend the deposition. He stated that he would not attend the deposition on that day. I proposed to reschedule the deposition for May 29 at 10 a.m. Mr. Rodriguez agreed to the revised schedule.

7. On May 29, Mr. Rodriguez arrived for his rescheduled deposition. He was not accompanied by counsel. Prior to the start of the deposition, Mr. Rodriguez told me that we were "wasting our time" because he intended to assert his Fifth Amendment rights. During the deposition, Mr. Rodriguez refused to answer on the record questions asked by Larry Dembowski. Off the record, Mr. Dembowski told Mr. Rodriguez that he did not

believe that the Fifth Amendment applied to Mr. Rodriguez's refusal to answer any questions asked of him. Again off the record, Mr. Dembowski informed Mr. Rodriguez that he intended to call the court in Mr. Rodriguez's presence to discuss Mr. Rodriguez's silence. At this time, Mr. Rodriguez stood up and walked out of the room. Mr. Dembowski and I followed Mr. Rodriguez to the elevator lobby. At this time, Mr. Rodriguez left our offices.

8. On May 30, 2007, we attempted to hand deliver a letter requesting a meet and confer with Mr. Rodriguez about his lack of response to our discovery requests and his refusal to answer questions during the May 29, 2007 deposition. A courier arrived at Mr. Rodriguez's offices at 6705 McKeldin Drive, Suitland, Maryland at 8:10 p.m. and knocked on the door to deliver the letter. There was no response, and so the courier left the envelop under the locked screen door.

9. Also on May 30, 2007, we sent a copy of the same letter via Federal Express to Mr. Rodriguez at the McKeldin Drive address for delivery the morning of May 31, 2007. According to Federal Express' website, the package was delivered at 9:10 a.m.

10. Neither my colleagues nor I received a response from Mr. Rodriguez regarding the meet and confer letter. Additionally, plaintiffs have not received any responses to any of the document requests, interrogatories, or subpoena duces tecum we served on Mr. Rodriguez and his company, Platinum Realtor Services, Inc.

Executed on June 8, 2007, in Washington, D.C.

/s/ Kevin R. Burke
Kevin R. Burke
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:   (202) 974-1500
Facsimile:    (202) 974-1999
*Attorney for Plaintiffs*