**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| *Plaintiffs,* | ) | |
| v. | ) | Hon. Richard J. Leon |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS CRAWFORD & CRAWFORD AND VINCENT CRAWFORD

Plaintiffs move to compel discovery responses from defendants Crawford & Crawford and Vincent Crawford.  In support of this motion, plaintiffs submit a Memorandum of Law, with exhibits, establishing the motion's factual and legal basis.  Plaintiffs respectfully request that the Court:

1.  Compel Defendant Crawford & Crawford to fully respond to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

2.  Compel Defendant Crawford & Crawford to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

3.  Compel Defendant Crawford & Crawford to serve a written response and all non-privileged documents responsive to plaintiffs' subpoena duces tecum in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

4.  Compel Defendant Mr. Crawford to serve a written response and all non-privileged

documents responsive to Plaintiffs' First Request for Production of Documents in

accordance with the Federal Rules of Civil Procedure within three days of the entry of an

order on this motion.

5.  Compel Defendant Mr. Crawford, owner of Defendant Crawford & Crawford, to

appear for deposition and answer plaintiffs' questions on a date no later than July 6,

2007, for up to a full seven-hour period as provided in the Federal Rules of Civil

Procedure.

Dated:  June 12, 2007                                      Respectfully submitted,

                                                          /s/ Lee F. Berger_____
                                                          Lee F. Berger (D.C. Bar # 482435)
                                                          Matthew D. Slater (D.C. Bar # 386986)
                                                          Larry C. Dembowski (D.C. Bar # 486331)
                                                          Cleary Gottlieb Steen & Hamilton LLP
                                                          2000 Pennsylvania Avenue, N.W.
                                                          Washington, DC 20006
                                                          Telephone:  (202) 974-1500
                                                          Facsimile:  (202) 974-1999
                                                          *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | Civil Action No. 06-cv-1561 (RJL) |
| ) | |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

_____

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO COMPEL DEPOSITION ANSWERS**
**AND DISCOVERY RESPONSES FROM DEFENDANTS**
**CRAWFORD & CRAWFORD AND VINCENT CRAWFORD**

## TABLE OF CONTENTS

Page(s)

PROCEDURAL BACKGROUND ............................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    A.    The  Crawford Defendants Can Only Assert The Fifth Amendment
           Privilege On A Question-By-Question Or Request-By-Request Basis. ................ 4

    B.    Absent A Viable Fifth Amendment Defense, The Crawford Defendants
           Must Comply With The Discovery Requests And The Subpoenas ....................... 6

CONCLUSION ....................................................................................................................... 7

LIST OF EXHIBITS

Exhibit A, Plaintiffs' First Request for the Production of Documents from Crawford & Crawford.

Exhibit B, Plaintiffs' First Request for the Production of Documents from Vincent Crawford.

Exhibit C, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007).

Exhibit D, Subpoena Duces Tecum to Crawford & Crawford (April 17, 2007).

Exhibit E, Subpoena for Deposition of Vincent Crawford (April 17, 2007).

Exhibit F, Affidavit of Service of Subpoena Duces Tecum on Crawford & Crawford (April 19, 2007).

Exhibit G, Affidavit of Service of Subpoena for Deposition on Vincent Crawford (April 19, 2007).

Exhibit H, Transcript of Deposition of Vincent Crawford (May 30, 2007).

Exhibit I, Letter from Lee F. Berger and Ryan C. Gaubert to Vincent Crawford (May 30, 2007).

Exhibit J, Federal Express Shipment Report and Delivery Confirmation.

Exhibit K, Affidavit of Ryan C. Gaubert.

Plaintiffs submit this memorandum in support of their motion to compel defendant Vincent Crawford and his company, defendant Crawford & Crawford (together with Mr. Crawford, the "Crawford Defendants") to participate in discovery.

Plaintiffs recognize that the Crawford Defendants have defaulted and have therefore conceded liability with respect to paying illegal wages and conspiring with the other defendants in this case. Nonetheless, plaintiffs pursue discovery from the Crawford Defendants because the evidence that the Crawford Defendants possess will be important for developing plaintiffs' case against the non-defaulting defendants. Discovery under the Federal Rules is designed to produce this evidence in the most expeditious manner possible.

Mr. Crawford has refused to answer any questions at deposition, and he and Crawford & Crawford have failed to respond to any discovery requests. Like Defendant Choya Lord Rodriguez, Mr. Crawford's refusal to testify appears to be based on the mistaken belief that he can rely on the Fifth Amendment to avoid participation in discovery entirely. Mr. Crawford is wrong: the Fifth Amendment does not give a civil defendant the right to make a blanket refusal to answer questions at deposition; instead, a natural person may refuse to answer particular questions, the answer to which would be incriminating under a criminal law, but must provide answers to all other questions. The Crawford Defendants have provided no explanation for their failure to respond to other discovery requests served on them. Thus, to permit plaintiffs to obtain important evidence related to their claims, plaintiffs respectfully request, under Rules 37 and 45 of the Federal Rules of Civil Procedure ("Federal Rules"), that the Court compel Mr. Crawford to answer questions at deposition and compel the Crawford Defendants to respond to the requested discovery in accordance with the Federal Rules.

## PROCEDURAL BACKGROUND

On March 13, 2007, plaintiffs served the Crawford Defendants with requests for the production of documents ("Document Requests") and interrogatories (together with the Document Requests, the "Discovery Requests").  *See* Ex. A, Plaintiffs' First Request for the Production of Documents from Crawford & Crawford; Ex. B, Plaintiffs' First Request for the Production of Documents from Vincent Crawford; Ex. C, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007).  The Crawford Defendants' responses to the Discovery Requests were due April 16.[1]  Fed. R. Civ. P. 33(b)(3), 34(b).  On April 18, plaintiffs served Crawford & Crawford with a subpoena duces tecum seeking the same documents requested in the Document Requests, indicating a return date for those documents of May 2, 2007.  *See* Ex. D, Subpoena Duces Tecum to Crawford & Crawford; Ex. F, Affidavit of Service of Subpoena Duces Tecum on Crawford & Crawford.[2]  To date, the Crawford Defendants have not served plaintiffs with any responses or objections to the Discovery Requests or to the subpoena duces tecum.  Ex. K, Affidavit of Ryan C. Gaubert ("Gaubert Aff.") ¶ 9.

Also on April 18, plaintiffs served Mr. Crawford with a subpoena requiring Mr. Crawford to appear at the offices of plaintiffs' counsel on May 24 for a deposition.  *See* Ex. E, Subpoena for Deposition of Vincent Crawford (including witness fee); Ex. G, Affidavit of Service of Subpoena for Deposition of Vincent Crawford.  After numerous attempts to contact Mr. Crawford regarding the May 24 deposition, plaintiffs spoke with Mr. Crawford and requested him to bring any documents responsive to the Document Requests to that deposition.  Gaubert Aff. ¶¶ 2-4.  On May

---

[1]     Plaintiffs served the Crawford Defendants with these discovery requests via U.S. mail on March 13, 2007. April 12 is thirty days from March 13.  The Crawford Defendants received the benefit of an additional three days under Rule 6(e), making their responses due on April 15, but April 15 was a Sunday, making their responses due on April 16.

[2]     Plaintiffs served the Crawford Defendants with duplicative requests under Rule 45 in light of the Crawford Defendants' defaulted status in this case.  *See* Default against Crawford & Crawford (Docket Item No.65) (January 24, 2007); Default against Vincent Crawford (Docket Item No. 77) (February 28, 2007).

22, plaintiffs spoke again with Mr. Crawford and rescheduled his deposition for the morning of May 30. *Id*. ¶ 4.

Mr. Crawford arrived without counsel at the office of plaintiffs' counsel at the scheduled time on May 30. *Id*. ¶ 6. He did not bring any documents with him. *Id*. After plaintiffs' counsel introduced themselves, Mr. Crawford stated that he would not answer any questions. *Id*.; Ex. E, Transcript of Deposition of Vincent Crawford ("Crawford Tr.") at 4:5-7. As plaintiffs' counsel Lee Berger explained the purpose of the deposition and the topics that his questions would cover Mr. Crawford stood up and left the deposition room. Gaubert Aff. ¶ 6. Mr. Berger followed Mr. Crawford and tried to persuade him to stay. *Id*.; Crawford Tr. at 4:13-14. Mr. Crawford refused to stay and left the deposition without answering any questions. Gaubert Aff. ¶ 6; Crawford Tr. at 4:18.

Later that day, plaintiffs sent a letter by hand delivery and Federal Express to Mr. Crawford requesting a meet and confer regarding Crawford & Crawford and Mr. Crawford's outstanding responses to the Discovery Requests and the subpoena duces tecum and Mr. Crawford's refusal to answer any questions at his deposition. Ex. I, Letter from Lee F. Berger and Ryan C. Gaubert to Vincent Crawford (May 30, 2007); Ex. J, Federal Express Shipment Report and Delivery Confirmation. Mr. Crawford has not responded to plaintiffs' request to meet and confer. Gaubert Aff. ¶ 9.

## **ARGUMENT**

Just as with the Defendants Choya Lord Rodriguez and Platinum Realtor Services, Inc., the Crawford Defendants' refusal to provide plaintiffs any of the requested evidence appears founded in an erroneous understanding of the application of the Fifth Amendment privilege to civil discovery. First, as an individual, Mr. Crawford cannot rely on the Fifth Amendment to refuse entirely to participate in discovery – he can only assert the privilege on a request-by-request or question-by-

question basis, and in each instance he bears the burden of demonstrating that the privilege applies. Second, the information plaintiffs seek is important for their case, both regarding the liability of the non-defaulting defendants and the damages and enforcement of judgment against all defendants, including the Crawford Defendants. Therefore, having raised no objection except the Fifth Amendment privilege, the Crawford Defendants must comply with the Discovery Requests, the subpoena duces tecum, and the subpoena for deposition as the Federal Rules require. Accordingly, plaintiffs respectfully request that, under Rules 37 and 45, the Court compel the Crawford Defendants' responses to plaintiffs' Discovery Requests and the subpoena duces tecum and compel Mr. Crawford's attendance to and cooperation at his deposition.

    A.   <u>The Crawford Defendants Can Only Assert The Fifth Amendment Privilege On A Question-By-Question Or Request-By-Request Basis.</u>

The Crawford Defendants may not invoke a blanket refusal to answer all of plaintiffs' questions under the Fifth Amendment. In making a determination whether the Fifth Amendment's protections apply, the Court must be allowed to review "assertions of privilege on a question-by-question basis." *Anton v. Milano*, 233 F.R.D. 216, 218 (D.D.C. 2006) (citing *U.S. v. Argomitz*, 925 F.2d 1349, 1355 (11th Cir. 1991)). A "blanket refusal to answer questions does not suffice to raise constitutional questions." *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486-87 (4th Cir. 1987) (quoting *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977)) (rejecting a defendant's wholesale refusal to respond to civil discovery requests under the Fifth Amendment, explaining that "for one to invoke [the Fifth Amendment] privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim."). Instead, if "the danger of self-incrimination is not apparent, the burden is on the claimant to prove that the danger exists." *SEC v. Parkersburg Wireless Ltd. Liability Co.*, 156 F.R.D. 529, 535 (D.D.C. 1994).

Here, the Crawford Defendants have not asserted their Fifth Amendment privilege with any particularity.  For example, it is not apparent how Mr. Crawford's refusal to state his name on the record was supported by a danger of self-incrimination.  If there is any basis to do so, not only must Mr. Crawford assert his privilege on a question-by-question basis, he must also sustain the burden of proof that the privilege applies to each question that he refuses to answer.

Although the D.C. Circuit has noted that "unusual cases" do exist in which a "district judge may sustain a blanket assertion of the Fifth Amendment privilege after determining that there is a reasonable basis for believing a danger to the witness might exist in answering any relevant question," *United States v. Thornton*, 733 F.2d 121, 126 (D.C. Cir 1984), this is not such a case. The facts of "unusual cases" where blanket assertions have been allowed are different from the present litigation.  In *Thornton*, the witness asserting the privilege had been arrested at the same time as the defendant in the case and was facing similar drug charges stemming from the incident. 733 F.2d at 123-24.  In *Anton v. Milano*, 233 F.R.D. 216 (D.D.C. 2006), the Court allowed a blanket assertion in a civil wrongful death suit where the witness invoking the Fifth Amendment was with the deceased at the time of death and had been interviewed by the police in connection with the incident.  233 F.R.D. at 219.  In both of these cases, the subject of the deponent's testimony was identical to the subject of an ongoing or potential criminal prosecution for which the police had arrested or interviewed the deponent.  In contrast, to plaintiffs' knowledge, the police have not arrested or interviewed Mr. Crawford, Crawford & Crawford, or any other defendants regarding their wage practices or antitrust conspiracy.

5

B.  <u>Absent A Viable Fifth Amendment Defense, The Crawford Defendants Must Comply With The Discovery Requests And The Subpoenas.</u>

But for the Crawford Defendants' erroneous reliance on the Fifth Amendment, plaintiffs believe that they will obtain much important evidence from the Crawford Defendants, despite the fact that the Crawford Defendants have already defaulted in this case.  For example, the Crawford Defendants have information about whether the non-defaulting defendants engaged in a conspiracy to suppress wages.  Additionally, the Crawford Defendants can identify other witnesses, such as Crawford & Crawford's drivers or other employees, who could provide testimony implicating the non-defaulting defendants.  Further, the Crawford Defendants have evidence about Crawford & Crawford's own business practices (for example, wage practices, volume of evictions performed, location of evictions performed, and the number and identity of workers employed) that will go to the calculation of damages.  Finally, the Crawford Defendants can provide information about the location of their assets, which may be needed to seek enforcement of the requested default judgment.[3]

To the extent the documents and information requested are within the Crawford Defendants' possession, custody, or control, they must comply with the Federal Rules and serve plaintiffs with documents and interrogatory responses.  Fed. R. Civ. P. 33, 34, 45.[4]  Similarly, both in his capacity as president of Crawford & Crawford and his individual capacity, Mr. Crawford must comply with the Federal Rules and answer questions at deposition or assert his Fifth Amendment privilege on a question by-question basis.  Fed. R. Civ. P. 30, 45.  Given the plaintiffs' need for the evidence

---

[3]    Plaintiffs are entitled to such discovery under Fed. R. Civ. P. 69(a), which allows judgment creditors to obtain discovery from judgment debtors in "aid of the judgment or execution."

[4]    Because the Crawford Defendants did not object to any of the document requests, they must produce all non-privileged documents responsive to each request in their possession, custody, or control.  *Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005).

under the Crawford Defendants' control, plaintiffs respectfully request that the Court compel the Crawford Defendants' compliance with their discovery obligations.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court (1) compel the Crawford Defendants each to provide a complete and proper response to the Discovery Requests and subpoena duces tecum (including the production of all non-privileged responsive documents and the required written and signed response to our requests and Interrogatories) and (2) compel Mr. Crawford to attend a deposition and answer plaintiffs' questions (or assert his Fifth Amendment privilege on a question-by-question basis) on a date no later than July 6, 2007, as provided under the Federal Rules.

Dated:  June 12, 2007                                    Respectfully Submitted,

/s/ Lee F. Berger_____   _____
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew Berman (D.C. Bar # 489242)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs*

## CERTIFICATION UNDER FED. R. CIV. P. 37

I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith attempted to meet and confer with Defendants Crawford & Crawford and Vincent Crawford ("Crawford Defendants") regarding the discovery disputes detailed above in an effort to secure the disclosures at issue without court action. However, the Crawford Defendants have not responded to plaintiffs' written request to meet and confer.

/s/ Lee F. Berger_____
Lee F. Berger

Dated: June 12, 2007

8

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On June 12, 2007, a copy of the foregoing Motion to Compel Discovery Responses From Defendants Crawford & Crawford and Vincent Crawford and accompanying papers were served by electronic transmission through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Patuxent Parkway
> Suite 430
> Columbia, MD 21044
> Attorney for Big Time Movers
>
> Melvin L. Otey
> Law Offices of Melvin L. Otey PLLC
> 3609 Georgia Avenue, N.W.
> Suite 200
> Washington, D.C. 20010
> Attorney for Caroline Lanford and All American Eviction Company
>
> East Coast Express Evictions
> 29 U Street, N.W.
> Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Dated:  June 12, 2007                                          _____/s/ Emily C. Capehart_____
                                                                                 Emily C. Capehart