# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| *Plaintiffs*, ) | |
| v. ) | Hon. Richard J. Leon |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

## AFFIDAVIT OF RYAN C. GAUBERT

I hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am an associate in the Washington, D.C. office of Cleary Gottlieb Steen & Hamilton LLP and am one of the attorneys representing the plaintiffs in this litigation.

2. I telephoned Vincent Crawford on May 1, May 2, and May 7, 2007 to confirm his attendance at the deposition scheduled for May 24. Each time I called, an answering machine answered the phone and I left a voice message regarding the deposition.

3. On May 9, Mr. Crawford returned my calls and I spoke with him regarding the May 24 deposition. During this call, I explained to Mr. Crawford that he was required to attend the deposition on its scheduled date and time. I told Mr. Crawford that we reserved the right to seek costs and fees associated with the deposition if he failed to attend. I also explained to him that he had failed to comply with our documents requests.
Mr. Crawford told me that he had documents showing he paid his eviction workers minimum wage between 2002 and 2006. I asked him to bring those documents to the

deposition, and Mr. Crawford said that he would. I offered Mr. Crawford the opportunity to reschedule the deposition if the May 24 date presented a conflict. Mr. Crawford said he would call me back to reschedule if there was a conflict. I explained that if I he did not call to reschedule, he was required to attend the deposition on May 24. Mr. Crawford said he understood.

4. On May 22, I left a voice message with Mr. Crawford reminding him of the May 24 deposition. Later that day, Mr. Crawford returned my call and said he would be unable to attend the deposition on May 24. We rescheduled the deposition for May 30. Again I asked Mr. Crawford to bring any documents responsive to our document request to the deposition.

5. On May 29, I spoke with Mr. Crawford on the telephone to confirm his attendance at the deposition the following day and remind him to bring any documents relevant to the case. Mr. Crawford stated that he would attend the deposition and bring such documents.

6. On May 30, Mr. Crawford arrived for his rescheduled deposition. He was not accompanied by counsel. He did not bring any documents with him. Prior to the start of the deposition, Mr. Crawford told me and my co-counsel that there was no point to him sitting down because he did not know anything and was not going to say anything. Prior to asking any questions, plaintiffs' counsel Lee Berger explained the purpose and process of the deposition. Mr. Crawford listened for a few minutes, then walked out of the room while Mr. Berger was still talking. Mr. Berger followed Mr. Crawford to the elevator lobby and requested him to return to the room so the deposition could be conducted. Mr. Berger informed Mr. Crawford that he had a legal obligation to sit for the deposition and that plaintiffs would seek attorney's fees, court reporter fees, and any other sanctions

2

available under law. Mr. Crawford refused to stay and left our offices without answering any questions.

7. On May 30, a courier hand delivered a letter requesting a meet and confer with Mr. Crawford regarding his lack of response to our discovery request and his refusal to answer questions during the May 30 deposition. The letter requested Mr. Crawford's response by June 6. The courier arrived at Mr. Crawford's residence at 200 55th Street, N.E., Apt. # 24, Washington, D.C. 20019 at 8:05 p.m. The courier entered the building and knocked on the apartment door. The man who answered the door at first denied that he was Vincent Crawford but accepted the envelope once he was made aware of the sender.

8. Also on May 30, we sent an additional copy of the same letter via Federal Express to Mr. Crawford at the 200 55th Street, N.E., Apt. # 24 address for delivery the morning of May 31. According to Federal Express' website, the package was delivered at 10:57 a.m.

9. Neither my colleagues nor I received a response from Mr. Crawford regarding the meet and confer letter. In addition, we have not received a response from Mr. Crawford or Crawford & Crawford regarding any other discovery request.

10. Although the meet and confer letter erroneously indicates Mr. Crawford's address as 200 55th Street, NW, Washington, D.C. 20001, the letter was delivered to Mr. Crawford's proper address at 200 55th Street, N.E., Apt. # 24, Washington, D.C. 20019 by both hand and Federal Express.

Executed on June 12, 2007, in Washington, D.C.

_____
Ryan C. Gaubert

District of Columbia SS
Subscribed and Sworn to before me, in my presence,
this 12th day of June, 2007

_____
Austin A.B. Ownbey, Notary Public, D.C.
My commission expires April 14, 2011

AUSTIN A.B. OWNBEY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 14, 2011

4