# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | Civil Action No. 06-cv-1561 (RJL) |
| ) | |
| individually and on behalf ) | Hon. Richard J. Leon |
| of all others similarly situated, ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

## AFFIDAVIT OF LEE F. BERGER

I, Lee F. Berger, hereby affirm and state the following:

1. I am an associate attorney in the Washington, DC office of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"). I am an attorney of record for the plaintiffs in the above-captioned case. The statements in this affidavit are based on my own personal knowledge.

2. In written communications to counsel for Butch Enterprises, Inc. ("Butch Enterprises"), Mr. David E. Fox, Esq., on both April 18 (a true and correct copy of which is attached as Exhibit 1) and April 23 (a true and correct copy of which is attached as Exhibit 2), I attempted to engage counsel in a meet and confer regarding deposition scheduling. Mr. Fox did not respond to my requests to discuss scheduling of depositions.

3. On May 1 plaintiffs served Butch Enterprises with a Rule 30 notice of the deposition of Otto Hines, eviction van driver for Butch Enterprises, scheduled for May 18. A true and correct copy of this deposition notice and a certificate of service are attached as Exhibit 3.

4. Throughout May, my colleagues and I continued attempting to contact Mr. Fox to confirm the deponents' appearances as scheduled. In the evening of May 16, Mr. Fox sent a letter via facsimile canceling Mr. Hines' deposition, scheduled for the morning of May 18. A true and correct copy of the letter Mr. Fox sent on May 16 is attached as Exhibit 4.

5. On May 17 I met and conferred with Mr. Fox via telephone. Mr. Fox stated that he would make Mr. Hines available for deposition on either June 12 or 13. We agreed to reschedule Mr. Hines' deposition to June 12. Shortly after the call, Mr. Fox sent me a letter via facsimile restating his intention to make Mr. Hines available for deposition on either June 12 or 13. A true and correct copy of the letter Mr. Fox sent on May 17 is attached as Exhibit 5.

6. On May 21 plaintiffs served Butch Enterprises with an amended notice of deposition of Otto Hines, eviction van driver for Butch Enterprises, rescheduled for June 12. A true and correct copy of this deposition notice and a certificate of service are attached as Exhibit 6.

7. On June 11 I received a voicemail from Mr. Fox, stating that Mr. Hines would not be appearing at his June 12 deposition, and that Butch Enterprises had no responsibility to produce Mr. Hines because Mr. Hines is not Butch Enterprises' employee. Later that day, I responded to Mr. Fox's voicemail by email, in which I stated our understanding that Mr. Hines was Butch Enterprises' employee properly noticed under Federal Rule of Civil Procedure 30. A true and correct copy of the email I sent on June 11 is attached as Exhibit 7.

8. On June 18 plaintiffs served Mr. Hines with a Rule 45 subpoena instructing him to appear for his rescheduled deposition on June 25. A true and correct copy of this subpoena and an affidavit of service are attached as Exhibit 8.

9. On June 25 Mr. Hines failed to appear for his deposition. A true and correct copy of the transcript from that deposition is attached as Exhibit 9.

10. On July 3 plaintiffs served Otto Hines with another Rule 45 subpoena instructing him to appear at his rescheduled deposition on July 9. A true and correct copy of that subpoena and an affidavit of service are attached as Exhibit 10.

11. On July 3 Mr. Hines personally assured Austin Ownbey, a paralegal employed at Cleary Gottlieb, that he would appear at his deposition on July 9.

12. I met and conferred with Mr. Fox at his office on the morning of July 5, but Mr. Fox would not take a position regarding Mr. Hines' deposition. Later that day, I wrote a letter to Mr. Fox memorializing our meet and confer, a true and correct copy of which is attached as Exhibit 11.

13. Mr. Hines failed to appear at his July 9 deposition. A true and correct copy of the transcript from that deposition is attached as Exhibit 12.

14. The following day I tried to contact Otto Hines by mail about rescheduling this deposition as an alternative to plaintiffs filing this motion to compel. A true and correct copy of the letter I sent on July 10 is attached as Exhibit 13.

15. I have received no response from Mr. Hines to my attempt to contact him regarding rescheduling his deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 16, 2007

Lee F. Berger (D.C. Bar #482435)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorney for Plaintiffs*

3