IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al.,<br><br>individually and on behalf<br>of all others similarly situated,<br><br>                 *Plaintiffs*,<br>    v.<br><br>East Coast Express Eviction, et al.,<br><br>                 *Defendants*. | Civil Action No. 06-cv-1561 (RJL)<br><br>Hon. Richard J. Leon |

**PLAINTIFFS' REPLY TO BUTCH ENTERPRISES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

The two-sentence opposition to plaintiffs' motion to compel discovery submitted by defendant Butch Enterprises, Inc. ("Butch Enterprises") ignores most of the requests for relief in plaintiffs' motion and misrepresents Butch Enterprises' actions in response to discovery in this case. Butch Enterprises has provided no further discovery – no documents, no interrogatory responses, and no deposition testimony – since plaintiffs filed their motion to compel almost two months ago. Rather than comply with its discovery obligations, Butch Enterprises continues to flaunt them and to hinder plaintiffs' efforts to gather evidence in support of their case. The Court should not countenance Butch Enterprises' stonewalling and should grant plaintiffs the relief requested in their motion to compel.

    I.    <u>Butch Enterprises' Assertion That It Has Produced All Requested Documents In Its Possession Is Either False Or An Admission Of Spoliation.</u>

Butch Enterprises' statement that it "has produced all responsive documents in its possession and which are known to Defendant," Butch Opp'n to Mot. to Compel, Docket No.

100 at 1 (July 14, 2007), is either false or an admission of spoliation. Plaintiffs have substantial evidence that Butch Enterprises possesses or in the last year has possessed at least some documents in the categories requested that are pertinent to plaintiffs' claims, namely payroll records for eviction workers and work requests documenting evictions performed, which if produced would help demonstrate ongoing violations of plaintiffs' entitlement to a minimum wage. Butch Enterprises' assertion now, three months after its responses were due, that it has no documents to produce, is not credible in light of the evidence that it does have such documents.

Derrick Gaskins, a van driver and eviction supervisor for Butch Enterprises, testified at deposition[1] that at the end of each day on which he supervises Butch Enterprises' eviction workers, he and each eviction worker complete a payroll form that lists the employee's name, social security number, address, signature and how much he or she was paid. *See* Ex. A, Gaskins Dep. Tr. 57:6-61:4 (June 26, 2007) ("Gaskins Dep.") (discussing payroll records at Ex. 1). Mr. Gaskins also testified that for each eviction he supervises, he fills out a work request, which states the date of the eviction, the customer, the address of the eviction, the size of the eviction site, and the times that the eviction started and ended. *Id.* at 91:7-93:15, 94:2-4, 98:8-11 (discussing work orders at Ex. 2).[2]

Mr. Gaskins testified that each day he puts the original payroll records and work orders in Butch Enterprises' truck and that sometimes Mr. Staten collects the original payroll records from

---

[1] Plaintiffs took Mr. Gaskins's deposition pursuant to a Rule 45 non-party subpoena in light of Butch Enterprises' refusal to make him available for deposition. Mr. Gaskins is the only employee or officer of Butch Enterprises who has appeared for a deposition. Because Mr. Gaskins has now appeared, plaintiffs withdraw that aspect of their motion to compel that sought an order to compel Mr. Gaskins's attendance at his deposition but reserve their position that Butch Enterprises' drivers, Mr. Gaskins and Otto Hines, are employees of the company subject to deposition under Rule 30.

[2] Before plaintiffs filed their motion to compel, Butch Enterprises improperly produced a small number of these types of documents from seemingly random dates. *See* Mem. in Support of Mot. to Compel, Docket No. 94, at 2 (May 25, 2007).

the truck. Gaskins Dep. at 86:4-22, 93:16-94:1, 97:15-20. Mr. Gaskins went on to state that sometimes Mr. Staten just throws the records away. *Id.* at 86:5-20. However, Mr. Gaskins also testified that he faxes another copy of the work orders to Butch Enterprises at the end of each day. *Id.* at 98:5-7. Mr. Gaskins has completed these payroll records and work orders and delivered them to Butch Enterprises each day of every month he worked during in his yearlong employment with Butch Enterprises, including each month since plaintiffs filed their complaint and served their document requests. *Id.* at 98:8-100:4.

Additionally, Butch Enterprises has twice admitted that it maintains payroll records for its evictions workers. First, it admitted that it maintains payroll records required by the minimum wage and tax laws in its answer to the complaint. Mot. to Dismiss, Resp., and Answer of Def. Butch Staten, Docket No. 49, ¶ 12 (December 8, 2006) ("Defendant Butch admits only it maintains such business records as required by state or federal law."). Second, it has admitted that it maintains these records through its silence in response to plaintiffs' Rule 36 Requests for Admission. *See* Ex. B, Pl.'s First Set of Requests for Admis. by Def. Butch Enterprises, Inc. ¶¶ 205-207 (May 9, 2007) ("Requests for Admission") ("Butch maintains payroll records as required by the Minimum Wage Laws. . . . Butch maintains records regarding Eviction Workers. . . . Butch maintains records regarding payments to employees as required by federal, state, and District of Columbia tax laws.").[3] Thus, Mr. Gaskins' detailed testimony and Butch Enterprises'

---

[3] Butch Enterprises has admitted all of plaintiffs' Requests for Admission. Any request for admission "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." Fed. R. Civ. P. 36(a); *see also Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981) ("requests for admissions are automatically deemed admitted if not answered within 30 days"). Once admitted, a matter is "conclusively established." Fed. R. Civ. P. 36(b); *Rainbolt*, 669 F.2d at 768. Plaintiffs served Butch Enterprises with the Requests for Admission on May 9, 2007. Ex. C, Certificate of Service, May 9, 2007. Accordingly, Butch Enterprises had until June 11, 2007, to serve its responses to the Requests for Admission. Fed.

admissions demonstrate that Butch Enterprises maintains both the payroll records and the work orders plaintiffs requested.

Butch Enterprises' assertion that it has "produced all responsive documents in its possession" implies that Butch Enterprises currently does not possess the payroll records or work orders despite having had them in the past. That statement is either false or an admission of spoliation. If Butch Enterprises, through its attorney, has falsely asserted that it does not have possession of the payroll records and work orders that Mr. Gaskins testified are routinely created and that Butch Enterprises admitted that it maintains, then the signed assertion violates Federal Rule of Civil Procedure 26(g)(2) (signing discovery requests, responses, and objections) and Local Civil Rule 83.15(a) (regarding D.C. Rule of Professional Conduct 3.3(a)).

Nevertheless, if the statement is accurate and Butch Enterprises no longer possesses the payroll records and work orders which the evidence demonstrates it had, including those created since the filing of this lawsuit, Butch Enterprises has violated its duty to preserve documents relevant to the litigation. *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 34 n.3 (D.D.C. 2004) ("While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request."); *Miller v. Holzmann*, No. 95-01231, 2007 WL 172327, *3 (D.D.C. Jan. 17, 2007) ("It is the law of this Circuit that a party has an obligation to preserve evidence it knew or reasonably should have known was relevant to the litigation and the

---

R. Civ. P. 6(a), 6(e), 36(a). As of the filing date of this reply, plaintiffs have received no response to the Requests for Admission from Butch Enterprises. Ex. D, Aff. of Lee F. Berger ¶ 2 (July 16, 2007). Therefore, all of the Requests for Admission are deemed admitted.

destruction of which would prejudice the other party to that litigation."). Butch Enterprises has been aware that this lawsuit involves claims about its wage payments and the evictions it performs since July 19, 2006, when it received a letter from plaintiffs' counsel advising of the intent to commence litigation for violation for violation of minimum wage laws, or at the very latest September 12, 2006, when plaintiffs served the complaint on Butch Enterprises. Ex. E, Letter from Lee Berger and Larry Dembowski to Butch Enterprises, July 19, 2006; Return of Service, Docket No. 7, filed Sept. 22, 2006. Yet, Butch Enterprises has not produced its payroll or evictions records for the time since it received plaintiffs' letter or since plaintiffs served their complaint on Butch Enterprises. At a minimum, Butch Enterprises has been on notice of the importance of the wage records and work orders since March 13, 2007, when plaintiffs served their document requests on Butch Enterprises. Butch Enterprises has not even produced its payroll or eviction records for the time since the document requests were served. Furthermore, destruction of these documents is a violation of Butch Enterprises' duty to maintain payroll records under the various minimum wage statutes. *See* 29 U.S.C. § 211; D.C. Code § 32-1008; Md. Code Lab. & Empl. § 3-424; Va. Code Ann. § 40.1-29(C).[4]

In either event, Butch Enterprises' actions with respect to its payroll and evictions records may result in severe sanctions, and the Court should not condone them. *See* Fed. R. Civ. P. 26(g)(3) (sanctions to the party for false statements in discovery); LCvR 83.15 (discipline for the attorney for false statements to the tribunal); *U.S. v. Philip Morris USA Inc.*, 327 F. Supp. 2d 21, 26 (D.D.C. 2002) (sanctioning party for failure to preserve documents)*; Kronisch v. U.S.*, 150 F.3d 112, 126 (2nd Cir. 1998) ("It is a well-established and long-standing principle of law that a

---

[4] In addition to failing to produce documents that it appears Butch Enterprises maintains, Butch Enterprises and Mr. Staten have still not complied with the requirements of Rule 30(b) that a party serve a written response to document requests or serve those documents produced properly under Rule 5.

5

party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.").

      II.      <u>Butch Enterprises' Assertion That It Has "Full[y] Complied With Discovery" Is False.</u>

Butch Enterprises' assertion that "it has full [sic] complied with discovery" ignores the fact that neither Butch Enterprises nor its owner Irwin Staten, a defendant who is also the subject of the motion to compel, has complied with plaintiffs' other discovery requests in addition to the document requests discussed above. Indeed, in the eight weeks since plaintiffs filed their motion to compel, Butch Enterprises and Mr. Staten have made no progress on complying with any of the outstanding discovery requests outlined in detail in plaintiffs' memorandum in support of their motion to compel.[5] Specifically:

- <u>Interrogatories To Butch Enterprises</u>: Butch Enterprises has not served plaintiffs with complete, signed responses to their First Set of Interrogatories, served on March 13, 2007.

- <u>Document Production by Mr. Staten</u>: Mr. Staten has not served plaintiffs with responses to their First Request for Production of Documents, served on March 13, 2007.

- <u>Deposition of Mr. Staten</u>: Mr. Staten still has not appeared for a deposition, eleven weeks after he was served with a notice of deposition.

---

[5] While Mr. Gaskins has appeared for a deposition, that appearance occurred only after plaintiffs served Mr. Gaskins with a Rule 45 subpoena – Butch Enterprises had refused to provide Mr. Gaskins under plaintiffs' Rule 30 deposition notice. Therefore, Mr. Gaskins's appearance at deposition cannot be credited to Butch Enterprises.

6

- <u>Deposition of Kimbra Staten</u>: Butch Enterprises Vice President and Treasurer Kimbra Staten still has not appeared for a deposition, eleven weeks after Butch Enterprises was served with notice of her deposition.

- <u>Deposition of Otto Hines</u>: Although one of Butch Enterprises' drivers has now been deposed, Butch Enterprises has failed to provide driver and evictions supervisor Otto Hines for deposition, even though Butch Enterprises previously committed to producing Mr. Hines, thus leading plaintiffs to leave him out of their motion to compel. Because Mr. Hines' deposition was not subject to the present motion to compel, plaintiffs have filed a separate motion to compel Mr. Hines's testimony.

In light of these failures, Butch Enterprises' statement that it has complied with its discovery obligations is not true. Neither Butch Enterprises nor Mr. Staten has put forth any explanation for their refusal to comply or any argument as to why they should not have to comply. Thus, Butch Enterprises' and Mr. Staten's three month delay in complying with plaintiffs' discovery requests appears to be little more than an effort to prolong these proceedings and to delay compliance with the minimum wage laws at the expense of both their employees and those eviction companies now complying with the minimum wage laws as a result of this litigation.

Finally, Mr. Staten has not filed an opposition to plaintiffs' motion to compel,[6] and therefore the Court should treat "the motion as conceded pursuant to Local Rule 7(b)" with respect to Mr. Staten. Minute Order (June 26, 2007).

---

[6] The Opposition to Motion to Compel filed untimely on July 14, 2007, is expressly on behalf of Butch Enterprises only; it does not mention Mr. Staten and is written in the singular. *See* Opp. Mot. ("COMES NOW Defendant, Butch Enterprises….").

7

For the reasons set forth above, plaintiffs respectfully request that the Court grant their motion to compel.

Dated: July 17, 2007

                    Respectfully Submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew J. Berman (D.C. Bar # 489242)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On July 17, 2007, a copy of the foregoing Plaintiffs' Reply to Butch Enterprises, Inc.'s Opposition to Plaintiffs' Motion to Compel and accompanying papers were served by electronic transmission through the Court's CM/ECF System on the following parties:

>David E. Fox
>1325 Eighteenth Street, N.W.
>Suite 103
>Washington, D.C. 20036
>davidefox@gmail.com

>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, MD 20730
>gsmith@mrrlaw.net

and were served by U.S. mail, first-class postage prepaid, on the following parties:

>Lloyd J. Eisenberg
>Lloyd J. Eisenberg & Associates, P.A.
>10632 Little Patuxent Parkway
>Suite 430
>Columbia, MD 21044

>Melvin L. Otey
>Law Offices of Melvin L. Otey, PLLC
>3609 Georgia Avenue, N.W., Suite 200
>Washington, D.C. 20010

>East Coast Express Evictions
>29 U Street, N.W.
>Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001


Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746


Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746


Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Dated: July 17, 2007                                              /s/ Emily C. Capehart
                                                                         Emily C. Capehart