# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION BY DEFENDANT BUTCH ENTERPRISES, INC.

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Columbia, Plaintiffs hereby request that defendant Butch Enterprises, Inc. admit the truth of the following statements, in accord with the Definitions and Instructions set forth below.

### DEFINITIONS

1.      "Antitrust Laws" is defined as 15 U.S.C. § 1 *et seq.*; D.C. Code § 28-4502 *et seq.*; Md. Code Ann., Com. Law § 11-204 *et seq.*; and Va. Code Ann. § 59.1-9.5 *et seq.*

2.      "Butch" is defined as Butch Enterprises, Inc., including any predecessors and successors in interest, present and former parents, subsidiaries, divisions, and affiliates, and all present and former officers, board members, directors, owners, managers, employees, agents, other representatives and any other person in whole or in part acting on behalf of any of the forgoing, but excluding Eviction Workers.

3.    "Butch Enterprises" is defined as Butch Enterprises, Inc., including any predecessors and successors in interest, present and former parents, subsidiaries, divisions, and affiliates.

4.    "Class" and "Class Members" are defined as all persons (homeless or otherwise) employed by one or more Defendants to perform eviction services and paid a sub-minimum wage at any time from September 5, 2002 to the present.  "Class Member" is defined as any person in the Class.

5.    "Class Period" is defined as September 2002 to the present.

6.    "D.C. Metro Area" is defined as the District of Columbia, southeastern Maryland (including Prince George's County, Montgomery County, Anne Arundel County, Howard County, Calvert County, and Charles County) and northern Virginia (including Fairfax County, Arlington County, Prince William County, Loudon County, Fauquier County, and Stafford County).

7.    "Defendants" are Butch, Mr. Staten, East Coast Express Eviction, A 1 Eviction Services, Inc., All American Eviction Company, Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Choya Lord Rodriguez, and Vincent Crawford.

8.    "Eviction Work" is defined as any portion of an eviction that the any worker performs, including time spent: (i) actively carrying items out of an apartment, condominium, house, office or other space; (ii) waiting for an eviction to begin; (iii) waiting after an eviction ends to travel to the next eviction worksite or to return to the pick-up point; (iv) waiting during a break in work while an eviction is being performed; (v) traveling in or waiting in or by a vehicle owned or operated by Butch or Butch's employee or contractor or otherwise at

2

the behest of a Butch; (vi) waiting for payment of services by Butch; and (vii) performing any other duty assigned by Butch.

9.    "Eviction Worker" and "Eviction Workers" are defined as person or persons performing Eviction Work.

10.    "Minimum Wage Laws" is defined as 29 U.S.C. § 216 *et seq.*; D.C. Code § 32-1012 *et seq.*; Md. Code Ann., Lab. & Empl. § 3-427 *et seq.*; and Va. Code Ann. § 40.1-28.12 *et seq.*

11.    "Mr. Staten" is defined as Irwin Staten, defendant in the above-captioned action.

12.    "Named Plaintiffs" are the plaintiffs named in the above-captioned action.

13.    "Other Eviction Companies" is defined as East Coast Express Eviction, A 1 Eviction Services, Inc., All American Eviction Company, Big Time Movers, Inc., Platinum Realtor Services, Inc., and Crawford & Crawford.

### INSTRUCTIONS

1.    As required by Rule 36(a) of the Federal Rules of Civil Procedure, Butch's response to each request should fairly meet the substance of the requested admission, and when good faith requires Butch to qualify an answer or deny only part of the matter as to which an admission is requested, Butch should specify so much of it as is true and qualify or deny the remainder.

2.    As required by Rule 36(a) of the Federal Rules of Civil Procedure, these requests require Butch to make reasonable inquiry to obtain information known or reasonably obtainable by Butch sufficient to permit a fair and informed response to each request.

3

3.      As required by Rule 36(a) of the Federal Rules of Civil Procedure,

Butch's responses shall be served on Plaintiffs' counsel within thirty days of service hereof.

4.      These requests are continuing, under Rule 26(e)(2) of the Federal Rules of

Civil Procedure.

5.      Unless a request states otherwise, all requests regard the time period of the

Class Period.

### REQUESTS FOR ADMISSION

**Request for Admission 1**:  Butch Enterprises is an eviction services company.

**Request for Admission 2**:  Butch Enterprises' principal place of business is

10332 Main Street, Fairfax, Virginia.

**Request for Admission 3**:  During the Class Period, Butch performed eviction

service for customers throughout the D.C. Metro Area.

**Request for Admission 4**:  During the Class Period, Butch performed eviction

service for customers in the District of Columbia.

**Request for Admission 5**:  During the Class Period, Butch performed eviction

service for customers in Prince George's County, Maryland.

**Request for Admission 6**:  During the Class Period, Butch performed eviction

service for customers in Montgomery County, Maryland.

**Request for Admission 7**:  During the Class Period, Butch performed eviction

service for customers in Anne Arundel County, Maryland.

**Request for Admission 8**:  During the Class Period, Butch performed eviction

service for customers in Howard County, Maryland.

4

**Request for Admission 9**:  During the Class Period, Butch performed eviction service for customers in Calvert County, Maryland.

**Request for Admission 10**:  During the Class Period, Butch performed eviction service for customers in Charles County, Maryland.

**Request for Admission 11**:  During the Class Period, Butch performed eviction service for customers in Fairfax County, Virginia.

**Request for Admission 12**:  During the Class Period, Butch performed eviction service for customers in Arlington County, Virginia.

**Request for Admission 13**:  During the Class Period, Butch performed eviction service for customers in Prince William County, Virginia.

**Request for Admission 14**:  During the Class Period, Butch performed eviction service for customers in Loudon County, Virginia.

**Request for Admission 15**:  During the Class Period, Butch performed eviction service for customers in Fauquier County, Virginia.

**Request for Admission 16**:  During the Class Period, Butch performed eviction service for customers in Stafford County, Virginia.

**Request for Admission 17**:  During the Class Period, Butch hired Eviction Workers in the District of Columbia.

**Request for Admission 18**:  Mr. Staten owns Butch Enterprises.

**Request for Admission 19**:  Mr. Staten is the majority shareholder of Butch Enterprises.

**Request for Admission 20**:  Mr. Staten completely controls Butch Enterprises.

**Request for Admission 21**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies and liabilities.

**Request for Admission 22**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies and decisions regarding hire practices.

**Request for Admission 23**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies and decisions regarding wages paid to Eviction Workers.

**Request for Admission 24**: Butch Enterprises has no existence separate from Mr. Staten.

**Request for Admission 25**: Butch Enterprises is Mr. Staten's corporate alter-ego.

**Request for Admission 26**: Butch Enterprises does not maintain corporate formalities.

**Request for Admission 27**: Butch Enterprises' board of directors does not meet.

**Request for Admission 28**: Butch Enterprises does not maintain minutes of meetings of its board of directors.

**Request for Admission 29**: Butch Enterprises does not maintain corporate records.

**Request for Admission 30**: Butch Enterprises' board of directors does not maintain oversight over Butch in any capacity.

**Request for Admission 31**: Butch Enterprises does not follow a set of by-laws issued by its board of directors in its operations and decision-making.

**Request for Admission 32**: There is a unity of ownership between Butch Enterprises and Mr. Staten.

6

**Request for Admission 33**:  There is a unity of interest between Butch Enterprises and Mr. Staten.

**Request for Admission 34**:  Butch Enterprises' and Mr. Staten's funds are commingled.

**Request for Admission 35**:  Butch Enterprises' and Mr. Staten's assets are commingled.

**Request for Admission 36**:  Mr. Staten uses Butch Enterprises' property for personal use.

**Request for Admission 37**:  Mr. Staten uses Butch Enterprises' property extensively for personal use.

**Request for Admission 38**:  Mr. Staten uses Butch Enterprises' funds for personal use.

**Request for Admission 39**:  Mr. Staten uses Butch Enterprises' funds extensively for personal use.

**Request for Admission 40**:  Butch Enterprises uses Mr. Staten's funds for its corporate use.

**Request for Admission 41**:  Membership of the Class is so numerous that joinder of all Class Members is impracticable.

**Request for Admission 42**:  Butch has hired over 50 Eviction Workers during the Class Period.

**Request for Admission 43**:  Butch has hired over 100 Eviction Workers during the Class Period.

**Request for Admission 44**: Butch has hired over 150 Eviction Workers during the Class Period.

**Request for Admission 45**: Butch has hired over 200 Eviction Workers during the Class Period.

**Request for Admission 46**: Butch has hired over 300 Eviction Workers during the Class Period.

**Request for Admission 47**: Butch has hired over 500 Eviction Workers during the Class Period.

**Request for Admission 48**: Butch has hired over 750 Eviction Workers during the Class Period.

**Request for Admission 49**: Butch has hired over 1,000 Eviction Workers during the Class Period.

**Request for Admission 50**: Butch has hired over 2,000 Eviction Workers during the Class Period.

**Request for Admission 51**: Butch had the power to hire Eviction Workers.

**Request for Admission 52**: Butch had the power to fire Eviction Workers.

**Request for Admission 53**: Butch supervised Eviction Workers' work schedules while those Eviction Workers worked for Butch.

**Request for Admission 54**: Butch controlled Eviction Workers' work schedules while those Eviction Workers worked for Butch.

**Request for Admission 55**: Butch supervised the Eviction Workers' conditions of employment while those Eviction Workers worked for Butch.

8

**Request for Admission 56**:  Butch controlled the Eviction Workers' conditions of employment while those Eviction Workers worked for Butch.

**Request for Admission 57**:  Butch controlled where the Eviction Workers work while those Eviction Workers worked for Butch.

**Request for Admission 58**:  Butch controlled when the Eviction Workers work while those Eviction Workers worked for Butch.

**Request for Admission 59**:  Butch determined the rate at which it paid Eviction Workers while those Eviction Workers worked for Butch.

**Request for Admission 60**:  Butch determined the method by which it paid Eviction Workers while those Eviction Workers worked for Butch.

**Request for Admission 61**:  When Butch hired Eviction Workers during the Class Period, those persons were Butch's employees.

**Request for Admission 62**:  Butch paid sub-minimum wages to the Eviction Workers during the Class Period.

**Request for Admission 63**:  The Other Eviction Companies paid sub-minimum wages to the Eviction Workers during the Class Period.

**Request for Admission 64**:  The Named Plaintiffs' claims are typical of the claims of other Class Members because the Named Plaintiffs have performed the same types of Eviction Work for Butch and the Other Eviction Companies and at the same sub-minimum wages as other members of the Class.

**Request for Admission 65**:  Except as to the amount of damages each member of the Class has individually sustained, all other questions of law and fact are common to the Class.

9

**Request for Admission 66**: A question of law and fact common to the Class is what wage Butch paid Class Members to perform evictions services.

**Request for Admission 67**: A question of law and fact common to the Class is what wage Defendants paid Class Members to perform evictions services.

**Request for Admission 68**: A question of law and fact common to the Class is whether Defendants have identical wage policies.

**Request for Admission 69**: A question of law and fact common to the Class is whether there is an agreement among Butch and the Other Eviction Companies on wages paid to Class Members.

**Request for Admission 70**: A question of law and fact common to the Class is whether Defendants have violated and continue to violate the District of Columbia Minimum Wage Statute.

**Request for Admission 71**: A question of law and fact common to the Class is whether Defendants have violated and continue to violate the Fair Labor Standards Act.

**Request for Admission 72**: A question of law and fact common to the Class is whether Defendants have violated and continue to violate the Maryland Wage and Hour Law.

**Request for Admission 73**: A question of law and fact common to the Class is whether Defendants have violated and continue to violate the Virginia Minimum Wage Act.

**Request for Admission 74**: A question of law and fact common to the Class is whether Defendants conspired in violation of Section 1 of the Sherman Act

**Request for Admission 75**: A question of law and fact common to the Class is whether Defendants unjustly enriched themselves at Class Members' expense.

10

**Request for Admission 76**:  A question of law and fact common to the Class is whether the Named Plaintiffs and members of the Class are entitled to damages.

**Request for Admission 77**:  A question of law and fact common to the Class is whether the Named Plaintiffs and members of the Class are entitled to attorney's fees.

**Request for Admission 78**:  A question of law and fact common to the Class is whether the Named Plaintiffs and members of the Class are entitled to equitable and injunctive relief.

**Request for Admission 79**:  The Named Plaintiffs are members of the Class.

**Request for Admission 80**:  The Named Plaintiffs are typical persons who have performed evictions for Defendants in the D.C. Metro Area.

**Request for Admission 81**:  The Named Plaintiffs' interests are coincident with those of the other Class Members.

**Request for Admission 82**:  The Named Plaintiffs' interests are not antagonistic to those of the other Class Members.

**Request for Admission 83**:  Altogether, over 30,000 evictions were performed throughout the D.C. Metro Area during the Class Period.

**Request for Admission 84**:  Altogether, Defendants performed over 30,000 evictions throughout the D.C. Metro Area during the Class Period.

**Request for Admission 85**:  The District of Columbia requires landlords to provide labor to remove tenants' possessions pursuant to a court-ordered eviction.

**Request for Admission 86**:  Maryland requires landlords to provide labor to remove tenants' possessions pursuant to a court-ordered eviction.

11

**Request for Admission 87**:  Virginia requires landlords to provide labor to remove tenants' possessions pursuant to a court-ordered eviction.

**Request for Admission 88**:  The United States Marshals Service oversees the performance of evictions in the District of Columbia.

**Request for Admission 89**:  The United States Marshals Service requires a minimum number of persons to perform an eviction, ranging from ten persons for the eviction of a one-bedroom apartment to twenty-five persons for the eviction of a house.

**Request for Admission 90**:  Policies similar to the United States Marshals Service's minimum worker requirement for the performance of eviction policy exist in other jurisdictions in the D.C. Metro Area.

**Request for Admission 91**:  Landlords hire Butch to remove evicted tenants' possessions.

**Request for Admission 92**:  Realtors acting on behalf of landlords hire Butch to remove evicted tenants' possessions.

**Request for Admission 93**:  Landlords hire Defendants to remove evicted tenants' possessions.

**Request for Admission 94**:  Realtors acting on behalf of landlords hire Defendants to remove evicted tenants' possessions.

**Request for Admission 95**:  Together, Defendants perform a majority of the privately contracted evictions in the D.C. Metro Area.

**Request for Admission 96**:  During the Class Period, Butch has not maintained a standing team of employees to perform evictions.

**Request for Admission 97**: During the Class Period, Butch has hired homeless persons to perform evictions.

**Request for Admission 98**: During the Class Period, Butch has hired day laborers to perform evictions.

**Request for Admission 99**: During the Class Period, Butch has hired Eviction Workers to perform evictions.

**Request for Admission 100**: Butch hired at least one of the Named Plaintiffs to perform evictions.

**Request for Admission 101**: During the Class Period, Butch has hired homeless persons to perform evictions, paying them on a per job basis.

**Request for Admission 102**: During the Class Period, Butch has hired day laborers to perform evictions, paying them on a per job basis.

**Request for Admission 103**: During the Class Period, Butch has hired Eviction Workers to perform evictions, paying them on a per job basis.

**Request for Admission 104**: Butch hired at least one of the Named Plaintiffs to perform evictions, paying each of them on a per job basis.

**Request for Admission 105**: During the Class Period, Butch has recruited Eviction Workers by parking vans or trucks near homeless shelters or other organizations that provide services to the homeless and soliciting persons to work.

**Request for Admission 106**: During the Class Period, Butch has solicited workers at So Others Might Eat, located at 71 O Street, NW, Washington, D.C.

**Request for Admission 107**: During the Class Period, Butch has solicited workers within 4 blocks of So Others Might Eat, located at 71 O Street, NW, Washington, D.C.

13

**Request for Admission 108**: During the Class Period, Butch has solicited workers at Community for Creative Non-Violence, located at 425 2nd Street, NW, Washington, D.C.

**Request for Admission 109**: During the Class Period, Butch has solicited workers within four blocks of Community for Creative Non-Violence, located at 425 2nd Street, NW, Washington, D.C.

**Request for Admission 110**: During the Class Period, Butch has solicited workers at the Zacchaeus Community Kitchen at 10th and G Streets, NW, Washington, D.C.

**Request for Admission 111**: During the Class Period, Butch has solicited workers within four blocks of the Zacchaeus Community Kitchen at 10th and G Streets, NW, Washington, D.C.

**Request for Admission 112**: During the Class Period, Butch has solicited workers at a location at the corner of 5th Street and New York Avenue, NW, Washington, D.C.

**Request for Admission 113**: On some mornings, vans owned operated, or controlled by Butch are parked within So Others Might Eat, located at 71 O Street, NW, Washington, D.C., for the purpose of collecting employees to perform evictions.

**Request for Admission 114**: At least once, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 115**: At least ten times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

14

**Request for Admission 116**: At least thirty times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 117**: At least fifty times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 118**: At least one hundred times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 119**: At least two hundred times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 120**: At least three hundred times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 121**: At least five hundred times, a van or truck owned, operated, or controlled by Butch has held at least ten Eviction Workers, even though that van or truck did not have enough seatbelts for ten people.

**Request for Admission 122**: When hiring Eviction Workers, Butch typically does not disclose its business identity to the Eviction Workers.

**Request for Admission 123**: When hiring Eviction Workers, at least once Butch did not disclose its business identity to the Eviction Workers.

15

**Request for Admission 124**:  When hiring Eviction Workers, Butch typically concealsits business identity to the Eviction Workers.

**Request for Admission 125**:  When hiring Eviction Workers, at least once Butch conceals its business identity to the Eviction Workers.

**Request for Admission 126**:  When hiring Eviction Workers at homeless shelters or homeless service organizations, Butch has misrepresented its identity at least once.

**Request for Admission 127**:  When hiring Eviction Workers at homeless shelters or homeless service organizations, Butch has misrepresented the nature of its business at least once.

**Request for Admission 128**:  When hiring Eviction Workers at homeless shelters or homeless service organizations, Butch typically misrepresents its identity.

**Request for Admission 129**:  When hiring Eviction Workers at homeless shelters or homeless service organizations, Butch typically misrepresents the nature of its business.

**Request for Admission 130**:  Butch has misrepresented its identity or the nature of its business at homeless shelters or homeless service organizations in order to circumvent homeless shelter rules forbidding eviction companies from soliciting workers on their premises.

**Request for Admission 131**:  Butch has communicated with employees of Other Eviction Companies as they wait for workers within four blocks of homeless shelters or homeless service organizations.

**Request for Admission 132**:  Butch has communicated with at least one Other Eviction Company as they wait for workers within four blocks of homeless shelters or homeless service organizations.

**Request for Admission 133**: Butch has exchanged information with Other Eviction Companies about future business.

**Request for Admission 134**: Butch has exchanged information with Other Eviction Companies about Eviction Workers.

**Request for Admission 135**: Butch has exchanged information with Other Eviction Companies about wages paid to Eviction Workers.

**Request for Admission 136**: Butch has agreed with Defendant East Coast Express Eviction to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 137**: Butch has agreed with Defendant A 1 Eviction Services, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 138**: Butch has agreed with Defendant All American Eviction Company to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 139**: Butch has agreed with Defendant Big Time Movers, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 140**: Butch has agreed with Defendant Platinum Realtor Services, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 141**: Butch has agreed with Defendant Crawford & Crawford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 142**: Butch has agreed with A&A Cardinal Evictions to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 143**: Butch has agreed with Defendant Caroline Lanford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 144**: Butch has agreed with Defendant Tanya Smith to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 145**: Butch has agreed with Defendant Nelson Terry to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 146**: Butch has agreed with Defendant Choya Lord Rodriquez to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 147**: Butch has agreed with Defendant Vincent Crawford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 148**: Butch has agreed with Robert Ward to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 149**: Butch uses its vans and trucks to transport Eviction Workers to eviction sites in Maryland.

**Request for Admission 150**: Butch uses its vans and trucks to transport Eviction Workers to eviction sites in Virginia.

**Request for Admission 151**: Butch uses its vans and trucks to transport Eviction Workers to eviction sites in the District of Columbia.

**Request for Admission 152**: Butch requires that the Eviction Workers it engages to perform eviction work travel in Butch's vehicles.

**Request for Admission 153**: Travel in Butch's vehicles is an integral part of the work activities of the Eviction Workers Butch engages to perform eviction work.

**Request for Admission 154**: Butch does not give the Eviction Workers it hires information about the locations at which they will perform Eviction Work before entering Butch's vehicle.

**Request for Admission 155**: Eviction Workers' riding in Butch's vehicles is necessary to ensure that the Eviction Workers arrive at the eviction locations.

**Request for Admission 156**: Riding in Butch's vehicles is necessary for Butch to know whether it has adequate labor for the day's evictions.

**Request for Admission 157**: More often than not, in the event that Butch solicits more Eviction Workers than are necessary for a particular eviction, Butch requires those Eviction Workers not actually performing the eviction to wait at the work site.

**Request for Admission 158**: Almost always, in the event that Butch solicits more Eviction Workers than are necessary for a particular eviction, Butch requires those Eviction Workers not actually performing the eviction to wait at the work site.

**Request for Admission 159**: Requiring Eviction Workers to travel in Butch's vehicles directly benefits Butch.

**Request for Admission 160**: From the time they are picked up until the time they are dropped off, Butch does not allow Eviction Workers to leave the vehicle for purposes other than Eviction Work.

**Request for Admission 161**: From the time they are picked up until the time they are dropped off, Butch does not allow Eviction Workers to make personal stops.

**Request for Admission 162**: Eviction Workers hired by Butch are obliged to wait in or by the vehicle in the event that Butch's driver has personal tasks or errands to perform.

**Request for Admission 163**: Butch is aware that at least one of the Other Eviction Companies use crews of predominantly homeless Eviction Workers to perform evictions.

19

**Request for Admission 164**: Butch is aware that most of the Other Eviction Companies use crews of predominantly homeless Eviction Workers to perform evictions.

**Request for Admission 165**: Butch is aware that all of the Other Eviction Companies use crews of predominantly homeless Eviction Workers to perform evictions.

**Request for Admission 166**: An eviction requires removing all of a tenant's belongings from a residence and placing them on the curb.

**Request for Admission 167**: On average, it takes approximately one hour to complete an eviction of a one-bedroom apartment, not including travel time to or from the site.

**Request for Admission 168**: Butch occasionally required Eviction Workers to wait on-site before an eviction begins.

**Request for Admission 169**: Butch frequently required Eviction Workers to wait on-site before an eviction begins.

**Request for Admission 170**: Butch almost always required Eviction Workers to wait on-site before an eviction begins.

**Request for Admission 171**: After an eviction is completed, Butch occasionally required Eviction Workers to wait until Butch's vehicle is ready to leave the eviction site.

**Request for Admission 172**: After an eviction is completed, Butch frequently required Eviction Workers to wait until Butch's vehicle is ready to leave the eviction site.

**Request for Admission 173**: After an eviction is completed, Butch almost always required Eviction Workers to wait until Butch's vehicle is ready to leave the eviction site.

**Request for Admission 174**: A typical workday for an Eviction Worker hired by Butch includes spending time in transit between eviction sites, waiting for the next eviction assignment, and awaiting payment from Butch.

**Request for Admission 175**:  A typical work day for an Eviction Worker hired by any of the Defendants includes spending time in transit between eviction sites, waiting for the next eviction assignment, and awaiting payment from that Defendant.

**Request for Admission 176**:  Some or all of the evictions scheduled on any given day may not take place.

**Request for Admission 177**:  Evictions are cancelled for a variety of reasons, such as payment by a tenant of the delinquent rent at the last minute, discovery upon arrival to an eviction site that there is no furniture to remove, the unavailability of the U.S. Marshals Service or other relevant authority to oversee the eviction, or other reasons.

**Request for Admission 178**:  Evictions are sometimes canceled after Eviction Workers have spent time waiting at an eviction site.

**Request for Admission 179**:  Evictions are sometimes canceled after Eviction Workers have spent hours waiting at the eviction site.

**Request for Admission 180**:  If an eviction is canceled, Butch always does not pay recruited Eviction Workers for that eviction.

**Request for Admission 181**:  If an eviction is canceled, Butch usually does not pay recruited Eviction Workers for that eviction.

**Request for Admission 182**:  If an eviction is canceled, Butch sometimes does not pay recruited Eviction Workers for that eviction.

**Request for Admission 183**:  If an eviction is canceled, Butch at least once did not pay recruited Eviction Workers for that eviction.

**Request for Admission 184**:  If an eviction is canceled, Butch always does not pay recruited Eviction Workers for time spent waiting at the eviction site.

21

**Request for Admission 185**:  If an eviction is canceled, Butch usually does not pay recruited Eviction Workers for time spent waiting at the eviction site.

**Request for Admission 186**:  If an eviction is canceled, Butch sometimes does not pay recruited Eviction Workers for time spent waiting at the eviction site.

**Request for Admission 187**:  If an eviction is canceled, Butch at least once did not pay recruited Eviction Workers for time spent waiting at the eviction site.

**Request for Admission 188**:  If an eviction is canceled, Butch always does not pay recruited Eviction Workers for time spent in transit to and from the eviction site.

**Request for Admission 189**:  If an eviction is canceled, Butch usually does not pay recruited Eviction Workers for time spent in transit to and from the eviction site.

**Request for Admission 190**:  If an eviction is canceled, Butch sometimes does not pay recruited Eviction Workers for time spent in transit to and from the eviction site.

**Request for Admission 191**:  If an eviction is canceled, Butch at least once did not pay recruited Eviction Workers for time spent in transit to and from the eviction site.

**Request for Admission 192**:  The Minimum Wage Laws applies to the Eviction Workers Butch hired to perform eviction services.

**Request for Admission 193**:  Butch engaged Class Members to perform evictions.

**Request for Admission 194**:  The Class Members are employees of Butch.

**Request for Admission 195**:  The Defendants, including Butch, suffer or permit the Plaintiffs and other Class Members to perform evictions on their behalf.

**Request for Admission 196**:  Each Named Plaintiffs is an employee of at least one Defendant.

**Request for Admission 197**: Each Class Member is an employee of at least one Defendant.

**Request for Admission 198**: Butch typically pays each Eviction Worker (exclusive of Butch's permanent staff) $5.00 for each eviction performed.

**Request for Admission 199**: The Other Eviction Companies typically pay each Eviction Worker (exclusive of Defendants' permanent staffs) $5.00 for each eviction performed.

**Request for Admission 200**: Butch typically pays each Eviction Worker (exclusive of Butch's permanent staff) $5.00 for each eviction performed in a one-bedroom apartment.

**Request for Admission 201**: The Other Eviction Companies typically pay each Eviction Worker (exclusive of Defendants' permanent staffs) $5.00 for each eviction performed in a one-bedroom apartment.

**Request for Admission 202**: The $5.00 payment per eviction does not vary depending on the time spent on the eviction.

**Request for Admission 203**: The $5.00 payment per eviction does not vary depending on travel time to and from an eviction site.

**Request for Admission 204**: The $5.00 payment per eviction has been standard throughout the Class Period.

**Request for Admission 205**: Butch maintains payroll records as required by the Minimum Wage Laws.

**Request for Admission 206**: Butch maintains records regarding Eviction Workers.

23

**Request for Admission 207**: Butch maintains records regarding wage payments to employees as required by federal, state, and District of Columbia tax law.

**Request for Admission 208**: For the year 2002, Butch's annual gross volume of business is not less than $500,000.

**Request for Admission 209**: For the year 2003, Butch's annual gross volume of business is not less than $500,000.

**Request for Admission 210**: For the year 2004, Butch's annual gross volume of business is not less than $500,000.

**Request for Admission 211**: For the year 2005, Butch's annual gross volume of business is not less than $500,000.

**Request for Admission 212**: For the year 2006, Butch's annual gross volume of business is not less than $500,000.

**Request for Admission 213**: Butch expects that its annual gross volume of business will be not less than $500,000 for the year 2007.

**Request for Admission 214**: Butch has hired plaintiff Anthony Forte to perform Eviction Work at least one time.

**Request for Admission 215**: Plaintiff Anthony Forte was Butch's employee some time during the Class Period.

**Request for Admission 216**: Butch has hired plaintiff Hassan Shakur to perform Eviction Work at least one time.

**Request for Admission 217**: Plaintiff Hassan Shakur was Butch's employee some time during the Class Period.

24

**Request for Admission 218**: Butch has hired plaintiff Sandy Green to perform Eviction Work at least one time.

**Request for Admission 219**: Plaintiff Sandy Green was Butch's employee some time during the Class Period.

**Request for Admission 220**: Butch has hired plaintiff Alvin Dozier to perform Eviction Work at least one time.

**Request for Admission 221**: Plaintiff Alvin Dozier was Butch's employee some time during the Class Period.

**Request for Admission 222**: Butch has hired plaintiff Donald Brooks to perform Eviction Work at least one time.

**Request for Admission 223**: Plaintiff Donald Brooks was Butch's employee some time during the Class Period.

**Request for Admission 224**: Each Named Plaintiff and Class Member has been injured to the extent that each Defendant failed to pay the minimum wage for work performed at that Defendant's request.

**Request for Admission 225**: Plaintiffs' and Class Members' injuries were caused by each Defendant's failure to pay Plaintiffs and Class Members the minimum wage required under the Minimum Wage Laws.

**Request for Admission 226**: Each Defendant, including Butch, individually paid wages at a standard rate of $5.00 per eviction could only have occurred in the context of an illegal agreement among Defendants, including Butch, to fix wages below the legal minimum wage.

25

**Request for Admission 227**:  But for an agreement among Butch and the other Eviction Companies to suppress wages, wages to perform evictions for Eviction Workers like the Class Members would have risen at least to the level of the legal minimum wage.

**Request for Admission 228**:  If the Defendants each paid the same standard wage is true and that standard wage is below the minimum wage, then the Defendants' actions of paying the same standard wage below the minimum wage is inconsistent with independent competitive conduct.

**Request for Admission 229**:  There were agreements between some Class Members and Butch for Butch for the Class Members to perform Eviction Work for Butch and for Butch to compensate the Class Members for that Eviction Work.

**Request for Admission 230**:  There were agreements between some Class Members and Butch for Butch to pay the Class Members $5 per eviction and for the Class Members to perform Eviction Work for Butch.

**Request for Admission 231**:  Some Class Members relied on Butch's promise to compensate them when performing Eviction Work for Butch.

**Request for Admission 232**:  In exchange for the Eviction Work performed by Eviction Workers, Butch received payment from his customers.

**Request for Admission 233**:  In exchange for the Eviction Work performed by Eviction Workers, Butch received payment from his customers in excess of what he paid the Eviction Workers.

**Request for Admission 234**:  Butch has benefited from paying Eviction Workers unlawfully low wages.

**Request for Admission 235**:  Each time Butch paid an Eviction Worker $5 per eviction, Butch made more profit than it would have if it paid Eviction Workers more than $5 per eviction, because it was paying less for labor.

**Request for Admission 236**:  It would be inequitable for Butch to retain the any excess profit or revenue acquired by paying Eviction Workers below the wage permitted by the Minimum Wage Laws.

**Request for Admission 237**:  The Named Plaintiffs and Class Members are entitled to treble damages, prejudgment interest, attorney's fees and costs under the Clayton Act.

**Request for Admission 238**:  The Named Plaintiffs and Class Members are entitled to injunctive relief under the Minimum Wage Laws and the Antitrust Laws.

**Request for Admission 239**:  Plaintiffs and Class Members are entitled to restitution and other equitable relief.

Dated:  May 9, 2007

Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:  (202) 974-1999
*Attorneys for Plaintiffs*