**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| Individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

## SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS BUTCH ENTERPRISES, INC. AND IRWIN STATEN

Plaintiffs move to compel discovery responses from defendants Butch Enterprises, Inc.

("Butch Enterprises") and Irwin Staten.  In support of this motion, plaintiffs submit a

Memorandum of Law, with exhibits, establishing the motion's factual and legal basis.  Plaintiffs

respectfully request that the Court:

1. Compel defendant Mr. Staten to respond fully to Plaintiffs' First Set of Interrogatories

to Defendant Irwin Staten within three days of the entry of an order on this motion.

2. Compel defendants Butch Enterprises and Mr. Staten to provide a complete and

proper response (including the production of all non-privileged responsive documents

and the required written and signed response) to Plaintiffs' Second Request for

Production of Documents from Defendant Butch Enterprises, Inc. and Plaintiffs' Second

Request for Production of Documents from Defendant Irwin Staten, respectively, within three days of the entry of an order on this motion.

Dated: July 17, 2007

Respectfully submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

Harry Jakeyia Ashford, et al.,      )

                                       )      Civil Action No. 06-cv-1561 (RJL)

individually and on behalf        )

of all others similarly situated,    )      Hon. Richard J. Leon

                                       )

                    _Plaintiffs_,    )

      v.                          )

                                       )

East Coast Express Eviction, et al.,    )

                                     )

                    _Defendants_.    )

_____)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
SECOND MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS
BUTCH ENTERPRISES, INC. AND IRWIN STATEN**

Plaintiffs submit this memorandum in support of their motion under Federal Rule of Civil Procedure 37 to compel defendants Butch Enterprises, Inc. ("Butch Enterprises") and Irwin Staten (together, the "Butch Defendants") to respond to Plaintiffs' Second Request for the Production of Documents from Defendant Butch Enterprises, Inc. ("Second Request for Documents, Butch Enterprises"), Plaintiffs' Second Request for the Production of Documents from Defendant Irwin Staten ("Second Request for Documents, Staten"), (together, the "Second Document Requests"), and Plaintiffs' First Set of Interrogatories to Defendant Irwin Staten (the "Staten Interrogatories"; with the Second Document Requests, the "Second Discovery Requests"), which relate primarily to certain of the Butch Defendants' defenses and damages issues.  The Butch Defendants have not responded to the Second Discovery Requests in any way. While plaintiffs continue their efforts to obtain important evidence supportive of their claims, the Butch Defendants continue their efforts to try to run down the clock on discovery.

This is not a controversy over the scope of plaintiffs' requests – the Butch Defendants have not objected to them. The Butch Defendants simply have not responded to plaintiffs' requests at all. Because of the requested evidence's importance to plaintiffs' case, plaintiffs have extended compliance deadlines and have offered flexibility beyond that called for by the Federal Rules. In response, the Butch Defendants have promised compliance, and then watched the sun set on the discovery period without responding to a single request. With no other choice, plaintiffs once more come to the Court seeking an opportunity to prove their case.

Plaintiffs therefore request an order (1) compelling Mr. Staten to respond fully to the Staten Interrogatories, and (2) compelling the Butch Defendants each to provide a complete and proper response (including the production of all non-privileged responsive documents and the required written and signed responses) to the Second Document Requests, within three days of the Court's entry of an order.

## PROCEDURAL BACKGROUND

Discovery in this case is to be completed by July 18, 2007. Minute Order (April 5, 2007). On May 9, 2007, plaintiffs served the Butch Defendants with the Second Document Requests and Irwin Staten with the Staten Interrogatories. *See* Ex. A, Second Request for Documents, Butch Enterprises; Ex. B, Second Request for Documents, Staten; Ex. C, Staten Interrogatories; Ex. D, Certificate of Service for the Document Requests and Interrogatories (May 9, 2007). The Butch Defendants' responses to the Second Discovery Requests were due June 11. Fed. R. Civ. P. 6(a), 6(e), 33(b)(3), 34(b). To date, the Butch Defendants have not served plaintiffs with any responses to the Second Discovery Requests. Ex. E, Affidavit of Lee F. Berger ("Berger Aff.") ¶¶ 2, 3.

On July 5, plaintiffs' counsel met and conferred with counsel for the Butch Defendants to resolve the Butch Defendants' failure to respond to the Second Discovery Requests.  *See id.* ¶ 4. At that meet and confer, the Butch Defendants agreed to serve by mail and fax their responses to the Second Document Requests by July 10 and Mr. Staten's responses to the Staten Interrogatories by July 16.  *Id.* ¶ 4.  The Butch Defendants failed to meet those agreed deadlines and have not served plaintiffs with any responses to the Second Discovery Requests as of the date of this motion.  *Id.* ¶¶ 2, 3, 5.

## ARGUMENT

Through the Second Discovery Requests, plaintiffs seek documents and information that would demonstrate that the Butch Defendants share a unity of ownership and interest and should not be considered legally separate for purposes of liability.  In particular, plaintiffs seek Butch Enterprises' corporate records, articles of incorporation, bylaws, documents sufficient to show the identity of Butch Enterprises' board of directors and shareholders, board meeting minutes, documents relating to board actions, and documents related to assets that Butch Enterprises owns that Mr. Staten or Kimbra Staten use and assets that Mr. Staten or Ms. Staten own that Butch Enterprises uses, including bank records and evidence of transfers of money between the Statens and Butch Enterprises.  *See* Second Request for Documents, Butch Enterprises, Inc. Nos. 1–11, 17; Second Request for Documents, Staten Nos. 1–4, 8; Staten Interrogatories Nos. 1–5.  The documents and information plaintiffs seek may contain specific evidence that shows that Mr. Staten's and Butch Enterprises' assets are intermingled and that Mr. Staten treats Butch Enterprises' assets as his own.  Likewise, the documents and information plaintiffs seek would contain specific evidence that Butch Enterprises has failed to observe corporate formalities.

In addition, plaintiffs seek supposed independent contractor agreements signed by plaintiffs, evidence that concerns Butch Enterprises' asserted defense that the plaintiffs and potential class members are independent contractors. *See* Second Request for Documents, Butch Enterprises No. 15; Second Request for Documents, Staten No. 6. Plaintiffs also seek financial documents useful for calculating damages. *See* Second Request for Documents, Butch Enterprises Nos. 12, 13, 16; Second Request for Documents, Staten Nos. 5, 7. Finally, plaintiffs seek information regarding the former owners of Butch Enterprises, in light of Mr. Staten's contention that he did not own Butch Enterprises during the earlier portion of the class period. *See* Staten Interrogatories No. 6.

To the extent such documents and information are in the Butch Defendants' possession, custody, or control,[1] the Butch Defendants' failure to produce them violates Rules 33 and 34. *See McDowell v. Gov't of Dist. of Columbia*, 233 F.R.D. 192, 198, 203–04 (D.D.C. 2006) (sanctioning the District of Columbia for, among other violations, providing incomplete discovery responses that did not cover the entire time period requested and excluded certain relevant types of information). To the extent that the Butch Defendants do not have possession, custody, or control of the requested documents or information, the Butch Defendants need only truthfully certify that fact in the written responses to the Second Discovery Requests required by the Federal Rules. Fed. R. Civ. P. 33(b), 34(b). The Butch Defendants have provided no written response to the Second Discovery Requests. Plaintiffs therefore respectfully request that the Court compel the Butch Defendants to comply with Rules 33 and 34, serve their written

---

[1]    Because the Butch Defendants did not object to the Second Document Requests or Staten Interrogatories, they must produce all documents responsive to each request in their possession, custody, or control. *Fonville v. Dist. of Columbia,* 230 F.R.D. 38, 42, 46 (D.D.C. 2005).

responses to the Second Discovery Requests, and produce all documents and information responsive to the Second Discovery Requests in their custody, possession, or control within three days of the entry of the Court's order.

The Butch Defendants have stonewalled plaintiffs' properly served Second Discovery Requests. This repeated behavior contravenes the very purpose of the discovery requirements of the Federal Rules. The Federal Rules require litigants to make good faith efforts to comply with their requirements without need for judicial supervision. "[I]f 'parties are allowed to flout their obligations . . . the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules.'" *Weisberg v. Webster*, 749 F.2d 864, 871 (D.C. Cir. 1984) (quoting *Dellums v. Powell*, 566 F.2d 231, 235–36 (D.C. Cir. 1977)). Unfortunately, due to the defendants' obduracy, that is exactly what has happened in the present case.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs respectfully request that the Court (1) compel Mr. Staten to respond to the Staten Interrogatories within three days of the entry of the Court's order, and (2) compel each of the Butch Defendants to provide a complete and proper response (including the production of all non-privileged responsive documents and the required written

and signed response) to the Second Document Requests within three days of the entry of the

Court's order.

Dated:  July 17, 2007

                                   Respectfully Submitted,


                                   /s/ Lee F. Berger
                                   Lee F. Berger (D.C. Bar # 482435)
                                   Matthew D. Slater (D.C. Bar # 386986)
                                   Larry C. Dembowski (D.C. Bar # 486331)
                                   Cleary Gottlieb Steen & Hamilton LLP
                                   2000 Pennsylvania Avenue, N.W.
                                   Washington, D.C.  20006-1801
                                   Telephone:  (202) 974-1500
                                   Facsimile:   (202) 974-1999
                                   *Attorneys for Plaintiffs*


## CERTIFICATION UNDER FED. R. CIV. P. 37

     I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith met and conferred with counsel for Butch Enterprises, Inc. and Irwin Staten regarding the discovery disputes detailed above in an effort to secure the disclosures at issue without court action.

          Dated:  July 17, 2007.                    /s/ Lee F. Berger
                                                     Lee F. Berger

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On July 17, 2007, a copy of the foregoing Second Motion to Compel Discovery Responses from Defendants Butch Enterprises, Inc. and Irwin Staten and accompanying papers were served by electronic transmission through the Court's CM/ECF System on the following parties:

David E. Fox
1325 Eighteenth Street, N.W.
Suite 103
Washington, D.C. 20036
davidefox@gmail.com


Gina M. Smith
Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, #400
Riverdale Park, MD 20730
gsmith@mrrlaw.net


and were served by U.S. mail, first-class postage prepaid, on the following parties:

Lloyd J. Eisenberg
Lloyd J. Eisenberg & Associates, P.A.
10632 Little Patuxent Parkway
Suite 430
Columbia, MD 21044


Melvin L. Otey
Law Offices of Melvin L. Otey, PLLC
3609 Georgia Avenue, N.W., Suite 200
Washington, D.C. 20010

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001


Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001


Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746


Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746


Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Dated:  July 17, 2007                                   /s/ Emily C. Capehart
                                                                Emily C. Capehart