# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS
FROM DEFENDANT IRWIN STATEN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs request that defendant Irwin Staten produce the following documents and tangible things for inspection and copying at the offices of Cleary Gottlieb Steen & Hamilton LLP, 2000 Pennsylvania Avenue, N.W., Suite 9000, Washington, D.C. 20006 or at such other location as may be agreed upon by counsel within 30 days of the service of these requests.

**DEFINITIONS AND INSTRUCTIONS**

Except as otherwise specified, plaintiffs hereby incorporate by reference all instructions, definitions and rules of construction contained in Rule 34 of the Federal Rules of Civil Procedure and supplement such rules with the following instructions and definitions.

A.   Definitions

Unless the content of a specific request requires otherwise, the following definitions shall apply to these requests.

1. The term "document" means all documents and electronically stored information within the scope of Federal Rules of Civil Procedure 26 and 34(a) and includes: letters,

memoranda, handwritten notes, agreements, deeds, contracts, books, checks, canceled checks, invoices, sales receipts, charge receipts, personal receipts, bank records, tapes, computer printouts, data cards, programs or other input or output of data processing systems, photographs (positive print or negative), transcripts of interviews or testimony or notes of interview or testimony, diaries, calendars, logs, expense records or other financial data, charts, graphs, maps, drawings or other representational depiction, telephone records, telegrams, magnetic tape, dram or disk records, motion picture film, microfilm, e-mail, or microfiche. The terms "document" or "documents" also means every copy of a document where such copy is not an identical duplicate of the original.

2. The terms "you" and "your" mean Irwin Staten or any agent or other representative or person in whole or in part acting on behalf of Irwin Staten.

3. The terms "relating to," "relate to," "related to," and "regarding" include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

4. The term "Bank Records" means any document related to any account; payment, deposit, withdrawal, or transfer of funds; credit or debit card; savings, investment, bank, check-cashing entity; money transfer service or other financial institution.

5. The term "Accounting Records" means any document related to financial statements, balance sheets, income, revenues, costs, profits, losses, assets, liabilities, cash flow, audits, and any other records of the financial activities, history, outlook, or situation of any person or entity.

6. "Butch" is defined as Butch Enterprises, Inc., including any predecessors and successors in interest, present and former parents, subsidiaries, divisions, and affiliates, and all present and former officers, board members, directors, owners, managers, employees, agents, other representatives and any other person in whole or in part acting on behalf of any of the forgoing, but excluding Eviction Workers.

B.  <u>Instructions</u>

1. Produce all documents in the order they are kept in the ordinary course of business and in their original folders, binders, covers, or containers or a facsimile thereof.

2. These requests relate to all documents that are in your possession, custody, or control.

3. Produce the original of each document described below, or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies, which differ from the original or from the other copies produced for any reason, including the making of notes thereon.

4. Produce all electronically stored documents in their original, native form, meaning identical electronic files in their original formats. If a document has been stored in multiple different formats, and/or has been stored in paper as well as electronic form, produce all forms and formats of that document that are reasonably usable as well as those in which the document is ordinarily maintained.

5. If you redact a document or otherwise do not produce a document in full, you must so indicate on the document, state with particularity the reason or reasons it is not being produced in full, and describe with particularity those portions of the document that you are not producing.

6. If you withhold documents on the ground of privilege, for each withheld document provide all the information required by Fed. R. Civ. P. 26(b)(5) no later than the first date on which you produce documents.

7. Produce documents in such fashion as to identify the natural person in whose possession they were found and the business address of each document's custodian or custodians.

8. These document requests are deemed continuing as is required by Federal Rule of Civil Procedure 26(e).

9. Unless otherwise stated, all document requests herein refer to documents created during the period January 1, 1998 to the present (the "Relevant Time Period") and to documents relating to events or circumstances during such period, even though dated, prepared, generated, used, or received prior or subsequent to that period.

## DOCUMENT REQUESTS

1. All documents relating to real or personal property owned by Butch that is used by Irwin Staten or Kimbra Staten.

2. All documents relating to real or personal property owned by you that is used by Butch.

3. All documents relating to any transfer of money or payment between Butch and you or Butch and Kimbra Staten or Butch and any of your relatives and Butch or any of Kimbra Staten's relatives and Butch.

4. All documents relating to any transfer of real or personal property between Butch and you or Butch and Kimbra Staten or Butch and any of your relatives or Butch and any of Kimbra Staten's relatives.

5. All documents that are or related to Bank Records or Accounting Records.

4

6. Independent contractor agreements signed by plaintiffs.

7. Any financial information regarding any plaintiff.

8. All corporate records of Butch Enterprises, Inc.


Dated: May 9, 2007

                                            Lee F. Berger (D.C. Bar # 482435)
                                            Larry C. Dembowski (D.C. Bar # 486331)
                                            Matthew D. Slater (D.C. Bar # 386986)
                                            Cleary Gottlieb Steen & Hamilton LLP
                                            2000 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 20006-1801
                                            Telephone: (202) 974-1500
                                            Facsimile: (202) 974-1999
                                            *Attorneys for Plaintiffs*