# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
DEFENDANT IRWIN STATEN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, plaintiffs hereby propound the following First Set of Interrogatories on Defendant Irwin Staten.

**DEFINITIONS AND INSTRUCTIONS**

Except as otherwise specified, plaintiffs hereby incorporate by reference all instructions, definitions and rules of construction contained in Rule 33 of the Federal Rules of Civil Procedure and supplement such rules with the following definitions and instructions.

A.    Definitions

Unless the content of a specific interrogatory requires otherwise, the following definitions and instructions shall apply to these interrogatories:

1. The term "including" means "including but not limited to." The term "includes" means "includes but is not limited to."

2.  The terms "you" and "your" mean Irwin Staten or any agent or other representative or person in whole or in part acting on behalf of Irwin Staten.

3.  The terms "relating to" or "relate to" include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with, and bearing on (whether legally, factually, or otherwise).

4.  The term "identify," when referring to a natural person, means to state or reveal the relevant person's name, title and address and the entity employing the person at the relevant time.

B.  Instructions

1.  These interrogatories shall be deemed continuing and shall be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure when necessary to reflect events occurring and information becoming available subsequent to the serving of your initial response.

2.  If you withhold information on the ground of privilege, for each piece of information withheld provide all the information required by Fed. R. Civ. P. 26(b)(5) no later than the first date on which you respond to these interrogatories.

3.  If you are unable to respond to any interrogatory fully, supply the information that is available and explain why your response is incomplete, the efforts you made to obtain the information, and the source from which all responsive information may be obtained.

4.  If, in answering any interrogatory, you claim that the interrogatory, or a definition or instruction applicable thereto, is ambiguous, you shall not use such claim as a basis for refusing to respond, but rather shall set forth as a part of your response the language you

2

claim is ambiguous and interpretation you have applied in responding to the individual interrogatory.

5. Unless otherwise stated, all interrogatories herein refer to the period January 1, 1998, to the present (the "Relevant Time Period") and to events or circumstances during such period.

## INTERROGATORIES

### Interrogatory No. 1

Identify all real or personal property owned by Butch Enterprises Inc. that is used by you or

Kimbra Staten or both you and Kimbra Staten for any purpose not solely in furtherance of

Butch Enterprises Inc.'s business.

### Response to Interrogatory No. 1

**Interrogatory No. 2**

Identify all real or personal property owned by you that is used by Butch Enterprises Inc.

**Response to Interrogatory No. 2**

**Interrogatory No. 3**

Describe any transfer of money or payment between Butch Enterprises Inc. and you or Butch

Enterprises Inc. and Kimbra Staten or Butch Enterprises Inc. and any of your relatives and

Butch Enterprises Inc. or any of Kimbra Staten's relatives and Butch Enterprises Inc.

**Response to Interrogatory No. 3**

**Interrogatory No. 4**

Describe any transfer of real or personal property between Butch Enterprises Inc. and you or Butch Enterprises Inc. and Kimbra Staten or Butch Enterprises Inc. and any of your relatives or Butch Enterprises Inc. and any of Kimbra Staten's relatives.

**Response to Interrogatory No. 4**

**Interrogatory No. 5**

State the date, location, and subject matters discussed at each meeting of the board of directors of Butch Enterprises Inc.

**Response to Interrogatory No. 5**

**Interrogatory No. 6**

Identify all prior owners and officers of Butch Enterprises, Inc.

**Response to Interrogatory No. 6**

Dated:  May 9, 2007

Lee F. Berger (D.C. Bar # 482435)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew D. Slater (D.C. Bar # 386986)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs*