IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al.,            )<br>                                                           )<br>                           *Plaintiffs*,      )<br>       v.                                                 )<br>                                                           )<br>East Coast Express Eviction, et al.,    )<br>                                                           )<br>                           *Defendants*.   )<br>                                                           ) | Civil Action No. 06-cv-1561 (RJL)<br><br>Hon. Richard J. Leon |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS NELSON TERRY AND EAST COAST EXPRESS EVICTION

Plaintiffs move to compel discovery responses from defendants East Coast Express Eviction ("East Coast") and Nelson Terry. In support of this motion, plaintiffs submit a Memorandum of Law, with exhibits, establishing the motion's factual and legal basis. Plaintiffs respectfully request that the Court:

1. Compel defendant East Coast to fully respond to Plaintiffs' First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

2. Compel defendant East Coast to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents and plaintiffs' subpoena duces tecum (which are substantially identical) in accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

3. Compel defendant Mr. Terry to serve a written response and all non-privileged documents responsive to Plaintiffs' First Request for Production of Documents in

accordance with the Federal Rules of Civil Procedure within three days of the entry of an order on this motion.

Dated: July 19, 2007                          Respectfully submitted,

/s/ Matthew J. Berman
Matthew J. Berman (D.C. Bar # 489242)
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS NELSON
TERRY AND EAST COAST EXPRESS EVICTION**

## LIST OF EXHIBITS

Exhibit A, Plaintiffs' First Request for the Production of Documents from East Coast

Exhibit B, Plaintiffs' First Set of Interrogatories to East Coast

Exhibit C, Plaintiffs' First Request for the Production of Documents from Nelson Terry

Exhibit D, Certificate of Service for the Document Requests and Interrogatories

Exhibit E, Subpoena Duces Tecum to East Coast

Exhibit F, Affidavit of Service of Subpoena Duces Tecum on East Coast

Exhibit G, Transcript of Deposition of Nelson Terry (July 18, 2007)

Exhibit H, Affidavit of Lee F. Berger (July 19, 2007)

> Exhibit 1, Subpoena in a Civil Case, issued to Nelson Terry (June 5, 2007); Affidavit of Service (June 15, 2007); Certificate of Service (June 5, 2007).
>
> Exhibit 2, Letter from Matthew J. Berman, Plaintiffs' Counsel, to Nelson Terry (July 12, 2007).

In an effort to obtain important testimony about the damages caused to plaintiffs and the proposed class by East Coast Express Eviction ("East Coast") and Nelson Terry (together, the "East Coast Defendants"), East Coast Defendants' agreements with its competitors (including Butch Enterprises, Inc.), and the East Coast Defendants' assets for enforcement of judgment, plaintiffs submit this memorandum in support of their motion under Federal Rules of Civil Procedure 37 and 45 to compel the East Coast Defendants to provide plaintiffs with documents responsive to plaintiffs' discovery requests. In violation of the Federal Rules of Civil Procedure (the "Federal Rules"), the East Coast Defendants have failed to provide plaintiffs with any response to their discovery requests. Because of this failure, plaintiffs bring this motion to compel the East Coast Defendants to respond to the discovery requests.

## PROCEDURAL BACKGROUND

The discovery deadline in this case was July 18, 2007. Minute Order (April 5, 2007). On March 13, 2007, plaintiffs served the East Coast Defendants with requests for the production of documents ("Document Requests"), and served East Coast with interrogatories. *See* Ex. A, Plaintiffs' First Request for the Production of Documents from East Coast; Ex. B, Plaintiffs' First Set of Interrogatories to East Coast; Ex. C, Plaintiffs' First Request for the Production of Documents from Nelson Terry; Ex. D, Certificate of Service for the Document Requests and Interrogatories (March 13, 2007). The East Coast Defendants' responses to the Document Requests and the interrogatories were due April 16.[1] Fed. R. Civ. P. 33(b)(3), 34(b). On June 21, plaintiffs served East Coast with a subpoena duces tecum seeking the same documents requested in the Document Requests, indicating a return date for those documents of July 5. *See*

---

[1] Plaintiffs served the East Coast Defendants with these discovery requests via U.S. mail on March 13, 2007. April 12 is thirty days from March 13. The East Coast Defendants received the benefit of an additional three days under Rule 6(e), making their responses due on April 15, but April 15 was a Sunday, making their responses due on April 16.

Ex. E, Subpoena Duces Tecum to East Coast (together with the Document Requests and the interrogatories, the "Discovery Requests"); Ex. F, Affidavit of Service of Subpoena Duces Tecum on East Coast.[2] To date, the East Coast Defendants have not served plaintiffs with any responses or objections to the Discovery Requests or to the subpoena duces tecum. Ex. H, Affidavit of Lee F. Berger ("Berger Aff.") ¶ 8.

On June 20, plaintiffs met and conferred with attorney Melvin Otey, who at that time represented Mr. Terry, about the outstanding discovery requests to East Coast and Mr. Terry. *Id.* ¶ 3. On July 12, plaintiffs sent Mr. Terry a letter reminding him that East Coast was obligated to produce all documents responsive to the subpoena duces tecum and instructing that Mr. Terry should bring those documents with him to his deposition on July 18. *Id.* ¶ 6. Mr. Terry appeared at the deposition scheduled for July 18, 2007. Although Mr. Terry appeared at his deposition, he did not have any documents with him. *Id.* ¶¶ 7, 8. He testified, however, that East Coast possesses records that appear to be responsive to the Discovery Requests and to the to the subpoena duces tecum. *See Id.* ¶ 7; Ex. G, Transcript of Deposition of Nelson Terry (July 18, 2007) ("Depo Tr.") at 23:4 - 25:15.

## ARGUMENT

Plaintiffs seek overdue discovery responses from East Coast and Nelson Terry, defendants who have defaulted in this case but who continue to engage in the illegal wage practices detailed in the Complaint. Because plaintiffs met and conferred with Mr. Terry's attorney regarding the East Coast Defendants' overdue responses to the Discovery Requests and Mr. Terry admitted at his deposition that East Coast possesses documents that appear to be

---

[2] The East Coast Defendants have defaulted in this case. *See* Minute Order Ordering Default Against East Coast (November 30, 2006); Default against Nelson Terry (Docket Item No. 36) (November 13, 2006). Because plaintiffs have served East Coast with

2

responsive to the Discovery Requests, plaintiffs now respectfully request that the Court compel the East Coast Defendants to provide full and complete responses to the Discovery Requests.

Parties may use the discovery methods provided in the Federal Rules of Civil Procedure to discover information "regarding any matter, not privileged, that is relevant to the claim or defense of any party," Fed. R. Civ. P. 26(b)(1).  *See, e.g.*, *Food Lion, Inc. v. United Food and Commercial Workers Intern. Union*, 103 F.3d 1007 (D.C. Cir. 1997) (affirming district court's order enforcing subpoena seeking documents from a third-party public relations firm that advised a party).  Even though the East Coast Defendants have defaulted in this case, they are in control of documents and information directly relevant to plaintiffs' claims against the non-defaulting defendants.  The East Coast Defendants have information about whether the non-defaulting defendants engaged in a conspiracy to suppress wages and can identify witnesses, such as East Coast's drivers or other employees, who could provide testimony implicating the non-defaulting defendants.  Further, the East Coast Defendants have evidence about East Coast's own business practices (for example, wage practices, volume of evictions performed, location of evictions performed, and the number and identity of workers employed) that will go to the calculation of damages and will demonstrate the scope of the conspiracy.  Finally, the East Coast Defendants can provide information about the location of their assets, which may be needed to seek enforcement of the requested default judgment.[3]

To the extent the documents and information requested are within the East Coast Defendants' possession, custody, or control, the defendants must comply with the Federal Rules

---

[3] document requests under both Rule 34 and Rule 45, the Court need not resolve which rule applies to a defaulting defendant to order the requested documents produced. Plaintiffs are entitled to such discovery under Fed. R. Civ. P. 69(a), which allows judgment creditors to obtain discovery from judgment debtors in "aid of the judgment or execution."

3

and serve plaintiffs with documents and interrogatory responses. Fed. R. Civ. P. 33, 34, 45.[4]

Mr. Terry admitted at his deposition that East Coast currently possesses documents that appear to be responsive to the Document Request and the subpoena duces tecum:

> Q: When you do an eviction, do you ever write down any information about that eviction on paper?
> A: Yes, I do.
> Q: And what do you do with that information?
> A: Put the paper in it, in the file cabinet.
> Q: So you have – in the East Coast Express Evictions office, you have a filing cabinet that has information on evictions that you've performed; is that correct?
> A: No, I have some of them.

Depo Tr. 23:4-16. Mr. Terry admitted that these documents contain, at the very least, information on where and when East Coast performed eviction services. *Id.* 25:8-15. These documents are directly responsive to Request No. 5 of the Document Requests and the subpoena duces tecum, but the East Coast Defendants have not produced them. Given the plaintiffs' need for the evidence in the East Coast Defendants' control, plaintiffs respectfully request that the Court compel the East Coast Defendants' compliance with the Discovery Requests.

---

[4] Because the East Coast Defendants did not object to any of the document requests, they must produce all non-privileged documents responsive to each request in their

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the Court compel the East Coast Defendants to provide plaintiffs with complete and full responses to the Document Requests and the subpoena duces tecum.


Dated: July 19, 2007                    Respectfully Submitted,


/s/ Matthew J. Berman
Matthew J. Berman (D.C. Bar # 489242)
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
Attorneys for Plaintiffs


**CERTIFICATION UNDER FED. R. CIV. P. 37**

I, Matthew J. Berman, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith met and conferred or attempted to meet and confer with defendants East Coast Express Eviction and Nelson Terry regarding the discovery disputes detailed above in an effort to take the deposition at issue without court action. More information about each of these discussions or attempted discussions is presented in the attached affidavit.

/s/ Matthew J. Berman
Matthew J. Berman

Dated: July 19, 2007.

---

possession, custody, or control. *Fonville v. Dist. of Columbia,* 230 F.R.D. 38, 42 (D.D.C. 2005).

5

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On July 19, 2007, a copy of the foregoing Motion to Compel Discovery Responses from Defendants Nelson Terry and East Coast Express Eviction and accompanying papers were served by electronic transmission through the Court's CM/ECF System on the following parties:

> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> davidefox@gmail.com

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Patuxent Parkway
> Suite 430
> Columbia, MD 21044

> Melvin L. Otey
> Law Offices of Melvin L. Otey, PLLC
> 3609 Georgia Avenue, N.W., Suite 200
> Washington, D.C. 20010

East Coast Express Eviction
29 U Street, N.W.
Washington, D.C. 20001


Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001


Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746


Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746


Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019


Dated:  July 19, 2007                                              /s/ Emily C. Capehart
                                                                            Emily C. Capehart