# EXHIBIT B

Case 1:06-cv-01561-RJL-JMF   Document 106-3   Filed 07/19/2007   Page 1 of 19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO

## DEFENDANT EAST COAST EXPRESS EVICTION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia, plaintiffs hereby propound the following First Set of Interrogatories on Defendant East Coast Express Eviction.

## DEFINITIONS AND INSTRUCTIONS

Except as otherwise specified, plaintiffs hereby incorporate by reference all instructions, definitions and rules of construction contained in Rule 33 of the Federal Rules of Civil Procedure and supplement such rules with the following definitions and instructions.

A.   Definitions

Unless the content of a specific interrogatory requires otherwise, the following definitions and instructions shall apply to these interrogatories:

1. The term "D.C. Metro Area" means the District of Columbia, southeastern Maryland (including Prince George's County, Montgomery County, Anne Arundel County, Howard County, Calvert County, and Charles County) and northern Virginia (including Fairfax County, Arlington County, Prince William County, Loudon County, Fauquier County, and Stafford County).

2. The term "including" means "including but not limited to." The term "includes" means "includes but is not limited to."

3. The term "person" includes natural persons, companies, partnerships, proprietorships, joint ventures, corporations, associations, trusts, groups, and any other organization or entity, including representatives of any of the forgoing.

4. The term "Eviction" means the execution of an eviction order issued by a court of competent jurisdiction, which includes the removal of one or more tenant's possessions from commercial, residential, governmental, or other premises or property.

5. The term "Eviction Company" means any person engaged, in whole or in part, in the business of conducting Evictions in the D.C. Metro Area, including East Coast Express Eviction, A 1 Eviction Services, Inc., A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, I. Staten, Choya Lord Rodriguez, and Vincent Crawford.

6. The term "Eviction Site" means the physical location of any property where an Eviction occurred or was scheduled, planned, or otherwise expected to occur by any person.

7. The terms "Eviction Worker" and "Eviction Workers" mean any natural person paid by an Eviction Company for his or her physical labor in the course of the execution of an Eviction.

8. The terms "Landlord" and "Landlords" mean any landlord, property manager, property owner or other person (a) who owns, leases, or operates a property on which an Eviction has been performed or attempted, (b) who has sought an Eviction, or (c) on whose behalf an Eviction would be performed.

9. The terms "you" and "your" mean East Coast Express Eviction, including any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions, and affiliates, and all present and former officers, board members, directors, owners, managers, employees, agents, other representatives and any other person acting in whole or in part on behalf of any of the forgoing, but excluding Eviction Workers.

10. The terms "Responsible," "Responsibility," and "Responsibilities" include any form of decision-making authority, supervision, control, influence, discretion, or management over any part of a business or its operations.

11. The term "Wages" means monetary compensation paid to a person in exchange for his or her labor or services.

12. The term "Effective Dates" includes both the date on which some policy, practice, act, or event began and the date on which it ended, if applicable.

13. The terms "relating to" or "relate to" include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with, and bearing on (whether legally, factually, or otherwise).

14. The term "identify," when referring to a natural person, means to state or reveal the relevant person's name, title and address and the entity employing the person at the relevant time.

B. Instructions

1. These interrogatories shall be deemed continuing and shall be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure when necessary to reflect events occurring and information becoming available subsequent to the serving of your initial response.

2. For purposes of these interrogatories, the singular should be read to include the plural and vice versa, the present tense should be read to include the past tense and vice versa, and the term "any" should be read to include the term "all" and vice versa.

3. If you withhold information on the ground of privilege, for each piece of information withheld provide all the information required by Fed. R. Civ. P. 26(b)(5) no later than the first date on which you respond to these interrogatories.

4. If you are unable to respond to any interrogatory fully, supply the information that is available and explain why your response is incomplete, the efforts you made to obtain the information, and the source from which all responsive information may be obtained.

5. If, in answering any interrogatory, you claim that the interrogatory, or a definition or instruction applicable thereto, is ambiguous, you shall not use such claim as a basis for refusing to respond, but rather shall set forth as a part of your response the language you claim is ambiguous and interpretation you have applied in responding to the individual interrogatory.

6. Unless otherwise stated, all interrogatories herein refer to the period January 1, 1998, to the present (the "Relevant Time Period") and to events or circumstances during such period.

## INTERROGATORIES

### Interrogatory No. 1

Identify all Persons employed or hired by you in the Relevant Time Period, including any whom you consider to be independent contractors, including the dates of their employment or hire, their job titles, and descriptions of their primary activities and Responsibilities.

### Response to Interrogatory No. 1

**Interrogatory No. 2**

Identify all Persons who determined any part of your practices regarding payment of Wages to Eviction Workers during any part of the Relevant Time Period. For each Person identified in response to this interrogatory, state the Effective Dates of such Responsibilities. If more than one Person had such Responsibilities at the same time, state the precise nature of each Person's Responsibilities.

**Response to Interrogatory No. 2**

**Interrogatory No. 3**

State the rates of Wages that you have paid to Eviction Workers during the Relevant Time Period without exception, including the basis for each rate and whether the rate is or was per Eviction, per hour, or some other basis. State the Effective Dates of each rate. If you paid more than one rate in the same time period, state all rates and specify the precise situation in which each rate was paid.

**Response to Interrogatory No. 3**

**Interrogatory No. 4**

State whether you now pay, or have ever paid during the Relevant Time Period, any Wages for time Eviction Workers spend waiting for transportation to an Eviction or Evictions, time Eviction Workers spend in transit to and from Eviction Sites, time Eviction Workers spend waiting at an Eviction Site before the Eviction has begun, time related to a canceled Eviction, and any time related to an Eviction in which an Eviction Worker did not ultimately perform physical labor. If so, state the rate of Wages paid, including the basis for each such rate and whether the rate is or was per Eviction, per hour, or some other basis. State the Effective Dates of each rate identified in response to this interrogatory. If you paid more than one rate in the same time period, state all rates and specify the precise situation in which each rate was paid.

**Response to Interrogatory No. 4**

**Interrogatory No. 5**

State the number of Eviction Workers you hire for each Eviction you perform. If the number of Eviction Workers you hire is dependent on the property at which an Eviction will occur, state the numbers for each category of property or circumstance for which you hire Eviction Workers.

**Response to Interrogatory No. 5**

**Interrogatory No. 6**

Describe the process through which you have found and hired Eviction Workers throughout the Relevant Period, including the addresses of places where Evictions Workers have been hired and identify who has been Responsible for hiring the Eviction Workers.

**Response to Interrogatory No. 6**

**Interrogatory No. 7**

List the makes, models, and license plate states and numbers of all motor vehicles that are or have been used by you, your employees, or any other Person or entity acting on your behalf either (a) to go to locations to find and hire Eviction Workers or (b) to transport prospective or already-hired Eviction Workers. For each vehicle, identify each specific Person known to have driven it.

**Response to Interrogatory No. 7**

**Interrogatory No. 8**

List all names used to identify you, your personnel, and other persons acting on your behalf, and identify the specific person that each such name identifies.

**Response to Interrogatory No. 8**

**Interrogatory No. 9**

State the criteria you use to decide whom to hire as Eviction Workers.

**Response to Interrogatory No. 9**

**Interrogatory No. 10**

As to each Eviction Company that has performed at least one eviction in the D.C. Metro Area during the Relevant Period, state specifically whether you have reached any agreement of any kind with that Eviction Company, and if so, describe the substance of each agreement. Do not answer this Interrogatory No. 10 with a general statement, but be specific as to each Eviction Company.

**Response to Interrogatory No. 10**

**Interrogatory No. 11**

Identify all communications you, your personnel, or any Person or entity acting on your behalf has had with any other Eviction Company regarding the payment of Wages to or the terms and conditions of employing Eviction Workers. For each communication identified in response to this interrogatory, identify the Eviction Companies and Persons involved, the date of the communication, and the substance of the communication.

**Response to Interrogatory No. 11**

**Interrogatory No. 12**

Identify all communications you, your personnel, or any other Person or entity acting on your behalf has had with other Eviction Companies for the purpose of or during the process of finding and hiring Eviction Workers, including soliciting and giving information about locations where Eviction Workers may be found and any other coordination between two or more Eviction Companies to find and hire Eviction Workers. For each communication identified in response to this interrogatory, identify all Eviction Companies and Persons involved, the date of the communication, and the substance of the communication.

**Response to Interrogatory No. 12**

Dated:  March 13, 2007

                                             /s/
Larry C. Dembowski (D.C. Bar # 486331)
Matthew D. Slater (D.C. Bar # 386986)
Lee F. Berger (D.C. Bar # 482435)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs*

18