# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANT NELSON TERRY

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs request that defendant Nelson Terry produce the following documents and tangible things within 30 days of the service of these requests.

## DEFINITIONS AND INSTRUCTIONS

Except as otherwise specified, plaintiffs hereby incorporate by reference all instructions, definitions and rules of construction contained in Rule 34 of the Federal Rules of Civil Procedure and supplement such rules with the following instructions and definitions.

A.  Definitions

Unless the content of a specific request requires otherwise, the following definitions shall apply to these requests.

1. The term "D.C. Metro Area" means the District of Columbia, southeastern Maryland (including Prince George's County, Montgomery County, Anne Arundel County, Howard County, Calvert County, and Charles County) and northern Virginia (including Fairfax County, Arlington County, Prince William County, Loudon County, Fauquier County, and Stafford County).

2. The term "including" means "including but not limited to." The term "includes" means "includes but not limited to."

3. The term "person" includes natural persons, companies, partnerships, proprietorships, joint ventures, corporations, associations, trusts, groups, and any other organization or entity, including representatives of any of the forgoing.

4. The term "Eviction" means the execution of an eviction order issued by a court of competent jurisdiction, which includes the removal of one or more tenant's possessions from commercial, residential, governmental, or other premises or property.

5. The term "Eviction Company" means any person engaged, in whole or in part, in the business of conducting Evictions in the D.C. Metro Area, including East Coast Express Eviction, A 1 Eviction Services, Inc., A & A Cardinal Eviction, All American Eviction Company, Butch Enterprises, Inc., Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Robert "Bob" Ward, I. Staten, Choya Lord Rodriguez, and Vincent Crawford.

6. The term "Eviction Site" means the physical location of any property or premises where an Eviction occurred or was scheduled, planned, or otherwise expected to occur by any person.

7. The terms "Eviction Worker" and "Eviction Workers" mean any natural person paid by an Eviction Company for his or her physical labor in the course of the execution of an Eviction.

8. The terms "Landlord" or "Landlords" mean any landlord, property manager, property owner or other person who (a) owns, leases, or operates a property on which an Eviction has been performed or attempted, (b) who has sought an Eviction, or (c) on whose behalf an Eviction would be performed.

9. The term "Communications" means any written, electronic, or otherwise recorded transmittal or exchange of information between two or more persons, regardless of form, including notes of any verbal or oral transmittal or exchange of information between any two or more persons.

10. The term "document" means all documents and electronically stored information within the scope of Federal Rules of Civil Procedure 26 and 34(a) and includes: letters, memoranda, handwritten notes, agreements, deeds, contracts, books, checks, canceled checks, invoices, sales receipts, charge receipts, personal receipts, bank records, tapes, computer printouts, data cards, programs or other input or output of data processing systems, photographs (positive print or negative), transcripts of interviews or testimony or notes of interview or testimony, diaries, calendars, logs, expense records or other financial data, charts, graphs, maps, drawings or other representational depiction, telephone records, telegrams, magnetic tape, drum or disk records, motion picture film, microfilm, e-mail, or microfiche. The terms "document" or "documents" also means every copy of a document where such copy is not an identical duplicate of the original.

11. The terms "you" and "your" mean Nelson Terry, including any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions, and affiliates, and all present and former officers, board members, directors, owners, managers, employees, agents other representatives and any other person in whole or in part acting on behalf of any of the forgoing, but excluding Eviction Workers.

12. The term "Wages" means monetary compensation paid to a person in exchange for his or her labor or services.

13. The terms "Responsible," "Responsibility," and "Responsibilities" include any form of decision-making authority, supervision, control, influence, discretion, or management over any part of a business or its operations.

14. The terms "relating to," "relate to," "related to," and "regarding" include describing, discussing, reflecting, constituting, evidencing, referring to, pertaining to, concerning, involving, memorializing, dealing with and bearing on (whether legally, factually, or otherwise).

15. The term "identify," when referring to a natural person, means to state or reveal the relevant person's name, title and address and the entity employing the person at the relevant time.

16. The term "Bank Records" means any document related to any account; payment, deposit, withdrawal, or transfer of funds; credit or debit card; savings, investment, bank, check-cashing entity; money transfer service or other financial institution.

17. The term "Tax Records" means any document related to the calculation, payment, collection, or receipt of taxes to any federal, state, county, or municipal government.

18. The term "Accounting Records" means any document related to financial statements, balance sheets, income, revenues, costs, profits, losses, assets, liabilities, cash flow, audits, and any other records of the financial activities, history, outlook, or situation of any person or entity.

B.  Instructions

1. Produce all documents in the order they are kept in the ordinary course of business and in their original folders, binders, covers, or containers or a facsimile thereof.

2. These requests relate to all documents that are in your possession, custody, or control.

3. Produce the original of each document described below, or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies, which differ from the original or from the other copies produced for any reason, including the making of notes thereon.

4. Produce all electronically stored documents in their original, native form, meaning identical electronic files in their original formats. If a document has been stored in multiple different formats, and/or has been stored in paper as well as electronic form, produce all forms and formats of that document that are reasonably usable as well as those in which the document is ordinarily maintained.

5. If you redact a document or otherwise do not produce a document in full, you must so indicate on the document, state with particularity the reason or reasons it is not being produced in full, and describe with particularity those portions of the document that you are not producing.

6. If you withhold documents on the ground of privilege, for each withheld document provide all the information required by Fed. R. Civ. P. 26(b)(5) no later than the first date on which you produce documents.

7. Produce documents in such fashion as to identify the natural person in whose possession they were found and the business address of each document's custodian or custodians.

8. These document requests are deemed continuing as is required by Federal Rule of Civil Procedure 26(e).

9. Unless otherwise stated, all document requests herein refer to documents created during the period January 1, 1998 to the present (the "Relevant Time Period") and to documents relating to events or circumstances during such period, even though dated, prepared, generated, used, or received prior or subsequent to that period.

## DOCUMENT REQUESTS

1. All documents kept pursuant to the record keeping requirements of any federal or state minimum wage law, including those of the Fair Labor Standards Act, 29 U.S.C. § 211(c), the District of Columbia Minimum Wages Statute, D.C. Code § 32-1008, the Maryland Wage and Hour Law, MD Code Ann., Lab. & Empl. § 3-424, and the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-29.

2. All documents related to the payment of Wages to Eviction Workers, expenses related to finding and hiring Eviction Workers, and all other expenses related to Eviction Workers, including:

    a. Bank Records related to any payment of Wages or withdrawal of funds for that purpose, including cash withdrawals.

    b. Tax Records related to any payment of Wages to Eviction Workers or other expenses related to Eviction Workers.

    c. Any other records of payment to Eviction Workers, such as notes or receipts of cash payments.

    d. Financial statements, balance sheets, and other Accounting Records related to any payment of Wages to Eviction Workers or other expenses related to Eviction Workers.

    e. All Communications, including internal and external communications, related to payment of Wages to Eviction Workers and other expenses related to Eviction Workers.

    f. All documents related to your policies, procedures, and instructions to any persons regarding payment of Wages (including the amount or rate of such Wages) to Eviction Workers and other expenses related to Eviction Workers.

    g. All documents related to the identities of any persons who pay or are Responsible for any decisions regarding payment of Wages to Eviction Workers and other expenses related to Eviction Workers.

3. All documents related to finding and hiring Eviction Workers, including:

    a. All documents related to your policies, procedures, and instructions to any persons regarding finding and hiring Eviction Workers.

    b. All documents related to any location where you or another person acting on your behalf has gone for the purpose of finding and hiring Eviction Workers, including maps marked with such locations.

  c. All Communications, including internal and external communications, related to finding and hiring Eviction Workers.

  d. All documents related to the names, identities, and/or number of Eviction Workers present at an Eviction Site or otherwise contacted, hired, or transported.

  e. All documents related to the identities of any persons who are Responsible for finding and hiring Eviction Workers.

4. All documents related to any motor vehicle used by any person for your business or on your behalf, including:

  a. Official records, such as motor vehicle registration and title.

  b. Insurance records.

  c. Tax Records.

  d. All communications, including internal and external communications, related to the use of such motor vehicle.

  e. All documents identifying all persons who have used or driven any motor vehicle for your business or on your behalf.

  f. All documents related to your policies, procedures, and instructions regarding the use of a motor vehicle.

5. Documents sufficient to show the following information for each Eviction in the D.C. Metro Area that you have performed, scheduled, or been requested to perform, or in which you have otherwise been involved:

  a. The date on which you received the request to perform the Eviction.

  b. The address of the Eviction Site (including apartment number if applicable).

c. A description or indication of the size and/or nature of the property that is the subject of the Eviction.

d. The name, address, and telephone number of the Landlord requesting the Eviction or on whose behalf the Eviction would be performed.

e. The name, address, and telephone number of any other person that requested the Eviction.

f. The date on which the Eviction was scheduled to occur.

g. Whether the Eviction actually occurred on its scheduled date. If it did not occur, whether the Eviction was rescheduled, and whether the Eviction actually occurred on each rescheduled date.

h. The time it took to complete the Eviction.

i. The amount of time, if any, that the Eviction was delayed for any reason, including a delay prior to the cancellation of Eviction.

j. The price charged by you for the Eviction.

k. Any other related or incidental services rendered in the course of the Eviction, and the prices that were charged by you for them.

l. The number and identities of Eviction Workers present at the Eviction Site, and any other details or discussion related to Eviction Workers.

m. The Wages paid to each Eviction Worker who performed, attended, or otherwise appeared at the Eviction or the Eviction Site at your request or the request of a person acting on your behalf, regardless of whether the Eviction was perform, cancelled or postponed.

    n. The amount of time each Eviction Worker spent traveling in a vehicle owned or operated by you or by someone acting on your behalf the day of the Eviction.

    o. As to each Eviction Worker, the amount of time that elapsed from when you or someone acting on your behalf first contacted that Eviction Worker that day until the time that Eviction Worker was released from the supervision, control, and vehicle of you or someone acting on your behalf.

6. All documents related to the number and locations of Evictions that you performed in the D.C. Metro Area.

7. All documents related to any agreement, contract, deal, understanding, combination, or conspiracy between two or more Eviction Companies, including with respect to the amount of Wages to be paid Eviction Workers or other terms and conditions for hiring Eviction Workers.

8. All Communications with any other Eviction Company or any document relating to a Communication with any other Eviction Company, including with respect to the Wages or other terms and conditions for hiring Eviction Workers, and including Communications related to this litigation.

9. All documents related to the prices, Wages, hiring, and any other practices of another Eviction Company regarding Eviction Workers.

10. Documents sufficient to show your policy, practice, system, or procedures relating to document retention or destruction, for both electronic and paper documents.

11. All documents related to your labor costs for performing Evictions.

12. All document related to your non-labor expenses of performing Evictions.

13. All documents related to the time required for completion of an Eviction and time incurred in delays related to Evictions.

14. All documents related to the cancellation of Evictions, or any other instances in which an Eviction was not initiated or completed on the same day on which it was originally scheduled.

15. All documents related to any Person employed by you in any capacity for any part of the Relevant Time Period, including payroll documents.

16. All Bank Records, Tax Records, and Accounting Records that relate to the value of your income, profits, or assets for any part of or at any time during the Relevant Time Period.

17. All documents related to compliance with minimum wage laws or other federal, state, or municipal labor and employment laws and regulations, including all related communications with government officials or agencies or any other Person.

18. All documents related to communications with any governmental official or agency regarding the wages you pay, including communications with taxing authorities regarding taxes that have been or should be withheld from any worker's wages.

19. All communications with United States Marshals, the United States Marshals Service, or any county, state, or municipal sheriff's department or police department related to Evictions or Eviction Workers.

20. All documents considered, relied upon, referenced, retrieved, or otherwise used to prepare an answer to any interrogatory in this litigation.

Dated: March 13, 2007

                                                        Larry C. Dembowski (D.C. Bar # 486331)
Matthew D. Slater (D.C. Bar # 386986)
Lee F. Berger (D.C. Bar # 482435)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs*