IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' REPORT REGARDING STATUS OF THE LITIGATION**

Plaintiffs[1] submit this status report consistent with Federal Rules of Civil Procedure 16(b) and 26(b).[2] At the status conference on March 27, 2007, the Court postponed hearing plaintiffs' motion for class certification until after the parties had taken discovery to better develop the case. The Court scheduled a status conference for August 17, after the close of discovery, to discuss the next stage of the litigation, including whether to proceed with class certification. Plaintiffs now believe that class certification and preliminary approval of the settlements should proceed expeditiously.

---

[1] *Pro se* plaintiff Harry Jakeiya Ashford has expressed to counsel that he agrees with the schedule presented at the bottom of this Report and consented to his signature on that basis. However, Mr. Ashford has not reviewed the text of the Report and therefore the Report should not be read to imply Mr. Ashford's agreement or disagreement with any of the text except that regarding the schedule.

[2] At a conference on August 15, 2007, defendants Butch Enterprises, Inc., and Irwin Staten (the "Butch Defendants") stated that they would not join this report and intended to submit an independent report to the Court. Upon consultation, defendants A 1 Eviction Services, Inc. and Tanya Smith (the "A 1 Defendants") explained that they would state their opinion on this Report to the Court at the status conference. All other defendants not joining this Report have defaulted.

I.     Status of the Litigation.

During the expedited discovery period, plaintiffs state that they have been able to gather substantial additional evidence against defendants, including evidence that plaintiffs believe confirms that defendants Butch Enterprises, East Coast Express Evictions, All American Evictions, Platinum Realtor Services, Crawford & Crawford, and A 1 Eviction Services all paid the same wages to all day laborer employees.  Facts revealed during discovery have enabled plaintiffs to reach settlement agreements with All American Evictions and Caroline Lanford, bringing the total number of settling defendants to four.  Plaintiffs have also been able to identify facts sufficient to dismiss defendants A&A Cardinal Evictions, Robert Ward, and Big Time Movers from the litigation.

Unfortunately, several discovery disputes remain outstanding, many regarding the Butch Defendants, the sole remaining litigating defendants.  Outstanding motions to compel, all of which are ripe for adjudication and are under submission to Magistrate Judge Faccisla, include:

- *Motion to Compel Discovery Response from Defendants Butch Enterprises, Inc. and Irwin Staten* (filed May 25, 2007) and *Second Motion to Compel Discovery Responses from Defendants Butch Enterprises, Inc. and Irwin Staten* (filed July 17, 2007), in which plaintiffs allege that the Butch Defendants failed to produce Mr. Staten or Kimbra Staten (Treasurer of Butch Enterprises) for deposition and failed to respond to interrogatories and document requests, including requests for wage records and work orders that the Butch Defendants' evictions supervisor Derrick Gaskins testified Butch Enterprises creates and maintains;

- *Motion to Compel the Deposition of Otto Hines* (filed July 16, 2007), in which plaintiffs allege that a Butch Enterprises evictions supervisor and van driver failed to appear at deposition three times;

- *Motion to Compel Discovery Responses from Defendants Choya Rodriguez and Platinum Realtor Service, Inc.* (filed June 8, 2007) and *Motion to Compel Discovery Response from Defendants Crawford & Crawford and Vincent Crawford* (filed June 12, 2007), in which plaintiffs allege that Mr. Rodriguez and Mr. Crawford failed to testify at their depositions and their companies failed to produce documents in response to plaintiffs' requests;

- *Motion to Compel Discovery Responses from Defendants Nelson Terry and East Coast Express Eviction* (filed July 19, 2007), in which plaintiffs allege that defendants Nelson Terry and East Coast Express Evictions failed to respond to document requests, even though Mr. Terry testified at deposition as to the existence of relevant documents at East Coast Express Evictions' offices.

Plaintiffs also advise that Cleary Gottlieb Steen & Hamilton LLP has submitted a motion to withdraw as counsel for plaintiff Harry Jakeiya Ashford, at the request of Mr. Ashford. Mr. Ashford will continue to litigate this case *pro se*. The Butch Defendants have submitted a statement to the Court that they have reached independent settlement with Mr. Ashford.

II.   The Court Should Rule On Class Certification And The Pending Settlements.

Because many discovery issues remain pending before Magistrate Judge Facciola, it would be premature to proceed to summary judgment. However, there is sufficient evidence to move forward with adjudication of class certification and preliminary approval of the pending settlements.

Plaintiffs have gathered one hundred affidavits from individuals affirming under oath that they worked for the defendants and were paid below the minimum wage. While the Court expressed concern before opening discovery that defendants had not had an opportunity to test these affiants' credibility, defendants have now had the opportunity to depose or otherwise probe the affiants during the five-month discovery period. Plaintiffs have obtained from Butch Enterprises and East Coast Express Evictions, among other defendants, admissions and other evidence that support the allegations contained in the complaint, including the allegations that these defendants paid the same flat per-eviction wage to each employee, and that all members of the class were paid at the same rate, which was below the minimum wage. Plaintiffs therefore have sufficient evidence for the Court to certify the class.

Class certification will allow the plaintiffs to seek permanent injunctions against the defaulting defendants. Such an injunction is necessary to stop the injuries that defendants' employees continue to suffer as a result of the non-settling defendants' illegal wage practices. The outstanding discovery disputes should not delay certification of the class and the progress of the case, as this delay would permit defaulting defendants to continue to benefit from their illegal wage practices. Furthermore, the status quo permits the violators to unlawfully gain business at the expense of eviction companies, such as A 1 Eviction Services, that are currently paying at least minimum wage. Therefore, plaintiffs ask that briefing proceed regarding class certification and that the Court certify the class and, thus, permit default final injunction proceedings to begin.

Plaintiffs also ask that the Court consider preliminary approval of the pending settlements. As long as these settlements remain pending, settling defendants continue to incur attorneys' fees and other non-trivial expenses. And, in the case that the Court rejects the

4

settlements, the settling parties are now being deprived of the opportunity to litigate. Adjudication of the pending settlements will resolve these issues.

Additionally, plaintiffs would like to submit an amended complaint. The discovery period has allowed plaintiffs to reassess their claims, and plaintiffs now request the opportunity to narrow their claims. Plaintiffs seek to reduce significantly the geographic scope of the claims, and to eliminate those parties that are no longer real parties to the action.

In light of the requests above, plaintiffs respectfully propose the following schedule for the Court's consideration:

1. Plaintiffs file their second amended complaint on August 20, 2007.

2. Plaintiffs file their motion for class certification on or before August 29, 2007.

3. Plaintiffs and any settling defendants file their motion(s) for preliminary approval of settlement on or before August 29, 2007.

4. Defendants file their opposition to the motion for class certification, if any, on or before September 19, 2007.

5. If defendants do not file an opposition to the motion for class certification, the Court holds a hearing on the class certification and preliminary approval of settlement in middle-to-late September 2007, at the Court's convenience.

6. If Defendants file an Opposition to the Motion for Class Certification, plaintiffs file their reply to such opposition, if any, on or before October 3, 2007 and the Court holds a hearing on class certification and preliminary approval of settlement in early October 2007, at the Court's convenience.

7. If the Court grants plaintiffs' motion for class certification, plaintiffs file their motion for final injunction against defaulting defendants within twenty (20) days after the entry of an order certifying a class.

Dated: August 16, 2007                                          Respectfully submitted,


/s/ Lee F. Berger                                               /s/ Harry J. Ashford / with permission, LFB
Lee F. Berger (D.C. Bar # 482435)                               Harry Jakeyia Ashford
Matthew D. Slater (D.C. Bar # 386986)                           *Pro Se Plaintiff*
Larry C. Dembowski (D.C. Bar # 486331)
Matthew J. Berman (D.C. Bar # 489242)
Aaron M. Page (D.C. Bar # 974936)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, Alvin Dozier and Donald Brooks*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On August 16, 2007, a copy of the foregoing Plaintiffs' Report Regarding Status of the Litigation was served by electronic transmission through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten

and was served by U.S. mail, first-class postage prepaid, on the following parties:

> Lloyd J. Eisenberg
> Lloyd J. Eisenberg & Associates, P.A.
> 10632 Little Patuxent Parkway
> Suite 430
> Columbia, MD 21044
> Attorney for Big Time Movers
>
> Melvin L. Otey
> Law Offices of Melvin L. Otey PLLC
> 3609 Georgia Avenue, N.W.
> Suite 200
> Washington, D.C. 20010
> Attorney for Caroline Lanford and All American Eviction Company
>
> East Coast Express Eviction
> 29 U Street, N.W.
> Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005


Dated:  August 16, 2007                                    /s/ Emily C. Capehart
                                                                              Emily C. Capehart