IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., )<br>)<br>*Plaintiffs*, )<br>v. )<br>)<br>East Coast Express Eviction, et al., )<br>)<br>*Defendants*. )<br>) | Civil Action No. 06-cv-1561 (RJL/JFM) |

MOTION FOR ORDER TO LIMIT CONDUCT AT DEPOSITION

Plaintiffs respectfully move the Court for an order prohibiting counsel for Butch Enterprises, Inc. ("Butch Enterprises"), David Fox, from representing to any deponent that he or she is not compelled to answer questions at deposition for any reason other than those provided in Federal Rule of Civil Procedure 30(d)(1), and from raising at deposition any speaking objections that are argumentative, suggestive, or calculated to interrupt or delay the deposition in violation of Rule 30(d)(1). Accompanying this motion are a Memorandum of Law establishing the motion's factual and legal bases, a copy of the transcript of the June 26, 2007 deposition of

1

Derek Gaskins referenced in the Memorandum, attached as Exhibit A, and a Proposed Order.

Dated: September 27, 2007

                Respectfully Submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew J. Berman (D.C. Bar # 489242)
Aaron M. Page (D.C. Bar # 974936)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene,
Anthony Forte, Hassan Shakur, Sandy
Green, Alvin Dozier and Donald Brooks*

**CERTIFICATION**

    I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith met and conferred and attempted to meet and confer with David Fox, counsel for Butch Enterprises, Inc. and Irwin Staten, regarding the discovery disputes detailed above, and Mr. Fox indicated that he opposed this motion. I first met with Mr. Fox on July 5, 2007 to discuss this motion, and at that time Mr. Fox opposed this motion. To verify Mr. Fox's position, on September 21, 2007, I sent him a letter by facsimile and first class mail requesting to meet and confer regarding this motion and stating "If we do not hear from you, we will assume that you continue to oppose this motion." I attached a draft copy of the brief in support of the motion to the letter. I stated that plaintiffs would file this motion by September 27, 2007, and requested to meet and confer before that time. I never received a response from Mr. Fox.

Dated: September 27, 2007                /s/ Lee F. Berger
                                                                          Lee F. Berger

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JFM) |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION
FOR ORDER TO LIMIT CONDUCT AT DEPOSITION

Plaintiffs submit this Memorandum of Law in support of their motion for an order prohibiting counsel for Butch Enterprises, Inc. ("Butch Enterprises"), David Fox, from representing to any deponent that he or she is not compelled to answer questions at deposition for any reason other than those provided in Federal Rule of Civil Procedure 30(d)(1), and from raising at deposition any speaking objections that are argumentative, suggestive, or calculated to interrupt or delay the deposition in violation of Rule 30(d)(1).

BACKGROUND

Plaintiffs, homeless and formerly homeless individuals who worked for and were paid illegal below minimum wages by defendants, initiated this litigation with a class action complaint filed September 7, 2006, as amended December 20, 2006. Several defendants defaulted.[1] Other defendants, including defendants Irwin "Butch" Staten and Butch Enterprises,

---

[1] *See* Clerk's Entry of Default as to Platinum Realty Services, Inc., Docket No. 81 (entered Mar. 7, 2007); Clerk's Entry of Default as to Choya Lord Rodriguez, Docket No. 79 (entered Feb. 28, 2007); Clerk's Entry of Default as to Caroline Lanford, Docket No. 78 (entered Feb. 28, 2007); Clerk's Entry of Default as to Vincent Crawford, Docket No. 77 (entered Feb. 28, 2007); Clerk's Entry of Default as to All American Eviction Company, Docket No. 68 (entered Feb. 13, 2007); Clerk's Entry of Default as to Crawford & Crawford, Docket No. 65 (entered Jan. 24, 2007); Minute Order Granting [40] Motion for Order Confirming Service on Defendant East Coast

1

Inc. (together, "the Butch Defendants"), eventually appeared and have litigated in the District Court through counsel David E. Fox. On April 4, 2007, the District Court entered a Scheduling Order directing the parties to complete discovery by July 18, 2007. During this period, despite plaintiffs' best efforts to meet and confer, many defendants including the Butch Defendants failed to appear for deposition, or appeared but refused to answer relevant, non-privileged questions, requiring plaintiffs to file a series of motions to compel discovery.[2] On July 31, Judge Leon referred plaintiffs' outstanding motions and the supervision of pretrial discovery generally to Magistrate Judge Facciola.

During the discovery period, Mr. Derek Gaskins, one of the Butch Defendants' drivers and evictions supervisors, appeared for deposition pursuant to subpoena. *See* Ex. A, Transcript of Deposition of Derek Gaskins (June 26, 2007) ("Depo Tr."). Prior to the day of deposition, Mr. Fox had disclaimed any representation of or responsibility for Mr. Gaskins. On June 26, he nonetheless appeared with Mr. Gaskins and represented him throughout the deposition. During the deposition, taken by plaintiffs' counsel Matthew Berman, Mr. Fox repeatedly instructed Mr. Gaskins that he did not have to answer questions if he did not want to. For example:

> Q:   . . . Are you paid by the hour?
> A:   I just answered your question. I don't think you should -- that I have to tell you what I make because I don't want everybody to know what I make. You might tell the next people that come here how much I make.

---

Express Eviction and Entering a Default (entered Nov. 30, 2006); Clerk's Entry of Default as to Nelson Terry, Docket No. 36 (entered Nov. 13, 2006).

[2] *See* Motion to Compel Discovery Responses from Defendants Nelson Terry and East Coast Express Eviction (filed July 19, 2007); Second Motion to Compel Discovery Responses from Defendants Butch Enterprises, Inc. and Irwin Staten (filed July 17, 2007); Motion to Compel the Deposition of Otto Hines (filed July 16, 2007); Motion to Compel Discovery Response from Defendants Crawford & Crawford and Vincent Crawford (filed June 12, 2007); Motion to Compel Discovery Responses from Defendants Choya Rodriguez and Platinum Realtor Service, Inc. (file June 8, 2007); Motion to Compel Discovery Response from Defendants Butch Enterprises, Inc. and Irwin Staten (filed May 25, 2007).

| | |
|---|---|
| Q: | And I apologize, sir, but again you're under oath and you're being compelled by law to tell the truth and to answer these questions. |
| MR. FOX: | Wait a minute. . . . Wait a minute. Wait a minute. Objection. You're under oath to tell the truth but *the gentleman is lying to you when he says that he can ask what he wants and you're compelled to answer.* |
| MR. BERMAN: | Okay, Mr. Fox. |
| MR. FOX: | *You're not compelled to answer anything --* |
| MR. BERMAN: | Mr. Fox, are you instructing him not to answer these questions? |
| MR. FOX: | Excuse me, I'm speaking. |
| MR. BERMAN: | Are you instructing him not to answer the question? |
| | * * * |
| MR. FOX: | Just wait. *There are a lot of questions that you're not compelled to answer, Mr. Gaskins.* Whether Mr. Berman knows the rules or not, I'm telling you the rules and there's lots of things that go beyond the relevancy standard, what can lead to relevant evidence and you don't have to tell him about lots of things so when he says to you "you can answer" or "you're under oath," *that don't mean you have to answer and this gentleman is not telling you the truth.* |

*Id.* at 35:2 – 38:13 (emphasis added). *See also id.* at 10:4-8 ("Q: Again, you can answer the question. MR. FOX: He can. *He doesn't have to.*") (emphasis added); *id.* at 22:16 – 23:5 ("MR. BERMAN: You can answer the question, Mr. Gaskins. It's not an improper question. You can answer the question, Mr. Gaskins. MR. FOX: He may be physically able to answer it but to say he can just means he's physically able. *It doesn't mean he has to.*") (emphasis added); *id.* at 40:21 – 41:6 ("MR. FOX: Just a minute, Mr. Gaskins. In my own meager way I'm going to state my objections no matter what you say. MR. BERMAN: And you can and then he's permitted to answer the question. MR. FOX: He's permitted *doesn't mean he has to* and the fact that he's under oath doesn't mean he has to, Counsel.") (emphasis added); *id.* at 146:17-20 ("MR. BERMAN: Mr. Fox, the witness is under oath to answer questions. He has been compelled [by the Federal Rules] to answer my questions and you know that. MR. FOX: *He's not compelled.*") (emphasis added) ; *id.* 145:13-16 ("Q: You can now answer the question, Mr.

3

Gaskins.  MR. FOX: What do you mean he can? Are you forcing him to? *Are you going to shoot him? Are you going to knife him?*") (emphasis added).

In addition to his instructions that the deponent did not have to answer questions, Mr. Fox improperly disrupted the deposition to discourage Mr. Gaskins from answering.  For example, when Mr. Fox did not like a line of questioning, he instructed plaintiffs' counsel to "move on," signaling to the deponent not to answer questions.  *See, e.g., id.* at 84:20-21 ("Let's move on, Counsel."); *id.* at 117:1 ("Just move on."); *id.* at 121:11-12 ("Just move on and let's get done, Counsel."); *id.* at 126:2 ("Move on to the next question."); *id.* at 126:7-8 ("Move on, Counsel. Next question."); *id.* at 129:14 ("Next question."); *id.* at 131:7 ("Move on.  Next area."); *id.* at 134:14 ("Move on, Counsel.");  *id.* at 139:14-15 ("Move on to the next question.").

Throughout the deposition, Mr. Fox used these and other objections grounded only in relevancy as a means to instruct the witness not to answer otherwise non-objectionable questions:

> Q:         Are you paid by the number of jobs that you worked?
> MR. FOX:   Objection.  How he gets paid, how does that relate to this case, sir?  It's irrelevant and can't lead to relevant information.
> A:         I prefer not to tell you about what I'm making.
> Q:         I'm not asking how much you make right now.  I'm just asking are you paid by the number of jobs that you work?
> MR. FOX:   Same objection, relevancy.
> A:         Yeah, what he said.

*Id.* at 114:4-16; *see also id.* at 39:1-22 (deponent refusing to answer after relevancy objection); *id.* at 42:18 – 43:7 (deponent gives no oral response after relevancy objection).  Indeed, Mr. Fox used objections and other interruptions not only to block Mr. Gaskins's answers directly but also to encourage Mr. Gaskins to be non-responsive and generally uncooperative. *See, e.g.*, *id.* at 70:15-19 ("Q:  On average how long does it take to evict someone from a one bedroom apartment?  Mr. FOX: Assuming there is an average.  A: I can't answer that. I can't answer that.

4

I don't know. All of them varies."). Mr. Fox persisted in objecting based on relevance after plaintiffs' counsel read aloud pertinent portions of the Federal Rules of Civil Procedure covering objections at depositions. *Id.* 140:2 – 141:5.

Ultimately, Mr. Gaskins left the deposition refusing to answer a number of questions regarding core issues in this litigation, such as questions concerning how much he pays the eviction workers he transports and oversees as a driver for Butch Enterprises, how much he himself was paid as an eviction worker, and how much he is currently paid as a driver for Butch Enterprises. *Id.* 150:16-20, 149:4-7, 149:19 – 150:2.

## ARGUMENT

While awaiting the Court's resolution of plaintiffs' outstanding motions to compel the Butch Defendants and others to appear for deposition, plaintiffs respectfully move the Court for an order prohibiting Butch Defendants' counsel from repeating his unjustified, disruptive, and unprofessional conduct at Mr. Gaskins's deposition during any future depositions. Should the Court deem it necessary in light of the facts presented here, plaintiffs are prepared to conduct depositions of individuals represented by Mr. Fox in chambers where they can be personally supervised by the Court, or under arrangement assuring that the Court will be readily available by telephone to resolve any disputes concerning counsel conduct at deposition.

I. <u>Mr. Fox's Instructions To The Deponent And Objection Practice During Deposition Violated Rule 30 And Should Be Prevented In Future Depositions.</u>

In depositions conducted under the Federal Rules of Civil Procedure, an attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). Except in those limited circumstances, while an attorney may state objections for the record, the deponent must answer the question originally asked fully and truthfully. Fed. R. Civ.

5

P. 30(c) ("All objections made at the time of the examination . . . to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.").

Mr. Fox violated Rule 30 when he repeatedly instructed Mr. Gaskins that he is "not compelled to answer" plaintiffs' questions or that a question "doesn't have to [be] answer[ed]." These comments were effectively instructions to Mr. Gaskins not to disclose pertinent information within his knowledge. Mr. Fox did not object to any question or potential answer as infringing on a privilege or limitation ordered by the Court, and Mr. Fox gave no indication that he intended to seek an order to stop or limit the examination. Instead, his instructions to Mr. Gaskins that he need not answer plaintiffs' questions appear rooted in relevancy objections. *See, e.g.,* Depo. Tr. 28:6-11, 37:6-14.

The testimony sought is relevant: Mr. Gaskins is a driver and evictions supervisor for Butch Enterprises and has performed eviction work in the area during the class period covered by this case, *see* Depo. Tr. 15:4-5, and as a result has first-hand knowledge of Butch Enterprises' wage and employment practices – core issue in this case. But even if there were an argument that Mr. Gaskins's knowledge of these topics is not relevant, the Federal Rules of Civil Procedure provide that relevancy is to be determined by the Court during the hearing or trial at which deposition testimony is offered, not by an attorney defending a deposition. Fed. R. Civ. P. 32(b). "[O]bjections based merely on an assertion of irrelevance . . . will not be exempted from the provisions of [Rule 30]" requiring that testimony be taken despite objections, *International Union Of Electrical, Radio And Machine Workers v. Westinghouse Electric Corp.*, 91 F.R.D. 277 (D.D.C. 1981); *see also Athridge v. Aetna Casualty and Surety Company*, 184 F.R.D. 200, 208 (D.D.C. 1998) (awarding costs to deposing party after deponent, on advice of his attorney,

"refused to answer questions to which he did not claim any privilege [but instead made objections] based on relevance, an unclear question, or that the question had been asked and answered").

Although the Court has the power to award plaintiffs their costs and fees in connection with this motion, *see, e.g.*, Fed. R. Civ. P. 30(d)(3), plaintiffs are focused on achieving meaningful discovery as quickly and efficiently as possible and at the present time seek only an order prohibiting Mr. Fox from employing his objectionable tactics again in this litigation.

II. Mr. Fox's Speaking Objections Disrupt Proper Deposition Practice And Should Be Prohibited.

"Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner." Fed. R. Civ. P. 30(d)(1). During Mr. Gaskins's deposition, Mr. Fox's constant relevance objections, his arguments with plaintiffs' counsel and instructions to plaintiffs' counsel to "move on," were all calculated to disrupt the deposition and to encourage Mr. Gaskins to be non-responsive. Where the "transcript . . . reveal[s] that [a defending attorney has] objected to so many questions, engaged in so many arguments with opposing counsel and interposed so many requests for a clarification of terms, that virtually no facts relating to the issues at bar could be elicited," thus "effectively thwart[ing] opposing counsel's attempts to take [the] depositions, courts have ordered defending counsel to pay costs, including attorney's fees, of taking the thwarted deposition and bringing any attendant motion to compel or motion for sanctions." *American Directory Service Agency v. Beam*, 131 F.R.D. 635, 642-45 (D.D.C. 1990) (citing *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292 (S.D.N.Y. 1987) (imposing sanctions on an attorney whose "constant interruptions[,] . . . silencing of the witness and obstructive demands for explanations from the examiner rendered the deposition worthless and an exercise in futility")). Again, plaintiffs are not by this motion seeking payment of costs or fees, and instead

7

move only that Mr. Fox be ordered by the Court not to engage in this kind of behavior in future depositions.

      III.      <u>Plaintiffs' Requested Relief.</u>

The District Court has referred to this Court plaintiffs' motions seeking, among other relief, orders compelling the appearance at deposition of Mr. Staten, Butch Enterprises' Vice President and Treasurer Kimbra Staten, and Butch Enterprises driver and eviction supervisor Otto Hines. Based on Mr. Fox's representation of Mr. Staten and his appearance at the deposition of Mr. Gaskins, plaintiffs reasonably expect Mr. Fox to appear at any deposition the Court permits. In the interests of completing meaningful discovery in this case as efficiently and professionally as possible, plaintiffs respectfully request relief necessary to ensure that Mr. Fox's flagrant violations of the Rules and unprofessional behavior are not repeated so as to frustrate any future depositions. "Rules 26(f), 30, and 37(a), along with Rule 16, which gives the court control over pre-trial case management, vest the court with broad authority and discretion to control discovery, including the conduct of depositions." *Hall v. Clifton Precision*, 150 F.R.D. 525, 527 (E.D. Pa. 1993).

Facing behavior similar to Mr. Fox's, other courts have found it appropriate to enter an order "directing opposing counsel to comply with the Federal Rules of Civil Procedure and to otherwise behave themselves." *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 301 (E.D. Mo. 1995) (issuing detailed order regarding conduct at deposition, including instructions that non-privilege-based objections "shall not be made during the course of the deposition" and that "[c]ounsels' statements when making objections should be succinct, stating the basis of the objection and nothing more"). *See also Damaj v. Farmers Ins. Co., Inc.*, 164 F.R.D. 559 (N.D. Okla. 1995) (granting plaintiff's "Motion For Order Directing Counsel to Cease Obstructionist Tactics During Oral Depositions").

8

In light of Mr. Fox's past conduct, plaintiffs' seek an order expressly prohibiting Mr. Fox (or any counsel) from representing to any deponent that the deponent is not compelled to answer questions at deposition for any reason other than those provided in Federal Rule of Civil Procedure 30(d)(1), and from raising at deposition any other speaking objections that are argumentative, suggestive, or calculated to interrupt or delay the deposition in violation of Rule 30(d)(1). Additionally or alternatively, to ensure that the depositions of Mr. Staten, Ms. Staten, and Mr. Hines proceed without the delay and expense of further abuse of the Rules and in accordance with the Court's instructions, plaintiffs are prepared to conduct those depositions either in chambers or under arrangements where the Court will be available by telephone to address problems that may arise during such depositions. *See Pro-Football, Inc. v. Harjo*, 2003 WL 744629 (D.D.C. 2003) (Facciola, Magistrate J.) (ordering that second deposition take place in chambers "so that I may personally preside over the questioning"); *Robertson v. Qadri*, 2007 WL 1176635 (N.D. Cal. Apr. 20, 2007) (Lloyd, Magistrate J.) (ordering second deposition to take place in chambers where the court can "deal firmly with any unprofessional or inappropriate conduct").

## **CONCLUSION**

Based on the foregoing, plaintiffs respectfully request that the Court enter the accompanying proposed order prohibiting David Fox from (1) representing to any deponent that the deponent is not compelled to answer questions at deposition for any reason other than those provided in Rule 30(d)(1), and (2) raising at deposition any speaking objections that are argumentative, suggestive, or calculated to interrupt or delay the deposition in violation of Rule 30(d)(1). Should the Court deem it necessary, plaintiffs are prepared to conduct the depositions of Irwin Staten, Kimbra Staten, and Otto Hines either in chambers or under arrangements where

the Court will be available by telephone to resolve any noncompliance with the Court's instructions.

Dated:  September 27, 2007

                                                 Respectfully Submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew J. Berman (D.C. Bar # 489242)
Aaron M. Page (D.C. Bar # 974936)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, Alvin Dozier and Donald Brooks*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On September 27, 2007, a copy of the foregoing Motion for Order to Limit Conduct at Deposition and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, MD 20730
>gsmith@mrrlaw.net
>Attorney for A 1 Eviction Services and Tanya Smith

>David E. Fox
>1325 Eighteenth Street, N.W.
>Suite 103
>Washington, D.C. 20036
>dfox159937@aol.com
>Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

>Lloyd J. Eisenberg
>Lloyd J. Eisenberg & Associates, P.A.
>10632 Little Patuxent Parkway
>Suite 430
>Columbia, MD 21044
>Attorney for Big Time Movers

>Melvin L. Otey
>Law Offices of Melvin L. Otey PLLC
>3609 Georgia Avenue, N.W.
>Suite 200
>Washington, D.C. 20010
>Attorney for Caroline Lanford and All American Eviction Company

>East Coast Express Eviction
>29 U Street, N.W.
>Washington, D.C. 20001

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005

Caroline Lanford
1112 48th Street, N.E.
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019

Dated:  September 27, 2007                     /s/ Emily C. Capehart
                                                Emily C. Capehart