UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY JAKEYIA ASHFORD, et al.<br><br>Plaintiffs,<br><br>v.<br><br>EAST COAST EXPRESS EVICTION, et al.<br><br>Defendants. | Civil Action 06-1561 (RJL/JMF) |

MEMORANDUM OPINION

This case was referred to me for resolution of discovery disputes. Currently pending before me are Plaintiffs' Motion to Compel Discovery Responses from Defendants Butch Enterprises and Irwin Staten ("First Mot. to Compel"), Plaintiffs' Second Motion to Compel Discovery Responses from Defendants Butch Enterprises and Irwin Staten ("Second Mot. to Compel"), and Plaintiffs' Third Motion to Compel Discovery Responses from Defendants Butch Enterprises ("Third Mot. to Compel") (together, "Plaintiffs' Motions"). For the reasons stated herein, Plaintiffs' Motions will be granted.

BACKGROUND

Plaintiffs are homeless residents of the District of Columbia who have been employed by defendants to perform eviction services. Plaintiffs allege that they received inadequate compensation for these services in violation of various minimum wage statutes, and that defendants' actions were part of a conspiracy violative of antitrust laws. The motions before the Court concern alleged violations of discovery obligations under

the Federal Rules of Civil Procedure by defendants Butch Enterprises, Inc. ("Butch Enterprises") and Irwin Staten (together, the "Butch Defendants").

### a. First Requests

On March 13, 2007, plaintiffs served their First Request for Production of Documents from Butch Enterprises ("First Butch Enterprises Document Requests"), First Request for the Production of Documents from Irwin Staten ("First Staten Document Requests"), and First Set of Interrogatories on Butch Enterprises ("Butch Enterprises Interrogatories") (together, "First Requests"). Responses or objections, due on April 16, 2007, were never filed by defendants. Fed. R. Civ. P. 34(b).

On May 25, 2007, plaintiffs filed their First Mot. to Compel. Defendants failed to file a timely opposition pursuant to Local Rule 7(b) and Rule 6(e) of the Federal Rules of Civil Procedure. On June 26, 2007, Judge Richard J. Leon ordered that defendants either file an opposition to the First Mot. to Compel or risk that it be granted as conceded. On July 14, 2007, defendant Butch Enterprises[1] filed a one paragraph opposition stating that it had "produced all responsive documents in its possession and which are known to Defendant. Accordingly, Defendant maintains that it has full (sic) complied with discovery."[2] No reference was made to the Butch Enterprises Interrogatories or the First Staten Document Requests.

### b. Second Requests

On May 9, 2007, plaintiffs served their Second Request for the Production of Documents from Defendant Butch Enterprises, Second Request for the Production of Documents from Defendant Irwin, and First Set of Interrogatories to Defendant Irwin

---

[1] No opposition was filed on behalf of defendant Irwin Staten.
[2] In addition to a typographical error, defendants failed to date its opposition or certificate of service.

Staten (together, "Second Requests"). Responses or objections, due June 11, 2007, were never filed by defendants. Fed. R. Civ. P. 34(b). On July 5, 2007, defendants agreed to submit responses to the Second Requests by July 16, 2007, yet never did. Second Berger Aff. at ¶ 4, attached to Second Mot. to Compel as Exh. E.

On July 17, 2007, plaintiffs filed its Second Mot. to Compel. No opposition was filed by defendants.

### c. Third Requests

On June 28, 2007, plaintiffs served their Third Request for the Production of Documents and the Inspection of Tangible Things from Defendant Butch Enterprises ("Third Requests"). Responses or objections, due on July 30, 2007, were never filed by defendants. On August 15, 2007, defendants informed plaintiffs that it had no intention of so doing. Third Berger Aff. at ¶ 5, attached to Third Mot. to Compel as Exh. C.

On October 1, 2007, plaintiffs filed its Third Mot. to Compel. No opposition was filed by defendants.

### d. Request For Admissions

On May 9, 2007, plaintiffs served their First Set of Requests for Admissions by Defendant Butch Enterprises, Inc. ("Requests for Admission"). Responses or objections, due on June 11, 2007, were never filed by defendants. Because defendants failed to respond in a timely manner to the request for admissions, the matters are deemed admitted pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. See Rabil v. Swafford, 128 F.R.D. 1, 2 n.2 (D.D.C. 1989).

**ANALYSIS**

As is obvious from the procedural history described above, Butch Defendants have wholly abandoned their discovery responsibilities under the Federal Rules of Civil Procedure. Plaintiffs' discovery requests have repeatedly been met with silence and resistance despite numerous attempts to meet and confer with defendants. See e.g., Berger Aff. ¶¶ 4, 6, 9, 16, 19, 20, 22, attached to First Mot. to Compel as Exh. E; Second Berger Aff. ¶ 4; Third Berger Aff. ¶ 3; Third Mot. to Compel, Certification. Moreover, defendants have failed to oppose the Second Mot. to Compel and the Third Mot. to Compel, and its opposition to the First Mot. to Compel was untimely and inadequate. Plaintiffs' Motions will therefore be granted as conceded pursuant to Local Rule 7(b), and defendants are ordered to respond to all outstanding discovery requests no later than October 29, 2007, irregardless of any other deadlines on discovery. Defendants are further ordered to show cause no later than October 29, 2007, why it should not be responsible for reasonable expenses incurred by plaintiffs in filing Plaintiffs' Motions. See Fed. R. Civ. P. 37(a)(4)(A).

**CONCLUSION**

For the reasons given above, Plaintiffs' Motions will be granted. Defendants are ordered to respond to all outstanding discovery requests no later than October 29, 2007, irregardless of any other deadlines on discovery. Defendants are further ordered to show cause no later than October 29, 2007, why it should not be responsible for all reasonable expenses incurred by plaintiffs in filing Plaintiffs' Motions. Finally, plaintiffs' Requests for Admissions are deemed admitted by defendants.

An Order accompanies this Memorandum Opinion.

- 5 -

Date:   October 15, 2007                                            /s/
                                                    _____
                                                    JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE