# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR ENTRY OF PARTIAL DEFAULT JUDGMENT AND INJUNCTIVE RELIEF**

i

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 1

ARGUMENT ....................................................................................................................... 3

RELIEF REQUESTED.......................................................................................................... 8

CONCLUSION .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adkins v. Teseo*, 180 F. Supp. 2d 15 (D.D.C. 2001) .............................................................. 4-5

*Building Industry Ass'n of Superior California v. Babbitt*, 161 F.3d 740 (D.C. Cir. 1988) ... 5

*Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237 (D.D.C. 2007) ..................................................................................................................... 7

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980) ............................................. 5-6

*Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319 (7th Cir. 1983) ........................................................................................................................................ 4

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970) ........................................................................................................................................ 3

*In re Uranium Antitrust Litigation*, 617 F.2d 1248 (7th Cir. 1980) ..................................... 4-5

*Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002) ...................................................... 4

*Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ................................. 5

*Texas Indus., Inc. v. Radcliff Mats., Inc.*, 451 U.S. 630 (1981) ............................................. 5

*UMG Recordings v. Stewart*, 2006 WL 3360528 (S.D. Ill. Oct. 25, 2006) ........................... 4

*United States v. New York Tel. Co.*, 434 U.S. 159 (1977) ..................................................... 8

*United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940) ............................................ 5

**Rules and Statutes**

15 U.S.C. § 26 ............................................................................................................................ 7

28 U.S.C. § 1651(a) .................................................................................................................. 7

D.C. Code § 28-4508 ................................................................................................................ 7

Federal Rule of Civil Procedure 54(b) .......................................................................... 1, 4-6, 8-9

Federal Rule of Civil Procedure 55(a) ..................................................................................... 4

Federal Rule of Civil Procedure 55(b)(2) ............................................................................ 1, 4

Federal Rule of Civil Procedure 62(h) .................................................................................. 8

Md. Code Ann. Com. Law § 11-209(b) ............................................................................... 7

Va. Code Ann. § 59.1-9.12 .................................................................................................. 7

## LIST OF EXHIBITS

Exhibit A, Declaration of Larry C. Dembowski (October 29, 2007)

    Exhibit 1    Settlement Agreement Executed January 23, 2007

    Exhibit 2    Settlement Agreement Executed August 18, 2007

    Exhibit 3    Twelve Recent Affidavits Testifying to Receipt of Sub-Minimum Wages from Defaulting Defendents for Eviction Work

Exhibit B, Declaration of Tanya Smith (October 29, 2007)

## INTRODUCTION

Plaintiffs[1] submit this Memorandum of Law in support of their motion for entry of default judgment and corresponding injunctive relief against defendants East Coast Express Eviction, Nelson Terry, Crawford & Crawford, Vincent Crawford, Choya Lord Rodriguez, and Platinum Realty Services, Inc. ("Defaulting Defendants").  As detailed in this Memorandum and in the accompanying declarations, Defaulting Defendants continue to injure plaintiffs and the proposed plaintiff class by paying them less than the legal minimum wage to which they are entitled and by foreclosing plaintiffs' opportunity to earn a legal wage by competing unfairly against the two eviction companies that have settled with plaintiffs and are complying with the minimum wage laws.  In short, Defaulting Defendants are raiding their law-abiding competitors' business by ignoring this lawsuit and the law.  Plaintiffs therefore seek entry of final judgment against Defaulting Defendants under Federal Rules of Civil Procedure 55(b)(2) and 54(b), including injunctive relief designed to prevent Defaulting Defendants' ongoing abuse.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are individuals who have worked for defendants performing evictions and have been paid less than the legal minimum wage for their labor.  Plaintiffs commenced this litigation on September 7, 2006, on behalf of themselves and similarly situated eviction workers (the "Proposed Class").  Plaintiffs allege injuries arising from defendants' conduct of paying wages in violation of district, state, and federal minimum wage laws and other conduct in violation of state and federal antitrust laws.  *E.g.*, First Am. Compl. ¶¶ 61, 85-87.  Plaintiffs seek monetary compensation under the minimum wage and antitrust laws and several common law

---

[1] Plaintiffs submitting this motion are Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks.  Plaintiff Jake Ashford is not represented by undersigned counsel, but Mr. Ashford has indicated he supports this motion.

doctrines as well as injunctive relief to prevent defendants from injuring plaintiffs and Proposed Class members in the future. *Id.* ¶¶ 89-148.

Defaulting Defendants failed to answer plaintiffs' complaint or otherwise appear, and between November 2006 and March 2007 the clerk of the Court entered a default against each of them.[2] During this same period, plaintiffs engaged in settlement negotiations with several defendants who did appear in the case. On January 23, 2007, plaintiffs entered into a settlement agreement with Tanya Smith and A 1 Eviction Services, Inc. (the "A 1 Defendants") that provides monetary recovery for past injuries as well as binding commitments to refrain from entering into any agreement or understanding in violation of the antitrust laws, to pay eviction workers at least the minimum wage, to keep detailed payroll records, and to submit to a periodic audit of those records.[3] *See* Ex. 1 to Declaration of Larry C. Dembowski ("Dembowski Decl."), Settlement Agreement Executed January 23, 2007 ("A 1 Settlement"). On August 18, 2007, plaintiffs concluded settlement negotiations with Caroline Lanford and All American Eviction, Inc. (the "All American Defendants"), who had earlier defaulted but later entered into a settlement agreement on terms similar to the agreement with the A 1 Defendants. *See* Ex. 2 to Dembowski Decl., Settlement Agreement Executed August 18, 2007.

While litigation continues against a single pair of non-defaulting, non-settling defendants, Butch Enterprises, Inc. and its owner Irwin "Butch" Staten ("Butch Defendants"), Defaulting Defendants continue to perform evictions and continue to pay their eviction workers

---

[2] *See* Clerk's Entry of Default as to Platinum Realty Services, Inc., Docket No. 81 (entered Mar. 7, 2007); Clerk's Entry of Default as to Choya Lord Rodriguez, Docket No. 79 (entered Feb. 28, 2007); Clerk's Entry of Default as to Caroline Lanford, Docket No. 78 (entered Feb. 28, 2007); Clerk's Entry of Default as to Vincent Crawford, Docket No. 77 (entered Feb. 28, 2007); Clerk's Entry of Default as to Crawford & Crawford, Docket No. 65 (entered Jan. 24, 2007); Minute Order Granting [40] Motion for Order Confirming Service on Defendant East Coast Express Eviction and Entering a Default (entered Nov. 30, 2006); Clerk's Entry of Default as to Nelson Terry, Docket No. 36 (entered Nov. 13, 2006).

[3] The A 1 Settlement has not yet been approved by the Court on behalf of the Proposed Class.

2

– plaintiffs and Proposed Class members – less than the legal minimum wage.  *See* Ex. 3 to Dembowski Decl., Recent Affidavits Testifying to Receipt of Sub-Minimum Wages from Defaulting Defendents for Eviction Work ("Recent Affidavits"); Declaration of Tanya Smith ¶ 6 (Oct. 29, 2007) ("Smith Decl.").  Moreover, Defaulting Defendants are using the present state of affairs in this litigation to their unfair advantage.  A 1 Defendants' and All American Defendants' (together, "Settling Defendants") decision to settle on terms requiring ongoing compliance with the law has necessarily raised their operating costs, which, because of the eviction industry's typically thin margins, Settling Defendants have had to pass to their customers.  Smith Decl. ¶ 6.  Defaulting Defendants appear to have recognized this and to be targeting Settling Defendants' clientele with offers to perform evictions at lower prices made possible by their continued payment of sub-minimum wages.  The result has been a perilous decline in business for Settling Defendants.  For example, A 1 has lost more than 90% of its business as a result of its increased prices.  *Id.*

In recent months, several plaintiffs and unknown numbers of Proposed Class members have, in the employ of Defaulting Defendants, performed evictions on properties owned or managed by former Settling Defendants' clientele and have been paid less than the minimum wage for their labors.  *See* Recent Affidavits.

## ARGUMENT

Entry of the requested default judgment and injunction is appropriate in light of the ongoing harm to members of the Proposed Class and the unfair business advantage Defaulting Defendants have gained from their choice to default in this litigation.  "[D]iligent part[ies] must be protected lest [they] be faced with interminable delay and continued uncertainty as to [their] rights.  The default judgment remedy serves as such a protection." *H.F. Livermore*

3

*Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). Federal Rule of Civil Procedure 55(a) provides for automatic entry of default against a defendant who "fail[s] to plead or otherwise defend." Fed. R. Civ. P. 55(a). "A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *see also UMG Recordings v. Stewart*, 2006 WL 3360528, *3 (S.D. Ill. Oct. 25, 2006) (default "establishes, as a matter of law, that defendants are liable to plaintiff[s] as to each cause of action alleged in the complaint"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) (default establishes both liability and "the grounds for liability"); *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1263 (7th Cir. 1980) ("defaulting defendants have confessed to [plaintiff's] allegations by their refusal to appear"). Defaulting Defendants have each failed to plead, and the Court has already entered a default as to each of them. Accordingly, Defaulting Defendants have fully admitted their liability for the violations of the minimum wage and antitrust laws, as well as their liability under plaintiffs' equitable theories of recovery and relief, set forth in the complaint.

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter final judgment upon default. Fed. R. Civ. P. 55(b)(2); *see also Adkins*, 180 F. Supp. 2d at 17 ("In this case, the court may enter default judgment … because neither defendant has filed or served any objection or responsive pleading, and more than twenty days have elapsed since each defendant was served."); *accord Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (rejecting a defendant's argument that, because final judgment by default was entered "without proof of the allegations in the complaint" it was deficient).

Federal Rule of Civil Procedure 54(b) allows the court, "upon an express determination that there is no just reason for delay," to enter final judgment, by default or

4

otherwise, against "one or more but fewer than all" of the parties to an action. Fed. R. Civ. P. 54(b). The judgment entered may include both injunctive relief and damages. *See, e.g.*, *Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732, 741 (2d Cir. 1998) (affirming district court's refusal to vacate a permanent injunction – enjoining defendant from violating securities laws – entered as a final judgment upon default). But with respect to damages, the court must make an "an independent determination of the sum to be awarded," *Adkins*, 180 F. Supp. 2d at 17, and, if the defendant's liability is joint and several with other defendants, must refrain from calculating that sum "until the liability of each defendant has been resolved," *In re Uranium Antitrust Litigation*, 617 F.2d at 1262. The presence of joint and several liability affects only the scheduling of a damages hearing, not entry of final judgment, *see id.* at 1258 ("the Court's determination to enter judgment against the nine defaulters is in accordance with the procedures set forth in the Federal Rules"), nor injunctive relief associated with that judgment, *see id.* at 1258-61 (affirming district court's grant of injunctive relief in connection with entry of default judgment). In this case, defendants are subject to joint and several liability for violations of the antitrust laws. *See Texas Indus., Inc. v. Radcliff Mats., Inc.*, 451 U.S. 630, 639 (1981); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 253 (1940). Accordingly, the Court will ultimately be called on to determine damages, but such determination does not lessen the propriety or need for an injunction now.[4]

In determining whether there are "just reason[s] for delay" under Rule 54(b), district courts are to consider both "judicial administrative interests" and "the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Although entry of judgment against fewer than all parties is a "depart[ure] from the norm," *Building Industry Ass'n of*

---

[4] Plaintiffs reserve their right to seek damages based on the final judgment after the liability of each defendant in this action has been fully resolved.

5

*Superior California v. Babbitt*, 161 F.3d 740, 744 (D.C. Cir. 1988), the Supreme Court has expressly rejected any standard that would limit Rule 54(b) only to "infrequent harsh case[s]" or require a showing of "harsh or unusual circumstances." *Curtiss-Wright*, 446 U.S. at 9-10. In *Curtiss-Wright*, the Supreme Court approved a district court's entry of judgment under 54(b) based on the fact that a difference between the applicable statutory interest rate on damages and the current market rate would have led to a diminished return for the plaintiff if partial judgment were not entered early. *Id.* at 11 ("the debts in issue were liquidated and large, and . . . absent Rule 54(b) certification they would not be paid for 'many months, if not years' because the rest of the litigation would be expected to continue for that period of time"). Similarly, here, allowing the Defaulting Defendants to continue harming the plaintiffs and Settling Defendants while the rest of this litigation continues would be unjust.

Under any standard, the equities the Court must consider here are sufficient to justify immediate entry of judgment under Rule 54(b) as to the Defaulting Defendants. Named plaintiffs and Proposed Class members, many of whom are or recently were homeless individuals with few resources or employment options, continue to be paid sub-minimum wages, deepening their plight. In addition to paying plaintiffs illegal wages directly, Defaulting Defendants are injuring plaintiffs by stealing work from the companies that do pay employees a legal wage, thus further depriving plaintiffs of the opportunity to earn such a wage. Furthermore, exploiting commercial advantages available to them because of their non-appearance in this suit and ongoing non-compliance with the law, Defaulting Defendants reap their competitors' business as a reward for their choice to ignore the law and this lawsuit. Absent the requested injunctive relief, they will continue to do so during the pendency of this litigation. Thus, Defaulting Defendants' behavior is not only reprehensible to basic standards of justice with

respect to plaintiffs and the proposed class, but their actions injure the Settling Defendants by virtue of the latter's agreements to pay the legal minimum wage.

Against the harms being suffered by the class and Settling Defendants, there is no countervailing interest of the Defaulting Defendants in continuing to violate the law. Accordingly, there is "no just reason for delay[ing]" entry of judgment against Defaulting Defendants. Rather, justice requires the Court's prompt action to stop ongoing injury and prevent Defaulting Defendants from continuing their injurious behavior. This can be effectively accomplished by entry of final judgment incorporating the injunctive relief discussed below and detailed in the Proposed Final Judgment and Order accompanying this Motion. *See, e.g.*, *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007) ("Because the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process, the court concludes that the injunctive relief the plaintiff requests is appropriate.").

Injunctive relief is appropriate in light of the fact that Defaulting Defendants have constructively admitted liability as to all of plaintiffs' claims, including claims founded on statutory provisions that expressly contemplate injunctive relief to prevent future injury. 15 U.S.C. § 26; D.C. Code § 28-4508; Md. Code Ann. Com. Law § 11-209(b); Va. Code Ann. § 59.1-9.12. The Court may also look to the All Writs Act, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Allowing Defaulting Defendants to twist Settling Defendants' respect for and cooperation with this litigation to drive A 1 and All-American out of business would not only effectively deprive the Court of meaningful jurisdiction over those corporate entities, it would amount to a perverse outcome of the sort the Act is

7

designed to empower courts to prevent.  *See United States v. New York Tel. Co.*, 434 U.S. 159, 173 (1977) (the All Writs Act is "designed to achieve the rational ends of law" and to give federal courts the flexibility to "achieve the ends of justice entrusted to it").  *See also* Fed. R. Civ. P. 62(h) ("When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may … prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.").

## **RELIEF REQUESTED**

The injunctive relief plaintiffs seek is detailed in the accompanying Proposed Final Judgment and Order ("Proposed Order").  The relief is necessary to ensure that plaintiffs do not continue to suffer injury at the hands of Defaulting Defendants and to protect Settling Defendants from the unfair business position of the defaulters.  The relief in the Proposed Order closely tracks the provisions of the Settlement Agreements that currently set limits and requirements on Settling Defendants' conduct in the evictions services market by requiring them to refrain from collusive behavior in violation of the antitrust laws, pay eviction workers at least the minimum wage for any minimum number of hours as specified in the applicable minimum wage statutes, maintain adequate records of all wage payments, and otherwise treat the individuals they hire to perform evictions as "employees" under all applicable labor and minimum wage statutes.  *See* A 1 Settlement ¶ 8; All American Settlement ¶ 8.  The Settlement Agreements also have built-in ongoing oversight requirements, including self-reporting of any violations Setting Defendants discover and periodic audits of Settling Defendants' wage records.  These terms are the product of extensive negotiation between plaintiffs' counsel and able counsel for Settling Defendants, which testifies to their fundamental fairness and reasonableness.  Imposing comparable terms by injunction on Defaulting Defendants is necessary to protect

plaintiffs from further injury and to level the playing field between Defaulting Defendants and Settling Defendants and is appropriate in light of the fact that Defaulting Defendants have constructively admitted to liability on all of plaintiffs' claims, as discussed above.

## CONCLUSION

Plaintiffs respectfully request that this Court enter final judgment under Rule 54(b) against Defaulting Defendants incorporating the injunctive relief discussed above and detailed in the accompanying Proposed Order.

Dated:  October 29, 2007

Respectfully submitted,

/s/ Larry C. Dembowski
Larry C. Dembowski (D.C. Bar # 486331)
Matthew D. Slater (D.C. Bar # 386986)
Lee F. Berger (D.C. Bar # 482435)
Matthew J. Berman (D.C. Bar # 489242)
Aaron M. Page (D.C. Bar # 974936)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone:  (202) 974-1500
Facsimile:  (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*