**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

**[PROPOSED] FINAL JUDGMENT AND ORDER**

Upon consideration of the Complaint and Plaintiffs' Motion for Entry of Judgment by Default, the supporting Memorandum, Declarations, and attached Exhibits, it appears to the Court that defendants East Coast Express Eviction, Nelson Terry, Crawford & Crawford, Vincent Crawford, Choya Lord Rodriguez, and Platinum Realty Services, Inc. were served with process and have failed to appear, plead, or otherwise defend, and their defaults have been duly entered by the clerk. Pursuant to Rules 55(b)(2), 54(b), and 62(h) of the Federal Rules of Civil Procedure, the Clayton Act, 15 U.S.C. § 26, the D.C. Antitrust Act, D.C. Code § 28-4508, the Maryland Antitrust Act, Md. Code Ann., Com. Law § 11-209(b), and the Virginia Antitrust Act, Va. Code Ann. § 59.1-9.12, it is hereby **ORDERED** that Judgment shall be entered for plaintiffs; and it is

**FURTHER ORDERED:**

1. For purposes of this order, the terms used herein are defined as follows:

   a. "Audit" means (i) reviewing records related to employee compensation; (ii) review of any notices sent by Defaulting Defendants; (iii) review of

any written, printed, electronic or recorded correspondence between Defaulting Defendants; (iv) conducting announced and unannounced inspections of Eviction Work; (v) interviews with Defaulting Defendants and/or their staff, chosen and scheduled in the Auditor's discretion; and (vi) any other activities chosen in the Auditor's discretion for the purpose of determining Defaulting Defendants' compliance with the terms and this injunctive order.

b. An "Audit Period" is (1) a period of three months during the first twelve months after the Effective Date, and (2) a period of one year during the second, third, fourth, and fifth years after the Effective Date.

c. "Auditor" means an individual, company or organization appointed as the Auditor by the Court.

d. "Business Day" means a period of days as computed pursuant to Federal Rule of Civil Procedure 6(a), except that intermediate Saturdays, Sundays, and legal holidays are excluded from the computation in all instances, not only in periods less than 11 days.

e. "Defaulting Defendants" means defendants East Coast Express Eviction, Nelson Terry, Crawford & Crawford, Vincent Crawford, Choya Lord Rodriguez, and Platinum Realty Services, Inc., and their predecessors, successors, heirs, executors, administrators and assigns.

f. "Effective Date" means the date that this order is entered.

 g. "Employee" means any person who performs Eviction Work, regardless of whether that person is retained on a regular basis or is hired only for a day or a particular eviction or evictions.

 h. "Eviction Work" means any portion of an eviction that the Employee performs, including time spent: (i) actively carrying items out of an apartment, condominium, house, office or other space; (ii) waiting for an eviction to begin; (iii) waiting after an eviction ends to travel to the next eviction worksite or to return to the pick-up point; (iv) waiting during a break in work while an eviction is being performed; (v) traveling in or waiting in or by a vehicle owned or operated by a Defaulting Defendant or a Defaulting Defendant's employee or contractor or otherwise at the behest of a Defaulting Defendant; (vi) waiting for payment of services by a Defaulting Defendant; and (vii) performing any other duty assigned by a Defaulting Defendant.  However, Eviction Work shall not include waiting time in anticipation of being hired to work on a given day before an Employee enters for the first time that day a vehicle owned or operated by a Defaulting Defendant or a Defaulting Defendant's employee or contractor.

 i. "NCH" means the National Coalition for the Homeless.

 j. "Other Defendants" means all persons or entities that have been, are, or may be in the future Defendants in this action, together with their respective subsidiaries, parents, affiliates, and predecessors, and co-conspirators.  "Other Defendant" means any one of the Other Defendants.

      k. "Plaintiffs' Counsel" means Cleary Gottlieb Steen & Hamilton LLP.

2. From the Effective Date:

      a. Defaulting Defendants shall not form any agreement with any person that violates any antitrust statute, including an agreement to pay Employees a sub-minimum wage for Eviction Work or otherwise fix, suppress, stabilize or maintain at illegal, artificially low or non-competitive levels the wages paid to Employees for Eviction Work. To the extent any agreement referred to in the forgoing sentence currently exists, Defaulting Defendants shall immediately cease compliance with that agreement. Defaulting Defendants shall not discuss, exchange or share information regarding the wages they pay Employees for Eviction Work with any Other Defendant, except to state that the they are complying with the applicable laws.

      b. Defaulting Defendants shall pay each Employee at least the minimum wage applicable in the jurisdiction in which the Employee performs Eviction Work.

      c. If the jurisdiction has a minimum hours paid requirement, then Defaulting Defendants shall pay the Employee the required minimum hours of pay.

      d. In the event that the Employee performs Eviction Work in more than one jurisdiction during the course of a day, Defaulting Defendants shall pay at least the minimum wage and at least the minimum hours requirement applicable (if applicable) for the jurisdiction in which (1) the Employee performs the most evictions that day (including evictions that the

4

Employee does not ultimately perform but for which the Employee appears), or (2) in the event that the Employee does not perform a greater number of evictions that day (including evictions that the Employee does not ultimately perform but for which the Employee appears) in any single jurisdiction than in any other jurisdiction, the highest minimum wage applies. Defaulting Defendant shall pay at least the minimum wage and minimum hours requirement (if applicable) effective on the day the Employee performs the Eviction Work.

e. Defaulting Defendants shall pay Employees for Eviction Work performed even if Defaulting Defendant is not paid for the Eviction Work or if the scheduled eviction is cancelled.

f. Defaulting Defendants shall maintain records for all Employees as required by the minimum wage laws applicable at the time the Eviction Work is performed. Without any limitation to the requirements in the forgoing sentence, each Defaulting Defendant shall keep accurate records regarding each Employee, showing: (i) the Employee's name, most recent address (if any), and date of birth; (ii) work performed by the Employee; (iii) rate of pay paid to the Employee; (iv) hours worked each day and each pay period by the Employee; and (v) total amount paid by Defaulting Defendant to the Employee during the pay period, itemized to show any deductions or additions to the wages. Defaulting Defendant keeping the record may rely upon and has no obligation to independently verify the accuracy of the information the Employee provides. Defaulting Defendant

shall give a copy of this record to each Employee at the time Defaulting Defendant pays that Employee. Defaulting Defendants shall maintain the records for a period of three years after they are created or five years after the Effective Date, whichever is later. Defaulting Defendants shall permit reasonable inspection of these records by the Auditor. Additionally, Defaulting Defendants shall permit an Employee (individually and through the Employee's counsel or representative), NCH, or Plaintiffs' Counsel to inspect any record pertaining to that Employee upon request.

    g. Defaulting Defendants shall treat each Employee as an "employee" as that term is used under any and all statutes pertaining to the use of child labor and the payment of minimum wage and overtime in the jurisdictions in which Defaulting Defendants perform Eviction Work.

    h. Defaulting Defendants shall not take any action intended to retaliate against any person or exclude him or her from future Eviction Work because of his or her actual or supposed involvement in the above-captioned action. This prohibition includes communications with Other Defendants about the identities of persons who provided information to Plaintiffs' Counsel or were otherwise involved in the above-captioned action.

3. Should a Defaulting Defendant discover that it has violated any part of this Order, the Defaulting Defendant shall notify NCH of the violation, with a copy to Plaintiffs' Counsel, within ten business days, describing the nature of the violation and what measures have been or are being taken to remedy the violation.

4. Upon plaintiffs' motion or at its own discretion, the Court shall appoint an Auditor to conduct Audits on a periodic basis for the purpose of determining Defaulting Defendants' compliance with this Order. The individual, company or organization that the Court appoints as the Auditor will Audit the Defaulting Defendants' compliance with this order, in accordance with the following:

   a. The Auditor will conduct Audits on a periodic basis for the purpose of determining each Defaulting Defendant's compliance with this order, and Defaulting Defendants will provide full cooperation to the Auditor regarding those Audits.

   b. The Auditor will perform one Audit on each Defaulting Defendant during each Audit Period for five years after the Effective Date. The Auditor may, at his or her reasonable discretion, perform additional Audits on a Defaulting Defendant during any Audit Period in which the Auditor determines that the Defaulting Defendant is not in compliance with the terms of this order.

   c. At the end of each Audit Period, for each Defaulting Defendant the Auditor will send a notice to NCH, with a copy to Plaintiffs' Counsel and the Defaulting Defendant covered by the audit, reporting as to the Defaulting Defendant: (i) the Audits performed; (ii) the Defaulting Defendant's compliance with the Auditor's requests for assistance; (iii) any violations of the terms of this order identified in the Audit, or alternatively the Defaulting Defendant's complete compliance with the

7

   terms this injunctive order; and (iv) any other information pertinent, in the Auditor's discretion.

   d. The Defaulting Defendants will pay the Auditor's fees and expenses in accordance with the terms ordered by the Court.

   e. The Court may issue additional instructions concerning Defaulting Defendants duty to cooperate and liability for fees and expenses at such time that the Auditor is appointed.

The Court reserves judgment against Defaulting Defendants on the question of damages.

IT IS SO ORDERED.

                                        BY THE COURT


Dated: _____, 2007            _____
                                        Hon. Richard J. Leon
                                        United States District Court Judge

**List of Persons to Be Notified (LCvR 7(k))**

Matthew D. Slater
Lee F. Berger
Larry C. Dembowski
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Email:  Mslater@cgsh.com
Email:  Lberger@cgsh.com
Email:  Ldembowski@cgsh.com

David E. Fox
1325 Eighteenth Street, NW
Suite 103
Washington, D.C. 20036
Email:  dfox159937@aol.com

Nelson Terry
29 U Street, N.W.
Washington, D.C. 20001

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Vincent Crawford
200 55th Street, N.E., Apt. 24
Washington, D.C. 20019

Caroline Lanford
1112 48th St. N.E.
Washington, D.C. 20019

Gina Marie Smith
Myers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, #400
Riverdale, MD 20730
Email: gsmith@mrrlaw.net

East Coast Express Evictions
29 U Street, N.W.
Washington, D.C. 20001

Platinum Realtor Service, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E., Apt. 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019