# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

## PLAINTIFFS' MOTION FOR SANCTIONS AND EXPENSES AGAINST DEFENDANTS VINCENT CRAWFORD AND CRAWFORD & CRAWFORD

Pursuant to Federal Rules of Civil Procedure 37(a)(4) and 37(b)(2), the Order to Show Cause entered on October 15, 2007, and the Court's instructions at the status conference held on October 30, 2007, plaintiffs[1] hereby request that the Court impose the following sanctions against defendants Vincent Crawford and Crawford & Crawford (the "Crawford Defendants"):

1. An order that the Crawford Defendants may not introduce any evidence or argument supported by evidence (with respect to either liability or damages) that should have been produced as required by the Court's October 15, 2007 order granting plaintiffs' June 12, 2007 motion to compel (the "Motion to Compel"), Docket Item No. 99;

2. A further order compelling the Crawford Defendants to produce documents demanded in the Motion to Compel or be found in contempt of the Court; and

---

[1] Plaintiffs submitting this motion are Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks.

3. As the Crawford Defendants have defaulted on the Court's October 15, 2007 order to show cause (the "Show Cause Order"), Docket Item No. 125, an award to plaintiffs of reasonable expenses associated with the Motion to Compel in the amount of $5,100.80.

In support of this motion, plaintiffs submit the Declaration of Matthew D. Slater attached hereto as Exhibit A that contains the bases for the costs and fees that plaintiffs seek. Plaintiffs have attached hereto as Exhibit B a detailed record of the fees incurred.

## BACKGROUND

The Crawford Defendants are named defendants in plaintiffs' First Amended Complaint, which plaintiffs served on the Crawford Defendants on January 2, 2007. *See* Affidavit of Service of Ambiko Guice (January 3, 2007). The Crawford Defendants did not file an answer to the complaint, and the clerk of the court entered a default as to them, respectively, on January 24, 2007 (Crawford & Crawford) and February 28, 2007 (Vincent Crawford). *See* Docket Nos. 65 and 66, respectively. In an attempt to gain valuable information relevant to the litigation, plaintiffs sought discovery from the Crawford Defendants through document requests served on the Crawford Defendants on March 13, 2007 and April 18, 2007. *See* Pls. Mem. of Law in Support of their Mot. to Compel Deposition Answers and Discovery Responses From Defendants Vincent Crawford and Crawford & Crawford, Docket Item No. 99, at 2. Plaintiffs requested information regarding the Crawford Defendants' business practices, the other defendants named in this suit, and information relevant to enforcing a judgment against the Crawford Defendants. In addition, Plaintiffs scheduled a deposition to be conducted in May 2007.

As detailed in the memorandum of points and authorities accompanying the Motion to Compel, the Crawford Defendants did not respond to plaintiffs' discovery requests. Moreover,

Mr. Crawford refused to answer any of the plaintiffs' questions during the deposition held at plaintiffs' counsel's office on May 30, 2007. On October 15, 2007, this Court granted the Motion to Compel and issued the Show Cause Order, which ordered the Crawford Defendants to respond no later than October 29, 2007. Plaintiffs served the Show Cause Order on the Crawford Defendants on October 18, 2007, by hand. *See* Ex. C. Affidavits of Service of Wesley Jennings (April 18, 2007). Plaintiffs also sent a copy of the Show Cause Order to the Crawford Defendants via first class mail on October 16, 2007 and via Federal Express (accompanied by an explanatory letter) on October 18, 2007, which, after three failed attempts, was delivered to the Crawford Defendants' place of business on October 30, 2007. *See* Ex. D, Service of Orders; Ex. E, Cover letter to Mr. Crawford and Federal Express receipt. Additionally, plaintiffs called Mr. Crawford and left him a voice mail message on October 18, 2007. *See* Ex. F, Affidavit of Ryan Gaubert. The Crawford Defendants have not responded to the Show Cause Order.

ARGUMENT

I. PLAINTIFFS ARE ENTITLED TO THE REQUESTED SANCTIONS BECAUSE THE CRAWFORD DEFENDANTS FAILED TO COMPLY WITH THE COURT'S DISCOVERY ORDER.

Rule 37(b)(2) provides that when a party fails to comply with a discovery order, that party may be subject to sanctions for its noncompliance. Under this Rule, the Court "may make such orders in regard to the failure as are just," and the Rule lists certain sanctions that the Court may impose. Among the sanctions specified is "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B). Under this provision, the Court should grant plaintiffs' request for an order that the Crawford Defendants may not

introduce any evidence or argument supported by evidence (with respect to either liability or damages) that should have been produced as required by the Motion to Compel.

Furthermore, despite the requirements of the Federal Rules of Civil Procedure and this Court's express order, the Crawford Defendants continue to withhold documents that plaintiffs require to support their liability case against the litigating defendants, their damages case against all defendants, and the enforcement of judgments against the Crawford Defendants. *See generally* Motion to Compel. Neither the Crawford Defendants' failure to comply nor the other sanctions requested extinguish plaintiffs' right to this information. Accordingly, plaintiffs request that the Court again order the Crawford Defendants to produce the requested documents on penalty of contempt if they continue to ignore the Court's direct order.

II. PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE EXPENSES INCURRED IN BRINGING THE MOTION TO COMPEL.

Federal Rule of Civil Procedure 37(a)(4) provides that, after a party moves for a motion to compel

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Here, all of the requirements for awarding plaintiffs' expenses are fulfilled, and none of the conditions for denying such an award exist. First, the Court granted plaintiffs' Motion to Compel on October 15, 2007. Second, plaintiffs' counsel endeavored to obtain the requested discovery without the need for the Court's intervention. *See* Motion to Compel at 2. Third, the

4

Court provided the Crawford Defendants with an opportunity to be heard by issuing the Show Cause Order. Plaintiffs took reasonable steps to serve the Crawford Defendants with copies of the Show Cause Order. *See supra,* at 3. The Crawford Defendants have provided no argument that their failure to comply with plaintiffs' discovery requests was substantially justified or that an award of expenses would be unjust. Accordingly, the Court should grant plaintiffs' request for an award of expenses incurred in bringing the Motion to Compel.

III.   THE EXPENSES REQUESTED BY PLAINTIFFS ARE REASONABLE.

The number of hours expended, hourly rates charged and costs incurred by the plaintiffs in preparing and filing the Motion to Compel are reasonable. This Court has stated that "[p]laintiffs may satisfy their burden of demonstrating that the number of hours expended on particular tasks was reasonable by submitting invoices that are sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Adolph Coors Co. v. Truck Insurance Exchange*, 383 F.Supp.2d 93, 96 (D.D.C. 2005). Plaintiffs have included such information as Exhibit B to this filing and have accordingly satisfied their burden.

Although plaintiffs are entitled to claim reimbursement for attorney's fees according to their counsel's actual billing rates, plaintiffs have elected, due to the pro bono nature of this suit, to seek reimbursement at lower rates, those published in the "revised" *Laffey* matrix, which in all cases are lower than plaintiffs' counsel's actual billing rates. *See generally Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000) (allowing use of *Laffey* matrix). In addition, as a matter of billing discretion, plaintiffs' counsel has reduced by half the number of attorneys' hours for which reimbursement is sought. Plaintiffs also seek reimbursement for charges and disbursements incurred in connection with bringing the Motion to Compel, which include

5

computerized legal research, filing fees, postage, overnight courier, messenger services and other related items. The total amount sought in fees and costs, $5,100.80, is entirely reasonable and amply justified and documented.

## CONCLUSION

For the reasons stated above, the Court should enter an order requiring the Crawford Defendants to provide the compelled discovery on penalty of contempt, precluding the Crawford Defendants from offering evidence on the discovery subjects as to which they have defaulted, and requiring the Crawford Defendants to reimburse plaintiffs' counsel in the amount of $5,100.80 in fees and costs associated with bringing the Motion to Compel.

Dated: November 12, 2007

Respectfully submitted,

/s/ Lee F. Berger/KRB
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Matthew Berman (D.C. Bar # 489242)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On November 12, 2007, a copy of the foregoing Plaintiffs' Motion for Sanctions and Expenses Against Defendants Vincent Crawford and Crawford & Crawford and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith
>
> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> East Coast Express Eviction
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Nelson Terry
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Platinum Realtor Services, Inc.
> 6705 McKeldin Drive
> Suitland, MD 20746
>
> Choya Lord Rodriguez
> 6705 McKeldin Drive
> Suitland, MD 20746

        Crawford & Crawford
        200 55th Street, N.E.
        Apt. # 24
        Washington, D.C. 20019

        Vincent Crawford
        200 55th Street, N.E.
        Apt. # 24
        Washington, D.C. 20019

        Harry J. Ashford
        c/o *Street Sense*
        1317 G Street, N.W.
        Washington, D.C. 20005

        Caroline Lanford
        1112 48th Street, N.E.
        Washington, D.C. 20019

        All American Eviction Company
        1112 48th Street, N.E.
        Washington, D.C. 20019


Dated:  November 12, 2007        /s/ Emily C. Capehart
                                                  Emily C. Capehart