**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | Hon. John M. Facciola |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## PLAINTIFFS' MOTION FOR SANCTIONS AND EXPENSES AGAINST DEFENDANTS IRWIN STATEN AND BUTCH ENTERPRISES, INCORPORATED

Pursuant to Federal Rules of Civil Procedure 37(a)(4) and 37(b)(2), the Order to Show Cause entered on October 15, 2007, and the Court's instructions at the status conference held on October 30, 2007, plaintiffs[1] hereby request that the Court impose the following sanctions against defendants Irwin Staten and Butch Enterprises, Inc. (the "Butch Defendants"):

1. An order that the Butch Defendants may not introduce any evidence or argument supported by evidence (with respect to either liability or damages) that should have been produced as required by the Court's October 15, 2007 order granting plaintiffs' Motion to Compel dated May 25, 2007, Docket Item No. 94 (the "First Motion to Compel"), Second Motion to Compel dated July 17, 2007, Docket Item No. 104 (the "Second Motion to Compel"), and Third Motion to Compel dated October 1, 2007, Docket Item No. 119 (the "Third Motion to Compel"), (together, the "Motions to Compel");

---

[1] Plaintiffs submitting this motion are Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks.

2. A further order compelling the Butch Defendants to produce documents demanded in the Motions to Compel or be found in contempt of the Court; and

3. As the Butch Defendants have defaulted on the Court's October 15, 2007 order to show cause, Docket Item No. 123, and have still not responded despite the Court's October 30, 2007 order to respond within 10 days, Docket Item No. 137, an award to plaintiffs of reasonable expenses associated with the Motions to Compel in the amount of $28,516.58.

In support of this motion, plaintiffs submit the Declaration of Matthew D. Slater attached hereto as Exhibit A that contains the bases for the costs and fees that plaintiffs seek. Plaintiffs have attached hereto as Exhibit B a detailed record of the fees incurred and as Exhibit C the Affidavit of Lee F. Berger.

## BACKGROUND

The Butch Defendants are named defendants in this litigation. In an attempt to gain valuable information relevant to the litigation, plaintiffs sought discovery from the Butch Defendants through document requests, interrogatories, and depositions. On March 13, 2007, plaintiffs served the Butch Defendants with plaintiffs' First Request for Production of Documents and Butch Enterprises with plaintiffs' First Set of Interrogatories. *See* First Motion to Compel at 2. The Butch Defendants did not respond to these discovery requests, and also failed to make a number of witnesses available for properly noticed depositions, including Irwin Staten, a named defendant. *Id.* at 2-4. Plaintiffs' attempts to meet and confer with the Butch Defendants regarding these discovery issues proved fruitless, and plaintiffs filed their First Motion to Compel on May 25, 2007. *Id.*

On May 9, 2007, plaintiffs served the Butch Defendants with plaintiffs' Second Request for Production of Documents and Irwin Staten with plaintiffs' First Set of

Interrogatories. *See* Second Motion to Compel at 2. The Butch Defendants did not respond to these discovery requests. *Id.* Plaintiffs' attempts to meet and confer with the Butch Defendants regarding these discovery issues proved fruitless, and plaintiffs filed their Second Motion to Compel on July 17, 2007. *Id.* at 3, 6.

On June 28, 2007, plaintiffs served Butch Enterprises with plaintiffs' Third Request for Production of Documents and the Inspection of Tangible Things from Defendant Butch Enterprises, Inc. *See* Third Motion to Compel at 2. Butch Enterprises did not respond to this discovery request. *Id.* Plaintiffs' attempts to meet and confer with the Butch Defendants regarding these requests proved fruitless, and plaintiffs filed their Third Motion to Compel on October 1, 2007. *Id.* at 2, 5.

On October 15, 2007, this Court granted the Motions to Compel and ordered the Butch Defendants to: (1) submit responses to all outstanding discovery requests, and (2) show cause why they should not responsible for all reasonable expenses incurred by plaintiffs in bringing the motions to compel, in each case no later than October 29, 2007. *See* Order dated October 15, 2007, Docket Item No. 123 (the "Show Cause Order"). The Butch Defendants did not respond to the Show Cause Order and have not provided plaintiffs with responses to any of the outstanding discovery requests or an opportunity to inspect the requested vehicles. *See* Ex. C, Affidavit of Lee F. Berger ("Berger Aff.") ¶¶ 2, 3. At the October 30, 2007 status conference, David E. Fox, counsel for the Butch Defendants, stated that the Butch Defendants intended to comply with the outstanding discovery requests and intended to move to reconsider the Court's granting of the Motions to Compel. *See* Transcript of Status Hearing at 9:5-11. Mr. Fox stated that he would file such motion within 10 days. *See Id.* at 9:20-22 ("[MAGISTRATE JUDGE:] Can you get that to me in the next 10 days? MR FOX: Yes, Your Honor. I will do so."). On

3

October 30, 2007, this Court ordered defendant Butch Enterprises to respond to the Show Cause Order within 10 days or "its silence will be deemed a concession that sanctions are appropriate." *See* Minute Order dated October 30, 2007, Docket Item No. 137. The Butch Defendants have still not responded to the Show Cause Order or provided plaintiffs with responses to the outstanding discovery requests. *See* Berger Aff. ¶¶ 2, 3. On November 19, 2007, plaintiffs informed counsel for the Butch Defendants of their intent to bring this motion and requested to meet and confer with them regarding these issues. *See* Berger Aff. ¶ 4. Plaintiffs did not receive any response. *Id.* However, Mr. Fox indicated his likely opposition to this motion at the October 30, 2007 status conference. *See* Transcript of Status Hearing at 9:12-22.

ARGUMENT

I.  PLAINTIFFS ARE ENTITLED TO THE REQUESTED SANCTIONS BECAUSE THE BUTCH DEFENDANTS FAILED TO COMPLY WITH THE COURT'S DISCOVERY ORDER.

Rule 37(b)(2) provides that when a party fails to comply with a discovery order, that party may be subject to sanctions for its noncompliance. Under this Rule, the Court "may make such orders in regard to the failure as are just," and the Rule lists certain sanctions that the Court may impose. Among the sanctions specified is "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(B). Under this provision, the Court should grant plaintiffs' request for an order that the Butch Defendants may not introduce any evidence or argument supported by evidence (with respect to either liability or damages) that should have been produced as required by the Motions to Compel.

Furthermore, despite the requirements of the Federal Rules of Civil Procedure and this Court's express order, the Butch Defendants continue to withhold documents that plaintiffs

4

require to support their liability case against the Butch Defendants, their damages case against all defendants, and the enforcement of judgments against the Butch Defendants. *See generally* Motions to Compel. Neither the Butch Defendants' failure to comply nor the other sanctions requested extinguish plaintiffs' right to this information. Accordingly, plaintiffs request that the Court again order the Butch Defendants to produce the requested documents on penalty of contempt if they continue to ignore the Court's direct order.

II.   PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE EXPENSES INCURRED IN BRINGING THE MOTIONS TO COMPEL.

Federal Rule of Civil Procedure 37(a)(4) provides that, after a party moves for a motion to compel

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Here, all of the requirements for awarding plaintiffs' expenses are fulfilled, and none of the conditions for denying such an award exist. First, the Court granted plaintiffs' Motions to Compel on October 15, 2007. Second, plaintiffs' counsel endeavored to obtain the requested discovery without the need for the Court's intervention. *See* First Motion to Compel at 2-4; Second Motion to Compel at 3; Third Motion to Compel at 2. Third, the Court provided the Butch Defendants with an opportunity to be heard by issuing the Show Cause Order and, after the Butch Defendants did not respond to the Show Cause Order, by providing the Butch Defendants with an additional 10 days to respond following the October 30, 2007 Status Conference. *See* Minute Order dated October 30, 2007, Docket Item No. 137 ("Defendant Butch

5

Enterprises has failed to abide my 10/15/07 order to show cause. Defendant shall file a response no later than ten (10) days from the date of this minute order or its silence will be deemed a concession that sanctions are appropriate."). The Butch Defendants have provided no argument that their failure to comply with plaintiffs' discovery requests was substantially justified or that an award of expenses would be unjust. Accordingly, the Court should grant plaintiffs' request for an award of expenses incurred in bringing the Motions to Compel.

III.    THE EXPENSES REQUESTED BY PLAINTIFFS ARE REASONABLE.

The number of hours expended, hourly rates charged, and costs incurred by the plaintiffs in preparing and filing the Motions to Compel are reasonable. This Court has stated that "[p]laintiffs may satisfy their burden of demonstrating that the number of hours expended on particular tasks was reasonable by submitting invoices that are sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Adolph Coors Co. v. Truck Insurance Exchange*, 383 F. Supp. 2d 93, 96 (D.D.C. 2005). Plaintiffs have included such information as Exhibit B to this filing and have accordingly satisfied their burden.

Although plaintiffs are entitled to claim reimbursement for attorney's fees according to their counsel's actual billing rates, plaintiffs have elected, due to the pro bono nature of this suit, to seek reimbursement at lower rates, those published in the "revised" *Laffey* matrix, which in all cases are lower than plaintiffs' counsel's actual billing rates. *See generally Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000) (allowing use of *Laffey* matrix). In addition, as a matter of billing discretion, plaintiffs' counsel has reduced by half the number of attorneys' hours for which reimbursement is sought. Plaintiffs also seek reimbursement for charges and disbursements incurred in connection with bringing the Motions

to Compel, which include computerized legal research, filing fees, postage, overnight courier, messenger services and other related items.  The total amount sought in fees and costs, $28,516.58, is entirely reasonable and amply justified and documented.

## CONCLUSION

For the reasons stated above, the Court should enter an order requiring the Butch Defendants to provide the compelled discovery on penalty of contempt, precluding the Butch Defendants from offering evidence on the discovery subjects as to which they have defaulted, and requiring the Butch Defendants to reimburse plaintiffs' counsel in the amount of $28,516.58 in fees and costs associated with bringing the Motions to Compel.

Dated:  November 21, 2007

Respectfully submitted,

/s/ Matthew J. Berman
Matthew J. Berman (D.C. Bar # 489242)
Matthew D. Slater (D.C. Bar # 386986)
Lee F. Berger (D.C. Bar # 482435)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-1801
Telephone:  (202) 974-1500
Facsimile:   (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

**CERTIFICATION UNDER FED. R. CIV. P. 37 and L.R. 7.1 (m)**

      I, Matthew J. Berman, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith met and conferred with David Fox, counsel for Butch Enterprises, Inc., regarding the discovery disputes detailed above. On November 19, 2007, Lee F. Berger, attorney for plaintiffs, sent to David Fox, attorney for the Butch Defendants, a letter requesting that we meet and confer regarding our motion for attorney's fees and the overdue discovery responses. In that letter, Mr. Berger informed Mr. Fox that on November 21, 2007, we would file a motion for attorney's fees related to the three motions to compel filed against the Butch Defendants if we did not hear back from him. Mr. Fox did not respond to our letter. We assume Mr. Fox opposes this motion.

Dated: 11/21/07                                                           /s/ Matthew J. Berman
                                                                                       Matthew J. Berman

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On November 21, 2007, a copy of the foregoing Plaintiffs' Motion for Sanctions and Expenses Against Defendants Irwin Staten and Butch Enterprises, Incorporated and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, MD 20730
>gsmith@mrrlaw.net
>Attorney for A 1 Eviction Services and Tanya Smith

>David E. Fox
>1325 Eighteenth Street, N.W.
>Suite 103
>Washington, D.C. 20036
>dfox159937@aol.com
>Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

>East Coast Express Eviction
>29 U Street, N.W.
>Washington, D.C. 20001

>Nelson Terry
>29 U Street, N.W.
>Washington, D.C. 20001

>Platinum Realtor Services, Inc.
>6705 McKeldin Drive
>Suitland, MD 20746

>Platinum Realtor Services, Inc.
>P.O. Box 631
>Suitland, MD 20752

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005

Caroline Lanford
1112 48th Street, N.E.
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019


Dated:  November 21, 2007                     /s/ Erika J. Davis
                                                                    Erika J. Davis