IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | |
| individually and on behalf ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| of all others similarly situated, ) | |
| ) | |
| *Plaintiffs*, ) | Hon. Richard J. Leon |
| v. ) | Hon. John M. Facciola |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

### MOTION TO STRIKE DEFENDANTS BUTCH ENTERPRISES, INC. AND IRWIN STATEN'S STATEMENT RELATING TO DISCOVERY

For the reasons set forth below, plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks respectfully request that the Court strike the "Statement of Defendants I.Staten [*sic*] and Butch Enterprises, Inc. Relating to Discovery." Dkt. Item No. 145 (Dec. 11, 2007) (the "December 11 Statement"). A proposed order is attached hereto as Exhibit A. After Docket Item No. 145 appeared on the Court's electronic docketing system, the Clerk of the Court entered "Notice of Corrected Docket Entry" stating that Item No. 145 was entered in error because Local Rule 26.2 does not permit parties to file discovery without the Court's order. The December 11 Statement was not a discovery request *per se*, and its current status is not entirely clear. But more importantly, as discussed below, it is false and misleading.

In the December 11 Statement, Defendants Irwin Staten and Butch Enterprises, Inc. (the "Butch Defendants") assert that they had "submitted to Plaintiffs supplemental Responses to

Interrogatories and Requests For Production Of Documents."[1]  The Butch Defendants submitted the December 11 Statement in the wake of a status conference held on December 4, 2007, at which Judge Leon ordered the Butch Defendants to comply with the Court's prior discovery orders and to respond to plaintiffs' document requests and interrogatories no later than Tuesday, December 11, 2007.  *See* Tr. of Stat. Conf. at 5:17-6:25, 8:18-21 (Dec. 4, 2007) (attached hereto as Ex. C).  At that status conference, the Butch Defendants' counsel expressly agreed to abide by Judge Leon's order.  *Id.* at 6:22-25; 8:18-25.

On December 13, 2007, plaintiffs' counsel received from the Butch Defendants' counsel a package containing thirty-seven pages of documents and a cover pleading captioned "Defendant's Supplemental Reply to Plaintiff's [*sic*] Request [*sic*] for Production of Documents."  This cover pleading contains a statement signed by the Butch Defendants' counsel, which reads, in its entirety:  "Defendant Staten has re-searched the office of Butch Enterprises and submits herewith:  1. Check Register  2. DMV registration.  Defendant has no other requested documents."  Def.'s Suppl. Reply to Pl.'s Req. for Produc. of Docs. (attached hereto as Ex. B).  The package from the Butch Defendants' counsel contained no statement or other materials purporting to contain responses on behalf of defendant Butch Enterprises.  The package from the Butch Defendants' counsel did not contain any responses to any interrogatories.  Plaintiffs' counsel has received no other materials from the Butch Defendants since the status conference of December 4.

In light of the materials that the Butch Defendants' counsel has sent, plaintiffs believe that the December 11 Statement is factually and materially false and misleading.  In particular:

---

[1] Although the Butch Defendants characterized their alleged responses as "supplemental," the Butch Defendants had not previously complied with their obligations under the Rules with respect to any of plaintiffs' interrogatories or requests for the production of documents and things.  There is nothing for the Butch Defendants to supplement.

1. Neither Butch Defendant provided any responses to plaintiffs' interrogatories. The Butch Defendants' December 11 Statement that they "submitted to Plaintiffs supplemental responses to Interrogatories" is not true.

2. The cover pleading states on its face that the documents are only from Mr. Staten. *See* Def.'s Supp. Reply to Pl.'s Req. for Produc. of Docs. (Ex. B) (using the singular form "Defendant's" in the title and stating only that "Defendant Staten . . . submits" the documents). Defendant Butch Enterprises has not provided any documents.[2] Therefore, the Butch Defendants' December 11 Statement that both Butch Defendants had "submitted to Plaintiffs supplemental Responses to . . . Requests For Production Of Documents" is not true.

Federal Rule 26(g) requires every "discovery request, response or objection" to be signed, which signature certifies that "to the best of the signer's knowledge, information, and belief," the response is consistent with the Federal Rules of Civil Procedure, "warranted by existing law" and "not interposed for any improper purpose." Fed. R. Civ. P. 26(g)(2). Certifications made in violation of Federal Rule 26(g) and that are "without substantial justification" are subject to appropriate sanctions in the court's discretion. Fed. R. Civ. P. 26(g)(3); *see also, United States ex rel. El Amin v. George Washington Univ.*, Civ. No. 1:95cv02000, 2001 U.S. Dist. LEXIS 23438 at *5-6 (D.D.C. July 13, 2001) (noting courts' broad authority to sanction either an attorney or a party or both under Rule 26(g), without any showing of subjective bad faith). Here, Butch Defendants' counsel signed the December 11 Statement

---

[2] This is not a trivial distinction, because Butch Enterprises is responsible for creating and maintaining wage records. Although Butch Enterprises' employee testified that such records exist for each eviction, Butch Enterprises has never produced them. *See* Tr. of Derrick Gaskins Dep. at 59:7-60:5 (attached hereto as Ex. F).

attesting that the Butch Defendants served responses to plaintiffs' interrogatories and that Butch Enterprises served responses to plaintiffs' document requests, but those statements were not true.

Moreover, the December 11 Statement appears intended to give the Court the false impression that the Butch Defendants have complied with their discovery obligations. In reality, the opposite continues to be true. In addition to the Butch Defendants' failure to provide interrogatory responses and Butch Enterprises' failure to provide document responses, Butch Enterprises has also ignored the Court's instruction at the December 4 status conference to make the vans used by Butch Enterprises for eviction work available for inspection no later than December 14. *See* Tr. of Stat. Conf. at 7:21-8:17 (Ex. C). Plaintiffs sought access to the vans because Butch Enterprises' employee testified that had put responsive documents in them. Tr. of Derrick Gaskins Dep. at 93:16-94:1; 96:12-16 (Ex. F). When Butch Enterprises' counsel failed to make such arrangements by December 12, plaintiffs' counsel attempted to arrange a time and location for such an inspection.[3] Letter from Lee Berger to David Fox (Dec. 12, 2007) (attached hereto as Ex. D). Because Butch Enterprises failed to respond to plaintiffs' proposal, plaintiffs' counsel waited at the proposed location and time on December 14, but the vans did not arrive. Butch Enterprises has never provided access to the vans.

---

[3] Judge Leon ordered Butch Enterprises' counsel to make the appropriate arrangements for inspection of the vans. *See* Tr. of Stat. Conf. at 8:7-12 (Ex. C).

4

In short, the Butch Defendants continue to treat their discovery obligations, as well as the Court's orders,[4] with abject disregard, the December 11 Statement notwithstanding. At the least, the Court should strike the December 11 Statement so that no one is misled.

Dated: December 20, 2007

Respectfully submitted,

/s/ Lee F. Berger
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Larry C. Dembowski (D.C. Bar # 486331)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

---

[4] Judge Leon's order at the December 4 status conference was in addition to Magistrate Judge Facciola's October 15, 2007 order compelling the Butch Defendants to comply with plaintiffs' document requests and interrogatories. Thus, the Butch Defendants have violated both Judge Leon's December 4 order and Magistrate Judge Facciola's October 15 order.

**CERTIFICATION UNDER FED. R. CIV. P. 37 and L.R. 7.1 (m)**

      I, Lee F. Berger, hereby certify that plaintiffs' counsel has in good faith attempted to meet and confer with David E. Fox, counsel for defendants Irwin Staten and Butch Enterprises, Inc., regarding the dispute detailed above. On December 14, 2007, Larry Dembowski and I, attorneys for plaintiffs, mailed and faxed to Mr. Fox a letter explaining the deficiencies in the Butch Defendants' responses to plaintiffs' discovery requests and the factual inconsistencies in the Butch Defendants' December 11 Statement. That letter is attached as Exhibit E. In the letter, we requested that Mr. Fox meet and confer with us regarding this motion to strike, and that Mr. Fox respond to our request in a timely fashion before the close of business on December 17, 2007. That letter informed Mr. Fox that we intended to file a motion to strike Defendants' Statement Relating to Discovery as early as December 19, 2007, if we did not hear back from him. Mr. Fox did not respond to our request to meet and confer. Because the Butch Defendants put the December 11 Statement on the record, I assume that the Butch Defendants oppose this motion to strike that statement, but I do not know because Mr. Fox has not responded to our request to meet and confer.

      Dated: December 20, 2007                                      /s/ Lee F. Berger
                                                                                            Lee F. Berger

CERTIFICATE OF SERVICE

I, Erika J. Davis, managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On December 20, 2007, a copy of the foregoing Motion to Strike Defendants Butch Enterprises, Inc. and Irwin Staten's Statement Relating to Discovery and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

>Gina M. Smith
>Meyers, Rodbell & Rosenbaum, P.A.
>6801 Kenilworth Avenue, #400
>Riverdale Park, MD 20730
>gsmith@mrrlaw.net
>Attorney for A 1 Eviction Services and Tanya Smith
>
>David E. Fox
>1325 Eighteenth Street, N.W.
>Suite 103
>Washington, D.C. 20036
>dfox159937@aol.com
>Attorney for Butch Enterprises, Inc. and I. Staten

and were served by U.S. mail, first-class postage prepaid, on the following parties:

>East Coast Express Eviction
>29 U Street, N.W.
>Washington, D.C. 20001
>
>Nelson Terry
>29 U Street, N.W.
>Washington, D.C. 20001
>
>Platinum Realtor Services, Inc.
>6705 McKeldin Drive
>Suitland, MD 20746
>
>Platinum Realtor Services, Inc.
>P.O.Box 631
>Suitland, MD 20752

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005

Caroline Lanford
1112 48th Street, N.E.
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019


Dated:  December 20, 2007                    /s/ Erika J. Davis
                                                                                     Erika J. Davis