**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | |
| individually and on behalf ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| of all others similarly situated, ) | |
| ) | |
| *Plaintiffs*, ) | Hon. Richard J. Leon |
| v. ) | Hon. John M. Facciola |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS VINCENT CRAWFORD AND CRAWFORD & CRAWFORD FOR FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY**

Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks ("Plaintiffs") move for an order imposing sanctions against Defendants Vincent Crawford and Crawford & Crawford under Federal Rule of Civil Procedure 37(b)(2) for failure to comply with court-ordered discovery. Plaintiffs respectfully request that the Court grant Plaintiffs all reasonable adverse inferences against Defendants Vincent Crawford and Crawford & Crawford on the issue of damages. Plaintiffs further request that the Court preclude Defendants Vincent Crawford and Crawford & Crawford from arguing that Plaintiffs' damages calculation fails due

to lack of evidence that Defendants should have produced. In support of this motion, Plaintiffs submit a Memorandum of Law, with exhibits, establishing the motion's factual and legal basis.

Dated: January 29, 2008                    Respectfully submitted,

                                           /s/ Larry C. Work-Dembowski
                                           Larry C. Work-Dembowski (D.C. Bar # 486331)
                                           Lee F. Berger (D.C. Bar # 482435)
                                           Matthew D. Slater (D.C. Bar # 386986)
                                           Cleary Gottlieb Steen & Hamilton LLP
                                           2000 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20006-1801
                                           Telephone: (202) 974-1500
                                           Facsimile: (202) 974-1999
                                           *Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | |
| individually and on behalf | ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| of all others similarly situated, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Hon. Richard J. Leon |
| v. | ) | Hon. John M. Facciola |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR SANCTIONS AGAINST DEFENDANTS NELSON TERRY, EAST COAST EXPRESS EVICTION, CHOYA LORD RODRIGUEZ, PLATINUM REALTOR SERVICES, INC., VINCENT CRAWFORD AND CRAWFORD & CRAWFORD FOR FAILURE TO COMPLY WITH COURT ORDERED DISCOVERY**

## LIST OF EXHIBITS

Exhibit A:   Certificate of Service for Document Requests and Interrogatories Served on Defaulting Defendants (March 13, 2007).

Exhibit B:   Supoenas Duces Tecum Served on East Coast Express Eviction, Crawford & Crawford, and Platinum Realtor Services.

Exhibit C:   Declaration of Lee F. Berger

Exhibit D:   Certificates of Service for December 14 Orders (December 18, 2007).

Exhibit E:   Letters from Lee F. Berger and Larry C. Work-Dembowski to Vincent Crawford, Nelson Terry and Choya Lord Rodriguez (Dec. 18, 2007).

Exhibit F:   Letters from Lee F. Berger and Larry C. Work-Dembowski to Vincent Crawford, Nelson Terry and Choya Lord Rodriguez regarding Defendants' non-compliance with court orders (Jan. 3, 2008).

Exhibit G:   Transcript of Deposition of Nelson Terry (July 18, 2007) at 23:4-25:15.

Exhibit H:   Transcript of Deposition of Choya Lord "Troy" Rodriguez, Volume 1 (November 14, 2007) at 25:17-28:5.

Exhibit I:   Transcript of Deposition of Vincent Crawford (Nov. 13, 2007) at 50:10-53:3.

**INTRODUCTION**

For nearly a year, defendants Nelson Terry, East Coast Express Eviction, Choya Lord Rodriguez, Platinum Realtor Services, Inc., Vincent Crawford and Crawford & Crawford ("Defaulting Defendants") have ignored their discovery obligations in this case. Neither court orders directing Defaulting Defendants to comply nor monetary sanctions have had any effect. Therefore, Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks ("Plaintiffs") respectfully request that the Court grant Plaintiffs' Motions for Sanctions and apply all reasonable adverse inferences against Defaulting Defendants on the issue of damages.

**PROCEDURAL BACKGROUND**

Defaulting Defendants' history of non-compliance with their discovery obligations and their repeated disregard of this Court's orders is already well documented in the record. For purposes of these motions, however, a brief summary follows.

On March 13, 2007, Plaintiffs served Defaulting Defendants with requests for production of documents ("Document Requests") and interrogatories. *See* Ex. A, Certificate of Service for Document Requests and Interrogatories. After receiving no response to either the Document Requests or the interrogatories, Plaintiffs served each of the Defaulting Defendants with a subpoena *duces tecum* seeking the same documents covered by the Document Requests, to no avail. *See* Ex. B, Supoenas Duces Tecum Served on East Coast Express Eviction, Crawford & Crawford, and Platinum Realtor Services. Plaintiffs filed motions to compel discovery responses from Defaulting Defendants in June and July 2007. *See* Pls.' Mot. to Compel Disc. Resps. from Defs. Choya Rodriguez and Platinum Realtor Services, Inc. (June 8, 2007) (Dkt. No. 97); Pls.' Mot. to Compel Disc. Resps. from Defs. Crawford & Crawford and Vincent Crawford (June 12,

2007) (Dkt. No. 99); Pls.' Mot. to Compel Disc. Resps. from Defs. Nelson Terry and East Coast Express Eviction (July 21, 2007) (Dkt. No. 106).

On October 15, 2007, the Court granted all three of Plaintiffs' motions to compel as unopposed and ordered Defaulting Defendants "to respond to all outstanding discovery responses no later than October 29, 2007." Minute Orders of October 15, 2007 (Dkt. Nos. 135, 136, and 137). The Court also ordered each of the Defaulting Defendants to show cause by the same date why they should not be responsible for all reasonable expenses incurred by Plaintiffs in bringing the motions to compel. *Id.* None of the Defaulting Defendants complied with either aspect of the Court's orders. Plaintiffs have not received any responses to the Document Requests or interrogatories from any of the Defaulting Defendants, *see* Ex. C, Declaration of Lee F. Berger ¶ 6, nor did any Defaulting Defendant respond to the Court's Orders to Show Cause.

On December 14, 2007, the Court granted Plaintiffs' motions for sanctions against the Defaulting Defendants. *See* Order Granting Mot. for Sanctions and Expenses Against Defs. Vincent Crawford and Crawford & Crawford (Dec. 14, 2007) (Dkt. No. 146); Order Granting Mot. for Sanctions and Expenses Against Defs. Nelson Terry and East Coast Express Eviction (Dec. 14, 2007) (Dkt. No. 147); Order Granting Mot. for Sanctions and Expenses Against Defs. Choya Lord Rodriguez and Platinum Realtor Services, Inc. (Dec. 14, 2007) (Dkt. No. 148) (the "December 14 Orders"). In addition to imposing monetary sanctions, the Court ordered Defaulting Defendants to comply with the Court's October 14 Orders and to certify such compliance to the Court within ten days. Plaintiffs served the December 14 Orders on each of the Defaulting Defendants on December 18, 2007. *See* Ex. D, Certificates of Service. Along with copies of the December 14 Orders served on each Defaulting Defendant, Plaintiffs' counsel included a cover letter describing the requirements of those orders and advising the Defaulting

Defendants that they should seek legal counsel if they had questions about the orders. *See* Ex. E, Letters from Lee F. Berger and Larry C. Work-Dembowski to Vincent Crawford, Nelson Terry and Choya Lord Rodriguez (Dec. 18, 2007) ("December 18 Letters"). When the Defaulting Defendants' time to certify compliance with the December 14 Orders lapsed, Plaintiffs' counsel again wrote to each Defaulting Defendant about the obligations under those orders and seeking to meet and confer about the sanctions Plaintiffs are seeking through these motions. Ex. F, Letters from Lee F. Berger and Larry C. Work-Dembowski to Vincent Crawford, Nelson Terry and Choya Lord Rodriguez regarding Defendants' non-compliance with court orders (Jan. 3, 2008) ("January 3 Letters"). Despite the Court's clear and unambiguous orders and despite Plaintiffs' attempts to engage Defaulting Defendants about their compliance, no compliance has been forthcoming.

## **ARGUMENT**

Defaulting Defendants have now twice failed to comply with direct and unambiguous Court orders. Indeed, it has become clear that Defaulting Defendants have no intention of ever complying with their discovery obligations, court orders and monetary sanctions notwithstanding. Defaulting Defendants control the primary evidence necessary to demonstrate the extent of Plaintiffs' damages. Therefore Plaintiffs request that the Court apply all reasonable adverse inferences against Defaulting Defendants concerning damages.[1]

Where a party has failed to obey an order compelling discovery, the Court may "issue further just orders" including, but not limited to, ordering that certain facts be taken as established, entering default judgment, or precluding the disobedient party from opposing

---

[1] The Court has already barred defaulting Defendants from "introducing any evidence or argument supported by evidence that [Defaulting] Defendants should have produced in response" to the Court's October 15 Orders. *See* December 14 Orders.

5

designated claims or defenses.  *See* Fed. R. Civ. P. 37(b)(2)(A).  The type and scope of the sanction is within the discretion of the Court, so long as the sanction is proportional to the underlying offense.  *See McDowell v. District of Columbia*, Civil Action No. 02-1119, 2006 U.S. Dist. LEXIS 89138 at *9 (D.D.C. Nov. 30, 2006) (upholding magistrate judge's order imposing monetary sanctions under Federal Rule of Civil Procedure 37(b)(2)); *SEC v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001) (imposing default against a party who had "engaged in a pattern of repeated, willful violations" of court orders, including failing to appear for hearings and failing to comply with court-ordered discovery).

Separate and distinct from the Court's broad authority to impose sanctions under Rule 37 for failure to comply with a discovery order, the federal doctrine known as the adverse inference rule provides that "when a party has relevant evidence within his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." *Int'l Union v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972).  While the adverse inference rule is often used in connection with evidence that has been destroyed, whether intentionally or negligently, *see e.g.*, *Rice v. United States*, 917 F. Supp. 17, 19-21 (D.D.C. 1996), spoliation is not necessary to trigger the rule, *see Int'l Union*, 459 F.2d at 1337-39 (applying adverse inference rule to defendant employer who refused to produce hiring records in defiance of a subpoena).

Here, Defaulting Defendants have already conceded liability by defaulting,[2] but Plaintiffs will be required to prove by a "reasonable estimate" the extent of the damages the class has suffered as a result of Defendants' unlawful actions.  *See Hill v. Republic of Iraq*, 328 F.3d 680, 684 (D.C. Cir. 2003).  Defaulting Defendants' refusal to comply with the Court's October 15 and

---

[2] A motion for entry of a partial default judgment and for injunctive relief against Defaulting Defendants based on this concession is currently pending before Judge Leon.  Pls.' Mot. for Entry of Party Default Judgment and Injunctive Relief (Oct. 29, 2007) (Dkt. No. 134).

6

December 14 Orders obstructs Plaintiffs' ability to calculate and collect damages. The primary information needed to calculate damages, such as wage records, number of evictions performed and records of payments from property management companies, is in Defaulting Defendants' possession. Defendant Nelson Terry, for example, admitted at his deposition that East Coast Express Evictions possesses records regarding evictions that it performed. *See* Ex. G, Tr. of Dep. of Nelson Terry (July 18, 2007) at 23:4-25:15. Likewise, Defendant Choya Lord Rodriguez admitted that he had records reflecting the number and location of evictions performed by Platinum Realtor Services, as well as for other eviction companies with which he had worked, information that is key to calculating damages. *See* Ex. H, Tr. of Dep. of Choya Lord "Troy" Rodriguez, Volume 1 (Nov. 14, 2007) at 25:17-28:5. Defendant Vincent Crawford similarly testified that he has records of what Crawford & Crawford pays, where it performs evictions, the numbers of workers who work on eviction jobs, the amounts received for evictions, and the companies for which Crawford & Crawford performs evictions. *See* Ex. I, Tr. of Dep. of Vincent Crawford (Nov. 13, 2007) at 50:10-53:3. Although these records exist for each of the Defaulting Defendants, no Defaulting Defendant has produced any of them.

In the absence of Defaulting Defendants' records, Plaintiffs will employ other reasonable methods of estimating damages. Defaulting Defendants should not be permitted, however, to frustrate Plaintiffs' ability to prove damages simply by withholding the very information that would lead to a more accurate assessment. *See Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001) (one purpose of Rule 37(b)(2) sanctions is to "ensure that a party will not be able to profit from its own failure to comply with the rules"); *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (Rule 37(b)(2) authorizes even the harshest sanction of

dismissal or default when "the errant party's behavior has severely hampered the other party's ability to present his case").

Because Defaulting Defendants control evidence central to Plaintiffs' damages claims, any sanction should address the impact that Defaulting Defendants' failure to comply has on Plaintiffs' burden of proof. Faced with similar circumstances, the United States District Court for the Southern District of New York ordered that "plaintiffs be given all reasonable adverse inferences against the [violating] Defendants on the issue of damages." *See Nike, Inc. v. Top Brand Co., Ltd.*, 216 F.R.D. 259, 274 (S.D.N.Y. 2003); *cf. Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 90 Civ. 5593 (DC), 1996 U.S. Dist. LEXIS 16753, at *21-23 (S.D.N.Y. June 25, 1996) (shifting burden of proof on damages). Plaintiffs here request the same sanction ordered by the *Nike* court based on Defaulting Defendants' refusal to produce evidence that is admittedly in their possession that "would have helped plaintiffs establish the extent of their damages." *Nike*, 216 F.R.D. at 274.

An inference that Defaulting Defendants' evidence would have supported Plaintiffs' damages calculations is also appropriate because no lesser sanction appears likely to remedy the harm to Plaintiffs' case caused by Defaulting Defendants' failure to comply with their discovery obligations. *See Webb*, 146 F.3d at 971 (noting requirement that sanctions be appropriately tailored to the violations). The particular Defendants at issue here have already defaulted, and the only outstanding factual question for the Court to decide is the amount of damages. Defaulting Defendants have admitted that they possess responsive documents, yet neither direct court order nor monetary or evidentiary sanctions have had any effect on their willful disregard of their obligation to produce such documents or otherwise comply with their discovery obligations. *See Nike*, 216 F.R.D. at 274.

8

At the very least, Defaulting Defendants should not profit from their non-compliance. Plaintiffs therefore respectfully request that the Court apply all reasonable adverse inferences against Defaulting Defendants on the issue of damages, and preclude Defaulting Defendants from arguing that Plaintiffs' damages calculation fails due to lack of evidence that Defaulting Defendants should have produced.

                                              Respectfully submitted,

Dated: January 29, 2008

/s/ Larry C. Work-Dembowski
Larry C. Work-Dembowski (D.C. Bar # 486331)
Lee F. Berger (D.C. Bar # 482435)
Matthew D. Slater (D.C. Bar # 386986)
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
*Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

## **CERTIFICATION UNDER FED. R. CIV. P. 37 and L.R. 7.1 (m)**

      I, Lee F. Berger, attorney for plaintiffs, hereby certify that plaintiffs' counsel has in good faith attempted to met and conferred with defendants Nelson Terry, East Coast Express Eviction, Choya Lord Rodriguez, Platinum Realtor Services, Inc., Vincent Crawford and Crawford & Crawford ("Defaulting Defendants"), regarding the discovery disputes detailed above. We sent letters to the Defaulting Defendants on January 3, 2008, inviting them to meet and confer about motions related to their noncompliance. Defaulting Defendants never responded to plaintiffs' meet and confer requests. Accordingly, plaintiffs do not know whether the Defendants oppose the present motions.

Dated: January 29, 2008                                                /s/ Lee F. Berger
                                                                                              Lee F. Berger

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On January 29, 2008, a copy of the foregoing Plaintiffs' Motion for Sanctions Against Defendants Vincent Crawford and Crawford & Crawford for Failure to Comply with Court Ordered Discovery dated January 29, 2008 and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten
>
> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> East Coast Express Eviction
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Nelson Terry
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Platinum Realtor Services, Inc.
> 6705 McKeldin Drive
> Suitland, MD 20746
>
> Platinum Realtor Services, Inc.
> P.O. Box 631
> Suitland, MD 20752

        Choya Lord Rodriguez
        6705 McKeldin Drive
        Suitland, MD 20746

        Crawford & Crawford
        200 55th Street, N.E.
        Apt. # 24
        Washington, D.C. 20019

        Vincent Crawford
        200 55th Street, N.E.
        Apt. # 24
        Washington, D.C. 20019

        Harry J. Ashford
        c/o *Street Sense*
        1317 G Street, N.W.
        Washington, D.C. 20005

        Caroline Lanford
        1112 48th Street, N.E.
        Washington, D.C. 20019

        All American Eviction Company
        1112 48th Street, N.E.
        Washington, D.C. 20019


Dated: January 29, 2008                /s/ Emily C. Capehart
                                              Emily C. Capehart