# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Jakeyia Ashford, et al., | ) | |
| | ) | Civil Action No. 06-cv-1561 (RJL) |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | Hon. Richard J. Leon |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | |
| East Coast Express Eviction, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION BY DEFENDANT IRWIN STATEN

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Columbia, Plaintiffs hereby request that defendant Irwin Staten admit the truth of the following statements, in accord with the Definitions and Instructions set forth below.

## DEFINITIONS

1. "Antitrust Laws" is defined as 15 U.S.C. § 1 *et seq.*; D.C. Code § 28-4502 *et seq.*; Md. Code Ann., Com. Law § 11-204 *et seq.*; and Va. Code Ann. § 59.1-9.5 *et seq.*

2. "Butch Enterprises" is defined as Butch Enterprises, Inc., including any predecessors and successors in interest, present and former parents, subsidiaries, divisions, and affiliates, and all present and former officers, board members, directors, owners, managers, employees, agents, other representatives and any other person in whole or in part acting on behalf of any of the forgoing, but excluding Eviction Workers.

3. "Class" and "Class Members" are defined as all persons (homeless or otherwise) employed by one or more Defendants to perform eviction services and paid a sub-minimum wage at any time from September 5, 2002 to the present. "Class Member" is defined as any person in the Class.

4. "Class Period" is defined as September 2002 to the present.

5. "D.C. Metro Area" is defined as the District of Columbia, southeastern Maryland (including Prince George's County, Montgomery County, Anne Arundel County, Howard County, Calvert County, and Charles County) and northern Virginia (including Fairfax County, Arlington County, Prince William County, Loudon County, Fauquier County, and Stafford County).

6. "Defendants" are Butch, Mr. Staten, East Coast Express Eviction, A 1 Eviction Services, Inc., All American Eviction Company, Big Time Movers, Inc., Platinum Realtor Services, Inc., Crawford & Crawford, Caroline Lanford, Tanya Smith, Nelson Terry, Choya Lord Rodriguez, and Vincent Crawford.

7. "Eviction Work" is defined as any portion of an eviction that any worker performs, including time spent: (i) actively carrying items out of an apartment, condominium, house, office, or other space; (ii) waiting for an eviction to begin; (iii) waiting after an eviction ends to travel to the next eviction worksite or to return to the pick-up point; (iv) waiting during a break in work while an eviction is being performed; (v) traveling in or waiting in or by a vehicle owned or operated by Butch Enterprises or Butch Enterprises' employee or contractor or otherwise at the behest of Butch Enterprises; (vi) waiting for payment of services by Butch Enterprises; and (vii) performing any other duty assigned by Butch Enterprises.

8.   "Eviction Worker" and "Eviction Workers" are defined as any person or persons performing Eviction Work.

9.   "Minimum Wage Laws" is defined as 29 U.S.C. § 216 *et seq.*; D.C. Code § 32-1012 *et seq.*; Md. Code Ann., Lab. & Empl. § 3-427 *et seq.*; and Va. Code Ann. § 40.1-28.12 *et seq.*

10.  "Mr. Staten" is defined as Irwin Staten, defendant in the above-captioned action.

11.  "Named Plaintiffs" are the plaintiffs named in the above-captioned action.

12.  "Other Eviction Companies" is defined as East Coast Express Eviction, A 1 Eviction Services, Inc., All American Eviction Company, Big Time Movers, Inc., Platinum Realtor Services, Inc., and Crawford & Crawford.

## INSTRUCTIONS

1.   As required by Rule 36(a) of the Federal Rules of Civil Procedure, Mr. Staten's response to each request should fairly meet the substance of the requested admission, and when good faith requires Mr. Staten to qualify an answer or deny only part of the matter as to which an admission is requested, Mr. Staten should specify so much of it as is true and qualify or deny the remainder.

2.   As required by Rule 36(a) of the Federal Rules of Civil Procedure, these requests require Mr. Staten to make reasonable inquiry to obtain information known or reasonably obtainable by Mr. Staten sufficient to permit a fair and informed response to each request.

3.   As required by Rule 36(a) of the Federal Rules of Civil Procedure, Mr. Staten's responses shall be served on Plaintiffs' counsel within thirty days of service hereof.

    4.  These requests are continuing, under Rule 26(e)(2) of the Federal Rules of Civil Procedure.

    5.  Unless a request states otherwise, all requests regard the time period of the Class Period.

## REQUESTS FOR ADMISSION

  **Request for Admission 1**: Butch Enterprises is an eviction services company.

  **Request for Admission 2**: Butch Enterprises' principal place of business is 10332 Main Street, Fairfax, Virginia.

  **Request for Admission 3**: Mr. Staten owns Butch Enterprises.

  **Request for Admission 4**: Mr. Staten is the majority shareholder of Butch Enterprises.

  **Request for Admission 5**: Mr. Staten completely controls Butch Enterprises.

  **Request for Admission 6**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies, and liabilities.

  **Request for Admission 7**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies, and decisions regarding hiring practices.

  **Request for Admission 8**: Mr. Staten is directly responsible for all of Butch Enterprises' acts, policies, and decisions regarding wages paid to Eviction Workers.

  **Request for Admission 9**: Butch Enterprises has no existence separate from Mr. Staten.

  **Request for Admission 10**: Butch Enterprises is Mr. Staten's corporate alter-ego.

**Request for Admission 11**: Butch Enterprises does not maintain corporate formalities.

**Request for Admission 12**: Butch Enterprises' board of directors does not meet.

**Request for Admission 13**: Butch Enterprises does not maintain minutes of meetings of its board of directors.

**Request for Admission 14**: Butch Enterprises does not maintain corporate records.

**Request for Admission 15**: Butch Enterprises' board of directors does not maintain oversight over Butch Enterprises in any capacity.

**Request for Admission 16**: Butch Enterprises does not follow a set of by-laws issued by its board of directors in its operations and decision-making.

**Request for Admission 17**: There is a unity of ownership between Butch Enterprises and Mr. Staten.

**Request for Admission 18**: There is a unity of interest between Butch Enterprises and Mr. Staten.

**Request for Admission 19**: Butch Enterprises' and Mr. Staten's funds are commingled.

**Request for Admission 20**: Butch Enterprises' and Mr. Staten's assets are commingled.

**Request for Admission 21**: Mr. Staten uses Butch Enterprises' property for personal use.

**Request for Admission 22**: Mr. Staten uses Butch Enterprises' property extensively for personal use.

**Request for Admission 23**: Mr. Staten uses Butch Enterprises' funds for personal use.

**Request for Admission 24**: Mr. Staten uses Butch Enterprises' funds extensively for personal use.

**Request for Admission 25**: Butch Enterprises uses Mr. Staten's funds for its corporate use.

**Request for Admission 26**: During the Class Period, Mr. Staten, through Butch Enterprises, performed eviction service for customers throughout the D.C. Metro Area.

**Request for Admission 27**: During the Class Period, Mr. Staten hired Eviction Workers in the District of Columbia.

**Request for Admission 28**: Mr. Staten paid sub-minimum wages to Eviction Workers during the Class Period.

**Request for Admission 29**: The Other Eviction Companies paid sub-minimum wages to the Eviction Workers during the Class Period.

**Request for Admission 30**: Mr. Staten has communicated with employees of Other Eviction Companies as they wait for workers within four blocks of homeless shelters or homeless service organizations.

**Request for Admission 31**: Mr. Staten has communicated with employees of at least one Other Eviction Company as they wait for workers within four blocks of homeless shelters or homeless service organizations.

**Request for Admission 32**: Mr. Staten has exchanged information with Other Eviction Companies about future business.

**Request for Admission 33**: Mr. Staten has exchanged information with Other Eviction Companies about Eviction Workers.

**Request for Admission 34**: Mr. Staten has exchanged information with Other Eviction Companies about wages paid to Eviction Workers.

**Request for Admission 35**: Mr. Staten has agreed with Defendant East Coast Express Eviction to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 36**: Mr. Staten has agreed with Defendant A 1 Eviction Services, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 37**: Mr. Staten has agreed with Defendant All American Eviction Company to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 38**: Mr. Staten has agreed with Defendant Big Time Movers, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 39**: Mr. Staten has agreed with Defendant Platinum Realtor Services, Inc. to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 40**: Mr. Staten has agreed with Defendant Crawford & Crawford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 41**: Mr. Staten has agreed with A&A Cardinal Evictions to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 42**: Mr. Staten has agreed with Defendant Caroline Lanford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 43**: Mr. Staten has agreed with Defendant Tanya Smith to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 44**:  Mr. Staten has agreed with Defendant Nelson Terry to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 45**:  Mr. Staten has agreed with Defendant Choya Lord Rodriquez to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 46**:  Mr. Staten has agreed with Defendant Vincent Crawford to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 47**:  Mr. Staten has agreed with Robert Ward to pay Eviction Workers $5.00 per eviction for a one bedroom apartment.

**Request for Admission 48**:  Mr. Staten typically pays each Eviction Worker (exclusive of Butch Enterprises' permanent staff) $5.00 for each eviction performed.

**Request for Admission 49**:  The Other Eviction Companies typically pay each Eviction Worker (exclusive of Defendants' permanent staffs) $5.00 for each eviction performed.

**Request for Admission 50**:  Mr. Staten typically pays each Eviction Worker (exclusive of Butch Enterprises' permanent staff) $5.00 for each eviction performed in a one-bedroom apartment.

**Request for Admission 51**:  The Other Eviction Companies typically pay each Eviction Worker (exclusive of Defendants' permanent staffs) $5.00 for each eviction performed in a one-bedroom apartment.

**Request for Admission 52**:  The $5.00 payment per eviction does not vary depending on the time spent on an eviction.

**Request for Admission 53**:  The $5.00 payment per eviction does not vary depending on travel time to and from an eviction site.

**Request for Admission 54**: The $5.00 payment per eviction has been standard throughout the Class Period.

**Request for Admission 55**: Each Named Plaintiff and Class Member has been injured to the extent that each Defendant failed to pay the minimum wage for work performed at that Defendant's request.

**Request for Admission 56**: Plaintiffs' and Class Members' injuries were caused by each Defendant's failure to pay Plaintiffs and Class Members the minimum wage required under the Minimum Wage Laws.

**Request for Admission 57**: The fact that each Defendant, including Mr. Staten, individually paid wages at a standard rate of $5.00 per eviction could only have occurred in the context of an illegal agreement among Defendants, including Mr. Staten, to fix wages below the legal minimum wage.

**Request for Admission 58**: But for an agreement among Mr. Staten and the other Eviction Companies to suppress wages, wages for Eviction Workers to perform evictions would have risen at least to the level of the legal minimum wage.

**Request for Admission 59**: If the Defendants each paid the same standard wage and that standard wage is below the minimum wage, then the Defendants' actions of paying the same standard wage below the minimum wage is inconsistent with independent competitive conduct.

**Request for Admission 60**: There were agreements between some Class Members and Mr. Staten for the Class Members to perform Eviction Work for Mr. Staten and for Mr. Staten to compensate the Class Members for that Eviction Work.

**Request for Admission 61**: There were agreements between some Class Members and Mr. Staten for Mr. Staten to pay the Class Members $5 per eviction and for the Class Members to perform Eviction Work for Mr. Staten.

**Request for Admission 62**: Some Class Members relied on Mr. Staten's promise to compensate them when performing Eviction Work for Mr. Staten.

**Request for Admission 63**: In exchange for the Eviction Work performed by Eviction Workers, Mr. Staten received payment from his customers.

**Request for Admission 64**: In exchange for the Eviction Work performed by Eviction Workers, Mr. Staten received payment from his customers in excess of what he paid the Eviction Workers.

**Request for Admission 65**: Mr. Staten has benefited from paying Eviction Workers unlawfully low wages.

**Request for Admission 66**: Each time Mr. Staten paid an Eviction Worker $5 per eviction, Mr. Staten made more profit than he would have if he paid Eviction Workers more than $5 per eviction.

**Request for Admission 67**: It would be inequitable for Mr. Staten to retain the excess profit or revenue acquired by paying Eviction Workers below the wage permitted by the Minimum Wage Laws.

**Request for Admission 68**: The Named Plaintiffs and Class Members are entitled to treble damages, prejudgment interest, attorney's fees, and costs under the Clayton Act.

**Request for Admission 69**: The Named Plaintiffs and Class Members are entitled to injunctive relief under the Minimum Wage Laws and the Antitrust Laws.

Dated: May 9, 2007

                         /s/
                         Lee F. Berger (D.C. Bar # 482435)
                         Matthew D. Slater (D.C. Bar # 386986)
                         Larry C. Dembowski (D.C. Bar # 486331)
                         Cleary Gottlieb Steen & Hamilton LLP
                         2000 Pennsylvania Avenue, N.W.
                         Washington, D.C. 20006-1801
                         Telephone: (202) 974-1500
                         Facsimile: (202) 974-1999
                         *Attorneys for Plaintiffs*