# EXHIBIT L

CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006-1801
(202) 974-1500

FACSIMILE
(202) 974-1999

WWW.CLEARYGOTTLIEB.COM

NEW YORK
PARIS
BRUSSELS
LONDON
MOSCOW

FRANKFURT
COLOGNE
ROME
MILAN
HONG KONG
BEIJING

KENNETH L. BACHMAN, JR
SARA D. SCHOTLAND
JOHN S. MAGNEY
MARK LEDDY
JOHN C. MURPHY, JR
DAVID M. BECKER
GEORGE S. CARY
JANET L. WELLER
MITCHELL S. DUPLER
LINDA J. SOLDO
GIOVANNI P. PREZIOSO
JOHN T. BYAM
MATTHEW D. SLATER
MICHAEL R. LAZERWITZ
DAVID I. GELFAND
MICHAEL A. MAZZUCHI
ROBERT W. COOK
MARK W. NELSON
ROBIN M. BERGEN
DEREK M. BUSH
PAUL D. MARQUARDT
BRIAN BYRNE
RESIDENT PARTNERS

J. EUGENE MARANS
DANIEL B. SILVER
RICHARD DeC. HINDS
SENIOR COUNSEL

W. RICHARD BIDSTRUP
SCOTT N. BENEDICT
KEVIN A. GRIFFIN
STEVEN J. KAISER
COUNSEL

JOYCE E. McCARTY
KAREN A. KERR
SCOTT R. GOODWIN
JOHN P. McGILL, JR
SENIOR ATTORNEYS

MATTHEW R. AYRES
JENNIFER M. BABOUNAKIS
MATTHEW I. BACHRACK
JENNIFER S. BENSON
LEE F. BERGER
MATTHEW J. BERMAN
CHINWE BINITIE
KATHLEEN W. BRADISH*
LEAH BRANNON
KEVIN R. BURKE*
JEREMY CALSYN
KATHERINE M. CARROLL
JACOB M. CHACHKIN*
KERRI J. CHASE
SHAWN J. CHEN
TAMARA S. CLARK
EMILY L. COOKE*
SEAN D. COREY
ALYSON J. DAIS
LARRY C. DEMBOWSKI
ALINA D. ELORED
DESMOND EPPEL
MICHAEL P. FRANCK*
RYAN C. GAUBERT*
MICHAEL R. HARTMAN
ELIZABETH A. HARVEY
ERIC H. HILDENBRAND

STEPHANIE SUN HINDERKS*
MEGHAN A. IRMLER
DINAH R. KNIGHT
FIANA R. KWASNIK
CHRISTOPHER T. LEAHY
JEFFREY LEASURE
JOHN R. LOATMAN
THOMAS D. McCONNELL
PATRICIA M. McDERMOTT
ANNE NEWTON McFADDEN
YASMIN MEHRAIN
ADAM J. MILLER
JENNIFER A. MORRISSEY
DAVID NUSBAUM*
AARON MARR PAGE
LAUREN L. PEACOCK
ANTONIO J. REYNOLDS
NICOLE ROTHE
PAUL R. St LAWRENCE III
AUDRA L. SAVAGE
OMAR SERAGELDIN
GARY SILBER
NATHANIEL F. STANKARD*
JOSHUA B. STERLING
SARAH G. TEN SIETHOFF
PETIA VRETENAROVA
JOANNE C. WALLINGTON
ASSOCIATES

Writer's Direct Dial: (202) 974-1646
E-Mail: LBerger@cgsh.com

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA.
WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE.

December 31, 2007

**VIA FAX AND FIRST CLASS MAIL**

David E. Fox, Esq.
David E. Fox & Associates
1325 Eighteenth Street, N.W.
Suite 103
Washington, DC 20036

        Re: *Ashford et al. v. East Coast Express Evictions et al*, Production of Documents, Deposition of Kimbra Staten, Inspection of Vans, and Spoliation

Dear Mr. Fox:

        We write in reference to several outstanding discovery issues, the topics of which arose during Irwin Staten's deposition on Friday, December 28, 2007.

        First, Mr. Staten identified numerous documents and information held by Butch Enterprises, Inc. and Mr. Staten (the "Butch Defendants") responsive to plaintiffs' discovery requests that the Butch Defendants have not yet produced. For example, your clients have not produced to plaintiffs Butch Enterprises' business ledger, tax records, and invoices from clients, which Mr. Staten testified the Butch Defendants maintain. Nor have the Butch Defendants produced records regarding Butch Enterprises' checking account at Cardinal Bank, records that

David E. Fox, Esq.
December 31, 2007
Page 2

may be in Cardinal Bank's possession but remain under Butch Enterprises' control. These documents are responsive to our requests for "All Bank Records, Tax Records, and Accounting Records that relate to the value of your income, profits, or assets for any part of or at any time during the Relevant Time Period" and "Documents sufficient to show . . . for each Eviction in the D.C. Metro Area that you have performed, scheduled, or been requested to perform, or in which you have otherwise been involved . . . [t]he price charged by you for the Eviction." (Pls.' First Request for the Prod. of Docs. From Def. Butch Enterprises, Inc., Mar. 13, 2007, ¶¶ 16 & 5.) Similarly, Mr. Staten testified that he had given you responses to Plaintiffs' First Set of Interrogatories to Defendant Irwin Staten, but plaintiffs have never received those responses.

More generally, in light of the significant deficiencies that Mr. Staten revealed about his search for and production of responsive documents and the apparent confusion about what your clients have produced to date, we ask that you revisit our requests and produce all responsive documents immediately. Plaintiffs have only received from your clients the documents you sent on December 11, 2007, and the documents you faxed to us on April 30, 2007, all of which were exhibits introduced at Mr. Staten's deposition. To the extent that you believe you have already produced any further documents or interrogatory responses to plaintiffs, this dispute can easily be resolved if you send us another copy of the documents and interrogatory responses with the originally dated certificates of service. If you will not agree to produce these documents and interrogatory responses by Friday, January 4, 2008, we request that you meet and confer with us no later than Monday, January 7, 2008, at 5 p.m. regarding these issues. If we cannot reach a resolution, plaintiffs intend to file an additional motion to compel or a motion for contempt to enforce Judge Leon's and Magistrate Judge Facciola's orders regarding the Butch Defendants' responses to plaintiffs' discovery requests.

Second, we remind you of Magistrate Judge Facciola's order that the Butch Defendants certify their compliance with his order to comply with plaintiffs' discovery requests. Plaintiffs do not believe that such certification of compliance could be made in good faith before your clients have produced to plaintiffs the discovery responses discussed above. Accordingly, in the event the Butch Defendants either fail to make such certification or certify compliance before they have produced to plaintiffs the outstanding discovery responses discussed above, plaintiffs intend to notify the court of the Butch Defendants' failure to comply with the court's order and to request appropriate sanctions. Therefore, should your clients either fail to certify or certify before producing the responses discussed above, we request that you meet and confer with us regarding these issues no later than Monday, January 7, 2008, at 5 p.m.

Third, we request your agreement to produce Kimbra Staten for deposition no later than Friday, January 4, 2008. Judge Leon had ordered that Ms. Staten appear for deposition on Friday, December 28, 2007, a date you chose at your convenience, seven months after her deposition was originally scheduled. Ms. Staten did not appear for deposition on December 28. If you do not agree in writing immediately to produce Ms. Staten for deposition on January 3 or January 4 and then actually produce her for deposition on that date, we request that you meet and confer with us no later than Monday, January 7, 2008, regarding a motion to compel Ms. Staten's deposition and for appropriate sanctions for your clients' failure to abide by the court's orders.

David E. Fox, Esq.
December 31, 2007
Page 3

       Fourth, we request that you confirm immediately where and when you will provide us with access to Butch Enterprises' vans. More than four months after plaintiffs first requested that Butch Enterprises produce these vehicles, Judge Leon ordered that Butch Enterprises produce these vans for inspection no later than Friday, December 14, 2007, and you expressly agreed to produce them by that date. Nonetheless, your clients have not yet produced the vans for inspection, and you did not contact us before Mr. Staten's deposition on December 28 to arrange for an inspection, despite our letter to you requesting access to the vans under Judge Leon's order. At Mr. Staten's deposition, you and Mr. Staten agreed to produce the vans at 6:30 a.m. on Thursday, January 3, 2008. You also stated on the record that by December 30, 2007, you would send us by facsimile the street address where the vans could be inspected at that time. We have not yet received the address of the inspection site from you. If you do not provide us with the address and permit us to inspect the vans as you have agreed, we request that you meet and confer with us no later than Monday, January 7, 2008, regarding an additional motion to compel or a motion for contempt to enforce the court's orders regarding the production of the vans.

       Finally, we request that you meet and confer with us no later than Monday, January 7, 2008, regarding a motion seeking sanctions for spoliation of evidence by the Butch Defendants. Mr. Staten testified at his deposition that he has discarded documents relevant to this litigation since becoming aware of plaintiffs' claims and that he discarded documents that Butch Enterprises is required to retain under the various minimum wage statutes. We intend to file a motion seeking sanctions based on Butch Enterprises' and Mr. Staten's failure to preserve these documents, but we ask that you first meet and confer with us regarding such a motion.

       Please respond to these requests in writing as soon as possible.

       Sincerely,

       Lee F. Berger
       Larry C. Dembowski