**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


HARRY HAKEYIA ASHFORD, et al.        :

                **Plaintiffs**        :

     **vs.**        :  **Civil Action No.: 06-cv-1561 (RJL)**

EAST COAST EXPRESS EVICTION, et al

             **Defendants**        :


**<u>DEFENDANTS STATEN AND BUTCH ENTERPRISE'S</u>**
**<u>OPPOSITION TO MOTION FOR DEFAULT AND</u>**
**<u>ADVERSE INFERENCES</u>**

      COMES NOW Defendant Staten and Butch Enterprises and state their opposition to Plaintiffs' Motion for Default or for "Adverse Inferences."  In support of said Opposition,  Defendants state:

      1.     Plaintiffs misstate Defendants' duties.  Plaintiffs maintain that Defendants have a duty under the minimum wage laws to maintain records.  This is not accurate. Defendants have consistently maintained and proven by the records produced that all eviction contractors sign a form recognizing their status as independent contractors. As the relationship is a matter of contract, the minimum wage laws are not applicable.

      2.     To the extent that Plaintiffs posit their instant Motion on a discovery "obligation," the Motion has slightly more merit <u>except</u> the eviction contractors do not give the Defendants their true names or social security numbers.

      As the forms requested are not reliable, Defendants believe Plaintiffs cannot factually state  that the form has any importance.

If, indeed, the homeless who elect to contract for eviction tasks and then elect
to not give accurate information (they don't seem eager to pay taxes) then it is the
Plaintiffs themselves who destroy the opportunity for records.

3.      Defendants are preparing an affidavit to supplement this Opposition which
essentially supports the facts stated and will append said Affidavit very shortly.

4.      If the "records" are inherently unreliable then they have little or no value
and Plaintiffs prayer for default for their non-production suggests a penalty out of
proportion to the alleged failure to supplement discovery.

5.      Similarly Plaintiffs' prayer for adverse inferences or other sanctions is out
of proportion to the alleged failure to supplement discovery.

6.      The specific Plaintiffs who have joined in this "potential" class action
have not supported the instant Motion with facts that dispute the arguments set forth by
Defendants.  Defendants, through counsel, have twice represented to Judge Leon that the
"named" Plaintiffs have virtually no verification that they ever had a relationship
(whether via independent contractor status or "worker" status) with these Defendants.
When  these Defendants took the depositions of the named Plaintiffs, they had no written
proof of ever having "worked" or "contracted with" these Defendants.  Not one paper.

7.      Apparently, Plaintiffs are uncomfortable with the equipoise on both sides
and hope that by this motion they can gain default and never have to prove their case.

8.      Since Plaintiffs well know that Defendants have no "paper"  and "no
records" that name the Plaintiffs, they resort to a statement that effectually argues that
default should be entered because Defendants have produced no papers that name
Plaintiffs.  Defendants argue that they have and have had no papers naming these

2

Plaintiffs hence the discovery demand is a simple attempt to find "proof" for that which does not exist.

9.    There is no spoliation of evidence as to <u>these</u> Plaintiffs because there are (and have been) no records that contain the names of these Plaintiffs.

10.    Plaintiffs argue (p.2 of their Memorandum) that Defendants created payroll records.   Not true.   "Payroll records" implies employees --- not contract workers. The assertion that "supervisors" (such as Mr. Gaskins) answered a lawyer's question "how long have you been creating those payroll forms .. (p.2 of Plaintiff's "factual background") representing that the words "payroll records" was the witness' testimony is not true..

Plaintiffs note Defendants' comment that "not all records are retained." Defendants deem it critical that the Court understand that Defendants are not an entity that normally keep records at all.

Essentially, Defendants send a man or two men in a van to a place where homeless individuals tend to congregate (a place where they can get food).  The drivers (who Plaintiffs blithley describe as supervisors) are essentially people without book learning.  They simply "pick up" the number of individuals needed to do evictions that day, drive to one or two eviction sites and when the Marshalls say "go ahead" they enter the dwelling and put the "tenants' property out on the street.  The eviction "workers" routinely empty three bedroom apartments in 15 minutes.

The two drivers (who Plaintiffs call "supervisors") tell Mr. Staten what was done and Mr. Staten instructs these drivers to give cash to the homeless "contractor" (who Plaintiffs call workers).

The drivers are instructed to give to Mr. Staten (1) the independent contractor forms and (2) the pay forms. They don't always do so. (Exhibit B).

11. Plaintiffs effectively take issue with this description (i.e.14 of Plaintiffs memo where they cite Mr. Staten's answers to questions where Plaintiffs' lawyers use words like "payroll documents." Importantly, what the lawyers call payroll documents are not documents most individuals would recognize as "payroll documents."

Plaintiffs also quote Mr. Staten's deposition testimony (page 5 of Plaintiffs' Memo) that the "records" are not maintained.

It is Defendants' position that no sanction is appropriate. The "documents" are not documents, the keepers of the "documents" (van drivers) are not clerical employees and to call them such or to demand that the van drivers transmogrify themselves into payroll clerks so as to be able to provide "discovery" is simply unrealistic.

Throughout their Memorandum, Plaintiffs maintain the language of lawyers in a manner consistent with educated litigators. The words "identified numerous documents"; "possession and control" "documents … responsive to ……" are the tools of the litigator – not the language of the streets or the van driver.

12. To the expected response that the "owner" (Mr. Staten??) should know better and he should keep documents which we, as Plaintiffs, hope and pray will include the names of - the "named Plaintiffs" is a clever statement of lawyers seeking to justify a class action. It is not, however, a realistic statement of the abilities of a business operated by "van drivers" to "comply" with the discovery goals of a litigant.

13.    Kimbra Staten has been deposed.  It is fair to say she knew nothing about Defendant's business so although Plaintiff saw her deposition as "critical" in fact it had no value to Plaintiffs and at any rate her appearance is no longer an issue.

14.    Plaintiffs state (Memo p. 10) that Defendants have records "… which documented each worker's name, social security number and how much the Butch Defendants paid each worker each day …"  Is that true?  It appears that the "workers" gave false names and social security numbers so, therefore,  the Plaintiffs would not have the records they seek even if, as they suggest, these " …. are central to the Plaintiffs' claims …"

Plaintiffs say Defendant is unfairly advantaged!?!? and cite to <u>Anderson v. Mt. Clemens Potter</u> for the proposition that minimum wage payors know the "probative facts."  This too is an overstatement.  Perhaps some companies have such information, BUT the laws on which Plaintiffs rely are laws relating to record keeping for EMPLOYEES.  Plaintiffs cite no law that requires Defendants to keep records on independent contractors.  The citations Plaintiffs set forth at p. 12 of their Memorandum Contradicts Plaintiffs claims.  Perhaps the FLSA defines "employee" as "any individual employed by an employer" but the Butch Defendants do not "employ" these Plaintiffs and Plaintiffs have never sought or obtained any court ruling to the contrary.

Until the Court speaks, the only objective standard is that used by the parties.  The Plaintiffs and all "workers"/"contractors" signed as independent contractors. It is not an appropriate practice in a sanctions Motion, and without hearing testimony, for this Court to rule on the status of the "contractors."  Perhaps the interpretation of the relationship is a question of law but there is no fact basis on which the Court can rely on

5

making that interpretation.

WHEREFORE, as Plaintiffs have not shown that Defendants are required to keep records and as the papers filled out by the eviction "contractors" cannot be relied upon as accurate, no default and no sanctions can or should be assessed and Plaintiffs Motion must be DENIED.

Respectfully submitted,

/s/ David E. Fox
David E. Fox
1325 18th Street, N. W.
Suite 103
Washington, D. C.  20036
(202) 955-5300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition was mailed, postage prepaid this  11th  day of February, 2008, to be delivered via first class mail, to  Lee Berger, Esq.,  and Larry Dombowski, Esq.,  Cleary Gottlieb Steen & Hamilton, LLP, 2000 Pennsylvania Avenue, N.W.,  Washington, DC 20006-1801.

/s/ David E. Fox
David E. Fox