IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Jakeyia Ashford, et al., ) | |
| ) | Civil Action No. 06-cv-1561 (RJL/JMF) |
| individually and on behalf ) | |
| of all others similarly situated, ) | Hon. Richard J. Leon |
| ) | Hon. John M. Facciola |
| *Plaintiffs*, ) | |
| v. ) | |
| ) | |
| East Coast Express Eviction, et al., ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DEFAULT AND ADVERSE INFERENCES ON DAMAGES AGAINST DEFENDANTS IRWIN STATEN AND BUTCH ENTERPRISES, INC.**

In opposition to Plaintiffs' motion for sanctions, Defendants Butch Enterprises, Inc. and Irwin Staten ("Butch Defendants") do not contest that they regularly create, and then destroy, documents that are relevant to this litigation. Instead, the Butch Defendants offer a series of muddled excuses as to why they should not be sanctioned for their admitted destruction of highly relevant evidence, destruction that continued throughout the course of the litigation and even in the face of multiple court orders directing the Butch Defendants to produce these same documents. *See* Defs. Staten and Butch Enterprise's [*sic*] Opp'n to Mot. for Default and Adverse Inferences ("Opp'n") ¶¶ 1-13. Moreover, nowhere do the Butch Defendants address Plaintiffs' argument that sanctions are appropriate because the Butch Defendants ignored the Court's discovery orders and engaged in dilatory tactics. *See* Mem. of Law in Support of Pls.' Mot. for

Default and Adverse Inferences on Damages Against Defs. Irwin Staten and Butch Enterprises, Inc. ("Pls.' Mem.") at 18-27.

As explained below, Butch Defendants have completely abandoned their duties to preserve and produce relevant evidence, both as employers and as litigants. Butch Defendants try to excuse their admitted document destruction by arguing that these duties never applied to them in the first place, either because the minimum wage laws do not apply or because the documents at issue are not reliable. Butch Defendants' excuses are factually inaccurate, unsupported by any evidence and beside the point. Alternatively, the Butch Defendants argue that they did not understand their obligation to preserve and produce relevant evidence, nor could they be expected to comply. Given the lengthy record of attempts by both Plaintiffs and the Court to communicate with Butch Defendants regarding their discovery obligations, and in light of the fact that Butch Defendants are represented by counsel, this excuse cannot be taken seriously.

The Butch Defendants' wholesale destruction of evidence central to Plaintiffs' claims and their continued refusal to comply with this Court's orders has severely prejudiced Plaintiffs' ability to present their case, making default judgment and adverse inferences the only appropriate sanctions.

I.  **The Butch Defendants Abandoned Their Dual Obligations To Preserve Documents Both As Litigants And As Employers Under The Minimum Wage Laws.**

The Butch Defendants have admitted in deposition, in open court, and now in their opposition to Plaintiffs' motion for sanctions, that they regularly create and then destroy documents that are central to this litigation, and that they are obliged to preserve both as litigants and under the minimum wage laws. As explained in Plaintiffs' opening brief, every time the Butch Defendants conduct an eviction, they fill out forms listing the name, address, and social

2

security number of any eviction worker, the amount they paid that worker, the name of the person supervising the eviction, and the location, date, and duration of the eviction. Pls.' Mem. at 2-3. At deposition, in writing, and orally to the Court the Butch Defendants admitted that they routinely destroyed these documents. *Id.* at 3-5; Tr. of Status Conf. before Leon, J., 13:24-25, 14:20-22, 22:16-23:25 (Jan. 30, 2008).

The Butch Defendants were required to preserve these documents – payroll records[1] and work requests – under two separate and independent duties. First, the Butch Defendants had an obligation to preserve these documents under the minimum wage laws. *See* Pls.' Mem. at 11-15. Second, the Butch Defendants had a separate, independent obligation to preserve the payroll records and work requests as litigants in this case. *See id.* at 15-18. Rather than address the consequences of their document destruction in connection with Plaintiffs' request for a default judgment and adverse inferences, the Butch Defendants attempt to argue that they were never obliged to preserve and produce these payroll records and work requests in the first place. As explained below, the Butch Defendants' arguments are irrelevant to Plaintiffs' request for default judgment and adverse inferences and therefore cannot stand.

A. <u>Inserting "Independent Contractor" Language Into Payroll Records Does Not Change Plaintiffs' Employment Status Or Relieve The Butch Defendants Of Their Preservation Obligations Under The Minimum Wage Laws.</u>

In an attempt to avoid the preservation obligation of the minimum wage laws, the Butch Defendants assert that because "all eviction contractors sign a form recognizing their

---

[1] Although the Butch Defendants take issue with Plaintiffs' use of the phrase "payroll documents," Opp'n ¶ 11, Plaintiffs' use of the phrase "payroll records" originates not from Plaintiffs, but from the Butch Defendants. *See* Pls.' Mot. for Default and Adverse Inferences on Damages Against Defs. Irwin Staten and Butch Enterprises, Inc. ("Pls.' Mot."), Ex. D (Butch Defendants' documents listing daily wages are labeled "PAYROLL"); *id.*, Ex. O, Tr. of Dep. of Irwin Staten ("Staten Dep.") 109:17-110:3 (Dec. 28, 2007) (Mr. Staten referring to the documents in Exhibit D labeled "PAYROLL" as "pay records").

3

status as independent contractors," the minimum wage laws do not protect Plaintiffs and the other class members. Opp'n ¶ 1. Plaintiffs assume that this uncited reference concerns language in the few payroll records Butch Defendants produced, which eviction workers purportedly sign, that states that the eviction workers are "subcontractors" for tax and workmen's compensation purposes. *See* Pls.' Mot., Ex. D (payroll records). The Butch Defendants' reliance on adhesion language in the payroll records fails for any of five reasons.

First, the Butch Defendants do not contest Plaintiffs' argument that all four factors of *Henthorn*'s economic reality test are satisfied. *Compare* Opp'n ¶¶ 1-13, *with* Pls.' Mem. at 12-15. Therefore, under D.C. Circuit law, the eviction workers are the Butch Defendants' employees, and the minimum wage laws apply. *See Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).

Second, by defaulting on its responses to Plaintiffs' Request for Admissions, Butch Enterprises admitted that its evictions workers are employees, not independent contractors – a fact that is now "conclusively established" for purposes of this litigation. *Rainbolt v. Johnson*, 669 F.2d 767, 768 (D.C. Cir. 1981); *see* Order of Oct. 15, 2007 (Dkt. No. 122); Pls.' Mem. at 13-14. The Butch Defendants ignore the effect of these admissions.

Third, contract terms purporting to force workers to waive their minimum wage rights are void as a matter of law. Workers cannot waive or abridge by contract the basic right to be paid the statutory minimum wage. *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740-41 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 U.S. Dist. LEXIS 3405 at *14 (N.D. Cal. Jan. 16, 2007). Moreover, even if Plaintiffs could contract around the minimum wage laws, the subcontractor language in the payroll records would be an unenforceable adhesion

term.  Mr. Staten testified that Butch Enterprises unilaterally decides the rate of pay and never negotiates with workers.  Pls.' Mot., Ex. O, Staten Dep. 78:16-18 ("Q. Does Butch Enterprises ever negotiate with workers as to how much they will be paid? A. No.").  A contract offering homeless individuals payment at less than the minimum wage on a take-it-or-leave-it basis is unconscionable and unenforceable.  *See Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 384-85 (6th Cir. 2005) (refusing to enforce arbitration clause offered on a take-it-or-leave-it basis to low-wage restaurant workers); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170-74 (9th Cir. 2003) (finding arbitration clause imposed as a condition of employment unconscionable and unenforceable).

Fourth, despite the Butch Defendants' unsupported assertion that they have "proven by records produced that all eviction" workers signed the payroll records containing the independent contractor term, Opp'n ¶ 1, the Butch Defendants have failed to produce all but four payroll records, *see* Pls.' Mem. at 3.  Because Plaintiffs requested these payroll records which "all" eviction workers signed, *see id.* at 17 n.10, and the Butch Defendants failed to produce them, the Court's sanction precludes the Butch Defendants from raising an argument they purport to support with those payroll records.  Order of Dec. 14, 2007, ¶ 3 (Dkt. No. 149) ("Defendants shall be barred from introducing any . . . argument supported by evidence that Defendants should have produced in response to this Court's Order, dated October 15, 2007.").  Indeed, the Butch Defendants fail to explain how they could rely on the workers' execution of an independent contractor term in the payroll records when the Butch Defendants have destroyed and cannot produce for evidence those executed payroll records.

Fifth, and finally, the Butch Defendants claim that the payroll records are unreliable based on their unsupported assertion that "the 'workers' gave false names and social

5

security numbers" on the payroll records. Opp'n ¶¶ 2, 14. While Plaintiffs contest this blanket assertion for which the Butch Defendants do not cite any evidence, the Butch Defendants cannot claim that the payroll records do not have "any importance," Opp'n ¶ 2, are "inherently unreliable," *id*. ¶ 4, "have little or no value," *id.*, and "are not documents," *id.* ¶ 11, but then rely on those same non-produced payroll records as validly executed contracts relieving them of their obligations under the minimum wage laws.

For each and all of these reasons, the Butch Defendants' reliance on supposed independent contractor language in the payroll records must fail.

B.  The Butch Defendants' Belief That The Payroll Records And Work Order Requests Are Unreliable Does Not Excuse Their Wholesale Destruction.

The Butch Defendants do not contest that they have an independent duty as litigants to preserve and produce documents relevant to the litigation, but argue that this obligation does not apply to the payroll records or work requests because these documents were not "reliable" or important. Opp'n ¶¶ 2, 4. The Butch Defendants miss the point. A litigant must preserve any document that is potentially relevant to the litigation, particularly documents like those at issue that are responsive to a Rule 34 document request. *See* Pls.' Mem. at 15-18. What the Butch Defendants think about the reliability of their own documents is of no consequence. Plaintiffs cannot be "forced to prove their case[] based on the defendants' choice of files and records." *Webb v. District of Columbia*, 189 F.R.D. 180, 187 (D.D.C. 1999).

Notwithstanding the Butch Defendants' skepticism of their importance, records detailing 1) the names, addresses and social security numbers of eviction workers, 2) the amount the Butch Defendants paid those eviction workers, 3) the date, time, location and duration of each eviction, and 4) the name of the "supervisor" overseeing the eviction workers, are unquestionably relevant to allegations of unpaid wages. The Butch Defendants' unsupported

6

assertion that eviction workers "do not give the [Butch] Defendants their true names or social security numbers[,]" Opp'n ¶ 2, does not alter the records' relevance. Indeed, even if the eviction workers' names and social security numbers were unreliable in some instances, that would not impinge the reliability or importance of the other information on the payroll records and work requests that the Butch Defendants filled out themselves based on their personal knowledge, such as the wages paid, and the date, time, and location of the eviction. Pls.' Mot., Ex. O, Staten Dep. 96:17-97:3, 97:14-19; 111:13-17. In any event, the Court's previous orders compelling the Butch Defendants to produce these very documents has effectively resolved this question and should bar the Butch Defendants from even raising such a "reliability" argument. *See* Order of Oct. 15, 2007 (Dkt. No. 122); Order of Dec. 14, 2007 (Dkt. No. 149).

II.   The Butch Defendants' Opposition Carries No Weight Because It Consists Entirely Of Unsupported Assertions.

Unsupported assertions in pleadings carry no weight against substantive evidence. *See S.E.C. v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 177 n.15 (D.D.C. 1998). The Butch Defendants do not provide a single citation to law or evidence to support any assertion in their Opposition. The Butch Defendants promised to submit an affidavit in support of their Opposition, Opp'n ¶ 3, but as of the date of this pleading, the Butch Defendants have filed no such affidavit. In addition, the Butch Defendants cite to an "Exhibit B," Opp'n ¶ 10, which does not appear to exist. The Butch Defendants did not append any exhibits to their Opposition, and a reference to Exhibit B to Plaintiffs' Memorandum would be nonsensical. Without any support for their assertions, those assertions carry no weight.

III.    <u>The Butch Defendants' Assertions Regarding The Claims In The Complaint Are Irrelevant To The Present Motion.</u>

The Butch Defendants' series of unsupported assertions questioning whether the named Plaintiffs worked for the Butch Defendants, supposedly describing the course of an eviction, or alleging that eviction workers did not pay taxes are irrelevant to Plaintiffs' motion for sanctions and for default. Opp'n ¶¶ 2, 6-8, 10. The only issues this motion will decide are whether the Butch Defendants have violated their preservation and discovery duties and, if so, whether default and adverse inferences are appropriate sanctions.

For example, Butch Defendants assert that the named Plaintiffs cannot provide "written proof" of having worked for the Butch Defendants. Opp'n ¶ 6. In light of the fact that Butch Defendants had years of payroll records and work requests that listed the names of eviction workers but then destroyed them, it is unclear what "written proof" Butch Defendants believe Plaintiffs should have. Nonetheless, two named Plaintiffs have testified at deposition that they worked for Butch Enterprises. *See* Tr. of Dep. of Kirk Douglas Greene 8:21-9:3, 9:17-22 (June 13, 2007), *attached as* Ex. A; Tr. of Dep. of Anthony Forte 19:21-20:9, June 13, 2007, *attached as* Ex. B.

Likewise, the Butch Defendants once again suggest without evidentiary support that all eviction workers do not file tax returns as they should. *See* Opp'n ¶ 2; Tr. of Status Conf. before Leon, J. 17:18-20 (Jan. 30, 2008). Whether eviction workers have filed income tax returns is irrelevant to whether the Butch Defendants have destroyed documents they were obliged to preserve or even to whether the Butch Defendants failed to pay eviction workers the minimum wage.[2]

---

[2] In any event, a single individual under 65 years old need file federal tax returns only if he or she earns over $8,750 a year. Internal Revenue Service, *Exemptions, Standard Deduction, and*

8

IV.     The Butch Defendants Cannot Claim They Do Not Understand Their Obligations To Preserve Documents And Participate In Discovery.

The Butch Defendants argue, essentially, that they should be excused from their preservation and discovery obligations because they did not understand the basic requirement to preserve documents and participate in discovery. Opp'n ¶¶ 10-12. The Butch Defendants cite no case law that supports the propositions that ignorance of the law is a defense or that preservation and discovery obligations only apply to big corporations. To the contrary, by hiring able counsel, the Butch Defendants received the education and supervision necessary to comply with their preservation and discovery obligations. *See Metro. Opera Ass'n v. Local 100*, 212 F.R.D. 178, 222-23 (S.D.N.Y. 2003) (explaining that attorneys have a duty to explain to their clients their preservation and discovery obligations and to take affirmative steps to ensure compliance with such obligations).

More importantly, it is not true that the Butch Defendants were not made aware of their obligations to preserve and produce relevant documents. Time and time again, both Plaintiffs and the Court have informed the Butch Defendants of the nature and extent of their discovery obligations. Plaintiffs sent their first set of document requests to Defendant Butch Enterprises nearly a year ago. *See* Pls.' Mot., Ex. K. Plaintiffs' repeated attempts to meet and confer with Butch Defendants were "met with silence and resistance." *See* Mem. Op. Granting Motions to Compel at 4 (Oct. 15, 2007) (Dkt. No. 123). Plaintiffs were eventually forced to file motions to compel, which specifically identified the payroll records and the work requests, as well as the so-called "independent contractor agreements." *See*, *e.g.*, Mem. of Law in Support of

---

*Filing Information*, Pub. 501 at 2-3 & table 1 (2007). At the rate of $5 per eviction, an eviction worker would have to perform 1,750 evictions each year to reach that threshold, making it unlikely that most of the homeless eviction workers would need to file tax returns.

9

Pls.' First Mot. to Compel Disc. Resps. at 6-7 (May 25, 2007) (Dkt. No. 94); Mem. of Law in Support of Pls.' Second Mot. to Compel Disc. Resps. at 4 (July 17, 2007) (Dkt. No. 104). The Court granted all three of Plaintiffs' motions to compel, *see* Order of Oct. 15, 2007 (Dkt. No. 122), and held a status conference to discuss the Butch Defendants' compliance several weeks thereafter, *see* Pls.' Mot., Ex. F. When no compliance was forthcoming, two months later the Court again ordered the Butch Defendants to comply, this time imposing monetary sanctions for their previous non-compliance. *See* Order of Dec. 14, 2007 (Dkt. 149).

Finally, at a status conference on December 4, 2007, Judge Leon again ordered the Butch Defendants to comply with the Court's Oct. 15 and Nov. 14 discovery orders, and the Butch Defendants agreed to do so. *See* Pls.' Mot., Ex. E, Tr. of Status Conf. Before Leon, J. 6:5-8. At the status conference before Judge Leon, the Butch Defendants claimed that they had been diligently searching for the payroll records and work requests that Plaintiffs sought, but had been unable to find them. *Id.* 6:8-21. Yet three weeks later, and nearly ten months after sending their first set of document requests, Plaintiffs discovered that the Butch Defendants had been creating these documents every single time they conducted an eviction since 1999, that Defendant Irwin Staten was aware of these documents, and that the Butch Defendants regularly destroyed them. Pls.' Mot., Ex. O, Staten Dep. 45:3-21, 94:13-95:5, 96:17-98:3, 99:6-16, 111:13-112:5.

The Butch Defendants' responsibilities are not complicated; they must refrain from destroying payroll records and work requests and must produce to Plaintiffs those documents and other requested documents and information. Instead, the Butch Defendants have destroyed the payroll records and work requests they were obligated to preserve as litigants in this case and under the minimum wage laws. As a result, Plaintiffs' ability to present their case has been severely prejudiced. The Butch Defendants' ongoing spoliation and refusal to produce

documents, despite Plaintiffs' requests and in the face of repeated Court orders, together with Butch Defendants' repeated use of dilatory tactics, demonstrates that the preservation and discovery violations are not due to negligence or ignorance, but rather to intentional efforts to hide pertinent evidence. Such malfeasance justifies entry of a default judgment and the application of adverse inferences.

## CONCLUSION

For the reasons set forth above and those stated in Plaintiffs' opening brief, the Court should grant Plaintiffs' motion.

Dated: February 22, 2008

        Respectfully submitted,

        /s/ Lee F. Berger
        Lee F. Berger (D.C. Bar # 482435)
        Larry C. Work-Dembowski (D.C. Bar # 486331)
        Matthew D. Slater (D.C. Bar # 386986)
        Joanne L. Werdel (USDC-DC # D00294)
        Cleary Gottlieb Steen & Hamilton LLP
        2000 Pennsylvania Avenue, N.W.
        Washington, D.C. 20006-1801
        Telephone: (202) 974-1500
        Facsimile: (202) 974-1999
        *Attorneys for Plaintiffs Kirk Greene, Anthony Forte, Hassan Shakur, Sandy Green, and Donald Brooks*

CERTIFICATE OF SERVICE

I, Emily C. Capehart, assistant managing clerk at Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On February 22, 2008, a copy of the foregoing Plaintiffs' Reply in Support of Motion for Default and Adverse Inferences on Damages Against Defendants Irwin Staten and Butch Enterprises, Inc. and accompanying documents were served by electronic transmission through the Court's CM/ECF System on the following parties:

> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> dfox159937@aol.com
> Attorney for Butch Enterprises, Inc. and I. Staten
>
> Gina M. Smith
> Meyers, Rodbell & Rosenbaum, P.A.
> 6801 Kenilworth Avenue, #400
> Riverdale Park, MD 20730
> gsmith@mrrlaw.net
> Attorney for A 1 Eviction Services and Tanya Smith

and were served by U.S. mail, first-class postage prepaid, on the following parties:

> David E. Fox
> 1325 Eighteenth Street, N.W.
> Suite 103
> Washington, D.C. 20036
> Attorney for Butch Enterprises, Inc. and I. Staten
>
> East Coast Express Eviction
> 29 U Street, N.W.
> Washington, D.C. 20001
>
> Nelson Terry
> 29 U Street, N.W.
> Washington, D.C. 20001

Platinum Realtor Services, Inc.
6705 McKeldin Drive
Suitland, MD 20746

Platinum Realtor Services, Inc.
P.O.Box 631
Suitland, MD 20752

Choya Lord Rodriguez
6705 McKeldin Drive
Suitland, MD 20746

Crawford & Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Vincent Crawford
200 55th Street, N.E.
Apt. # 24
Washington, D.C. 20019

Harry J. Ashford
c/o *Street Sense*
1317 G Street, N.W.
Washington, D.C. 20005

Caroline Lanford
1112 48th Street, N.E.
Washington, D.C. 20019

All American Eviction Company
1112 48th Street, N.E.
Washington, D.C. 20019

Dated: February 22, 2008        /s/ Emily C. Capehart
                                Emily C. Capehart