**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HARRY JAKEYIA ASHFORD,** *et al.*<br><br>**Plaintiffs,**<br><br>v.<br><br>**EAST COAST EXPRESS EVICTION,** *et al.*<br><br>**Defendants.** | Civil Action 06-1561 (RJL/JMF) |

**MEMORANDUM OPINION**

Now before the Court is plaintiffs' Motion for Default and Adverse Inferences on Damages Against Defendants Irwin Staten and Butch Enterprises, Inc. ("Pls.' Mot.") [#161]. For the reasons stated below, that Motion is granted in part and denied in part.

**Background**

I have already said that the "Butch Defendants[1] have wholly abandoned their discovery responsibilities under the Federal Rules of Civil Procedure." Ashford v. East Coast Express Eviction, 245 F.R.D. 36, 38 (D.D.C. 2007). In that opinion I detailed the failures of the Butch Defendants to comply with their discovery obligations. The order that I issued accompanying that opinion provided that (1) plaintiffs' First Set of Requests for Admissions by Defendant Butch Enterprises, Inc. were deemed admitted, (2) that the Butch Defendants were to submit responses to all outstanding discovery requests no later than October 29, 2007, and (3) the Butch Defendants were to show cause no later than October 29, 2007, why they should not be responsible for all reasonable expenses

---

[1] This case involves several defendants. I refer to the defendants Butch Enterprises, Inc. ("Butch Enterprises") and Irwin Staten together as the "Butch Defendants."

incurred by plaintiffs in bringing the motions I had resolved in plaintiffs' favor. See Order of Oct. 15, 2007 [#122].

The Butch Defendants ignored my Order and on December 4, 2007, Judge Leon ordered the Butch Defendants to comply by December 11, 2007. In purported compliance, the Butch Defendants filed their <u>Statement of Defendants I. Staten and Butch Enterprises, Inc. Relating to Discovery</u> ("Statement") [#145] on December 11, 2007, representing that they "have submitted to Plaintiffs supplemental Responses to Interrogatories and Requests for Production of Documents." On December 13, 2007, plaintiffs received from defendants' counsel the following document which I have reproduced in its entirety:

<u>DEFENDANT'S [sic] SUPPLEMENTAL REPLY TO PLAINTIFF'S [sic] REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Defendant Staten has re-searched the office of Butch Enterprises and submits herewith:

1. Check Register

2. DMV Registration.

Defendant has no other requested documents.

There were no responses whatsoever to the interrogatories plaintiffs propounded, meaning that the Butch Defendants defied two court orders (mine and Judge Leon's) that they comply with plaintiffs' outstanding discovery requests, including, of course, the interrogatories that had been propounded. Thus, plaintiffs still have not received the answers to the interrogatories, in defiance of two court orders requiring them.

Plaintiffs filed a <u>Motion to Strike Defendants Butch Enterprises, Inc. and Irwin Staten's Statement Relating to Discovery</u> [#154] and I recently granted that Motion as

unopposed.  Obviously, the representation in the Butch Defendants' December 11, 2007 Statement that they had filed "supplemental responses to interrogatories" is false.  They have never answered plaintiffs' interrogatories, let alone answered them and then supplemented them.

Further, the documents submitted by the Butch Defendants in their original production consisted of only four days of payroll records and two days of work requests.  Exhibit D to Pls.' Mot.  If the representation that the Butch Defendants fully supplemented their document production with the items listed above is true, then significant documents have been either lost or destroyed.  For example, the Butch Defendants insist that the drivers who pick up the plaintiffs to take them to the eviction site are supposed to secure from the workers: (1) a form in which the workers state that they are independent contractors; and (2) the payroll forms.  The defendant Staten testified under oath that he did not retain: (1) the payroll records the members of the eviction crews signed, which included their names, addresses and social security numbers and wages received; or (2) the work requests the Butch Defendants create for each eviction they perform which include the date, address where the eviction will be performed and the starting and ending time.  Id. at 2-5.  Thus, the only records from which one could reconstruct which of the plaintiffs worked on an eviction and what he or she was paid are gone, except for four days of payroll records and two days of work requests.  This is all of little matter to the Butch Defendants though because, they claim, the workers are independent contractors who get paid in cash, so the Butch Defendants are not required to retain these documents.  The Butch Defendants have completely

ignored the fact that they are engaged in litigation and therefore required to preserve documents that may be relevant to the case.

The Butch Defendants' answer to this is as cavalier as the rest of their "responses" to discovery. They contend that plaintiffs don't give their real names because they fear the tax consequences, so it is "[p]laintiffs themselves who destroy the opportunity for records." <u>Defendants Staten and Butch Enterprise's Opposition to Motion for Default and Adverse Inferences</u> [#163] (Defs.' Opp.") at 2. Defendants claim that the records are unreliable and the plaintiffs have no written proof that they have worked for the Butch Defendants. Hence, there is no spoliation as to these plaintiffs because there are not now and never were any records that contained the names of these plaintiffs.

Even if there was validity to the Butch Defendants' argument that they are not required to retain records because the workers are independent contractors, I have already concluded that the Butch Defendants, having failed to respond to plaintiffs' Request for Admissions, are deemed to have admitted that plaintiffs were employees. That ship has sailed and, in any event, the characterization of the workers cannot possibly excuse the defendants' not keeping the only records that could show (whoever the workers are) when and where they worked, for how long, and how much they were paid. Additionally, even if I had not ruled that the defendants had admitted that the workers were employees, how would the defendants show they are independent contractors without the forms that the plaintiffs supposedly signed in which they admitted that they were independent contractors?

Also, it is self contradictory (besides taking a remarkable amount of *chutzpah*) for the Butch Defendants to claim that the absence of the records they did not keep shows

that the plaintiffs did not work for them.  They, not plaintiffs, destroyed the records that would show that plaintiffs never worked for them.  Having done so, they cannot be permitted to draw some inference from the absence of information when they are responsible for the information not being there in the first place.

### Sanctions are Appropriate

First, the Butch Defendants simply ignored this Court's orders that required them, inter alia, to answer plaintiffs' interrogatories.  That alone justifies the sanctions permitted by Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure.

Second, it is settled beyond all question that at common law the destruction, alteration, or failure to preserve evidence in pending or reasonably foreseeable litigation warrants the finder of fact inferring that the destroyed evidence would have been favorable to the opposing party.  United Medical Supply Co., Inc. v. United States, 77 Fed. Cl. 257, 263 (2007); see also Miller v. Holzmann, No. 95-civ-01231, 2007 WL 172327, at *3 (D.D.C. Jan. 17, 2007) ("It is the law of this Circuit that a party has an obligation to preserve evidence it knew or reasonably should have known was relevant to the litigation and the destruction of which would prejudice the other party to that litigation.") (citing Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1481 (D.D.C. 1995)).  Accord Arista Records, Inc. v, Sakfield Holding Co., 314 F. Supp. 2d 27, 34 n.3 (D.D.C. 2004).

The Butch Defendants have known since at least the filing of the complaint that payroll records and work requests were at the very heart of this lawsuit for they and they alone can establish when and where plaintiffs worked, for how long, and what they were paid.  Nevertheless, those documents either were not kept in the first place or destroyed

despite the pendency of this lawsuit. Since there is no legitimacy to the Butch Defendants' position, plaintiffs are unquestionably entitled to the relief they seek –"an order granting plaintiffs all reasonable inferences against the Butch Defendants regarding damages and precluding the Butch Defendants from arguing that plaintiffs' damages calculation fail due to lack of evidence that the Butch Defendants should have produced." Pls.' Mot. at 27.

I appreciate that the plaintiffs want me to take the final step and recommend that a default judgment be entered against the Butch Defendants. Frankly, I think that the plaintiffs are already where they want to be. I have precluded the Butch Defendants from contesting that plaintiffs were employees rather than independent contractors and by the Order that will accompany this Memorandum Opinion I will require that all adverse inferences be drawn against them as to liability and damages because of the spoliation of the records. That will suffice until Judge Leon, having addressed any appeal from this decision, can decide how the case should then proceed.

## Conclusion

For the reasons stated above, the plaintiffs' <u>Motion for Default and Adverse Inferences on Damages Against Defendants Irwin Staten and Butch Enterprises, Inc.</u> [#161] is granted in part and denied in part.

Dated: October 8, 2008                        /s/
                                              JOHN M. FACCIOLA
                                              U.S. MAGISTRATE JUDGE