UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HARRY JAKEYIA ASHFORD, et al.,

    Plaintiffs,

v.

EAST COAST EXPRESS EVICTION
et al.,

    Defendants.

Civil Case No. 06-1561 (RJL)

## MEMORANDUM ORDER
(March 31, 2011) [##185, 189]

Presently before this Court are plaintiffs' Motions for Civil Contempt against defendants Vincent Crawford and Crawford & Crawford (collectively Crawford defendants"), Nelson Terry and East Coast Express Eviction (collectively "East Coast defendants"), Choya Lord Rodriguez and Platinum Realtor Service, Inc. (collectively "Platinum defendants"), and Irwen Staten and Butch Enterprises, Inc. (collectively "Butch defendants").

On January 28, 2010, this Court issued a partial default judgment, ordering the Crawford defendants, East Coast defendants and Platinum defendants to "pay their employees at least the minimum wage applicable in the jurisdiction where the employees perform their work" and to "maintain records for all employees as required by minimum wage laws of the jurisdiction where the employees perform their work." Partial Default J. and Order, Jan. 28, 2010. On March 5, 2010, this Court issued a partial judgment,

1

ordering the Butch defendants to likewise pay their employees the mandatory minimum wage and maintain the requisite records. Mem. Order and Partial J., Mar. 5, 2010.

On May 13, 2010, plaintiffs filed a motion for civil contempt against East Coast defendants, Platinum defendants and Butch defendants. On June 14, 2010, plaintiffs filed a motion for civil contempt against Crawford defendants. The motions allege that the defendants have failed to comply with this Court's orders from January 28, 2010 and March 5, 2010, continuing to consistently pay wages below the minimum wage. In support of their motions, plaintiffs submitted affidavits by various employees of the defendants, detailing the fact of their employment and the wages received from defendants. This Court did not receive responsive pleadings from East Coast defendants, Platinum defendants or Crawford defendants. On June 30, 2010, Butch defendants opposed the motion against them claiming that the affidavits are either insufficiently detailed or, in the case of the affidavit by Maurice Osbourne, that the affiant was not, in fact, employed by the Butch defendants.

Under Local Rule of Civil Procedure 7(b), the court may treat a motion as conceded if an opposing party fails to file a memorandum in opposition within the prescribed time limit. LCvR 7(b); *see also Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). Whether to treat the motion as conceded under Local Rule 7(b) is highly discretionary, and our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In order for this Court to hold defendants in contempt, plaintiffs must prove through clear and convincing evidence that the defendants violated a clear and unambiguous provision of the Court's January 28 and March 5 Orders. *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993). The Supreme Court has made clear that "civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994).

Here, with respect to the East Coast defendants, Platinum defendants and Crawford defendants, plaintiffs have presented this Court with convincing and uncontested evidence that those defendants have violated a clear and unambiguous order of this Court. Further, having been afforded notice and an opportunity to be heard on the issue of contempt, defendants have received all procedural safeguards available. Their failure to respond to plaintiffs filing, therefore, is treated by this Court as a concession under Local Rule 7(a).

With respect to the Butch defendants, plaintiffs provide the affidavit of Maurice Osbourne, who declares that he was hired by the Butch defendants on at least one occasion and was paid below the minimum wage, $5 for roughly two hours of work. However, contrary to plaintiffs' conclusion that there is "no evidentiary dispute" because the Butch defendants "have not provided any evidence to demonstrate their compliance" with the Court's Order, Pl.'s Reply at 5, the Butch defendants clearly challenge the

3

credibility of the evidence offered against them, arguing that Mr. Osbourne was never, in fact, hired by the Butch defendants, Butch defendants Opp'n to Pl. Mot. at 2. This Court, therefore, finds that with respect to the Butch defendants, the plaintiffs have not yet met their burden, and an evidentiary hearing will be scheduled to address unresolved issues raised by this motion.

Accordingly, upon consideration of the plaintiffs' motions and the record herein, it is hereby

**ORDERED** that plaintiffs' May 12, 2010 Motion for Civil Contempt [#185] with respect to the East Coast defendants, Platinum defendants and Butch defendants is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that plaintiffs' June 14, 2010 Motion for Civil Contempt [#189] with respect to the Crawford defendants is **GRANTED** in part; and it is further

**ORDERED** the East Coast defendants, Platinum defendants and Crawford defendants shall be held in contempt of this Court's clear and unambiguous order to pay their employees the minimum wage required by the appropriate jurisdictions in which they operate; and it is further

**ORDERED** that plaintiffs' motion with respect to the Butch defendants is **DENIED** without prejudice.

**FINALLY**, the Court reserves judgment and will schedule a hearing to address what sanctions are appropriate with respect to the East Coast defendants, Platinum defendants and Crawford defendants.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge